IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE TRICOR DIRECT PURCHASER ) <br> ANTITRUST LITIGATION           ) <br> _____) <br>                                ) <br> THIS DOCUMENT RELATES TO:      ) <br>                                ) <br> ALL ACTIONS                    ) <br> _____) | C.A. No. 05-340 (KAJ) <br><br> (consolidated) |
| IN RE TRICOR INDIRECT PURCHASER ) <br> ANTITRUST LITIGATION           ) <br> _____) <br>                                ) <br> THIS DOCUMENT RELATES TO:      ) <br>                                ) <br> ALL ACTIONS                    ) <br> _____) | C.A. No. 05-360 (KAJ) <br><br> (consolidated) |

## SCHEDULING ORDER

This 27th day of Oct., 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on July 27, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by September 15, 2005.

Production of Patent Litigation Materials. Pursuant to a scheduling order entered in Abbott Laboratories, et. al. v. Teva Pharmaceuticals U.S.A., No. 02-1512 (KAJ) and Abbott Laboratories, et. al. v. Impax Laboratories, Inc., No. 03-120 (KAJ) (the "Patent

Actions"), by August 31, 2005, Teva and Impax will provide plaintiffs in the above-captioned consolidated and/or coordinated actions ("Plaintiffs") with access to prior discovery disclosed in the Patent Actions. Those materials shall be treated by Plaintiffs in accordance with Local Rule 26.2 until an appropriate protective order is entered by the Court.

Amendment of Pleadings and Rule 12 Briefing Schedule. All parties shall file first amended or consolidated amended complaints, if they intend to do so, by no later than September 23, 2005. Thereafter, the following briefing schedule applies to any motions to dismiss to be filed against those pleadings under Rule 12:

| | | |
|---|---|---|
| a. | Opening briefs filed: | October 19, 2005 |
| b. | Responding briefs filed: | December 2, 2005 |
| c. | Reply briefs filed | December 22, 2005 |

Discovery is not stayed, and the pendency of any potentially dispositive motions, under Rule 12 or otherwise, shall not relieve any party of its obligations to respond to discovery requests and produce responsive discovery in a timely manner.

4. Rule 23 Briefing Schedule. All plaintiffs intending to seek certification under Fed. R. Civ. Pro. 23 to proceed as a class action shall adhere to the following briefing schedule with regard to motions for class certification:

| | | |
|---|---|---|
| a. | Opening papers filed: | March 15, 2006 |
| b. | Responding papers filed: | May 12, 2006 |
| c. | Reply papers filed: | June 15, 2006 |

5.  <u>Joinder of Other Parties and Amendment of Pleadings</u>. All subsequent motions to join other parties, and to amend or supplement the pleadings further shall be filed on or before April 1, 2006.

6.  <u>Discovery</u>

   a.  <u>Document Production</u>. Any party may serve document requests on or after September 1, 2005. As to any document requests served on or before October 1, 2005, production of responsive documents shall be completed by February 15, 2006. The existence of the February 15, 2006 deadline is not a ground for undue delay in producing documents prior to February 15. Nothing in this paragraph shall preclude a party from serving document requests at any time, so long as the timing of those requests is consistent with the discovery deadlines set forth in Paragraphs 6f and 6g below. The deadlines in the Paragraph 6a do not apply to the production contemplated in Paragraph 6b below.

   b.  <u>Production of Documents Submitted to the FTC</u>. Pursuant to a scheduling order entered in the Patent Actions, any party to the Patent Actions that has submitted documents to the United States Federal Trade Commission ("FTC"), whether voluntarily or pursuant to compulsory process, in connection with the FTC investigation identified as Abbott Laboratories, File 005-0124, shall produce those documents to all Plaintiffs. Production of such documents shall begin immediately upon entry of this order. All documents submitted to the FTC as of August 1, 2005, shall be produced in this litigation by no later than September 15, 2005, and any additional documents shall be produced within twenty-one days after they are submitted to the FTC, but no earlier than September 15, 2005. Documents to be produced shall include all correspondence to or

from the FTC concerning the document submissions and all logs concerning the documents. The FTC documents shall be treated by Plaintiffs in accordance with Local Rule 26.2 until an appropriate protective order is entered.

  c. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party **that has filed** a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Notwithstanding the general rule, and without waiving any party's right to require that depositions be held in this district and be taken in accordance with the procedures set forth in the Federal Rules, the parties will cooperate to schedule depositions in locales that are practical given the locations (which include foreign countries) and schedules of the witnesses.

  d. <u>Timing of Depositions</u>. No depositions in this matter shall be noticed to occur prior to January 16, 2006.

  e. <u>Other Fact Discovery</u>. Any party may serve interrogatories, requests to admit, or any other request for written discovery on or after September 1, 2005.

  f. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before October 31, 2006. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      g.    <u>Expert Testimony</u>. Any party bearing the burden of proof on any issue shall file its initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony concerning that issue on or before December 15, 2006. Any party may file an opposing expert report to contradict or rebut evidence on the same subject matter identified by another party on or before January 30, 2007. Any party filing an initial expert report shall be entitled to file a reply report on or before February 28, 2007. Expert depositions shall be completed by March 30, 2007. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc</u>. 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      h.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference, and shall notify all other parties on the same day that it has done so. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

7.  Protective Order. Within thirty (30) days of the entry of this order, the parties shall submit, by motion or stipulation, an order addressing the confidentiality of materials produced during discovery. If, within thirty (30) days of the date of this Order, the parties cannot agree upon the terms of such proposed order addressing the confidentiality of materials produced during discovery, within ten (10) days thereafter each party shall submit to the Court a proposed confidentiality order with a letter brief supporting their position with respect to those portions of the confidentiality order to which the parties cannot agree. Until this Court addresses any proposed confidentiality order, however, any documents produced by the parties shall be treated in accordance with Local Rule 26.2.

8.  Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

9.  Quarterly Status Reports. Pursuant to Local Rule 16.1(b)(1), the parties will file a joint quarterly status report on November 15, 2005, and every three months thereafter, unless a different schedule is ordered by the Court. The reports will cover the status of discovery and any motions or other procedural matters that are pending or anticipated.

10. Status Conference. On May 22, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

11. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 2, 2007. Responding briefs shall be filed on or before June 1, 2007 and reply briefs shall be filed on or before June 22, 2007.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On October 22, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before September 24, 2007.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single

five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

16. <u>Trial</u>. This matter is scheduled for a three week jury trial beginning at 9:30 a.m. on November 26, 2007. Each side shall have 36 hours to present its case.

UNITED STATES DISTRICT JUDGE

481472