# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 03-120-KAJ (Consolidated) |
| v. | ) ) | |
| IMPAX LABORATORIES, Inc., | ) ) | |
| Defendant. | ) ) | |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 02-1512-KAJ (Consolidated) |
| v. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

| | |
|---|---|
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) Civil Action No.: 05-340 (KAJ)<br>) (Consolidated) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) Civil Action No.: 05-360 (KAJ)<br>) (Consolidated) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) |

## DECLARATION OF MICHAEL A. JONES

I, Michael A. Jones, hereby declare as follows:

1. I am the General Manager for dyslipidemia franchise, which includes TriCor®, for Abbott Laboratories' ("Abbott"). I joined Abbott in January 1994 and have served in my present position since November 2004, prior to which I served as the Marketing Director for the dyslipidemia franchise.

2. As part of my responsibilities at Abbott, I am involved in Abbott's product development pipeline, including planning concerning the development and marketing of future products and new product formulations.

3. I am familiar with Abbott's policies and practices regarding the restrictions placed on access to documents pertaining to the testing, development, and marketing of future products and new formulations of products.

4. I have been informed that the plaintiffs in these consolidated actions, including our competitors Teva and Impax and direct and indirect purchasers of TriCor®, are seeking highly confidential information about Abbott's future development and market entry

1231099v1

plans with respect to its future fenofibrate product formulations. I believe that allowing even outside counsel, which I understand includes numerous attorneys from approximately twenty-five law firms, and experts for these plaintiffs to have access to Abbott's confidential future plans would cause Abbott substantial injury. The risk of intentional or inadvertent disclosure or use of Abbott's confidential information by a group of this large size is very high.

5.     As is true of all pharmaceutical companies, detailed information concerning products in Abbott's development pipeline is among its most valuable assets. This includes information relating to the formulation and development, testing, application for approval, and marketing of new products and new formulations.

6.     Abbott's highly sensitive scientific and commercial new product information includes development and marketing plans/strategies and technical and clinical data. All of this information is of significant economic value to Abbott. Unless Abbott can protect this information from disclosure outside of Abbott and its development partners, the information loses its value.

7.     This is particularly true if one of Abbott's competitors, such as a generic company like Teva and Impax that seek to develop and market a competing product, could obtain Abbott's future plans. If a generic competitor obtains this information, it will be able to use the data to develop a competing generic product without incurring the time and financial investment to develop the information itself.

8.     In particular, when a drug such as fenofibrate is subject to potential generic competition, information about an innovator company's development work concerning that drug is extremely valuable to a potential generic competitor. The generic competitor, by studying the innovator's activities, can easily anticipate the innovator's plans. This is the reason

that information concerning products in Abbott's pipeline is so carefully protected. Accordingly, access to such information within Abbott is restricted to those employees who have a need to know. Moreover, such information is not disseminated outside of Abbott, except, in limited circumstances, to Abbott's development partners.

9. Disclosure of this sensitive information to anyone outside of Abbott, whether a competitor or non-competitor, seriously compromises the secrecy-- and therefore the value-- of Abbott's pipeline product information. Disclosure of this information to direct or indirect purchasers can cause the same harm to Abbott as disclosure to Teva and Impax. Furthermore, I understand that in this litigation that there is a substantial degree of cooperation and information sharing between the non-competitor plaintiffs and the competitor plaintiffs.

10. In some instances, certain general, nonconfidential information about Abbott's drug development pipeline is approved for dissemination to the public. Such information may include the name or general characteristics of a new product that is not yet approved or launched or general financial projections. This information is usually disclosed for the benefit of Abbott's shareholders. However, it is important to note that confidential details about pipeline products, such as formulation data, manufacturing information, and testing results, are never approved for public disclosure.

11. As such, confidential information concerning the products in Abbott's TriCor/fenofibrate pipeline have not been, and will not be, publicly disclosed. Such disclosure would cause severe harm to Abbott's ability to compete in the marketplace.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 11/11/05

MICHAEL A. JONES

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| |
|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>C.A. No. 05-340 (KAJ)<br>C.A. No. 02-1512 (KAJ)<br>C.A. No. 03-120 (KAJ)<br>C.A. No. 05-360 (KAJ) |

Civil Action No. 05-340 KAJ
Hon. Kent A. Jordan, U.S.D.J.

**DECLARATION OF PIERRE DIEBOLT ON BEHALF OF FOURNIER INDUSTRIE ET SANTÉ and LABORATOIRES FOURNIER S.A.**

I, Pierre Diebolt, hereby declare and state as follows:

1. I am Head of the Intellectual Property Department for Laboratoires Fournier S.A. (hereinafter, "Fournier"). I am familiar with the confidential nature of Fournier's future business plans and the measures that Fournier takes to maintain the secrecy of such information.

2. I understand that the plaintiffs in this litigation are demanding that Fournier and Abbott disclose information about our future business plans for fenofibrate products (our "product pipeline").

3. The fact that Fournier is working to develop new products is not secret. However, any public disclosure of Fournier's future plans is extremely general in nature and does not reveal details relating to the nature of the new products, know-how, formulas, regulatory information for products pending approval, or other information that may be helpful to Fournier's competitors.

4. The details of Fournier's research projects and future plans are extremely sensitive competitive information. Fournier's activities regarding its product pipeline are its most precious trade secrets and are maintained in strict confidence.

5. Each year, Fournier spends millions of dollars and thousands of scientist hours pursuing new and improved fenofibrate products. This information would lose much of its value if the details of these efforts fell into the public domain.

6. A generic competitor, by studying what Fournier has, and has not, done with respect to its fenofibrate products can gain an unfair competitive advantage and copy its products more quickly. Even information that Fournier has tried an improvement and failed is valuable information, permitting the competitor to avoid potentially costly mistakes.

7. In addition to the United States, Fournier's fenofibrate products are sold in more than 80 countries worldwide. In nearly each of these countries, Fournier is facing or faces the possibility of generic competition. Public disclosure of information regarding Fournier's and Abbott's future plans for the TriCor® product line in the U.S. could be used by Fournier's competitors around the world. Such disclosure would cause immediate and irreparable harm to Fournier.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 14, 2005

PIERRE DIEBOLT