# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

January 17, 2006

**VIA CM/ECF FILING**
**& HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
For the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   In re TriCor® Antitrust Litigations,
      C.A. Nos. 02-1512, 03-120, and 05-340

Dear Judge Jordan:

      I write on behalf of Abbott Laboratories, Fournier Industrie et Santé, and Laboratoires Fournier S.A. to briefly address Plaintiffs' recent submission of new authority, Section 12.5 of the 2006 Supplement to the Hovenkamp, Lemley, and Janis *IP and Antitrust* treatise (the "2006 Supplement"). The 2006 Supplement does not change the law or otherwise advance Plaintiffs' cause.

      The 2006 Supplement does not point to any case where a company has been found to have violated the antitrust laws for engaging in the conduct alleged in this litigation, but rather briefly discusses whether it might be appropriate to extend the scope of the antitrust laws to reach conduct that has not been previously found unlawful. Specifically, the authors[1] pose a hypothetical scenario in which a company introduces a product that presents "no technological benefit" <u>and</u> is made "solely in order to delay competition." Even if the antitrust laws were to be expanded along the lines suggested in the 2006 Supplement, as discussed more fully in Defendants' motion papers, Plaintiffs have conceded that these are not the facts in this litigation. Moreover, the 2006 Supplement articulates the same deference to new product introductions that Defendants have argued should apply here. For instance, the 2006 Supplement states – as

---

[1]    One of the three authors of the 2006 Supplement is Mark A. Lemley, counsel to Impax in this litigation. The 2006 Supplement was published well after the inception of this litigation.

RLF1-2970645-1

The Honorable Kent A. Jordan
January 17, 2006
Page 2

Defendants have argued – that "[a] pharmaceutical patent owner has no legal duty either to help its generic competitors or to continue selling a particular product."

The 2006 Supplement acknowledges that a complaint such as Plaintiffs' arises from the operation of Hatch-Waxman and notes that such complaints could be addressed without judicial extension of the antitrust laws if the FDA Act permitted generic substitution across formulations. The adoption of such a remedy lies not with the courts, but with Congress, which has acted in the past to modify these laws.[2] Antitrust law simply does not contemplate the imposition of treble damages for conduct sanctioned by Congress, and Defendants here have done nothing more than abide by the rules Congress has established.

In sum, Plaintiffs' recent submission provides no basis to deny Defendants' Motion to Dismiss.

Respectfully,

*[signature]*

Frederick L. Cottrell, III

FLC:csi
cc:   Clerk of Court (by hand)
      (all record counsel)

---

[2] *See Teva Pharmaceuticals USA Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1329, 1338 (Fed. Cir. 2005) (referencing Congress' recent modifications to Hatch-Waxman and observing that, to the extent that Hatch-Waxman creates inequities, "[Congress] can amend the Hatch-Waxman Amendments accordingly. Until it does so, however, we must apply the statutory scheme as written.").

RLF1-2970645-1