# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN Re TRICOR DIRECT PURCHASER ANTITRUST ACTION<br><br>This Document Relates To:<br>C.A. No. 05-340 (KAJ)<br>C.A. No. 05-351 (KAJ)<br>C.A. No. 05-358 (KAJ) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

)    Civil Action No. 05-340 (KAJ)
)          CONSOLIDATED

## ROCHESTER DRUG CO-OPERATIVE, INC.'S  RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**NOW COMES**, through undersigned counsel, Rochester Drug Co-Operative, Inc. (hereinafter referred to as "RDC"), plaintiff and class representative in the above-captioned matter, and hereby responds and objects to Defendants' First Set of Requests for Production of Documents and Things as follows:

## GENERAL OBJECTIONS

1.  RDC objects to the discovery requests to the extent they seek documents and information that are not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant information.

2.  RDC objects to the instructions and definitions purportedly made a part of Defendants' discovery requests to the extent they are vague, indefinite, ambiguous, and/or to the extent they seek to impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

3.  RDC further objects to the discovery requests to the extent they seek documents and/or information immune from discovery by virtue of the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable privilege or immunity.  Any inadvertent production of such protected information shall not be deemed a waiver of any privilege with respect to such documents or information or any work product that may attach thereto.

4.  RDC objects to the requests insofar as they may be construed to require RDC to search for and produce information that is not within RDC's custody or control as being harassing and unduly burdensome.

custody, or control of Defendants. Finally, RDC objects to this request in that it is not reasonably calculated to lead to the discovery of admissible evidence. RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

5.      Documents sufficient to provide the following information concerning each of your sales of TriCor since January 1, 1998: (a) identification and quantities of the products you sold; (b) the prices that you sold the products for; (c) the dates of your sales; (d) the entities to which you sold; (e) any discounts, rebates or price adjustment you provided; (f) the sources and quantities of any "upcharges" or other price adjustments you received; and (g) any terms of sale governing your sales.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

6.      Documents sufficient to provide the following information concerning each of your sales of Lofibra since January 1, 1998: (a) identification and quantities of the products you sold; (b) the prices that you sold the products for; (c) the dates of your sales; (d) the entities to which you sold; (e) any discounts, rebates or price adjustment you provided; (f) the sources and quantities of any "upcharges" or other price adjustments you received; and (g) any terms of sale governing your sales.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

7.      Documents sufficient to provide the following information concerning each of your sales of Other Fenofibrate Products since January 1, 1998: (a) identification and quantities of the products you sold; (b) the prices that you sold the products for; (c) the dates of your sales; (d) the entities to which you sold; (e) any discounts, rebates or price adjustment you provided; (f) the sources and quantities of any "upcharges" or other price adjustments you received; and (g) any terms of sale governing your sales.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has

alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

8.      Documents sufficient to provide the following information concerning each of your sales of Other Lipid Products since January 1, 1998: (a) identification and quantities of the products you sold; (b) the prices that you sold the products for; (c) the dates of your sales; (d) the entities to which you sold; (e) any discounts, rebates or price adjustment you provided; (f) the sources and quantities of any "upcharges" or other price adjustments you received; and (g) any terms of sale governing your sales.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

9.      Documents sufficient to show the following with respect to any returns or exchanges of TriCor, Lofibra, or any Other Fenofibrate Product since January 1, 1998 by you or on your behalf: (a) identification of the products and quantities of the products that you returned or exchanged, (b) the dates of the returns or exchanges, (c) the reasons for the returns or exchanges, (d) any terms or policies governing the returns or exchanges and (e) any price adjustment, credits, refunds or products you received for the returns or exchanges.

Response:

RDC objects to this request in that it is overbroad, unduly burdensome and harassing in nature. RDC further objects to this request to the extent that it seeks information that is in the possession, custody, or control of Defendants. Subject to and without waiving the above objections, RDC will produce responsive, non-privileged information for the period January 1, 2001 to the present, for which RDC possesses such information in electronic format.

10.     Documents sufficient to show the following with respect to any returns or exchanges of TriCor, Lofibra, or any Other Fenofibrate Product since January 1, 1998 to you: (a) identification of the products and quantities of the products that were returned to you or exchanged by you, (b) the dates of the returns or exchanges, (c) the reasons for the returns or exchanges, (d) any terms or policies governing the returns or exchanges and (e) any price adjustments, credits, refunds or products you gave for the returns or exchanges.

Response:

RDC objects to this request in that it is overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

11.    All contracts between you and Abbott or Fournier concerning your purchases and/or sales of TriCor since January 1, 1998.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC also objects to this request to the extent that it seeks documents or information related to the time period prior to January 2001. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

Subject to and without waiving the above objections, RDC will produce responsive documents.

12.    All contracts between you and Teva or any other manufacturer or distributor of Lofibra concerning your purchases and/or sales of Lofibra since January 1, 1998.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC also objects to this request to the extent that it seeks documents or information related to the time period prior to January 2001. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

Subject to and without waiving the above objections, RDC will produce responsive documents.

13.    All contracts between you and any manufacturer or distributor of any Other Fenofibrate Product or Other Lipid Product concerning your purchases and/or sales of any Other Fenofibrate Product or Other Lipid Product since January 1, 1998.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC also objects to this request to the extent that it seeks

documents or information related to the time period prior to January 2001. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

Subject to and without waiving the above objections, or the right to amend or supplement these responses, RDC does not have in its possession, custody, or control any contracts between RDC and any manufacturer or distributor of any Other Fenofibrate Product concerning RDC's purchases of any Other Fenofibrate Product since January 1, 1998.


