EXHIBIT B

1/1/05 .

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO:<br>C.A. No. 05-404 (KAJ)<br>C.A. No. 05-605 (KAJ) | ) ) ) ) ) | Civil Action No. 05-340 (KAJ)<br><br>CONSOLIDATED |

**WALGREEN PLAINTIFFS' RESPONSE TO DEFENDANTS'
FIRST SET OF REQUESTS FOR THE PRODUCTION
OF DOCUMENTS FROM PLAINTIFFS
WALGREEN CO., ET AL AND CVS PHARMACY, INC., ET. AL.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Walgreen Co., Eckerd Corporation, The Kroger Co,., Maxi Drug, Inc. d/b/a Brooks Pharmacy, Albertson's, Inc., Safeway, Inc., and Hy-Vee, Inc., ("Plaintiffs") hereby respond to Defendants' First Set of Requests for the Production of Documents from Plaintiffs Walgreen Co. et. al. and CVS Pharmacy, Inc., et. al.

**GENERAL OBJECTIONS**

1.   Plaintiffs object to each request to the extent that any such request seeks the disclosure of information and/or documents protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery. To the extent that any such information and/or documents is or may be disclosed in response to Defendants' First Set of Requests for Production, the disclosure of any such information and/or document is inadvertent and should not be deemed to be a waiver of any privilege or immunity with respect to that or any other information and/or document.

1

Response: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections. Subject to and without waiving the foregoing objections, Plaintiffs will produce electronic data showing their respective purchases of products whose active ingredient is fenofibrate to the extent that the data is reasonably available and can be gathered without undue hardship.

  4. Documents sufficient to provide the following information concerning each of your purchases of Other Lipid Products since January 1, 1998: (a) identification and quantities of the particular product(s) purchased; (b) the dates of your purchases; ©) the invoice prices for each of the products purchased; (d) any discounts, rebates or other price adjustments you received; (e) any terms of sale governing your purchases; and (f) the entities who you purchased from.

Response: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

  5. Documents sufficient to provide the following information concerning your sales of TriCor® on a monthly basis since January 1, 1998: (a) number of prescriptions received for TriCor® by product and dosage strength, (b) by product, number of prescriptions dispensed as written, ©) by product, the retail prices you charged for the prescriptions dispensed as written, (d) by product, the percentage or amount of the retail price paid b y a Third Party Payer; (e) by product, percentage or amount of the retail price paid by the customer; (f) by product, any discounts or rebates you

8

provided; (g) by product, the sources and quantities of any "upcharges" or other price adjustments you received and (h) any terms of sale governing your sales.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

6. For all TriCor® prescriptions that were not dispensed by you as written, documents sufficient to show on a monthly basis since January 1, 1998: (a) the number of prescriptions received for TriCor® by product and dosage strength that were not dispensed as written; (b) for each prescribed TriCor® product that was not dispensed as written, the identification of the product and dosage that was dispensed in place of the prescribed product; ©) by product, the retail prices you charged for the dispensed product, (d) by product, percentage or amount of the retail price paid by a Third Party Payer; (e) by product, percentage or amount of the retail price paid by the customer; (f) by product, any discounts or rebates you provided; (g) the sources and quantities of any "upcharges" or other price adjustments you received and (h) any terms of sale governing your sales.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits

9

(i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

7. Documents sufficient to provide the following information concerning your sales of Lofibra® on a monthly basis since January 1, 1998: (a) number of prescriptions received for Lofibra® by product and dosage strength, (b) by product, number of prescriptions dispensed as written, (c) by product, the retail prices you charged for the prescriptions dispensed as written, (d) by product, the percentage or amount of the retail price paid by a Third Party Payer; (e) by product, percentage or amount of the retail price paid by the customer; (f) by product, any discounts or rebates you provided; (g) by product, the sources and quantities of any "upcharges" or other price adjustments you received and (h) any terms of sale governing your sales.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

8. For all Lofibra® prescriptions that were not dispensed by you as written, documents sufficient to show on a monthly basis since January 1, 1998: (a) the number of prescriptions received for Lofibra® by product and dosage strength that were not dispensed as written; (b) for each prescribed Lofibra® product that was not dispensed as written, the identification of the product and

10

unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

10. For all Other Fenofibrate Products prescriptions that were not dispensed by you as written, documents sufficient to show on a monthly basis since January 1, 1998: (a) the number of prescriptions received for Other Fenofibrate Products by product and dosage strength that were not dispensed as written; (b) for each prescribed Other Fenofibrate Products product that was not dispensed as written, the identification of the product and dosage that was dispensed in place of the prescribed product; ©) by product, the retail prices you charged for the dispensed product, (d) by product, percentage or amount of the retail price paid by a Third Party Payer; (e) by product, percentage or amount of the retail price paid by the customer; (f) by product, any discounts or rebates you provided; (g) the sources and quantities of any "upcharges" or other price adjustments you received and (h) any terms of sale governing your sales.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also

object on the grounds set forth in the General Objections.

