# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

**Mary B. Graham**
**(302) 351-9287**
**mgraham@mnat.com**

March 2, 2006

**VIA HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:  *In re TriCor® Antitrust Litigations*
          C.A. Nos. 02-1512, 03-120 and 05-340 (KAJ)

Dear Judge Jordan:

    On behalf of Abbott, we write to address the February 27 and 28 letters from the Coordinated Direct Purchaser Plaintiffs, Teva and Impax (collectively, "Plaintiffs") requesting that the Court order Abbott to search for and produce documents relating to two unrelated Abbott products not at issue in this case.  As Plaintiffs did last year when they sought (unsuccessfully) to compel production of documents relating to future TriCor® products, Plaintiffs again seek to expand improperly the scope of discovery.  Plaintiffs have not provided any reason why the voluminous document productions already made by Abbott and Fournier about the development and marketing of the TriCor® products actually at issue in this litigation should be expanded to require searches for documents involving other unrelated products.  Not only are these documents irrelevant, but their production would create an undue burden on Abbott, forcing it to search, review, and possibly produce a significant volume of irrelevant material.

  **A.**  **Documents Concerning Hytrin® and Tranxene® are Not Relevant to this Case.**

    Hytrin® is used to treat symptoms of an enlarged prostate and some forms of hypertension.  Tranxene® is used for the management of anxiety disorders or for short-term relief of anxiety symptoms.  Abbott no longer markets Tranxene®.  These products are not related to TriCor® in any way: neither product contains fenofibrate; and each product is (or was) prescribed for a different medical condition and competes (or competed) in a different market. Moreover, within Abbott, the development, sales, and marketing of TriCor®, Hytrin®, and (while it was sold) Tranxene® are managed and overseen by separate teams.

The Honorable Kent A. Jordan
March 2, 2006
Page 2

Plaintiffs make vague allegations that Abbott used its sales and marketing strategies for Tranxene® and Hytrin® as "models" for its strategies relating to TriCor®. Plaintiffs' claim for a supposed "model" is based on one page out of Abbott's and Fournier's 400,000 page document production that states, "TriCor fit the Hytrin story . . . launch, expand . . ." This is hardly evidence of an overarching "model" based on Hytrin® or Tranxene®, or something that would justify opening two additional, burdensome avenues of discovery.

As framed by Plaintiffs' complaints, this litigation is about what Abbott and Fournier *actually did in connection with TriCor®*, not what Abbott might or might not have known or done or learned in connection with unrelated products. Abbott and Fournier have already incurred substantial costs searching for and producing over 400,000 pages of TriCor® documents demanded by Plaintiffs. These documents tell the story of how the TriCor® product line was developed and marketed.

Plaintiffs also allege that this information is relevant to whether Abbott "knew" that by introducing a new, non-AB-rated alternative product in TriCor®'s market, Abbott would "succeed in impeding generic competition." "Knowledge" that introducing a new TriCor® product might impede generic competition in TriCor®'s market is not an element of Plaintiffs' claims or of Abbott's or Fournier's defenses. *See, e.g., U.S. v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966) (setting forth the elements of a monopolization claim). If Abbott's "knowledge" about the potential impact of a new product on generic competition in TriCor®'s market is somehow relevant, information about Abbott's "knowledge" will be discovered from documents relating to the development and marketing of TriCor®—not from documents relating to other products in other markets.[1]

Plaintiffs assert that the Tranxene® and Hytrin® documents are relevant to the issue of whether the new TriCor® products actually are improvements over the prior TriCor® products. Abbott's development plans and strategies for Tranxene® and Hytrin® have no bearing on whether the new *TriCor®* products are improvements. They are different drugs; they have different formulations, different indications, and different issues with respect to their strengths and weaknesses in providing therapy to patients. Fenofibrate, the active ingredient in TriCor®, is poorly soluble in gastric juices. This feature presents a set of dosing and administration concerns that are not implicated by a product with good gastric solubility. Tranxene®, Hytrin®, and TriCor® are different, and the formulations of the products cannot reasonably be compared.

In connection with the "improvements" issue, Plaintiffs argue that Tranxene® and Hytrin® documents are relevant because they concern products introduced as tablets and then developed as a capsule product, while TriCor® was introduced as a capsule product and then developed as a tablet product when a lower dose form was introduced. Plaintiffs overstate Abbott's and Fournier's position that the development of TriCor® as a tablet product is an improvement on the capsule product. In addition to other improvements of the TriCor® tablet product over the TriCor® capsule product, including lower dosage and an expanded indication,

---

[1] Moreover, this allegation is simply Plaintiffs' spin on an undisputed fact. Given the pervasive regulation of generic substitution and AB determinations under FDA regulations, Drug Product Selection laws, and the Hatch-Waxman Act, the consequences of switching a dosage form is well-known.

we have stated Abbott's belief that TriCor® patients would prefer tablets. Defendants do not contend that tablets are the preferred form for every pharmaceutical product. Abbott has produced TriCor® marketing documents which are the relevant source for information on what Abbott told the market about the benefits of the new formulations.

In short, documents concerning the preferred form for Hytrin® (where the dosage form changed over 10 years ago) and Tranxene® would have no relevance to TriCor®, and Abbott's assessment of the preferred form for Hytrin® and Tranxene® cannot justify wholesale discovery into those products.

      B.     **Compliance with Plaintiffs' Requests Would Place an Undue Burden on Abbott.**

The discovery Plaintiffs seek is not only irrelevant, but it would also place an undue burden on Abbott. Plaintiffs seek nearly every marketing and sales document relating to two major pharmaceutical products. This would require an extensive search for and review of potentially responsive documents. Plaintiffs should not be allowed to place this burden on Abbott without showing that the documents are highly relevant and that their relevance outweighs the burden that would fall on Abbott.

As noted above, Abbott and Fournier have produced a voluminous amount of documents relating to the product introductions that are at issue in this case – approximately 400,000 pages so far, not including voluminous sales information databases. Plaintiffs have not provided any valid argument as to why these documents are not sufficient for them to prove their allegations with respect to Abbott's and Fournier's marketing and sales of TriCor®. In fact, in both letters, Plaintiffs cite to a number of already-produced documents that they allege support their allegations. As with Plaintiffs' request for discovery concerning Abbott's plans for future products, the Plaintiffs have not shown that this unduly burdensome discovery is necessary for them to prove their claims to what Abbott and Fournier actually did in connection with their sale and marketing of TriCor®.

\* \* \* \*

Based upon the foregoing, Abbott respectfully requests that this Court deny Plaintiffs' requests for production of documents relating to Hytrin® and Tranxene®.

          Respectfully,

          */s/ Mary B. Graham (#2256)*

          Mary B. Graham

MBG/dam
cc:    Clerk of the Court (via electronic filing)
        All Counsel of Record (via e-mail)
509214