# Baker Hostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
e-mail: tlong@bakerlaw.com

March 1, 2006

**VIA OVERNIGHT DELIVERY**

Hon. Kent A. Jordan
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

Re:   *In re Tricor Direct Purchaser Antitrust Litigation*
      *Louisiana Wholesale Drug Co., Inc., et al. v. Abbott Laboratories, et al.*

Dear Judge Jordan:

We represent Cardinal Health, Inc. ("Cardinal Health"), a national pharmaceutical and medical products wholesaler. We have regularly represented Cardinal Health on a number of matters since its founding, including cases similar to the case before the Court. Cardinal Health has purchased Tricor directly from Abbott Laboratories ("Abbott"), one of the defendants in the above captioned matter, for many years and continues to purchase Tricor from Abbott today. As such, it appears Cardinal Health is a member of the class proposed by the September 23, 2005 Amended and Consolidated Class Action Complaint ("the Complaint") filed by Louisiana Wholesale Drug Company, Inc. and others (collectively "named Plaintiffs") in the above captioned case. We have had the opportunity to review the Complaint (in redacted form). We understand from the named Plaintiffs' counsel that your Honor is considering a request by Abbott and the other defendants ("Defendants") to pursue so-called "downstream" discovery directed at the named Plaintiffs. It is further our belief based on documents submitted to the Court by Defendants that it is Defendants' intention to pursue such "downstream" discovery from absent class members such as the large national wholesalers like Cardinal Health.

Prior to submitting this letter, we reviewed Defendants' February 27, 2006 letter-brief to this Court urging the sanctioning of "downstream" discovery and Defendants' document requests directed to Louisiana Wholesale Drug, which, among other things, seek documents and data reflecting class members' downstream sales and profits. We write, respectfully, to offer this Court Cardinal Health's perspective on Defendants' requests, given that:

Hon. Kent A. Jordan
March 1, 2006
Page 2

(1) the "downstream" discovery involved will in all probability also be sought from Cardinal Health inasmuch as Defendants' rationale for this discovery is the supposed necessity of comparing the effect of the challenged conduct on the named Plaintiffs with the challenged conduct's effect on certain absent class members, including Cardinal Health; and

(2) Defendants have asserted the need for the "downstream" discovery to determine, through some unspecified mathematical calculation, whether it would be in Cardinal Health's interest to remain in the proposed class.

Cardinal Health respectfully submits three points for the Court's consideration of Defendants' request.

First,  if the point of the discovery requests is for Defendants to determine indirectly whether it is in Cardinal Health's best interests to become an absent member of any certified class in this case, it is not for Defendants to make any such decision. Defendants do not operate Cardinal Health. Cardinal Health's management determines what actions are in the best interests of the company.  It is Cardinal Health's opinion, in this case, as it has been in similar delayed generic entry direct purchaser class cases in the past, that Cardinal Health is in a far better position than Defendants to assess what is, or what is not, in its best interests.  In contrast, Defendants' main goal is to minimize any recovery Cardinal Health could expect to recover by participating as a class member in this litigation. In of itself, this should be sufficient to deny Defendants' requests for "downstream" discovery.

Second, in reviewing Defendants' "downstream" discovery requests, it is important for the Court to understand the significant expense, burden and disruption in normal business activities that would be occasioned in producing the documents and data responsive to Defendants' requests. Essentially, Defendants are asking for, among other things, records and data regarding millions of transactions, reflecting Cardinal Health's sales of both branded and generic versions of fenofibrate, to thousands of customers for a multi-year period. Cardinal Health currently operates twenty three distribution centers located throughout the country. Defendants' broad requests could result in productions occurring at each of these distribution centers. In addition, it is important to recognize that Cardinal Health, like some of the other larger pharmaceutical wholesalers, has grown over the past several years through the acquisition of other wholesalers. This consolidation within the industry has been well documented for some time. Unfortunately these acquisitions often result in overlapping data systems, different hardware systems, and dissimilar operating systems. If asked to recreate past data such as that contained in Defendants' "downstream" discovery requests, Cardinal Health would be faced with a massive data production issues which would require the use of "heritage" as well as current data systems and the reassignment of key data personnel away from their daily activities of servicing Cardinal Health's customers and management. In addition, Defendants' "downstream" discovery requests would also require the rationing of Cardinal Health's mainframes to run the massive data requests instead of performing the daily operations necessary to operate the company.

Hon. Kent A. Jordan
March 1, 2006
Page 3

Third, as Cardinal Health has done in several recent similar class actions involving challenges to a brand pharmaceutical manufacturers' alleged efforts to forestall or delay generic competition, Cardinal Health has decided that, in its considered business judgment that: (1) Cardinal Health's interests are best served by remaining a member of any Certified Class; and (2) named Plaintiffs and their counsel are fully capable of representing the interests of Cardinal Health for purposes of the Class Action.

More specifically, Cardinal Health notes that in their letter-brief Defendants have suggested that the named Plaintiffs' interest may be antagonistic to the interest of certain other class members, including Cardinal Health. As has been true in similar cases that have been certified as class actions, Cardinal Health believes there is no antagonism or conflict between the interests of the named Plaintiffs in pursuing overcharge damages in this matter and Cardinal Health's overall economic and legal interests.

Given that the principal grounds Defendants have offered for pursuing "downstream" discovery is the supposed need to determine whether the interest of the national wholesalers, such as Cardinal Health, are aligned with the interests of the named Plaintiffs and that Cardinal Health believes there is no present or foreseeable conflict between Cardinal Health and the named Plaintiffs, Cardinal Health respectfully suggests that Defendants' burdensome discovery requests have no reasonable basis and should be denied.

Sincerely,

Thomas L. Long

cc:     Mary Graham (via e-mail)
        Eric Cramer (via e-mail)