IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | C.A. No. 05-340 KAJ |
| THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) ) | (Consolidated) |

NOTICE OF SUBPOENA DUCES TECUM FOR
PRODUCTION OF DOCUMENTS
FROM HEALTH STRATEGIES GROUP, INC.

PLEASE TAKE NOTICE that, in accordance with the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs are causing to be served a subpoena requesting that Health Strategies Group, Inc. produce for inspection one set of the documents on the attached Exhibit A.

The documents shall be produced on the following date at the following time and location:

Date:      April 13, 2006

Location:  HEALTH STRATEGIES GROUP, INC.
           Riverwalk
           201 South Main Street, Suite 5
           Lambertville, NJ 08537

                                                     Jeffrey S. Goddess (No. 630)
                                                     Jessica Zeldin (No. 3558)
                                                       Rosenthal, Monhait, Gross & Goddess, P.A.
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com
    Liaison Counsel for Direct Purchaser Class

OF COUNSEL:

GARWIN GERSTEIN & FISHER, LLP
Adam Steinfeld
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION
V.
THIS DOCUMENT RELATES TO ALL ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-340
Hon. Kent Jordan, U.S.D.J.

TO: HEALTH STRATEGIES GROUP, INC.
Riverwalk
201 South Main Street, Suite 5
Lambertville, NJ 08537

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached

| PLACE HEALTH STRATEGIES GROUP, INC. Riverwalk, 201 South Main Street, Suite 5, Lambertville, NJ 08537 | DATE AND TIME April 13, 2006 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiffs | March 6, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam Steinfeld
Garwin Gerstein & Fisher LLP
1501 Broadway, Ste 1416
New York, NY 10036        (212) 398-0055

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

[INSERT OTHER CAPTION]

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | Civil Action No. 05-340 |
| ) | Hon. Kent Jordan, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL ACTIONS ) ) | |

**SUBPOENA DUCES TECUM FOR PRODUCTION OF
DOCUMENTS FROM HEALTH STRATEGIES GROUP, INC.**

### I. DEFINITIONS

1. The term "person" means a natural person, corporation, association, company, firm, partnership, joint venture, trust, estate, agency, department or bureau, governmental or judicial person or legal entity.

2. The term "Defendants," "you," "your," and "yours" shall mean, unless otherwise specified in a particular request, Abbott Laboratories and Fournier Industrie et Santé, and Laboratories Fournier S.A., their predecessor and successor entities, their officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), employees, agents, attorneys, representatives and other persons acting or authorized to act on behalf of Abbott Laboratories, Fournier Industrie et Santé, and/or Laboratories Fournier S.A.

3. The term "Abbott" means Abbot Laboratories, or any of its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on its behalf.

4. The term "Fournier" means Fournier Industrie et Santé, and/or Laboratories Fournier S.A., or any of their subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on

2

their behalf.

5. The term "Tricor" means any and all drugs or pharmaceutical products which are, or have in the past been, marketed, sold or labeled under the trademark or name "TriCor" (or any variant thereof), regardless of the form, formulation, strength, dosage, dissolution rate or package size of such drugs, including but not limited to the pharmaceutical products described in the New Drug Applications Nos. NDA 19-304, NDA 21-203, and NDA 21-656.

6. The phrase "fenofibrate product" or the term "fenofibrate" means any and all products, drugs or pharmaceuticals which contain the chemical or compound fenofibrate as an active ingredient or product, including, but not limited to, Tricor.

7. The term "FDA" refers to the United States Food and Drug Administration, including any of its departments, committees, subdivisions or individuals or entities acting on its behalf or under its authority.

8. The terms "generic," "generically equivalent product," or "generic drug equivalent" means a pharmaceutical or drug product which has been submitted to, or deemed by, the FDA as meeting necessary requirements to be an AB-rated alternative to a branded product, as such is defined by the FDA.

