IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN Re TRICOR DIRECT PURCHASER ANTITRUST ACTION | : :<br>:<br>: | 
| This Document Relates To:<br>C.A. No. 05-340 (KAJ)<br>C.A. No. 05-351 (KAJ)<br>C.A. No. 05-358 (KAJ) | :<br>:<br>:<br>:<br>: |

Civil Action No. 05-340 (KAJ)
CONSOLIDATED

## LOUISIANA WHOLESALE DRUG COMPANY, INC.'S OBJECTIONS TO DEFENDANT'S RULE 30(b)(6) DEPOSITION NOTICE DATED MAY 22, 2006

Plaintiff Louisiana Wholesale Drug Company, Inc. ("LWD"), through its undersigned counsel, hereby objects to the Rule 30(b)(6) Deposition Notice by Defendants Fournier Industrie et Sante and Laboratories Fournier, S.A., dated May 22, 2006, (the "Notice") as follows:

## GENERAL OBJECTIONS

1.      LWD objects to the deposition topics to the extent they seek information that is not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant information.

2.      LWD objects to the instructions and definitions purportedly made a part of the Notice to the extent they are vague, indefinite, ambiguous, and/or to the extent they seek to impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

3.     LWD objects to the requests insofar as they may be construed to require LWD to search for and produce information that is not within LWD's custody or control as being harassing and unduly burdensome.

4.     LWD objects to defendant's reservation of rights to conduct additional 30(b)(6) depositions of LWD on non-class certification issues on the grounds that conducting multiple depositions is unnecessary, unduly burdensome, and will needlessly increase the costs of litigation.

5.     LWD objects to the definition of "document" as well as all subject matter specified in Exhibit A and documents requested in Exhibit B insofar as they seek testimony or documentation that is protected by the attorney-client privilege, work product immunity, common interest privilege, and/or any other applicable privilege or immunity.

6.     LWD objects to the subject matter specified in Exhibit A and documents requested in Exhibit B to the extent that they seek testimony and/or information related to the time period prior to January 2001. LWD's individualized information from this period, which is outside of the class period, is irrelevant to this litigation. To the extent the notice seeks such data, it is not reasonably calculated to lead to the discovery of admissible evidence.

7.     LWD objects to the noticed date and location of the deposition. LWD will agree to make its 30(b)(6) designee available for deposition at a mutually agreeable time and place.

8.     LWD reserves all objections regarding the competency, materiality, relevance and admissibility of any documents or information provided.

9.    LWD objects to the topics and requests to the extent that they seek documents or information related to downstream sales data and/or LWD's profits as being irrelevant to LWD's claim for overcharge damages.

10.    The preceding general objections are incorporated in response to each specific topic and request and any specific objection made below.

## RESPONSES TO TOPICS FOR EXAMINATION

1.    Your records concerning purchases, inventory, and/or returns, including the policies and procedures You used to determine the quantities of fenofibrate products you purchased, including (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, and (6) any proposed Impax product either developed or under development, including the data produced by You Bates labeled LWD-Tricor-00001-03.

Response:

LWD objects to this topic, on the grounds that it is vague and ambiguous. Among other reasons, this topic is vague and ambiguous in that the term "inventory" is not defined. LWD further objects to this topic as overbroad, unduly burdensome and irrelevant to the extent the subject matter described includes purchase, returns or inventory records/information for products other than the specifically listed fenofibrate products. Moreover, LWD objects to this topic as overbroad, unduly burdensome and irrelevant to the extent the subject matter described includes "inventory" relating to any product. To the extent the topic seeks such information, it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, LWD will make available a corporate representative to testify regarding LWD's purchases and returns of fenofibrate products.

2.     The process(es), method(s), strategies, and/or procedures You proposed, considered, or used for setting or establishing the prices (whether direct or contract, and including rebates, discounts, and/or chargebacks) for any fenofibrate product, including (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, and (6) any proposed Impax product either developed or under development.

Response:

LWD objects to this topic as it seeks information relating to LWD's sales, sales prices, sales terms, and pricing policies and procedures, and such subjects constitute "downstream" discovery, which has no bearing on the claims or defenses in this case and will not lead to the discovery of admissible evidence. Because LWD has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss or other "downstream" information is not relevant to this litigation. See In Re TriCor Direct Purchaser Antitrust Litigation, No. 05-340, slip op. at 1 (D. Del. filed March 6, 2006).

