UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) C.A. No. 05-605 (KAJ) ) ) ) | Civil Action No. 05-340 (KAJ) CONSOLIDATED |

**CVS CORPORATION'S OBJECTION TO DEFENDANTS' NOTICE OF VIDEOTAPE DEPOSITION OF CVS CORPORATION PURSUANT TO FED. R. CIV. P. 30(B)(6) LIMITED TO CLASS CERTIFICATION ISSUES**

Plaintiff CVS Corporation. (the "Plaintiff"), through its undersigned counsel, hereby objects to the Rule 30(b)(6) Deposition Notice of Defendants of the Videotape Deposition of CVS Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) Limited to Class Certification Issues, dated May 22, 2006, as follows:

1. Plaintiff objects to the Defendants' efforts to take Plaintiff's deposition on the topics listed in Exhibit A for the limited purpose of class certification issues. Plaintiff is not a named class representative and it is not seeking to represent a class. Plaintiff has filed its own lawsuit solely on its own behalf.

2. Plaintiff objects to Defendants' reservation of rights to conduct additional 30(b)(6) depositions of Plaintiff on the topics listed in Exhibit A on the grounds that conducting multiple depositions on the same topics but for purportedly different reasons, is unnecessary, unduly burdensome, and will needlessly increase the costs of this litigation.

3. Plaintiff objects to the definition of "you" and "your" as over broad, unduly burdensome and vague. Plaintiffs further object to the definition of "you" and "your" to

TXdoc1803

the extent that it includes Plaintiffs' attorneys and consultants, affiliates and the related business entities' attorneys, consultants, officers, directors, employees and all others purporting to act on behalf of the related business entities.

4. Plaintiff objects to Exhibit B to the extent that when combined with the definition of "you" and "your" could be construed to require Plaintiff to search for and produce documents that are in the custody and/or control of third parties.

5. Plaintiff objects to the subject matters specified in Exhibit A (specifically Topics 2, 3, 4, and 5) and the documents requested in Exhibit B to the extent that they seek information and documents relating to Plaintiff's sales, sales prices, sales terms, pricing, and profits because such subjects have no bearing on the claims or defenses in this case and will not lead to the discovery of admissible evidence. The Court has already ruled that defendants are not entitled to downstream discovery.

6. Plaintiff objects to the subject matters specified in Exhibit A (including Topics 1, 2, 3, 4, and 5) and the documents requested in Exhibit B to the extent that they include products other than TriCor, Lofibra, and any generic fenofibrate product.

7. Plaintiff objects to Topics 5, 6 and 7 in Exhibit A and the documents requested in Exhibit B to the extent that they seek opinions and conclusions on topics that will be the subject of expert testimony.

TXdoc1803

8.  Plaintiff objects to all the subject matters specified in Exhibit A and the documents requested in Exhibit B to the extent that they seek the disclosure of information and/or documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege and/or immunity.

9.  Plaintiff objects to all of the subject matters specified in Exhibit A and the documents requested in Exhibit B as overly broad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

PRICKETT, JONES & ELLIOTT, P.A.

_____
Elizabeth M. McGeever (#2057)
1310 King Street
Wilmington, DE 19801
(302) 888-6500
Attorneys for Plaintiffs

OF COUNSEL:

Steve D. Shadowen
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713
Telephone: (717) 364-1030
Telecopy:  (717) 364-1020

Joseph T. Lukens
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 496-7032
Telecopy:  (215) 568-0300

TXdoc1803

## Certificate of Service

   I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF and served upon counsel via CM/ECF or via email on June 8, 2006:

William F. Cavanaugh, Jr., Esq.
PATTERSON BELKNAP WEBB & TYLER, LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Josy W. Ingersoll, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

Mary B. Graham, Esq.
James W. Parrett, Jr., Esq.
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
ROSENTHAL MONHAIT GROSS & GODDESS, P.A.
P.O. Box 1070
Wilmington, DE 19899

Bryan L. Clobes, Esq.
MILLER FAUCHER & CAFFERTY, LLP
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA 19103

Adam Steinfeld, Esq.
GARWIN GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036

Christopher T. Holding, Esq.
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109

Steven C. Sunshine, Esq.
CADWALADER WICKERSHAM & TAFT, LLP
1201 F Street, N.W.
Washington, D.C. 20004

Frederick L. Cottrell, III, Esq.
RICHARDS LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary B. Matterer, Esq.
MORRIS JAMES HITCHENS & WILLIAMS, LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801

Pamela S. Tikellis, Esq.
CHIMICLES & TIKELLIS, LLP
One Rodney Square
Wilmington, DE 19899

Paula L. Blizzard, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111

Bernard Persky, Esq.
GOODKIN LABATON RUDOFF & SUCHAROW
100 Park Avenue
New York, NY 10017

Scott Perwin, Esquire
Kenny Nachwalter P.A.
1100 Miami Center, 201 South Biscayne Blvd.
Miami, FL 33131-4327

_____
Elizabeth M. McGeever (#2057)

TXdoc1803