# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

*MARY B. GRAHAM*
*302.351.9199*
*mgraham@mnat.com*

August 21, 2006

The Honorable Kent A. Jordan                               **VIA ELECTRONIC FILING**
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    *In re TriCor® Antitrust Litigations*
               C.A. Nos. 02-1512, 03-120, 05-340 and 05-360 (KAJ)

Dear Judge Jordan:

        Direct Purchaser Plaintiffs' August 17, 2006 letter concerning timing of depositions was unnecessarily filed (C.A. No. 05-340, D.I. 194).  Plaintiffs leave out Abbott's considerable, good faith efforts to proceed with deposition discovery in an orderly, efficient and timely fashion.  Indeed, at the outset of deposition discovery, Abbott invited plaintiffs to develop a deposition plan whereby plaintiffs could most expeditiously and efficiently get deposition testimony, while minimizing the burden on witnesses.  Abbott offered a proposal and its assistance in the process, but plaintiffs were not interested.  Plaintiffs also do not inform the Court that several Abbott depositions have gone forward, that Abbott has offered dates for others, and that Abbott has not refused to make any witness available.  In fact, Abbott has now provided dates for 12 out of the 13 noticed witnesses whom it currently employs.  The allegation that the fact discovery cutoff of October 31, 2006 is "unduly threatened" unless the Court intervenes to put Abbott on a seven-day clock to respond to deposition notices is unwarranted.[1]

        Abbott has been working responsibly to schedule the depositions in plaintiffs' two rounds of notices (which came in groups of eight notices at a time without prior notification from plaintiffs).  It takes time, however, to coordinate schedules of so many witnesses and counsel, particularly in summer.  In a few instances, it has taken longer than expected where employees are particularly busy.  Nonetheless, as reflected in the attached table (Exhibit A), Abbott has provided witnesses or proposed dates for 13 of the 16 noticed depositions (plaintiffs withdrew

---

[1] Abbott finds it surprising that plaintiffs bring this motion while, at the same time, they have typically taken much longer than seven days to provide dates for their witnesses.  For example, it took several weeks to receive deposition dates for many of the class representatives in the putative direct and indirect purchaser classes.  If this Court sees fit to impose any deadlines for providing dates, the deadlines should apply mutually.

The Honorable Kent A. Jordan
August 21, 2006
Page 2

two notices after we offered dates), and is working on the other three (including two persons not employed by Abbott). All of the currently noticed Abbott witnesses will be made available well in advance of the discovery cut-off.

The suggestion that Abbott has been unresponsive in scheduling depositions, and will act only if plaintiffs rattle the sabre of calling the Court, is simply not true. To the contrary, Abbott has been entirely cooperative and, as noted above, affirmatively sought to work with plaintiffs to develop a plan for streamlining depositions which would give plaintiffs testimony more efficiently (which would have the consequence of relevant testimony sooner), while minimizing the burden on witnesses.

In particular, after investigation of plaintiffs' first round of eight deposition notices on May 16, 2006, it was evident to Abbott that the noticed individuals had had limited involvement with TriCor or had information bound to be cumulative of other, more directly involved individuals whom plaintiffs were sure to want (Exhibit B, p. 2). In our view, plaintiffs' *ad hoc* approach would lead to burdensome and cumulative discovery (*id.*) (a concern since born out as depositions have proceeded). Thus, Abbott on June 8 suggested to plaintiffs a deposition plan whereby, with Abbott's assistance at identifying individuals, plaintiffs would instead start with the principal managers of TriCor or a Rule 30(b)(6) deposition notice, and after that fill in any gaps with supporting personnel (*id.*).

In a meet and confer on June 13, Abbott reiterated the wisdom of such a deposition approach (*see* Exhibits C, D). Plaintiffs rejected Abbott's proposal, however, stating that their approach was not *ad hoc* and that they had "devised a deposition plan and strategy" that they declined to share with Abbott (Exhibit C, p. 1). The parties also thereafter failed to agree on a limit for depositions of Abbott, with Abbott suggesting a limit of 20 and plaintiffs ultimately suggesting 30 (with 7 of those being two-day depositions) (Exhibits D, E). As it became apparent that no agreement would be reached either on a plan or on limits, Abbott agreed nonetheless to proceed with the noticed depositions while reserving its rights to object to the burden caused by plaintiffs' secret deposition plan (Exhibit F). In the meantime, Abbott had already offered dates for three witnesses (Exhibit D).

In sum, for over a month after the depositions were noticed, Abbott and plaintiffs engaged in a discussion over deposition procedure. A week later, Abbott proposed dates for two additional witnesses (a total of five out of the eight noticed) and provided a date for a sixth witness in mid-July. Due to their business and vacation schedules, it was difficult to coordinate dates for the two remaining witnesses, Mr. Sporn and Ms. Devlin, until last week.

On July 28, 2006, plaintiffs served a second round of eight deposition notices on Abbott, including notices for three witnesses not currently employed by Abbott. With these notices, plaintiffs have finally noticed a number of more directly involved individuals, but at the same time, some of them are particularly busy and difficult to schedule. We have provided dates for five and are working on the other three – Ms. Ackerman, Mr. Altman and Mr. Weiland. The last two are no longer employed by Abbott, but counsel is reaching out to them to secure their cooperation.

Accordingly, Abbott submits that plaintiffs have no cause to complain and that plaintiffs' letter and request are unwarranted. Abbott has been and will continue to respond to

The Honorable Kent A. Jordan
August 21, 2006
Page 3

provide witnesses as quickly as possible. A seven-day clock for responding, particularly when plaintiffs have been noticing eight witnesses at a time, is unnecessary and unworkable. Had plaintiffs told us of all the witnesses it wanted back in June, instead of playing coy with its undisclosed "plan and strategy," or better yet if it had taken up Abbott's offer of assistance in identifying and providing first the most knowledgeable witnesses, plaintiffs might well have had depositions even sooner.

    Respectfully,

    */s/ Mary B. Graham*

    Mary B. Graham (#2256)

MBG/dam
cc:    Clerk of the Court (via hand delivery and electronic filing)
        All Counsel of Record (via e-mail)
533525