EXHIBIT A

**EXHIBIT A**
**WITNESS LIST AND STATUS**

| WITNESS | DATE NOTICED | DATE OF ABBOTT'S OFFER | DEPOSITION STATUS |
|---|---|---|---|
| April Gerzel | May 16, 2006 | June 21, 2006 | Notice Withdrawn by Plaintiffs. |
| Christina Calvert | May 16, 2006 | June 21, 2006 | Notice Withdrawn by Plaintiffs. |
| Tim Ackerman | May 16, 2006 | June 21, 2006 | Deposed on August 9, 2006. |
| Gregory Bradley | May 16, 2006 | July 7, 2006 | Deposed on August 3, 2006. |
| Ruey Tu | May 16, 2006 | July 7, 2006 | Deposed on August 2, 2006. |
| Ed Fiorentino | May 16, 2006 | July 19, 2006 | Deposed on August 7, 2006 |
| Douglas Sporn | May 16, 2006 | August 14, 2006 | Abbott proposed September 1, 2006. |
| Jodi Devlin | May 16, 2006 | August 16, 2006 | Abbott proposed October 4, 2006. |
| Marilou Reed* | July 28, 2006 | August 16, 2006 | Third party witness. Agreed to cooperate. Abbott proposed September 25, 2006. |
| James Stolzenbach | July 28, 2006 | August 18, 2006 | Abbott proposed September 21, 2006. |
| Kathy McFarland | July 28, 2006 | August 18, 2006 | Abbott proposed October 6, 2006. |
| Michael Jones | July 28, 2006 | August 18, 2006 | Abbott proposed September 20, 2006. |
| Tip Parker | July 28, 2006 | August 18, 2006 | Abbott proposed October 3, 2006. |
| Cathy Ackerman | July 28, 2006 | | Abbott will propose a date. |
| Robert Altman* | July 28, 2006 | | Abbott contacting third party witness to seek cooperation. |
| Robert Weiland* | July 28, 2006 | | Abbott contacting third party witness to seek cooperation. |

\* Not a current employee of Abbott.

EXHIBIT B

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

June 8, 2006

Chad J. Peterman
(212) 336-2877
Direct Fax (212) 336-7914
cjpeterman@pbwt.com

Stuart E. Des Roches, Esq.
Odom & Des Roches LLP
650 Poydras Street, Suite 020
New Orleans, LA  70130

Christopher T. Holding, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109-1881

Paula L. Blizzard, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

Re:    **In re: TriCor Antitrust Litigations**

Dear Counsel:

I write concerning deposition discovery.  As you are aware from previous correspondence, Abbott would like to minimize business disruptions caused by depositions in this case, including by eliminating unnecessary or duplicative depositions, and coordinating depositions amongst all plaintiffs.  Also, we would like to ensure that the depositions which do go forward are conducted in an efficient manner and in a location convenient for our witnesses.  We would like to meet and confer with you as soon as possible to discuss a deposition plan, including the issues outlined in this letter.  I propose a teleconference on June 9 (after 1 P.M.), June 12 (any time) or June 13 (before noon).

Pending Deposition Notices

We are in receipt of eight deposition notices to Abbott.  While we might be willing to produce the requested deponents, we question the utility of the depositions that you have noticed versus the burden on Abbott.  We ask you to reconsider these depositions, or at a minimum, provide us with an explanation of why the noticed people are relevant to issues in this case.

Stuart E. Des Roches, Esq.
Christopher T. Holding, Esq.
Paula L. Blizzard, Esq.
June 8, 2006
Page 2

The witnesses you requested (1) have little to no involvement with TriCor® (*e.g.*, Fiorentino, Sporn), (2) serve administrative roles with respect to TriCor® (*e.g.*, Gerzel, Calvert) and/or (3) report to persons who have duplicative and greater knowledge than the persons you have noticed (*e.g.*, Ackerman, Bradley).

