UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | Civil Action No. 05-340 |
| ) | Hon. Kent Jordan, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL ACTIONS ) ) | |

NOTICE OF SUBPOENA DUCES TECUM FOR
PRODUCTION OF DOCUMENTS FROM
RESEARCH BY DESIGN, LLC

TO:   All counsel of record

**PLEASE TAKE NOTICE,** that, in accordance with the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs hereby notice the subpoena of the following documents: see Appendix A.

The documents shall be produced on the following date at the following time and location:

Date:       October 3, 2006

Location:   Research By Design, LLC
            Doylestown Commerce Center
            2005 South Easton Road, Suite 300
            Doylestown, PA 18901

Counsel are invited to appear and participate as they see fit.

September 19, 2006

By: _____
Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, DE 19899 - 1070
*(302) 656-4433*
*Liaison Counsel for the Direct*
*Purchaser Class Plaintiffs*

1

OF COUNSEL:

GARWIN GERSTEIN & FISHER LLP
Barry S. Taus
Adam Steinfeld
1501 Broadway, Suite 1416
New York, New York 10036
(212) 398-0055

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern District          DISTRICT OF   Pennsylvania

In re: Tricor Direct Purchaser Antitrust Litig.          **SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER: [1] 05-340 (KAJ)

This Document Relates to All Actions

TO: Research By Design, LLC
Doylestown Commerce Center
2005 South Easton Road, Suite 300
Doylestown, PA 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed on the attached Appendix A

| PLACE | DATE AND TIME |
|---|---|
| Research By Design, LLC, Doylestown Commerce Center 2005 South Easton Road, Suite 300 Doylestown, PA 18901 | October 3, 2006 - 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE September 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam Steinfeld - Garwin Gerstein & Fisher LLP, 1501 Broadway, Suite 1416 New York, New York 10036 (212)398-0055

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

### I. DEFINITIONS

1. The term "Abbott" means Abbot Laboratories, or any of its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on its behalf.

2. The term "Fournier" means Fournier Industrie et Santé, and/or Laboratories Fournier S.A., or any of their subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on their behalf.

3. The term "Tricor" means any and all drugs or pharmaceutical products which are, or have in the past been, marketed, sold or labeled under the trademark or name "TriCor" (or any variant thereof), regardless of the form, formulation, strength, dosage, dissolution rate or package size of such drugs, including but not limited to the pharmaceutical products described in the New Drug Applications Nos. NDA 19-304, NDA 21-203, and NDA 21-656 and pharmaceutical products marketed by Abbott/Fournier as Tricor in 67mg, 134mg, 200mg, 54mg, 160mg, 48mg, and 145mg strengths.

4. The phrase "fenofibrate product" or the term "fenofibrate" means any and all products, drugs or pharmaceuticals which contain the chemical or compound fenofibrate as an active ingredient or product, including, but not limited to, Tricor.

5. The term "document" means any written, printed, recorded, digital, electronic and/or video matter and/or tangible thing upon which any words, phrases, numbers, data and/or images are affixed or conveyed, including but not limited to any item within the scope of Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, any writing, report, memorandum, file, computer file, computer-stored data or databases in computer-readable format, computer drive, home computer contents, personal computer contents, floppy disk, zip disk, printout, communications, computer transmission, e-mail, correspondence, electronic transmission, word processing file, spreadsheet, spreadsheet program file, calculation, database, database entries,

3

database queries, database query results, mainframe computer file, computerized spreadsheet, analysis, outline, pro forma, forecast, white paper, projection, market study, marketing plan, tactical plan, long-range plan, strategic forecast, plan of action, pricing study, budget, presentation, slide, slide deck, Powerpoint presentation, proposal, record, draft, memorialization, computerized memorialization, personal digital assistant file, message, book, survey, research, background information, talking points, list, contract, agreement, purchase order, invoice, receipt, shipping paper, catalog, brochure, manual, publication, policy statement, promotional or advertising literature or materials, credit memos or memoranda, claim form, production record, inventory record, account, letter, side letter, letter of commitment, journal, profit and loss statement, income and expense sheet, statement of financial condition, audit report, organizational chart, flow chart, addendum, check, docket sheet, brief, court filing, pleading, transcript, affidavit, deposition, discovery request, discovery response, log, calendar, list, journal, pamphlet, abstract, computation, tabulation, bill, statement, invoice, schedule, exhibit, attachment, photostat, electronic transmission, image, network communications and transmissions, satellite network communications, study, telegram, telex, agenda, minutes, bulletin, instruction, literature, memorandum of conversations, notes, notebook, diary, data sheet, work sheet, recording, tape, videotape, audiotape, internal or interoffice communication, drawing, table, diagram, graph, index, chart, telephone record, photograph, phonographic record, written memorialization of oral communication, and/or other data compilation of any other written, recorded, transcribed, punched, taped, filed and/or other graphic matter including any draft of the foregoing items upon which any notation, work, figure or form is recorded or has been made which does not appear on the original, or as to whose existence, either past or present, the responding party has any knowledge or information.

