UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | Civil Action No. 05-340 |
| ) | Hon. Kent Jordan, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL ACTIONS ) ) | |

NOTICE OF SUBPOENA AD TESTIFICANDUM FOR
DEPOSITION TESTIMONY FROM
RESEARCH BY DESIGN, LLC

**TO:   All Counsel of Record**

**PLEASE TAKE NOTICE,** that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Direct Purchaser Plaintiffs hereby notice the subpoena to Research By Design, LLC for deposition testimony regarding the topics specified in Appendix A.

The deposition will be recorded by videotape as well as stenographically before a Notary Public or other officer authorized to administer oaths, and shall continue from day to day until completed with such adjournments as to time and place as may be necesssary.

NOTICE IS HEREBY GIVEN that, pursuant to Fed. R. Civ. P. 30(b)(6), Research By Design, LLC is required to designate one or more officers, directors or managing agents, or other persons who consent to testify on their behalf and to give testimony on the topics set forth in Appendix A hereto, and the person(s) so designated shall be required to testify as to the matters known or reasonably available to the corporation with respect to each topic.

The deposition shall take place on the following date at the following time and location, or such other date and location agreed to by Research By Design and by counsel:

      Date:      October 10, 2006

      Time:      9:00 AM

      Location:      Berger & Montague, P.C.
                        1622 Locust Street
                        Philadelphia, PA 19103

Counsel are invited to appear and participate as they see fit.

September 19, 2006

                                                By: _____
                                                     Jeffrey S. Goddess (No. 630)
                                                         Rosenthal, Monhait & Goddess, P.A.
                                                         Suite 1401, 919 Market Street
                                                         P.O. Box 1070
                                                         Wilmington, DE 19899 - 1070
                                                         *(302) 656-4433*
                                                         *Liaison Counsel for the Direct*
                                                         *Purchaser Class Plaintiffs*

OF COUNSEL:

GARWIN GERSTEIN & FISHER LLP
Barry S. Taus
Adam Steinfeld
1501 Broadway, Suite 1416
New York, New York 10036
(212) 398-0055

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern _____  **DISTRICT OF**  Pennsylvania _____

In re: Tricor Direct Purchaser Antitrust Litig.

**v.**

This Document Relates to All Actions

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]  05-340 (KAJ)

TO:
Research By Design, LLC
Doylestown Commerce Center
2005 South Easton Road, Suite 300
Doylestown, PA 18901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103 | October 10, 2006 - 9:00AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | September 19, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Adam Steinfeld - Garwin Gerstein & Fisher LLP, 1501 Broadway, Suite 1416 New York, New York 10036 (212) 398-0055 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

Research By Design is requested to designate one or more officers, direcotrs or managing agents, or other persons who consent to testify on its behalf who have knowledge of the matters set forth herein.

### I. DEFINITIONS

1. The term "Abbott" means Abbot Laboratories, or any of its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on its behalf.

2. The term "Fournier" means Fournier Industrie et Santé, and/or Laboratories Fournier S.A., or any of their subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on their behalf.

3. The term "Tricor" means any and all drugs or pharmaceutical products which are, or have in the past been, marketed, sold or labeled under the trademark or name "TriCor" (or any variant thereof), regardless of the form, formulation, strength, dosage, dissolution rate or package size of such drugs, including but not limited to the pharmaceutical products described in the New Drug Applications Nos. NDA 19-304, NDA 21-203, and NDA 21-656 and pharmaceutical products marketed by Abbott/Fournier as Tricor in 67mg, 134mg, 200mg, 54mg, 160mg, 48mg, and 145mg strengths.

4. The phrase "fenofibrate product" or the term "fenofibrate" means any and all products, drugs or pharmaceuticals which contain the chemical or compound fenofibrate as an active ingredient or product, including, but not limited to, Tricor.