14.    Your contracts with your national account customers concerning (a) your sales of TriCor; (b) your sales of Lofibra; (c) your sales of Other Fenofibrate Products and (d) your sales of Other Lipid Products.


Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is vague and ambiguous in that the term "national account customers" is not defined. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.


15.    Your contracts with your twenty (20) largest independent retail pharmacy customers concerning (a) your sales of TriCor; (b) your sales of Lofibra; (c) your sales of Other Fenofibrate Products and (d) your sales of Other Lipid Products.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is vague and ambiguous in that "independent retail pharmacy customers" is not defined. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any

damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

16.     Your contracts with your twenty (20) largest institutional customers concerning (a) your sales of TriCor; (b) your sales of Lofibra; (c) your sales of Other Fenofibrate Products and (d) your sales of Other Lipid Products.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is vague and ambiguous in that "institutional customers" is not defined. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

17.     All documents referring or relating in any way to your purchases and sales, since January 1, 1998, of TriCor, Lofibra, Other Fenofibrate Products, or Other Lipid Products.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is overbroad, unduly burdensome, and harassing because it seeks "all documents" referring or relating "in any way" to purchases and sales of various products. In addition, the phrase "in any way" is vague and ambiguous. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

Subject to and without waiving the above objections, RDC is producing documents that may be responsive to this request in response to other requests including, but not limited to Requests 1 – 3.

18.    All documents concerning your policies, programs, practices, procedures, guidelines, strategies, philosophies and/or attitudes for setting your selling price for (a) brand name Pharmaceutical Products and (b) generic Pharmaceutical Products.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to all "Pharmaceutical Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

19.    For each brand name Pharmaceutical Product with a generic equivalent that you have purchased or sold since January 1, 1998, provide documents sufficient to show your average purchase price, average sales price and average profit on a yearly and monthly basis for (a) each such brand name Pharmaceutical Product and (b) each generic equivalent of such brand name Pharmaceutical Product.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is overbroad, unduly burdensome and harassing in that it seeks information relating to RDC's individualized transactional data from outside of the class period. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Pharmaceutical Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

Subject to and without waiving the above objections, RDC is producing documents that may be responsive to this request in response to other requests including, but not limited to Requests 1 – 3.

20.    Documents sufficient to show the profit margin you realized from your sales of TriCor on a monthly and yearly basis since January 1, 1998 and the method by which the profit margin was calculated.

<u>Response:</u>

RDC objects to this request in that it is overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is overbroad, unduly burdensome, and harassing in that it seeks information relating to RDC's individualized transactional data from outside of the class period. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

21.    Documents sufficient to show the profit margin you realized from your sales of Lofibra, Other Fenofibrate Products and Other Lipid Products on a monthly and yearly basis since January 1, 1998 and the method by which the profit margin was calculated.

<u>Response:</u>

RDC objects to this request in that it is overbroad, unduly burdensome, and harassing in nature. Among other reasons, this request is overbroad, unduly burdensome, and harassing in that it seeks information relating to RDC's individualized transactional data from outside of the class period. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to "any Other Lipid Products." RDC's claims relate to fenofibrate products; any information relating to other pharmaceutical products is not relevant to those claims.

22.    Documents sufficient to show the existence of any difference in the profit margin you realized on TriCor on a monthly and yearly basis as compared to the profit margin you realized on (i) Lofibra and (ii) any Other Fenofibrate Products, and the means by which the profit margin and any such difference was calculated.

<u>Response:</u>

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. RDC further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Because RDC has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation.

23.    All documents discussing or concerning the availability or unavailability of Lofibra, any Other Fenofibrate Product, and generic fenofibrate products.

Response:

RDC objects to this request as premature, in that discovery is in its early stages and Defendants have not yet served interrogatories in this litigation. Subject to and without waiving the above objections, or the right to amend or supplement these responses, RDC does not have in its possession, custody or control any responsive documents.

51.    All documents upon which you intend to rely at trial.

Response:

RDC objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome, and harassing in nature. In addition, RDC objects to this request as premature, in that discovery is in its early stages in this litigation.

52.    All documents provided to or received from any expert or potential expert you intend to call as a witness at trial.

Response:

RDC objects to this request in that it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. RDC further objects to this request as premature, in that discovery is in its early stages in this litigation, and expert discovery will proceed pursuant to any scheduling order(s) entered by the Court.

Dated: October 31, 2005

By: _____

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: 302-656-4433
Fax: 302-658-7567

*Attorney for Plaintiff*
*Rochester Drug Co-operative, Inc.*

*Additional Plaintiffs' Counsel*

BERGER & MONTAGUE, P.C.                          Tel: (215) 875-3000
Daniel Berger                                    Fax: (215) 875-4604
David Sorensen                                   *Counsel for Plaintiff Rochester Drug*
1622 Locust Street                               *Co-operative, Inc.*
Philadelphia, PA  19103

GARWIN, GERSTEIN & FISHER, L.L.P.
Bruce E. Gerstein
Barry S. Taus
Adam Steinfeld
1501 Broadway, Suite 1416
New York, NY 10036
Tel:  (212) 398-0055
Fax: (212) 764-6620

ODOM & DES ROCHES, L.L.P.
Stuart E. Des Roches
650 Poydras Street
Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
Linda P. Nussbaum
150 East 52nd Street
30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

PERCY, SMITH & FOOTE
David P. Smith
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741

BILGORE, REICH, LEVINE & KANTOR
Donald L. Biogore
16 East Main St., Suite 950
Rochester, NY 14614
Tel: (585) 262-4700
Fax: (585) 262-4118