11. Documents sufficient to provide the following information concerning your sales of Other Lipid Products on a monthly basis since January 1, 1998: (a) the number of prescriptions received, (b) number of prescriptions dispensed, ©) the retail prices you charged for the prescriptions dispensed, (d) percentage or amount of the retail price paid by a Third Party Payer; (e) any discounts or rebates you provided; (f) the sources and quantities of any "upcharges" or other price adjustments you received and (g) any terms of sale governing your sales.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

12. Documents sufficient to provide the following information concerning your sales of (a) TriCor®, (b) Lofibra®, ©) Other Fenofibrate Products and (d) Other Lipid Products, since January 1, 1998, on a month to month basis: (I) by product, the identity of the product and total number of prescriptions dispensed for the product; (ii) by product, the average retail prices you charged for the products dispensed, (iii) by product, the percentage or amount of the retail price paid by a Third Party Payer; (iv) by product, any discounts or rebates you provided; (v) by product, the sources and quantities of any "upcharges" or other price adjustments you received and (vi) by product, any terms of sale governing your sales.

13

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, duplicative and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

13. Documents sufficient to show the prices, and any changes in such prices, at which you sold (a) TriCor®, (b) Lofibra®, ©) Other Fenofibrate Products and (d) Other Lipid Products, since January 1, 1998, including without limitation prices reflecting volume price differences, special promotional pricing of any type, and price differences, if any, between prices paid by cash customers and prices paid by other customers.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

14. Documents sufficient to show the way in which the price charged and/or reimbursement received by you for (a) TriCor®, (b) Lofibra® and ©) Other Fenofibrate Products, since January 1, 1998, is determined, including without limitation each cost element that is included in such calculation (e.g., overhead, warehouse, inventory, etc.).

14

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales), including their pricing practices and reimbursement rates, are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

15. All documents concerning any communication or interaction between you and any Third Party Payer concerning TriCor®, Lofibra®, or any Other Fenofibrate Product.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it calls for the production of communications regarding specific customers as that information is subject to various legal and/or contractual confidentiality restrictions. To the extent that this request seeks at information concerning Plaintiffs' sales and profits (i.e., downstream sales), such information and documents are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

16. Documents sufficient to show the following with respect to any returns or exchanges of TriCor®, Lofibra®, or any Other Fenofibrate Product since January 1, 1998 by you or on your behalf: (a) identification of the products and quantities of the products that you returned or exchanged, (b) the dates of the returns or exchanges, ©) the reasons for the returns or exchanges, (d)

15

any terms or policies governing the returns or exchanges and (e) any price adjustment, credits, refunds or products you received for the returns or exchanges.

<u>Response</u>: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections. Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce documents to the extent they exist pertaining to Plaintiffs' respective returns or exchanges of TriCor and Lofibra to the extent that the data is reasonably available and can be gathered without undue hardship.

17. Documents sufficient to show the following with respect to any returns or exchanges of TriCor®, Lofibra®, or any Other Fenofibrate Product since January 1, 1998 to you: (a) identification of the products and quantities of the products that were returned to you or exchanged by you, (b) the dates of the returns or exchanges, ©) the reasons for the returns or exchanges, (d) any terms or policies governing the returns or exchanges and (e) any price adjustment, credits, refunds or products you gave for the returns or exchanges.

<u>Response</u>: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, as worded this request could be read to include individual customer information and thus Plaintiffs object to the extent that the request seeks information which is subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of

16

admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

18. All contracts between you and Abbott or Fournier concerning your purchases and/or sales of TriCor® since January 1, 1998.

Response: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections. Subject to and without waiving the General Objections and the foregoing objection, Plaintiffs will produce any such contracts with Abbott or Fournier concerning purchases of TriCor for the relevant time period.

19. All contracts between you and Teva or any other manufacturer or distributor of Lofibra® concerning your purchases and/or sales of Lofibra® since January 1, 1998.

Response: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections. Subject to and without waiving the General Objections and the foregoing objection, Plaintiffs will produce any such contracts with Teva or any other manufacturer or distributor concerning their respective purchases of Lofibra for the relevant time period.

20. All contracts between you and any manufacturer or distributor of any Other Fenofibrate Product or Other Lipid Product concerning your purchases and/or sales of any Other Fenofibrate Product or Other Lipid Product since January 1, 1998.

Response: Plaintiffs object to this request on the grounds that it is overly broad, vague, ambiguous and seeks information and documents that are not reasonably calculated to lead to the discovery of

17

admissible evidence and which are subject to various contractual confidentiality restrictions. Plaintiffs also object on the grounds set forth in the General Objections.

21. Your contracts with your national account customers concerning (a) your sales of TriCor®; (b) your sales of Lofibra®; (©) your sales of Other Fenofibrate Products and (d) your sales of Other Lipid Products.

Response: Plaintiffs object to this request on the grounds that it is overly broad, vague and ambiguous and seeks information and documents that are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, information and documents concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections and on the ground that they do not have "national account customers" as that term is normally used.

22. Your contracts with your twenty (20) largest institutional customers concerning (a) your sales of TriCor®; (b) your sales of Lofibra®; (©) your sales of Other Fenofibrate Products and (d) your sales of Other Lipid Products.

Response: Plaintiffs object to this request on the grounds that it is overly broad, vague and ambiguous and seeks information and documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Additionally, information and documents concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections and on the ground that they do not have "institutional customers" as that term is normally used.

Respectfully submitted,

*[signature]*
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER, P.A.
1100 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

Elizabeth M. McGeever
PRICKETT JONES ELLIOTT P.A.
1310 King Street
Wilmington, DE 19801
Attorneys for Plaintiffs

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by Federal Express and/or First Class U.S. Mail on October 31, 2005, upon counsel identified on the attached service list.


Scott E. Perwin

235138.1

33