9. The term "Orange Book" refers to the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations."

10. The term "document" means any written, printed, recorded, digital, electronic and/or video matter and/or tangible thing upon which any words, phrases, numbers, data and/or images are affixed or conveyed, including but not limited to any item within the scope of Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, any writing, report, memorandum, file, computer file, computer-stored data or databases in computer-readable format, computer drive, home computer contents, personal computer contents, floppy disk, zip disk, printout, communications, computer transmission, e-mail, correspondence, electronic transmission, word processing file, spreadsheet, spreadsheet program file, calculation, database, database entries, database queries, database query results, mainframe computer file, computerized spreadsheet,

3

analysis, outline, pro forma, forecast, white paper, projection, market study, marketing plan, tactical plan, long-range plan, strategic forecast, plan of action, pricing study, budget, presentation, slide, slide deck, Powerpoint presentation, proposal, record, draft, memorialization, computerized memorialization, personal digital assistant file, message, book, survey, research, background information, talking points, list, contract, agreement, purchase order, invoice, receipt, shipping paper, catalog, brochure, manual, publication, policy statement, promotional or advertising literature or materials, credit memos or memoranda, claim form, production record, inventory record, account, letter, side letter, letter of commitment, journal, profit and loss statement, income and expense sheet, statement of financial condition, audit report, organizational chart, flow chart, addendum, check, docket sheet, brief, court filing, pleading, transcript, affidavit, deposition, discovery request, discovery response, log, calendar, list, journal, pamphlet, abstract, computation, tabulation, bill, statement, invoice, schedule, exhibit, attachment, photostat, electronic transmission, image, network communications and transmissions, satellite network communications, study, telegram, telex, agenda, minutes, bulletin, instruction, literature, memorandum of conversations, notes, notebook, diary, data sheet, work sheet, recording, tape, videotape, audiotape, internal or interoffice communication, drawing, table, diagram, graph, index, chart, telephone record, photograph, phonographic record, written memorialization of oral communication, and/or other data compilation of any other written, recorded, transcribed, punched, taped, filed and/or other graphic matter including any draft of the foregoing items upon which any notation, work, figure or form is recorded or has been made which does not appear on the original, or as to whose existence, either past or present, the responding party has any knowledge or information.

11. The phrase "relating to" and "relates to" includes reflecting, constituting, evidencing, referring to, concerning, involving, dealing with, or bearing on (whether legally, factually, or otherwise), in whole or in part.

12. The term "communication" and "communications" include all forms of transmission of information, whether oral or in writing or in some other medium.

13. The term "correspondence" means any letter, memorandum or other writing.

4

14. The term "minutes" means any document created in connection with a meeting, including minutes of a meeting, exhibits and attachments to minutes of a meeting, agendas for meetings (including exhibits, attachments and/or materials distributed or circulated at, or in connection with, any meeting), notices of meetings, waivers of meetings and certification or signatures appended to or referred to in the notices, agendas or minutes.

15. "Identify" when used in reference to an individual person means to state his or her (a) full name, (b) involvement in the subject matter of the interrogatory; (c) employer and position at the time of his or her involvement in the subject matter of the interrogatory; (d) present or last known business affiliation, title or position, and (e) address and telephone number.

16. "Identify" when used in reference to a corporation, partnership, association, joint venture, firm, other business enterprise or legal entity means its full name, address, and telephone number of its principal place of business, and its state of incorporation (if applicable) or association.

17. "Identify" when used in reference to a document or writing means to state the date, author(s), type of document (e.g. letter, memorandum, computer print-out, estimate, etc.), any filing or identifying numbers, and the present custodian and location of the document.

18. The terms "and/or", "or" and "and" are used inclusively, not exclusively.

19. The terms "You" and "Your" mean the recipient of this Subpoena duces tecum and/or any of their corporate parents, subsidiaries, affiliates, divisions, subdivisions, general partners, officers, directors, employees, agents, or any person acting on their behalf.

20. The term "HSG" means Health Strategies Group, Inc. and/or any of its corporate parents, subsidiaries, affiliates, divisions, subdivisions, general partners, members, officers, directors, employees, agents, or any person acting on their behalf.

## II. INSTRUCTIONS

1. Pursuant to Rule 34(b), the documents or things requested shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond with the document requests to which they are responsive. If there are no documents or things responsive to any particular discovery request, you should so state in writing rather than leave the request unanswered.

2. When a document or thing that "concerns" or "concerning" any given matter is requested, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to, relating to, discussing, or prepared in connection with the matter.