3.     Your ability to control or influence the type or amount of pharmaceutical products demanded by Your customers or prescribed for consumers, and the substitutability between any such products, including (1) TriCor®, (2) Lofibra®, (3) Antara®, and (4) Triglide®, (5) Lipofen®, (6) any proposed Impax product either developed or under development, (7) statins, and (8) any other cholesterol reducing drugs.

Response:

LWD objects to this topic, on the grounds that it is vague and ambiguous. Among other reasons, this topic is vague and ambiguous in that the term "substitutability" is ambiguous as it is used in relation to the terms "control" and "influence". LWD further objects to this topic insofar as it is premised upon a fact not in evidence.    LWD also objects to this topic as overbroad, unduly burdensome and irrelevant insofar as it seeks information regarding products other than the specifically

listed fenofibrate products. LWD further objects to this topic to the extent it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. Finally, LWD objects to this request to the extent it requires conclusions which will be the subject of expert testimony which will proceed pursuant to the scheduling order entered by the Court. Subject to and without waiving the above objections, LWD will make available a corporate representative to testify regarding Plaintiff's ability, if any, to control or influence the type or amount of pharmaceutical products demanded by its customers or prescribed for consumers.

4.      Your communications with customers, manufacturers, suppliers, and competitors concerning the availability of fenofibrate products, including (1) TriCor®, (2) Lofibra®, (3) Antara®, and (4) Triglide®, (5) Lipofen®, and (6) any proposed Impax product either developed or under development, and any analyses of the effect on the price you paid for any fenofibrate product.

Response:

LWD objects to this topic on the grounds that it is vague and ambiguous as to the meaning of "any analyses of the effect on the price you paid for any fenofibrate product." LWD further objects to this topic to the extent it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. LWD also objects to this request to the extent it requires conclusions which will be the subject of expert testimony which will proceed pursuant to the scheduling order entered by the Court. Subject to and without waiving the above objections, LWD will make available a corporate representative to testify regarding communications, if any, with LWD's customers, manufacturers, suppliers, and competitors concerning the availability of fenofibrate products.

5.      Your communications or analyses concerning any comparisons between TriCor® and any other version of TriCor®, or any version of Lofibra®, Antara®,

Triglide®, Lipofen®, or any proposed Impax product either developed or under development.

Response:

LWD objects to this topic, on the grounds that it is vague and overly broad, insofar as the scope of the term "communication" is not defined. LWD also objects to this topic as vague and ambiguous as to the meaning of the phrase "analyses concerning any comparisons". LWD further objects to this topic to the extent it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. LWD also objects to this request to the extent it requires conclusions which will be the subject of expert testimony which will proceed pursuant to the scheduling order entered by the Court. Subject to and without waiving the above objections, LWD will make available a corporate representative to testify regarding communications and analyses, if any, by LWD itself (as opposed to its attorneys or experts) comparing Tricor to any other fenofibrate product.

6.     The nature and amount of impact, injuries, or damages You claim to have resulted from Defendants' alleged anticompetitive conduct and the identity of all persons involved in or with knowledge thereof.

Response:

LWD objects to this topic, on the grounds that it is premature and overly broad. LWD further objects to this topic to the extent it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. LWD also objects to this request to the extent it requires conclusions which will be the subject of expert testimony which will proceed pursuant to the scheduling order entered by the Court. Subject to and without waiving the above objections, LWD will make available a

corporate representative to testify regarding the nature of the injury and damages LWD incurred as a result of Defendants' actions, as set forth in the Amended Complaint.

7.    The type and nature of the injunctive relief sought by You.

Response:

LWD objects to this topic to the extent it calls for information covered by the attorney-client privilege and/or the attorney work product doctrine. LWD also objects to this request insofar as it requires conclusions which will be the subject of expert testimony which will proceed pursuant to the scheduling order entered by the Court. Subject to and without waiving the above objections, LWD will make available a corporate representative to testify regarding the higher prices LWD paid for fenofibrates due to Defendants' actions as set forth in the Amended Complaint.