As an example, April Gerzel and Christina Calvert perform largely administrative tasks with respect to notifying the NDDF of product discontinuations and maintaining pricing lists. They would have little testimony to offer. Their testimony would be duplicative of testimony that Joesph Fiske or Mike Jones would offer. Likewise, Timothy Ackerman's testimony would be largely duplicative of testimony that Mr. Fiske would offer. Similarly, Michael Jones or Kathy McFarland would cover the testimony that Gregory Bradley, Jodi Devlin and Liang Ruey Tu would offer.

Your bottom-up approach to noticing these depositions will necessitate numerous, burdensome depositions to get you the information that you seek. To the extent that (1) the number of depositions of Abbott witnesses becomes burdensome, or (2) the people or subject matter sought becomes duplicative of previous depositions, or (3) the depositions seek testimony irrelevant to issues in the litigation, we reserve the right to seek appropriate relief from the Court.

Rather than getting into a situation where all parties waste resources on unnecessary depositions, we advocate starting with the principal managers of TriCor® (or serving a 30(b)(6) notice with the topics that plaintiffs are interested in). This would eliminate a lot of unnecessary depositions and allow plaintiffs to get the information that they are seeking in a more efficient manner. If necessary, plaintiffs could then seek the depositions of supporting personnel to fill in gaps of information. We are happy to work with plaintiffs to identify the principal managers of TriCor® or otherwise streamline the deposition process.

Coordination of the Depositions

We appreciate plaintiffs efforts in coordinating the depositions noticed to date and expect that continued coordination will occur throughout the pendency of this litigation. As we go forward, Abbott will only offer a particular witness once for a deposition in these TriCor® litigations.

In addition, we expect coordination between the plaintiffs within a deposition to limit the number of attorneys who conduct an examination. It would be unnecessary, burdensome, and potentially prejudicial to a witness to subject him or her to numerous examinations in a deposition. We expect plaintiffs to limit the total number of attorneys who conduct an examination within any deposition to two. If this poses any problems for the plaintiffs, please inform us beforehand so that we can resolve the matter prior to depositions.

Stuart E. Des Roches, Esq.
Christopher T. Holding, Esq.
Paula L. Blizzard, Esq.
June 8, 2006
Page 3

## Overlap With 30(b)(6) Depositions

Although individual depositions have been noticed, plaintiffs have not propounded 30(b)(6) topics. To the extent that plaintiffs plan to serve 30(b)(6) topics, we advise that you do so soon. This will allow us to designate appropriate individual deponents as 30(b)(6) designees, and serves our goal of efficiency. Abbott will object to providing a 30(b)(6) designee on topics that were or could have reasonably been covered in an individual deposition had timely notice been provided. Perhaps we can discuss plaintiffs intentions further in our teleconference.

## Location of the Depositions

For the convenience of our witnesses, we will make them available in the immediate vicinity of their workplace. Most of the witnesses work at Abbott Park, IL (approximately one hour north of Chicago). We will work with plaintiffs to try and group depositions in a manner that minimizes the number of deposition sessions.

We look forward to your response to the issues raised in this letter.

Sincerely,

Chad J. Peterman

cc:    Mary B. Graham, Esq.
       Adam Steinfeld, Esq.
       Joseph T. Lukens, Esq.
       Steve Shadowen, Esq.
       Scott E. Perwin, Esq.
       John W. Turner, Esq.
       Steven Sunshine, Esq.
       Matthew Hendrickson, Esq.
       Timothy C. Bickham, Esq.

EXHIBIT C

LAW OFFICES
## ODOM & DES ROCHES, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

SUITE 2020, POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LA 70130
TELEPHONE (504) 522-0077
FAX (504) 522-0078

217 WEST MAIN STREET
P.O. BOX 523
HAHIRA, GA 31632
TELEPHONE (229) 794-3412
FAX (229) 794-3544

June 15, 2006

*Via Telecopier*
**(212) 336-2222**

Chad Peterman, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036-6710

**Re:** *In re Tricor Direct Purchaser Antitrust Litig.*
*C.A. No. 05-340 (KAJ) (D. Del).*

Dear Chad:

Please accept this in response to your letter of June 8, 2006, and as a follow-up to the call amongst all parties in the *Tricor* case, regarding the depositions of Abbott personnel.