6. The phrase "relating to" and "relates to" includes reflecting, constituting, evidencing, referring to, concerning, involving, dealing with, or bearing on (whether legally, factually, or otherwise), in whole or in part.

7. The term "communication" and "communications" include all forms of transmission of information, whether oral or in writing or in some other medium.

4

8. The term "correspondence" means any letter, memorandum or other writing.

9. The term "minutes" means any document created in connection with a meeting, including minutes of a meeting, exhibits and attachments to minutes of a meeting, agendas for meetings (including exhibits, attachments and/or materials distributed or circulated at, or in connection with, any meeting), notices of meetings, waivers of meetings and certification or signatures appended to or referred to in the notices, agendas or minutes.

10. "Identify" when used in reference to an individual person means to state his or her (a) full name, (b) involvement in the subject matter of the interrogatory; (c) employer and position at the time of his or her involvement in the subject matter of the interrogatory; (d) present or last known business affiliation, title or position, and (e) address and telephone number.

11. "Identify" when used in reference to a corporation, partnership, association, joint venture, firm, other business enterprise or legal entity means its full name, address, and telephone number of its principal place of business, and its state of incorporation (if applicable) or association.

12. "Identify" when used in reference to a document or writing means to state the date, author(s), type of document (e.g. letter, memorandum, computer print-out, estimate, etc.), any filing or identifying numbers, and the present custodian and location of the document.

13. The terms "and/or", "or" and "and" are used inclusively, not exclusively.

14. The terms "You" and "Your" mean the recipient of this <u>Subpoena duces tecum</u> and/or any of their corporate parents, subsidiaries, affiliates, divisions, subdivisions, general partners, officers, directors, employees, agents, or any person acting on their behalf.

15. The term "Research By Design" means Research By Design, LLC and/or any of its corporate parents, subsidiaries, affiliates, divisions, subdivisions, general partners, members, officers, directors, employees, agents, or any person acting on their behalf.

16. The terms "third party" and "third parties" means persons or entities other than Abbott/Fournier or Research By Design, including but not limited to doctors, pharmacists, hospitals, managed care organizations, health care facilities and/or patients.

## II. INSTRUCTIONS

1.  Pursuant to Rule 45(d)(1), the documents or things requested shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond with the document requests to which they are responsive. If there are no documents or things responsive to any particular discovery request, you should so state in writing rather than leave the request unanswered.

2.  When a document or thing that "concerns" or "concerning" any given matter is requested, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to, relating to, discussing, or prepared in connection with the matter.

3.  If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in Your possession, custody or control, or have been transferred voluntarily or involuntarily to another person or persons, otherwise disposed of, or not available for production, they shall be identified as completely as possible including, but not limited to, information necessary to identify the document and the following information: the date of disposal or transfer; the manner of disposal or transfer; the reason for disposal or transfer; the person authorizing the disposal or transfer; the person disposing of or transferring the document, and the identity of all persons who have participated in the destruction or discarding or who have knowledge as to the data comprised in the discarded or destroyed document.

4.  In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

5.  If any part of a document is responsive to any request, the whole document is to be produced.

6.  Any alteration of a responsive document, including any marginal notes, handwritten

6

notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it must be produced.

7. If You are unable to produce a document in response to any request, so state and indicate whether the document ever existed, or whether the document once existed but cannot be located. If any document once was, but is no loner in Your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent any documents are lost or destroyed, produce any documents which support Your assertion that the document was lost or destroyed, and provide the date thereof.

8. If You file a timely objection to any portion of a request, definition, or an instruction, provide a response to the remaining portion.