3

5. The term "document" means any written, printed, recorded, digital, electronic and/or video matter and/or tangible thing upon which any words, phrases, numbers, data and/or images are affixed or conveyed, including but not limited to any item within the scope of Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, any writing, report, memorandum, file, computer file, computer-stored data or databases in computer-readable format, computer drive, home computer contents, personal computer contents, floppy disk, zip disk, printout, communications, computer transmission, e-mail, correspondence, electronic transmission, word processing file, spreadsheet, spreadsheet program file, calculation, database, database entries, database queries, database query results, mainframe computer file, computerized spreadsheet, analysis, outline, pro forma, forecast, white paper, projection, market study, marketing plan, tactical plan, long-range plan, strategic forecast, plan of action, pricing study, budget, presentation, slide, slide deck, Powerpoint presentation, proposal, record, draft, memorialization, computerized memorialization, personal digital assistant file, message, book, survey, research, background information, talking points, list, contract, agreement, purchase order, invoice, receipt, shipping paper, catalog, brochure, manual, publication, policy statement, promotional or advertising literature or materials, credit memos or memoranda, claim form, production record, inventory record, account, letter, side letter, letter of commitment, journal, profit and loss statement, income and expense sheet, statement of financial condition, audit report, organizational chart, flow chart, addendum, check, docket sheet, brief, court filing, pleading, transcript, affidavit, deposition, discovery request, discovery response, log, calendar, list, journal, pamphlet, abstract, computation, tabulation, bill, statement, invoice, schedule, exhibit, attachment, photostat, electronic transmission, image, network communications and

4

transmissions, satellite network communications, study, telegram, telex, agenda, minutes, bulletin, instruction, literature, memorandum of conversations, notes, notebook, diary, data sheet, work sheet, recording, tape, videotape, audiotape, internal or interoffice communication, drawing, table, diagram, graph, index, chart, telephone record, photograph, phonographic record, written memorialization of oral communication, and/or other data compilation of any other written, recorded, transcribed, punched, taped, filed and/or other graphic matter including any draft of the foregoing items upon which any notation, work, figure or form is recorded or has been made which does not appear on the original, or as to whose existence, either past or present, the responding party has any knowledge or information.

6. The phrase "relating to" and "relates to" includes reflecting, constituting, evidencing, referring to, concerning, involving, dealing with, or bearing on (whether legally, factually, or otherwise), in whole or in part.

7. The terms "and/or", "or" and "and" are used inclusively, not exclusively.

8. The term "subpeona duces decum" means the subpoena duces tecum dated September 15, 2006 served by Direct Purchaser Plaintiffs through the Eastern District of Pennsylvania on Research By Design in the case *In re: Tricor Direct Purchaser Antitrust Litig.*, 05-cv-340 (KAJ) (D. Del).

9. The term "Research By Design" means Research By Design, LLC and/or any of its corporate parents, subsidiaries, affiliates, divisions, subdivisions, general partners, members, officers, directors, employees, agents, or any person acting on their behalf.

## II. TOPICS

1. The source, purpose and nature of any and all documents produced by Research

5

By Design pursuant to the subpoena duces tecum.

2. Communications with Abbott/Fournier relating to any work or services performed by Research By Design in connection with Tricor (including but not limited to any dosage strength or formulation of Tricor marketed by Abbott/Fournier, e.g., 67/134/200mg, 54/148mg, and 48/145mg (the "No Food Effect" or "NFE" formulation)), or any fenofibrate product.

3. Where any and all documents produced by Research By Design pursuant to the subpoena duces tecum are located, kept or maintained in the normal course of business.

4. Any facts known to Research By Design relating to the creation of any and all documents produced by Research By Design pursuant to the subpoena duces tecum, including but not limited to, whether such documents were created in the normal course of business.