3. If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in Your possession, custody or control, or have been transferred voluntarily or involuntarily to another person or persons, otherwise disposed of, or not available for production, they shall be identified as completely as possible including, but not limited to, information necessary to identify the document and the following information: the date of disposal or transfer; the manner of disposal or transfer; the reason for disposal or transfer; the person authorizing the disposal or transfer; the person disposing of or transferring the document, and the identity of all persons who have participated in the destruction or discarding or who have knowledge as to the data comprised in the discarded or destroyed document.

4. In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

5. If any part of a document is responsive to any request, the whole document is to be produced.

6. Any alteration of a responsive document, including any marginal notes, handwritten

notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it must be produced.

7. If You are unable to produce a document in response to any request, so state and indicate whether the document ever existed, or whether the document once existed but cannot be located. If any document once was, but is no loner in Your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent any documents are lost or destroyed, produce any documents which support Your assertion that the document was lost or destroyed, and provide the date thereof.

8. If You file a timely objection to any portion of a request, definition, or an instruction, provide a response to the remaining portion.

9. The terms defined above and the individual requests for production and inspection should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

10. As used in these requests, the singular shall also be treated as plural and vice versa.

11. The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical in all respects.

12. Documents are to be produced in full. Redacted documents will not constitute compliance with these requests. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

13. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

14. All documents produced shall be produced in the file folder, envelope or other

container in which the documents are kept or maintained by You. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

15. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

16. Documents attached to each other should not be separated.

17. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

18. If You claim the attorney-client privilege, or any other privilege or work product protection for any document, You shall expressly provide the following information with respect to such document as required to comply with Rule 45(d)(2) of the Federal Rules of Civil Procedures in order to provide " a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim," including:

    a. the type of privilege or other protection being asserted;

    b. the type of document;

    c. general subject matter of the document;

    d. date of the document;

    e. such other information as is sufficient to identify the document including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other, and

    f. any other information required to be furnished by the local rules of the United States District Court for the District of Delaware.

## III. RELEVANT TIME PERIOD

Unless otherwise specified, the documents sought relate to the period from January 1, 1998 through the time that the documents are produced pursuant to this Subpoena Duces Tecum. This Subpoena Duces Tecum seeks all responsive documents created or generated during the relevant time period, as well as all responsive documents created outside this time period, but which contain information concerning this period.

## IV. DOCUMENTS REQUESTED

**REQUEST 1:** All documents regarding or relating to actual, expected, potential or contemplated work or services by HSG for Abbott/Fournier in connection with TriCor or any fenofibrate product. This request includes, but is not limited to any documents regarding or relating to: (a) any communications between HSG and Abbott/Fournier regarding such work or services by HSG; (b) any reports, memoranda, e-mails, notes, projections, forecasts, proposed or actual plans or strategies that were shared between HSG and Abbott/Fournier in connection with the work or services by HSG; (c) any reports, memoranda, e-mails, or other documents created in connection with the to actual, expected, potential or contemplated work or services by HSG; (d) any documents concerning or related to the "Abbott Tricor Managed Care Research" performed in 2004.

**REQUEST 2:** All documents regarding, relating to or constituting communications with third parties made in connection with TriCor. This request includes, but is not limited to any documents regarding or relating to: (a) any communications between HSG and any third party made in connection with work or services performed by HSG on behalf of Abbott/Fournier; (b) any reports or memoranda summarizing or analyzing such communications.

9

**REQUEST 3:** Any contracts or agreements between HSG and Abbott/Fournier that relate to: (a) TriCor, or any fenofibrate product; and/or (b) actual, contemplated or anticipated work by HSG in connection with or regarding TriCor, or any fenofibrate product.

**REQUEST 4:** All documents addressing or discussing the use and/or function of the National Drug Data File ("NDDF") and/or any other publication or service of First Data Bank, Inc., including but not limited to all documents concerning and/or related to any decision by Abbott/Fournierto submit and/or render obsolete and/or withdraw information from the NDDF regarding Tricor and/or any fenofibrate product.