## **RESPONSE TO DOCUMENT REQUEST**

1.    Defendants hereby request the production of all documents relating or referring to the topics set forth in Exhibit A that have not already been produced in this litigation.

Response:

LWD objects to this request insofar as it is vague and overly broad. LWD further incorporates by reference the individual responses to the noticed deposition topics set forth herein. To the extent that such documents were requested but not produced in response to Defendants' Requests for Production, LWD stands by the objections asserted therein. Subject to and without waiving the above objections, LWD will produce responsive, non-privileged information, to the extent that such information exists, for the

period January 1, 2001 to the present, for which LWD possesses such information in electronic format.

Respectfully submitted,

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT & GODDESS, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899
jgoddess@rmgglaw.com
(302) 656-4433
 Liaison Counsel for Direct Purchaser Class

Bruce E. Gerstein
Barry Taus
Adam Steinfeld
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
 Lead Counsel for Direct Purchaser
 Class Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006 I electronically filed the foregoing OBJECTIONS

TO DEFENDANT'S RULE 30(b)(6) DEPOSITION NOTICE DATED MAY 22, 2006,

using CM/ECF, which will send notification of such filing to all registered participants,

including:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen Keller, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Mary B. Graham, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue
10th Floor
P. O. Box 2306
Wilmington, DE 19899

Pamela S. Tikellis, Esquire
Robert J. Kriner, Jr., Esquire
A. Zachary Naylor, Esquire
Chimicles & Tikellis lLP
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899

Jonathan L. Parshall, Esquire
Murphy Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19801

Elizabeth M. McGeever, Esquire
Prickett Jones Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899

Michael I. Silverman, Esquire
Lynn A. Iannone, Esquire
Silverman & McDonald
1010 N. Bancroft Parkway #22
Wilmington, DE 19805

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on June 6, 2006 I sent by electronic mail the foregoing document

to the following non-registered participants:

| | |
|---|---|
| REPRESENTING DIRECT PURCHASER CLASS (C.A. No. 05-340): | Bruce E. Gerstein **bgerstein@garwingerstein.com** |
| | Barry S. Taus **btaus@garwingerstein.com** |
| | Adam M. Steinfeld **asteinfeld@garwingerstein.com** |
| | Rimma Neman **rneman@garwingerstein.com** |
| | Daniel Berger **danberger@bm.net** |
| | Eric L. Cramer **ecramer@bm.net** |
| | Peter Kohn **pkohn@bm.net** |
| | Neill W. Clark **nclark@bm.net** |
| | Linda P. Nussbaum **lnussbaum@cmht.com** |
| | Steig D. Olson **solson@cmht.com** |
| | David P. Germaine **dgermaine@daarvanek.com** |

Joseph Vanek
**jvanek@daarvanek.com**

Stuart Des Roches
**stuart@odrlaw.com**

Andrew Kelly
**akelly@odrlaw.com**

Adelaida Ferchmin
**aferchmin@odrlaw.com**

David P. Smith
**dpsmith@psfllp.com**

Russell A. Chorush
**rchorush@hpcllp.com**

Michael F. Heim
**mheim@hpcllp.com**

REPRESENTING WALGREEN, ECKERD,
KROGER, MAXI, CVS, RITE AID
(C.A. No. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. No. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Lyle Stamps
**lstamps@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Casey Murphy
**cmurphy@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING IMPAX
LABORATORIES (C.A. No. 03-120)

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING INDIRECT PARTY
PLAINTIFFS (C.A. No. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffery L. Kodroff
Bernard J. Persky
Michael Gottsch
A. Zachary Naylor

Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard
**tricor@chimicles.com**

Michael I. Silverman
mike@silverman-mcdonald.psemail.com

Lynn A. Iannone
lynn@silverman-mcdonald.psemail.com

Patrick Francis Morris
**pmorris@morrisandmorrislaw.com**

REPRESENTING TEVA
PHARMACEUTICALS (C.A. No. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais
**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**

REPRESENTING FOURNIER (ALL CASES):

Frederick L. Cottrell, III
Anne Shea Gaza
Steven S. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham
**tricor@rlf.com**

Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com