As we explained during our June 13th call, the deposition notices sent out to date regarding Abbott personnel were not done so based on an *ad hoc* or otherwise random basis. The plaintiffs have carefully reviewed the tens of thousands of pages of documents produced in this case by defendants and have carefully considered the issues that have been raised by both sides. By and through this process the plaintiffs have devised a deposition plan and strategy that is designed to efficiently allow plaintiffs to work through the deposition process in this case. This is a systematic, practical, and efficient approach that has been employed not only in this case but in the many Hatch-Waxman antitrust cases that several of us on the plaintiffs' side have litigated.

In light of this explanation and in lieu of expecting the plaintiffs to justify their reasons for wanting to depose each particular Abbott employee, it is our understanding that Abbott is willing to enter into an arrangement whereby the parties agree to a set number of depositions of Abbott personnel. It is also our understanding that you offered to set that number at twenty (20).

Plaintiffs are willing to enter into an agreement regarding the number of depositions of Abbott personnel, but are willing to do so under the following conditions: (a) Abbott will not object to plaintiffs deposing Abbott personnel of our own choosing (in other words, Abbott will not seek to have plaintiffs justify to the Court why we are deposing any particular Abbott employee); (b) plaintiffs will be able to depose seven (7) of the total number of Abbott deponents for fourteen (14) hours; and (c) the number of depositions agreed to can be extended by agreement of plaintiffs and Abbott, or by reasonable cause as demonstrated to the Court. With

LAW OFFICES
ODOM & DES ROCHES, LLP

the above conditions in mind, the plaintiffs are willing to limit the number of Abbott personnel depositions to 35. In terms of counting Abbott 30(b)(6) depositions, the plaintiffs are willing to count each seven-hour period of running 30(b)(6) deposition time as constituting one (1) deposition.

Regarding the location of these depositions, as mentioned on our call it is plaintiffs' position that these depositions should occur in downtown Chicago. That being said, plaintiffs are willing to travel to Abbott Park for those rare exceptions in which the particular Abbott employee simply has no choice but to be in close proximity to Abbott Park. As mentioned on our call, virtually all of the Abbott depositions in the *Hytrin* case were taken in downtown Chicago and this seemed to work to everyone's satisfaction. In *Hytrin* a lone exception was made for one of Abbott's in-house counsel who needed to be deposed at Abbott Park due to certain work obligations that existed during that particular time.

Finally, as represented, the plaintiffs reconsidered the need and propriety of deposing those Abbott employees for whom we have already tendered notices of deposition. Upon further review and consideration of your statements, it is still our position that these depositions are proper and warranted in this case. As we expect that none of these deposition will take place for more than seven (7) hours, and the number is well below even Abbott's own offer of twenty (20), the plaintiffs expect to receive proposed deposition dates immediately. This is particularly true considering that these notices of deposition were sent out several weeks ago.

Thank you for your consideration and we look forward to your prompt response.

Very truly yours,

Stuart E. Des Roches

cc:   Asim Bhansali, Esq.
      Paula Blizzard, Esq.
      Pat Cafferty, Esq.
      Bradley J. DeMuth, Esq.
      Mary B. Graham, Esq.
      Christopher T. Holding, Esq.
      Joseph T. Lukens, Esq.
      Scott E. Perwin, Esq.
      Barry S. Taus, Esq.
      Ken Zylstra, Esq.
      (all *via* telecopier)

EXHIBIT D

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

June 21, 2006

VIA FACSIMILE

Chad J. Peterman
(212) 336-2877
Direct Fax (212) 336-7914
cjpeterman@pbwt.com

Stuart E. Des Roches, Esq.
Odom & Des Roches LLP
650 Poydras Street, Suite 020
New Orleans, LA  70130