9. The terms defined above and the individual requests for production and inspection should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

10. As used in these requests, the singular shall also be treated as plural and vice versa.

11. The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical in all respects.

12. Documents are to be produced in full. Redacted documents will not constitute compliance with these requests. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

13. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

14. All documents produced shall be produced in the file folder, envelope or other

7

container in which the documents are kept or maintained by You. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

15. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

16. Documents attached to each other should not be separated.

17. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

18. If You claim the attorney-client privilege, or any other privilege or work product protection for any document, You shall expressly provide the following information with respect to such document as required to comply with Rule 45(d)(2) of the Federal Rules of Civil Procedures in order to provide " a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim," including:

    a. the type of privilege or other protection being asserted;

    b. the type of document;

    c. general subject matter of the document;

    d. date of the document;

    e. such other information as is sufficient to identify the document including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other, and

    f. any other information required to be furnished by the local rules of the United States District Court for the Eastern District of Pennsylvania..

### III. RELEVANT TIME PERIOD

Unless otherwise specified, the documents sought relate to the period from January 1, 1998

through the time that the documents are produced pursuant to this Subpoena Duces Tecum. This Subpoena Duces Tecum seeks all responsive documents created or generated during the relevant time period, as well as all responsive documents created outside this time period, but which contain information concerning this period.

## IV. DOCUMENTS REQUESTED

**REQUEST 1:** All documents regarding or relating to actual, expected, potential or contemplated work or services performed by Research By Design for Abbott/Fournier in connection with Tricor (including but not limited to any dosage strength or formulation of Tricor marketed by Abbott/Fournier, e.g., 67/134/200mg, 54/148mg, and 48/145mg (the "No Food Effect" or "NFE" formulation)), or any fenofibrate product. This request includes, but is not limited to any documents regarding or relating to: (a) any communications between Research By Design and Abbott/Fournier regarding such work or services by Research By Design; (b) any reports, memoranda, e-mails, notes, projections, forecasts, proposed or actual plans or strategies that were shared between Research By Design and Abbott/Fournier in connection with the work or services by Research By Design; (c) any reports, memoranda, e-mails, or other documents created in connection with such actual, expected, potential or contemplated work or services by Research by Design; and (d) any documents concerning or related to any other analyses or organization assessment performed by Research By Design for or at the behest of Abbott/Fournier related to Tricor.

**REQUEST 2:** All documents relating to, referring to or constituting communications between Research By Design and persons or entities other than Abbott/Fournier, including but not limited to doctors, pharmacists, hospitals, managed care organizations, health care facilities and/or patients, made in connection with TriCor (including but not limited to any dosage strength or formulation of Tricor marketed by Abbott/Fournier, e.g., 67/134/200mg, 54/148mg, and 48/145mg (the "No Food Effect" or "NFE" formulation)). This request includes, but is not limited to any

9

documents regarding or relating to: (a) any communications between Research By Design and any such third parties made in connection with work or services performed by Research By Design on behalf of Abbott/Fournier that relates to Tricor; and (b) any engagements, reports, surveys or other studies analyzing, summarizing and/or evaluating the perceptions or reactions of doctors, pharmacists, hospitals, managed care organizations and/or patients to any or all versions of TriCor.

**REQUEST 3:**   Any contracts or agreements between Research By Design and Abbott/Fournier that relate to TriCor (including but not limited to any dosage strength or formulation of Tricor marketed by Abbott/Fourier, e.g., 67/134/200mg, 54/148mg, and 48/145mg (the "No Food Effect" or "NFE" formulation)), or any fenofibrate product and/or work performed or to be performed by Research By Design in connection with such products.