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006 I electronically filed the foregoing document using CM/ECF, which will send notification of such filing to all registered participants, including:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>John W. Shaw, Esquire<br>Karen Keller, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P. O. Box 391<br>Wilmington, DE 19899-0391 | Mary B. Graham, Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899 |
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams<br>222 Delaware Avenue<br>10th Floor<br>P. O. Box 2306<br>Wilmington, DE 19899 |
| Pamela S. Tikellis, Esquire<br>Robert J. Kriner, Jr., Esquire<br>A. Zachary Naylor, Esquire<br>Chimicles & Tikellis lLP<br>One Rodney Square<br>P. O. Box 1035<br>Wilmington, DE 19899 | Jonathan L. Parshall, Esquire<br>Murphy Spadaro & Landon<br>1011 Centre Road<br>Suite 210<br>Wilmington, DE 19801 |
| Elizabeth M. McGeever, Esquire<br>Prickett Jones Elliott, P.A.<br>1310 King Street<br>P. O. Box 1328<br>Wilmington, DE 19899 | Michael I. Silverman, Esquire<br>Lynn A. Iannone, Esquire<br>Silverman & McDonald<br>1010 N. Bancroft Parkway #22<br>Wilmington, DE 19805 |

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on September 19, 2006 I sent by electronic mail the foregoing document to the following non-registered participants:

REPRESENTING DIRECT PURCHASER CLASS (C.A. No. 05-340):

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Rimma Neman
**rneman@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Neill W. Clark
**nclark@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

David P. Germaine
**dgermaine@daarvanek.com**

|  |  |
|---|---|
|  | Joseph Vanek<br>**jvanek@daarvanek.com**<br><br>Stuart Des Roches<br>**stuart@odrlaw.com**<br><br>Andrew Kelly<br>**akelly@odrlaw.com**<br><br>Adelaida Ferchmin<br>**aferchmin@odrlaw.com**<br><br>David P. Smith<br>**dpsmith@psfllp.com**<br><br>Russell A. Chorush<br>**rchorush@hpcllp.com**<br><br>Michael F. Heim<br>**mheim@hpcllp.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. No. 05-340): | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br><br>Scott E. Perwin<br>**sperwin@kennynachwalter.com**<br><br>Lauren Ravkind<br>**lravkind@kennynachwalter.com**<br><br>Joseph T. Lukens<br>**jlukens@hangley.com** |
| REPRESENTING PACIFICARE (C.A. No. 05-340): | Jonathan L. Parshall<br>**jonp@msllaw.com**<br><br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com** |

...

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Lyle Stamps
**lstamps@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Casey Murphy
**cmurphy@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

| | |
|---|---|
| REPRESENTING IMPAX LABORATORIES (C.A. No. 03-120) | Mary Matterer<br>**mmatterer@morrisjames.com**<br><br>John C. Vetter<br>**jvetter@kenyon.com**<br><br>Asim Bhansali<br>**abhansali@kvn.com** |
| REPRESENTING INDIRECT PARTY PLAINTIFFS (C.A. No. 05-360): | Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffery L. Kodroff |

|  |  |
|---|---|
|  | Bernard J. Persky<br>Michael Gottsch<br>A. Zachary Naylor<br>Robert Davis<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Ted Lieverman<br>Pat Howard<br>**tricor@chimicles.com**<br><br>Michael I. Silverman<br>mike@silverman-mcdonald.psemail.com<br><br>Lynn A. Iannone<br>lynn@silverman-mcdonald.psemail.com<br><br>Patrick Francis Morris<br>**pmorris@morrisandmorrislaw.com** |
| REPRESENTING TEVA<br>PHARMACEUTICALS (C.A. No. 02-1512): | Josy W. Ingersoll<br>Bruce M. Gagala<br>Karen E. Keller<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |
| REPRESENTING ABBOTT (ALL CASES): | Mary B. Graham<br>**tricor@mnat.com**<br><br>William F. Cavanaugh<br>**wfcavanaugh@pbwt.com**<br><br>Chad J. Peterman<br>**cjpeterman@pbwt.com** |

...

| | |
|---|---|
| REPRESENTING FOURNIER (ALL CASES): | Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Steven S. Sunshine<br>Matthew P. Hendrickson<br>Bradley J. Demuth<br>Maggie DiMoscato<br>Timothy C. Bickham<br>**tricor@rlf.com** |

_____
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com