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing NOTICE OF SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS FROM HEALTH STRATEGIES GROUP, INC. using CM/ECF, which will send notification of such filing to all registered participants, as follows:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>John W. Shaw, Esquire<br>Karen Keller, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P. O. Box 391<br>Wilmington, DE 19899-0391 | Mary B. Graham, Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899 |
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams<br>222 Delaware Avenue<br>10th Floor<br>P. O. Box 2306<br>Wilmington, DE 19899 |
| Pamela S. Tikellis, Esquire<br>Robert J. Kriner, Jr., Esquire<br>A. Zachary Naylor, Esquire<br>Chimicles & Tikellis lLP<br>One Rodney Square<br>P. O. Box 1035<br>Wilmington, DE 19899 | Jonathan L. Parshall, Esquire<br>Murphy Spadaro & Landon<br>1011 Centre Road<br>Suite 210<br>Wilmington, DE 19801 |
| Elizabeth M. McGeever, Esquire<br>Prickett Jones Elliott, P.A.<br>1310 King Street<br>P. O. Box 1328<br>Wilmington, DE 19899 | Michael I. Silverman, Esquire<br>Lynn A. Iannone, Esquire<br>Silverman & McDonald<br>1010 N. Bancroft Parkway #22<br>Wilmington, DE 19805 |

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on March 8, 2006 I sent by electronic mail the foregoing document to the following non-registered participants:

REPRESENTING DIRECT PURCHASER CLASS
(C.A. No. 05-340):

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Neill W. Clark
**nclark@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

David P. Germaine
**dgermaine@daarvanek.com**

Joseph Vanek
**jvanek@daarvanek.com**

Stuart Des Roches
**stuart@odrlaw.com**

Andrew Kelly
**akelly@odrlaw.com**

Adelaida Ferchmin
**aferchmin@odrlaw.com**

David P. Smith
**dpsmith@psfllp.com**

Russell A. Chorush
**rchorush@hpcllp.com**

Michael F. Heim
**mheim@hpcllp.com**

REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. No. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE (C.A. No. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

|  |  |
|---|---|
|  | Justin Nelson<br>**jnelson@susmangodfrey.com**<br><br>Ken Zylstra<br>**kzylstra@sbclasslaw.com**<br><br>Lyle Stamps<br>**lstamps@sbclasslaw.com**<br><br>Steve Connolly<br>**sconnolly@sbclasslaw.com**<br><br>Casey Murphy<br>**cmurphy@sbclasslaw.com**<br><br>Mark Sandman<br>**mms@rawlingsandassociates.com**<br><br>Jeffrey Swann<br>**js5@rawlingsandassociates.com** |
| REPRESENTING IMPAX<br>LABORATORIES (C.A. No. 03-120) | Mary Matterer<br>**mmatterer@morrisjames.com**<br><br>John C. Vetter<br>**jvetter@kenyon.com**<br><br>Asim Bhansali<br>**abhansali@kvn.com** |
| REPRESENTING INDIRECT PARTY<br>PLAINTIFFS (C.A. No. 05-360): | Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffery L. Kodroff<br>Bernard J. Persky<br>Michael Gottsch<br>A. Zachary Naylor<br>Robert Davis<br>Brian Clobes<br>Michael Tarringer |

Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard
**tricor@chimicles.com**

Michael I. Silverman
mike@silverman-mcdonald.psemail.com

Lynn A. Iannone
lynn@silverman-mcdonald.psemail.com

Patrick Francis Morris
**pmorris@morrisandmorrislaw.com**

| | |
|---|---|
| REPRESENTING TEVA PHARMACEUTICALS (C.A. No. 02-1512): | Josy W. Ingersoll<br>Bruce M. Gagala<br>Karen E. Keller<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |
| REPRESENTING ABBOTT (ALL CASES): | Mary B. Graham<br>**tricor@mnat.com**<br><br>William F. Cavanaugh<br>**wfcavanaugh@pbwt.com**<br><br>Chad J. Peterman<br>**cjpeterman@pbwt.com** |

| | |
|---|---|
| REPRESENTING FOURNIER (ALL CASES): | Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Steven S. Sunshine<br>Matthew P. Hendrickson<br>Bradley J. Demuth<br>Maggie DiMoscato<br>Timothy C. Bickham<br>**tricor@rlf.com** |

_____
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait, Gross
 & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com