Re:    **In re TriCor® Antitrust Litigations**

Dear Stuart:

I write in response to your June 15 letter and to follow up on our June 13 call regarding Abbott depositions.  As we have made clear in written correspondence and reiterated during the call, Abbott is concerned with minimizing disruptions to its business and for its employees caused by depositions in this case.  This includes eliminating unnecessary or duplicative depositions of individuals.  This also includes eliminating 30(b)(6) depositions on topics that were covered or could reasonably have been covered by an Abbott witness who was deposed in his or her individual capacity prior to a 30(b)(6) notice.  Our concern arose because of what appears from our standpoint to be an *ad hoc* approach to depositions, particularly given the fact that plaintiffs have started the deposition process with many people who would not seem to have much to offer plaintiffs on the relevant issues (for example, as we indicated, personnel who have had merely an administrative role or little involvement with TriCor®).

In accordance with these goals, we proposed that plaintiffs identify deposition topics of interest to them.  As we said, Abbott then would work with plaintiffs to identify appropriate deponents for the identified topics.  We proposed this approach as an alternative to, what appears to us as, an *ad hoc* approach by plaintiffs of simply identifying numerous, and ultimately duplicative, witnesses.  As we explained, we have this view of plaintiffs' approach because of how you have started your deposition program, as noted above.  Plaintiffs rejected our proposal, stating that their approach was well planned, based on a thorough and organized review of the documents.  Your letter echoes that theme– that plaintiffs have a "systematic, practical, and efficient" deposition plan and strategy.  So far, however, you have only identified eight witnesses, and despite our requests, have not told us why you believe that these individuals are relevant to this case.

In the call, you said that, while plaintiffs would not be willing to agree to our proposal, plaintiffs would be amenable to some numerical limits on depositions.  You have provided such a proposal in your letter.

Stuart E. Des Roches, Esq.
June 21, 2006
Page 2

In order for us better to consider your proposal and in accordance with your representation that you have carefully considered the issues and devised an efficient deposition plan, we request that you provide us with the list of Abbott witnesses that you are likely to request. This will allow us to coordinate our response to the notices and the scheduling of depositions. Otherwise, Abbott is simply subject to plaintiffs' whims in deciding when to notice depositions. This will exacerbate business interruptions, inconvenience Abbott witnesses and attorneys, and cause discovery to proceed in an inefficient manner. Moreover, without a list, we are unable to make any determinations about the reasonableness or unreasonableness of plaintiffs' proposed number of depositions and whether there is the potential for compromise without court intervention.

Subject to reviewing the requested list of witnesses, we continue to propose that the number of depositions of Abbott witnesses (including 30(b)(6) topics) be capped at 20. This is a generous number. Plaintiffs' proposal for depositions and attendant conditions are not acceptable, since it does not place any real limits on deposition discovery. We respond as follows:

1) We will not waive our right to object to persons that you have noticed or would notice. For example, we may object if a noticed individual has had little or no direct involvement with TriCor®, if a number of noticed individuals have duplicative roles or information, or if one witness could give you the information you are looking for from multiple individuals.

2) We will not agree to make any individual witness available for more than a seven-hour deposition day.

3) A maximum of 35 depositions (which is effectively 42 deposition days, given your request for seven 2-day depositions) is unacceptable. Plaintiffs have represented that they have carefully gone through Abbott's documents and identified people who they need to depose. Do plaintiffs intend to represent that they have identified close to 35 witnesses they would like to depose? If so, as we requested earlier in this letter, please provide us with a list of those individuals. Without such a list we are left to assume that your number of 35 depositions is wholly unreasonable. Our offer of 20 depositions was very generous and we see no reason to increase that number.

4) Your proposal to count 30(b)(6) depositions based on a running time of seven hours per deposition is acceptable to us. So, as an example, with a deposition limit of 20: plaintiffs could have 140-hours of 30(b)(6) testimony and no individual depositions, 10 individual depositions and seventy (70) hours of 30(b)(6), etc.