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006 I electronically filed the foregoing document using CM/ECF, which will send notification of such filing to all registered participants, including:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen Keller, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Mary B. Graham, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue
10th Floor
P. O. Box 2306
Wilmington, DE 19899

Pamela S. Tikellis, Esquire
Robert J. Kriner, Jr., Esquire
A. Zachary Naylor, Esquire
Chimicles & Tikellis lLP
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899

Jonathan L. Parshall, Esquire
Murphy Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19801

Elizabeth M. McGeever, Esquire
Prickett Jones Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899

Michael I. Silverman, Esquire
Lynn A. Iannone, Esquire
Silverman & McDonald
1010 N. Bancroft Parkway #22
Wilmington, DE 19805

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on September 19, 2006 I sent by electronic mail the foregoing document to the following non-registered participants:

| | |
|---|---|
| REPRESENTING DIRECT PURCHASER CLASS (C.A. No. 05-340): | Bruce E. Gerstein<br>**bgerstein@garwingerstein.com**<br><br>Barry S. Taus<br>**btaus@garwingerstein.com**<br><br>Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com**<br><br>Rimma Neman<br>**rneman@garwingerstein.com**<br><br>Daniel Berger<br>**danberger@bm.net**<br><br>Eric L. Cramer<br>**ecramer@bm.net**<br><br>Peter Kohn<br>**pkohn@bm.net**<br><br>Neill W. Clark<br>**nclark@bm.net**<br><br>Linda P. Nussbaum<br>**lnussbaum@cmht.com**<br><br>Steig D. Olson<br>**solson@cmht.com**<br><br>David P. Germaine<br>**dgermaine@daarvanek.com** |

|  |  |
|---|---|
|  | Joseph Vanek<br>**jvanek@daarvanek.com**<br><br>Stuart Des Roches<br>**stuart@odrlaw.com**<br><br>Andrew Kelly<br>**akelly@odrlaw.com**<br><br>Adelaida Ferchmin<br>**aferchmin@odrlaw.com**<br><br>David P. Smith<br>**dpsmith@psfllp.com**<br><br>Russell A. Chorush<br>**rchorush@hpcllp.com**<br><br>Michael F. Heim<br>**mheim@hpcllp.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. No. 05-340): | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br><br>Scott E. Perwin<br>**sperwin@kennynachwalter.com**<br><br>Lauren Ravkind<br>**lravkind@kennynachwalter.com**<br><br>Joseph T. Lukens<br>**jlukens@hangley.com** |
| REPRESENTING PACIFICARE (C.A. No. 05-340): | Jonathan L. Parshall<br>**jonp@msllaw.com**<br><br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com** |

        John Turner
        **jturner@susmangodfrey.com**

        Shawn Rabin
        **srabin@susmangodfrey.com**

        Justin Nelson
        **jnelson@susmangodfrey.com**

        Ken Zylstra
        **kzylstra@sbclasslaw.com**

        Lyle Stamps
        **lstamps@sbclasslaw.com**

        Steve Connolly
        **sconnolly@sbclasslaw.com**

        Casey Murphy
        **cmurphy@sbclasslaw.com**

        Mark Sandman
        **mms@rawlingsandassociates.com**

        Jeffrey Swann
        **js5@rawlingsandassociates.com**

REPRESENTING IMPAX         Mary Matterer
LABORATORIES (C.A. No. 03-120)         **mmatterer@morrisjames.com**

        John C. Vetter
        **jvetter@kenyon.com**

        Asim Bhansali
        **abhansali@kvn.com**

REPRESENTING INDIRECT PARTY         Pamela S. Tikellis
PLAINTIFFS (C.A. No. 05-360):         Thomas M. Sobol
        Patrick E. Cafferty
        Jeffery L. Kodroff

|  | Bernard J. Persky<br>Michael Gottsch<br>A. Zachary Naylor<br>Robert Davis<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Ted Lieverman<br>Pat Howard<br>**tricor@chimicles.com**<br><br>Michael I. Silverman<br>mike@silverman-mcdonald.psemail.com<br><br>Lynn A. Iannone<br>lynn@silverman-mcdonald.psemail.com<br><br>Patrick Francis Morris<br>**pmorris@morrisandmorrislaw.com** |
|---|---|
| REPRESENTING TEVA PHARMACEUTICALS (C.A. No. 02-1512): | Josy W. Ingersoll<br>Bruce M. Gagala<br>Karen E. Keller<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |
| REPRESENTING ABBOTT (ALL CASES): | Mary B. Graham<br>**tricor@mnat.com**<br><br>William F. Cavanaugh<br>**wfcavanaugh@pbwt.com**<br><br>Chad J. Peterman<br>**cjpeterman@pbwt.com** |

REPRESENTING FOURNIER (ALL CASES):  Frederick L. Cottrell, III
Anne Shea Gaza
Steven S. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham
**tricor@rlf.com**

_____
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com