\* \* \*

Stuart E. Des Roches, Esq.
June 21, 2006
Page 3

During the call and in our letters, we raised our concern that plaintiffs' failure to provide 30(b)(6) topics prior to the individual depositions could lead to a situation where the 30(b)(6) topics were in effect covered or could have been covered by a witness noticed in his individual capacity had the notice come earlier. Plaintiffs stated that Abbott could designate individual deposition testimony as 30(b)(6) testimony in response to a 30(b)(6) notice. While Abbott might do this as appropriate, this does not address our concerns. That approach defeats the notion of a 30(b)(6) deposition that, *in advance*, the corporation can prepare a witness and have the witness give testimony that the corporation views as testimony on its behalf. Moreover, it might turn out that you failed to ask a witness questions about a later 30(b)(6) topic as to which the witness would have been designated, had we known of the topics. In that event, under your proposal, we would be forced to bring the witness back for a second deposition. If the parties ultimately agree on a number-limited approach, we will reserve our right to object to providing a 30(b)(6) witness on topics that were covered, in whole or in part, by a individual witness, or that could reasonably have been covered by such a witness had earlier notice been provided. Plaintiffs have represented that they have carefully reviewed Abbott's documents. Plaintiffs should have sufficient knowledge of the various roles and responsibilities of the individual witnesses to tell us now 30(b)(6) topics before deposing witnesses in their individual capacities.

\* \* \*

With respect to the eight witnesses that you have requested, we continue to believe that most of them have been noticed inappropriately. Notwithstanding our objections and warnings, plaintiffs have insisted on going forward with these depositions. Without prejudice to our rights to object to the production of some of those witnesses, we are in the process of getting a schedule in place. Each of these depositions will count against the deposition limit. At this point, I have the following dates to offer: (1) April Gerzel on the morning of July 12, 2006, (2) Christina Calvert on the afternoon of July 12, 2006 (1 P.M.) following the conclusion of April Gerzel's deposition, and (3) Tim Ackerman on July 14, 2006. The witnesses will be made available at a location near Abbott Park. We will arrange the exact location once plaintiffs confirm their availability for these dates.

Sincerely,

Chad J. Peterman

cc:    Christopher T. Holding, Esq.
       Asim Bhansali, Esq.
       Adam Steinfeld, Esq.
       Joseph T. Lukens, Esq.
       Steve Shadowen, Esq.

Stuart E. Des Roches, Esq.
June 21, 2006
Page 4

      Scott E. Perwin, Esq.
      John W. Turner, Esq.
      Kenneth Zylstra, Esq.
      Casey Murphy, Esq.
      Mary B. Graham, Esq.
      Steven Sunshine, Esq.
      Matthew Hendrickson, Esq.
      Timothy C. Bickham, Esq.

EXHIBIT E

LAW OFFICES
## ODOM & DES ROCHES, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

SUITE 2020, POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LA 70130
TELEPHONE (504) 522-0077
FAX (504) 522-0078

217 WEST MAIN STREET
P.O. BOX 523
RAHIRA, GA 31632
TELEPHONE (229) 794-3412
FAX (229) 794-3544

June 27, 2006

*Via Telecopier*
**(212) 336-2222**

Chad Peterman, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036-6710

> **Re:** *In re Tricor Direct Purchaser Antitrust Litig.*
> *C.A. No. 05-340 (KAJ) (D. Del).*

Dear Chad:

Please accept this in response to your letter of June 21, 2006. It is my understanding that Abbott has rejected all of the Plaintiffs' counter-proposals regarding reasonable limitations on the number and scope of depositions on Abbott personnel, except the method by which to count 30(b)(6) depositions.

We do not believe that Abbott's various positions are reasonable for several reasons. First, Abbott continues to insist that Plaintiffs are going about this depositions process in an *ad hoc* basis. As explained both in writing and during our telephone conference, this is simply not the case. Plaintiffs did not embark upon this deposition process until after receipt and review of the vast majority of the documents to be produced by Abbott and Fournier.

Second, it appears to be Abbott's primary motive in this process to limit the disruptions to its business and give little regard for the Plaintiffs' right to pursue their claims within reasonable limits. This position fails to recognize that Plaintiffs' multifaceted antitrust claims were upheld by Judge Jordan in response to Abbott and Fournier's motion to dismiss and that Plaintiffs have a right to pursue discovery (including depositions) regarding those claims. It also fails to recognize that Hatch-Waxman antitrust cases require plaintiffs to take numerous depositions of defendants, and that the Local Rules applicable to this case do not limit the number of depositions that we can take.

Third, Abbott's insistence that Plaintiffs either identify all issues that we believe are involved in this case or identify all Abbott personnel that we are considering for deposition is wholly unreasonable. In essence, Abbott's position is that it wants unfettered access to Plaintiffs' work product and strategies for pursuing this case in discovery and preparing it for trial. Neither the Federal Rules nor the Local Rules require Plaintiffs to make such disclosures in order to engage in reasonable discovery. Further, Plaintiffs' counsel recall no past cases, including Hatch-Waxman antitrust cases (*e.g.*, the *Hytrin* case against Abbott), where defendants have even suggested such a process.

Fourth, Abbott's insistence that the depositions take place at some undetermined location at or near Abbott Park does not constitute the kind of reasonable accommodation that the Scheduling Order requires. As you know, Abbott instituted these claims against Teva and Impax in Delaware. Those Plaintiffs have the right under the applicable Local Rules to insist that depositions take place in that jurisdiction. In a spirit of cooperation, however, the Plaintiffs have offered to go forward with these depositions in downtown Chicago. Based on our past experiences (including those from the *Hytrin* case against Abbott), downtown Chicago has proven to be an eminently reasonable place for depositions to go forward. In most cases, all counsel participating in these depositions will be traveling from out of town, and those lawyers taking the depositions will need access to law offices, support staff and services, all of which are readily available in downtown Chicago, but no so in Abbott Park. Also, Abbott's statements about inconveniences to the witness are not persuasive. For instance, it is hard to imagine that many, if not all, of the Abbott personnel to be deposed do not already engage in some sort of commute to Abbott Park. Having these witnesses commute to downtown Chicago for a deposition is not asking too much in light of the travels of the lawyers – we are quite certain that Abbott could assist its employees in making this commute with little to no effort.

Finally, Abbott's "take it or leave it" approach to negotiating the number of Abbott depositions (unless Plaintiffs disclose their work product and trial strategies) is also unreasonable. The Plaintiffs do not believe that they should be restricted on the front end of this deposition process to 20 depositions of Abbott personnel given the various Plaintiff's groups involved and issues to be addressed in this case, including the facts and circumstances surrounding Abbott's development of TriCor capsules and tablets (and development of the capsule version of Hytrin); the facts and circumstances surrounding Abbott's patent cases against Teva and Impax; the market within which TriCor and generic TriCor are sold; the FDA regulatory scheme governing approval of brand and generic drugs; the Hatch-Waxman statutory scheme; and other issues. This is particularly true considering that the Federal Rules of Civil Procedure and the applicable Local Rules do not restrict the number of depositions that Plaintiffs can take in this case. Also, because it is likely that some key witnesses will have relevant testimony to give on all of these issues, the Plaintiffs reasonably believe that certain deponents will require more than 7 hours.

In light of the above, we again request that Abbott reconsider its position. Out of a spirit of cooperation and in an attempt to resolve these issues between the parties, the Plaintiffs propose that the number of Abbott depositions be capped at 30 (subject to those conditions articulated in my previous letter), and that those depositions take place in downtown Chicago (as mentioned, should exceptional circumstances arise Plaintiffs would be more than happy to accommodate the witness by traveling to Abbott Park).

Also, in light of the apparent limited availability of Christina Calvert and April Gerzel in July, and Abbott's agreement as to the manner in which to count 30(b)(6) witnesses, Plaintiffs are willing to pursue those issues which we intended to address with Ms. Calvert and Ms. Gerzel via a targeted 30(b)(6) notice, with a reservation of rights to depose Ms. Calvert and Ms. Gerzel should the 30(b)(6) witness(es) not adequately address the targeted issues.

Please let us have Abbott's response to this counter-offer by Thursday, June 29, 2006, so that we can seek resolution by the Court in the near term should we not reach an agreement.

LAW OFFICES
ODOM & DES ROCHES, LLP

Also, please inform us of the available dates for the remaining Abbott witnesses that Plaintiffs have noticed as we would like to complete the deposition of the first eight noticed witnesses as soon as possible.

Very truly yours,

Stuart E. Des Roches

cc:   Asim Bhansali, Esq.
      Paula Blizzard, Esq.
      Pat Cafferty, Esq.
      William F. Cavanaugh, Jr., Esq.
      Brad DeMuth, Esq.
      Mary B. Graham, Esq.
      Christopher T. Holding, Esq.
      Joseph T. Lukens, Esq.
      Lauren Ravkind, Esq.
      Adam Steinfeld, Esq.
      Barry Taus, Esq.
      Ken Zylstra, Esq.
      (all *via* telecopier)

EXHIBIT F

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 30, 2006

Chad J. Peterman
(212) 336-2877
Direct Fax  (212) 336-7914
cjpeterman@pbwt.com

**VIA EMAIL**

Stuart E. Des Roches, Esq.
Odom & Des Roches LLP
650 Poydras Street, Suite 020
New Orleans, LA  70130

Re:   **In re TriCor® Antitrust Litigations**

Dear Stuart:

I write in response to your June 27 letter concerning Abbott depositions. We disagree with most of the points raised in your letter, but do not believe that a point-by-point response is required or productive. My decision not to address particular points should not be construed as an agreement with plaintiffs on those points.

We reject your deposition proposal and attendant conditions. We stand by my earlier letters on the subject. However, in an effort to keep discovery moving, we are willing to move forward with depositions in the absence of an agreement. Our agreement to move forward is without prejudice to any of our rights concerning discovery or the right to seek court intervention should the need arise.

The depositions will go forward at a location convenient for our witnesses. Most of the witnesses who work at Abbott Park live in the vicinity of Abbott Park. It is inconvenient for them to commute to downtown Chicago. Unless a witness prefers to appear in downtown Chicago, we will make them available in the immediate vicinity of Abbott Park. There are several business class hotels in the area (*e.g.*, The Deerpath Inn, Lincolnshire Marriott and Deerfield Hyatt) where plaintiffs can arrange conference facilities. There may be some witnesses who do not work at Abbott Park and we would make any such witnesses available at a location convenient to them.

We have provided three dates to you, and I am working on getting dates for the remaining witnesses. Per your letter, we will take Gerzel and Calvert off calendar. We understand that you are not waiving your rights to seek their depositions later. You have not responded to our offer of Tim Ackerman for July 14. Please confirm by July 6th or I will have

Stuart E. Des Roches, Esq.
June 30, 2006
Page 2

him release the date. Mr. Ackerman will be made available in the vicinity of Abbott Park. If plaintiffs intend to take his deposition, please arrange for a conference facility in the area.

Sincerely,

Chad J. Peterman

cc:    Christopher T. Holding, Esq.
       Asim Bhansali, Esq.
       Adam Steinfeld, Esq.
       Joseph T. Lukens, Esq.
       Steve Shadowen, Esq.
       Scott E. Perwin, Esq.
       John W. Turner, Esq.
       Kenneth Zylstra, Esq.
       Casey Murphy, Esq.
       Mary B. Graham, Esq.
       Steven Sunshine, Esq.
       Matthew Hendrickson, Esq.
       Timothy C. Bickham, Esq.

1290794v1