# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: TRICOR DIRECT PURCHASER          )
    ANTITRUST LITIGATION                )
                                        )
——————————————————————————————————      )
                                        )    C.A. No. 05-340 (KAJ)
THIS DOCUMENT RELATES TO:               )
ALL ACTIONS                             )    CONSOLIDATED
——————————————————————————————————      )

### DEFENDANT ABBOTT LABORATORIES' RESPONSE TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Abbott Laboratories ("Abbott") hereby responds to Direct Purchaser Plaintiffs' ("Plaintiffs") Second Set of Interrogatories to Abbott.

### GENERAL OBJECTIONS

        1.    Abbott objects to the instructions and definitions contained in the Second Set of Interrogatories to the extent they seek to impose on Abbott obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, or other applicable law. Abbott further objects to the Instructions to the extent they are unduly burdensome, oppressive, duplicative or cumulative. Abbott further objects to the Definitions to the extent they are vague, ambiguous or would lead to an interrogatory to seek irrelevant information.

        2.    Abbott objects to the Second Set of Interrogatories to the extent the interrogatories seek attorney work product, privileged attorney-client communications or information that is otherwise protected from disclosure by other applicable privileges, laws, or rules.

        3.    Abbott objects to the Second Set of Interrogatories to the extent the interrogatories seek information that is not relevant or not reasonably calculated to lead to the



EXHIBIT
G

discovery of admissible evidence. Abbott further objects to the extent the interrogatories are overbroad, unduly burdensome, or oppressive.

4.    Abbott objects to the Second Set of Interrogatories to the extent the interrogatories are vague or ambiguous.

5.    Abbott objects to the Second Set of Interrogatories to the extent the interrogatories seek information that is protected from disclosure by a protective order entered in other litigation or by other operation of law.

The General Objections apply to each of the following responses. Without waiving its General Objections, Abbott responds to the Second Set of Interrogatories as follows:

## SPECIFIC RESPONSES

### INTERROGATORY NO. 15:

Identify each of the Decision Makers for each of the Capsule and Tablet Lawsuits and state his or her role in deciding whether to file and continue to prosecute that lawsuit.

### RESPONSE TO INTERROGATORY 15:

In addition to its General Objections, Abbott objects to this interrogatory as calling for information which is subject to attorney-client privilege or attorney work product immunity. Abbott further objects to this interrogatory on the grounds that "continue to prosecute" is vague and undefined. Abbott further objects to this interrogatory on the grounds that the term "Decision Makers" as defined is vague, ambiguous and overbroad.

Subject to its objections, Abbott responds that it is in the process of further investigation in connection with this interrogatory and will supplement its response as warranted.

### INTERROGATORY NO. 16:

For each of the Capsule and Tablet Lawsuits, describe the nature and scope of the pre-filing investigation, if any, conducted by or on behalf of Abbott.

**RESPONSE TO INTERROGATORY 16:**

        In addition to its General Objections, Abbott objects to this interrogatory as calling for information which is subject to attorney-client privilege or attorney work product immunity.

        Subject to its objections, Abbott responds that it is in the process of further investigation in connection with this interrogatory and will supplement its response as warranted.

**INTERROGATORY NO. 17:**

        State all facts known (and when they became known) to the Decision Makers upon which they relied in deciding to file and to continue to prosecute the Capsule Lawsuits and the Tablet Lawsuits.

**RESPONSE TO INTERROGATORY 17:**

        See responses to Interrogatory Nos. 16 and 17.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Mary B. Graham*

        Mary B. Graham (#2256)
        James W. Parrett, Jr. (#4292)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200

OF COUNSEL:        *Attorneys for Defendant Abbott Laboratories*

William F. Cavanaugh, Jr.
Chad J. Peterman
Alexis Gander
Thomas W. Pippert
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

Dated: September 8, 2006
536355

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on September 8, 2006 upon the following parties:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER, MAXI,
CVS, RITE AID
(C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Cindy Tijerina
**ctijerina@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
Mike Gottsch
A. Zachary Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Theodore M. Lieverman
Pat Howard

**tricor@chimicles.com**

- 2 -

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Karen E. Keller
Bruce M. Gagala
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING FOURNIER
(ALL CASES):

Frederick L. Cottrell, III
Anne Shea Gaza
Steven C. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham

**tricor@rlf.com**

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

496866

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 05-340 (KAJ) |
| THIS DOCUMENT RELATES TO: | Hon. Kent Jordan, U.S.D.J. |
| ALL ACTIONS | |

### DEFENDANTS FOURNIER INDUSTRIE ET SANTÉ AND LABORATOIRES FOURNIER S.A.'S RESPONSE TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO DEFENDANTS FOURNIER INDUSTRIE ET SANTÉ AND LABORATORIES FOURNIER S.A. (NOS. 1-7)[1]

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, defendants Fournier Industrie et Santé and Laboratoires Fournier, S.A. (collectively "Fournier") hereby object and respond to Direct Purchaser Plaintiffs' Second Set of Document Requests to Defendants Abbott Laboratories, Fournier Industrie et Santé and Laboratoires Fournier, S.A. ("Second Request").

#### General Objections and Responses

1.    Fournier objects to the Second Request, including, but not limited to, the instructions and definitions contained therein, to the extent it imposes on Fournier obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, or other applicable law.

---

[1]    Although this is the Direct Purchaser Plaintiffs' second set of document requests, the requests are not numbered consecutively from the first set.  To avoid confusion, the responses herein refer to the numbered paragraphs as numbered by Plaintiffs.

2.     Fournier objects to the Second Request to the extent it requires the production of documents that were prepared in anticipation of litigation, constitute attorney work product, contain privileged attorney-client communications or are otherwise privileged.

3.     Fournier objects to the Second Request to the extent it is overbroad, unduly burdensome, or oppressive.

4.     Fournier objects to the Second Request to the extent it is vague, ambiguous, unclear, or misleading.

5.     Fournier objects to the Second Request to the extent it is duplicative or cumulative.

6.     Fournier objects to the Second Request to the extent it requires the production of documents that are irrelevant or immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.

7.     Fournier objects to the Second Request to the extent it requires production of information related to the sale and marketing of fenofibrate products outside the United States because such information is irrelevant or immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Fournier objects to the Second Request to the extent it requires the production of documents created after the filing of the original complaint.

9.     Fournier objects to the Second Request to the extent it is not confined to a relevant time period because it is overbroad, unduly burdensome and oppressive, and seeks information that is irrelevant, immaterial, or not otherwise reasonably calculated to lead to the discovery of admissible evidence.

10.    Fournier objects to the Second Request to the extent it requires the production of pleadings or other materials served on Plaintiffs in this or other litigation proceedings.

11.    Fournier objects to the Second Request to the extent it requires the production of documents or information already publicly available, already in Plaintiffs' possession, custody or control, or already provided to, or more easily obtainable by, Plaintiffs.

12.    Fournier objects to the Second Request to the extent it seeks the production of documents not currently in Fournier's possession, custody or control.

13.    Fournier objects to the Second Request to the extent it assumes disputed facts or legal conclusions in the definitions or in the description of the documents requested. Any information produced by Fournier with respect to any such request is made without prejudice to this objection and shall not constitute agreement with or waiver of any objection to such disputed facts or legal conclusions.

14.    Fournier objects to the Second Request to the extent it requires the production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the pertinent information.

15.    Fournier objects to the Second Request to the extent it requires the disclosure of information that is protected from disclosure by a protective order entered in other litigation or by other operation of law.

16.    Fournier objects to the Second Request to the extent it requires production of documents in any form other than the form customarily taken in the usual course of business.

17.    Fournier objects to the Second Request to the extent it requires Fournier to create documents not already in existence.

18.    Fournier objects to the Second Request to the extent it prematurely seeks discovery of, among other things, information and opinions to be provided by expert witnesses, and documents expected to be used at trial.

19.    Fournier's responses are not intended to waive or prejudice any objections Fournier has raised or may assert now or in the future, including, without limitation, Fournier's Motion to Dismiss or objections as to the admissibility at trial of any response or document or category of responses or documents.

20.    Fournier submits these objections and responses without conceding the relevance or materiality of the subject matter of any document or request.

21.    Fournier hereby asserts all such applicable privileges and protections, and excludes privileged information from its responses to the Second Request. Production of any document that is confidential or privileged or that was prepared in anticipation of litigation is inadvertent and not intended to constitute a waiver of privilege or of any other ground for objection to discovery of such document, the information contained therein, or subject matter thereof, or of Fournier's right to object to the use of such document or the information contained therein.

22.    Fournier reserves the right to supplement or revise its response to the Second Request.

23.    Fournier objects to the Definitions in the Second Request to the extent they call for Fournier to concur in those definitions.

24.    Fournier objects to Definition 3 (defining "Decision Makers") on the grounds that it is vague, ambiguous, and overbroad

25.    Fournier objects to Definition 17 (defining "document") on the grounds and to the extent that its seeks to define the term "document" more broadly than the meaning accorded that term by Rule 34(a) of the Federal Rules of Civil Procedure.

26.    Fournier objects to the Instructions on the grounds and to the extent they are inconsistent with the Federal Rules of Civil Procedure, unduly burdensome, oppressive, duplicative or cumulative.

27.    Fournier's General Objections and Responses ("General Objections") shall be deemed to continue throughout each of the responses to the specific requests that follow, even where not explicitly referenced therein.  Without waiving any of the foregoing General Objections, Fournier responds to the Second Request as follows:

### Specific Objections and Responses

### REQUEST NO. 1:

To the extent not already produced, all Documents Relating To any pre-filing investigation performed by or on behalf of Abbott and/or Fournier with respect to each of the Capsule Lawsuits and/or Tablets Lawsuits.

### RESPONSE TO REQUEST NO. 1:

In addition to its General Objections, Fournier objects to this request as calling for production of documents protected from disclosure by attorney-client privilege, work product doctrine, and/or other applicable privilege.  Fournier further objects to this request as duplicative, cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to, the request's demand for documents that may not be in Fournier's possession, custody, or control.  Without waiving any objections, it is Fournier's understanding that all non-privileged documents in response to this request have been produced.

### REQUEST NO. 2:

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's factual knowledge pertaining to the Capsule ANDAs and/or Tablet ANDAs and/or products manufactured under those ANDAs.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, Fournier objects to this request as calling for

production of documents protected from disclosure by attorney-client privilege, work product

doctrine, and/or other applicable privilege. Fournier further objects to this request to the extent

is seeks information not relevant to the subject matter of this litigation and is not reasonably

calculated to lead to the discovery of admissible evidence. Fournier further objects to this

request as duplicative, cumulative, overbroad, vague, unduly burdensome, and oppressive,

including, but not limited to, the request's demand for documents that may not be in Fournier's

possession, custody, or control. Fournier further objects to this request in that it is not limited in

time. To the extent that this request seeks documents relating to prefiling investigations for the

Capsule and Tablet Lawsuits, see response to Request No. 1.

**REQUEST NO. 3:**

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's factual knowledge pertaining to the Curtet Patent, the Stamm Patents, and/or their prosecution histories.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, Fournier objects to this request as calling for

production of documents protected from disclosure by attorney-client privilege, work product

doctrine, and/or other applicable privilege. Fournier further objects to this request to the extent

"all factual knowledge pertaining to" the referenced patents and their prosecution histories is

vague, ambiguous, and overbroad. Fournier further objects to this request as duplicative,

cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to,

RLF1-3056508-1

-6-

the request's demand for documents that may not be in Fournier's possession, custody, or control. Without waiving any objections, Fournier states that it has already produced the referenced patents, their respective file histories and other non-privileged documents relating to the prosecution of the referenced patents.

**REQUEST NO. 4:**

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's beliefs as to the merits of any of the Capsule Lawsuits and/or Tablet Lawsuits.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, Fournier objects to this request as calling for production of documents protected from disclosure by attorney-client privilege, work product doctrine, and/or other applicable privilege. Fournier further objects to this request to the extent is seeks information not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Fournier further objects to this request as duplicative, cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to, the request's demand for documents that may not be in Fournier's possession, custody, or control. Without waiving any objections, Fournier states that, after reasonable search, it has already produced all non-privileged documents in response to this request.

**REQUEST NO. 5:**

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's Bases and motivations for filing and/or perpetuating the Capsule Lawsuits and/or Tablet Lawsuits.

**RESPONSE TO REQUEST NO. 5:**

RLF1-3056508-1

In addition to its General Objections, Fournier objects to this request as calling for production of documents protected from disclosure by attorney-client privilege, work product doctrine, and/or other applicable privilege. Fournier further objects to this request as being vague and ambiguous in that "perpetuating" the referenced litigation is unclear and undefined. Fournier further objects to this request as duplicative, cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to, the request's demand for documents that may not be in Fournier's possession, custody, or control. Without waiving any objections, Fournier states that, after reasonable search, it has already produced all non-privileged documents in response to this request.

**REQUEST NO. 6:**

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's Bases for believing that the Capsule ANDAs and/or Tablet ANDAs and/or products manufactured under those ANDAs satisfied the limitations of the Curtet Patent claims, including but not limited to the limitations "co-micronized mixture of particles of fenofibrate and a solid surfactant" and "co-micronization of the fenfibrate and a solid surfactant."

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, Fournier objects to this request as calling for production of documents protected from disclosure by attorney-client privilege, work product doctrine, and/or other applicable privilege. Fournier further objects to this request to the extent is seeks information not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Fournier further objects to this request as duplicative, cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to, the request's demand for documents that may not be in Fournier's possession, custody, or control. Without waiving any objections, , it is Fournier's understanding that all non-privileged documents in response to this request have been produced.

-8-

**REQUEST NO. 7:**

To the extent not already produced, all Documents Relating To Abbott's an/or Fournier's Bases for believing that the claim limitations requiring a minimum weight percentage content of a hydrophilic polymer (e.g., at least twenty weight percent) in one or more of the Stamm Patents were satisfied by the Tablet ANDAs and/or products manufactured under those ANDAs.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, Fournier objects to this request as calling for

production of documents protected from disclosure by attorney-client privilege, work product

doctrine, and/or other applicable privilege. Fournier further objects to this request as duplicative,

cumulative, overbroad, vague, unduly burdensome, and oppressive, including, but not limited to,

the request's demand for documents that may not be in Fournier's possession, custody, or

control. Without waiving any objections, it is Fournier's understanding that all non-privileged

documents in response to this request have been produced.

*Of Counsel:*
Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

Anne Shea Gaza    by MLK (#566)

Frederick L. Cottrell, III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
cottrell@rlf.com
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

-9-

RLF1-3056508-1

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517

Dated:  September 8, 2006

RLF1-3056508-1

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I caused to be served by hand delivery the

foregoing document to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Michael I. Silverman
Lynn A. Iannone
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Mary B. Graham
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE   19801

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Patrick Francis Morris
Morris & Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807

I hereby certify that on September 8, 2006, I sent by electronic mail the foregoing

document to the following:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A 05-340):

Jeffrey S. Goddess
jgoddess@rmgglaw.com

Bruce E. Gerstein
bgerstein@garwingerstein.com

Barry S. Taus
btaus@garwingerstein.com

Adam M. Steinfeld
asteinfeld@garwingerstein.com

Daniel Berger
danberger@bm.net

Eric L. Cramer
ecramer@bm.net

Peter Kohn
pkohn@bm.net

Linda P. Nussbaum
lnussbaum@cmht.com

Steig D. Olson
solson@cmht.com

REPRESENTING WALGREEN, ECKERD, KROGER,
MAXI, CVS, RITE AID, ALBERTSON'S, SAFEWAY,
HY-VEE AND AMERICAN SALES
(C.A. 05-340):

Elizabeth M. McGeever
emmcgeever@prickett.com

Scott E. Perwin
sperwin@kennynachwalter.com

Joseph T. Lukens
jlukens@hangley.com

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
jonp@msllaw.com

William Christopher Carmody
bcarmody@susmangodfrey.com

John Turner:
jturner@susmangodfrey.com

Shawn Rabin:
srabin@susmangodfrey.com

Justin Nelson:
jnelson@susmangodfrey.com

Cindy Tijerina:
ctijerina@susmangodfrey.com

Ken Zylstra:
kzylstra@sbclasslaw.com

Lyle Stamps:
lstamps@sbclasslaw.com

Steve Connolly
Sconnolly@abclasslaw.com

Mark Sandman:
mms@rawlingsandassociates.com

Jeffrey Swann:
js5@rawlingsandassociates.com

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
William C. Carmody
Mike Gottsch
Zach Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard

Tricor@chimicles.com

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
mmatterer@morrisjames.com

John C. Vetter
jvetter@kenyon.com

Asim Bhansali
abhansali@kvn.com

RLF1-2950396-1

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**Tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**

Matthew W. King (#4566)
KING@rlf.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) Civil Action No. 05-340 (KAJ) |
| THIS DOCUMENT RELATES TO: | ) ) Hon. Kent Jordan, U.S.D.J. |
| ALL ACTIONS | ) ) |

**DEFENDANTS FOURNIER INDUSTRIE ET SANTÉ AND LABORATOIRES
FOURNIER S.A.'S RESPONSE TO DIRECT PURCHASER PLAINTIFFS' SECOND
SET OF INTERROGATORIES TO DEFENDANTS FOURNIER INDUSTRIE ET
SANTÉ AND LABORATOIRES FOURNIER S.A. (NOS. 15-17)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local

Rule 26.1, defendants Fournier Industrie et Santé and Laboratoires Fournier, S.A. (collectively

"Fournier") hereby object and respond to Direct Purchaser Plaintiffs' ("Plaintiffs") Second Set of

Interrogatories to Defendants Abbott Laboratories, Fournier Industrie et Santé and Laboratoires

Fournier, S.A. ("Second Interrogatories").

**GENERAL OBJECTIONS AND RESPONSES**

1.       Fournier objects to the Second Interrogatories, including, but not limited

to, the instructions and definitions contained therein, to the extent it imposes on Fournier

obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this

Court, or other applicable law.

2.       Fournier objects to the Second Interrogatories to the extent it seeks

information that was prepared in anticipation of litigation, constitutes attorney work product,

discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other

representative of Fournier, contains privileged attorney-client communications or is otherwise protected from disclosure by other applicable privileges, laws, or rules. Fournier claims such privileges and protections to the extent implicated by each interrogatory and excludes privileged and protected information. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

3.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Fournier objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Plaintiffs as it is for Fournier.

4.    Fournier objects to the Second Interrogatories to the extent it is overbroad, unduly burdensome, or oppressive.

5.    Fournier objects to the Second Interrogatories to the extent it is vague, ambiguous, unclear, or misleading.

6.    Fournier objects to the Second Interrogatories to the extent it is duplicative or cumulative.

7.    Fournier objects to the Second Interrogatories to the extent it seeks information that is irrelevant or immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.

8.    Fournier objects to the Second Interrogatories to the extent it seeks information related to the sale and marketing of fenofibrate products outside the United States

because such information is irrelevant or immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.

9.    Fournier objects to the Second Interrogatories to the extent it seeks information created after the filing of the original complaint.

10.    Fournier objects to the Second Interrogatories to the extent it is not confined to a relevant time period because it is overbroad, unduly burdensome and oppressive, and seeks information that is irrelevant, immaterial, or not otherwise reasonably calculated to lead to the discovery of admissible evidence.

11.    Fournier objects to the Second Interrogatories to the extent it seeks information already publicly available, already in Plaintiffs' possession, custody or control, or already provided to, or more easily obtainable by, Plaintiffs.

12.    Fournier objects to the Second Interrogatories to the extent it seeks information not currently in Fournier's possession, custody or control.

13.    Fournier objects to the Second Interrogatories to the extent it assumes disputed facts or legal conclusions in the definitions or in the interrogatories.  Any information produced by Fournier with respect to any such request is made without prejudice to this objection and shall not constitute agreement with or waiver of any objection to such disputed facts or legal conclusions.

14.    Fournier objects to the Second Interrogatories to the extent it prematurely seeks discovery of, among other things, information and opinions to be provided by expert witnesses, and documents expected to be used at trial.

RLF1-3056522-1

15.    Fournier objects to the Second Interrogatories to the extent it seeks information that is protected from disclosure by a protective order entered in other litigation or by other operation of law.

16.    Fournier's responses are not intended to waive or prejudice any objections Fournier has raised or may assert now or in the future, including, without limitation, Fournier's motion to dismiss or objections as to the admissibility at trial of any response or document or category of responses or documents.

17.    Fournier submits these objections and responses without conceding the relevance or materiality of the subject matter of any interrogatory, response, or document produced.

18.    Fournier reserves the right to supplement or revise its response to the Second Interrogatories.

19.    Fournier objects to the Definitions in the Second Interrogatories to the extent they call for Fournier to concur in those definitions.

20.    Fournier objects to Definition 3 (defining "Decision Makers") on the grounds that it is vague, ambiguous, and overbroad.   For purposes of answering these interrogatories, Fournier construes the term to mean the Fournier representative(s), who, acting solely in a business capacity, had responsibility over the decisions to file the Capsule and Tablet Lawsuits.

21.    Fournier objects to the Instructions on the grounds and to the extent they are inconsistent with the Federal Rules of Civil Procedure, unduly burdensome, oppressive, duplicative or cumulative.

22.    Fournier's General Objections and Responses ("General Objections") shall be deemed to continue throughout each of the responses to the specific interrogatories that follow, even where not explicitly referenced therein.  Without waiving any of the foregoing General Objections, Fournier responds to the Second Interrogatories as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 15:**

Identify each of the Decision Makers for each of the Capsule and Tablet Lawsuits and state his or her role in deciding whether to file and continue to prosecute that lawsuit.

**RESPONSE TO INTERROGATORY 15:**

In addition to its General Objections, Fournier objects to this interrogatory as calling for information subject to attorney-client privilege, work product doctrine, and/or information relating to consulting experts protected from disclosure under Rule 26.  Fournier further objects on the grounds that "continue to prosecute" is vague and undefined.  Fournier further objects to this interrogatory on the grounds that the term "Decision Makers" as defined is vague and overbroad; for purposes of answering this interrogatory Fournier construes the term to mean the Fournier representative(s), who, acting solely in a business capacity, had responsibility over the decision file the Capsule and Tablet Lawsuits.  Without waiving any objections or privileges, Fournier respectfully responds to this interrogatory as follows: Bertrand Traverse was Fournier's ultimate and primary Decision Maker for Fournier's decisions whether to file the Capsule and Tablet Lawsuits.

**INTERROGATORY NO. 16:**

For each of the Capsule and Tablet Lawsuits, describe the nature and scope of the pre-filing investigation, if any, conducted by or on behalf of Fournier.

**RESPONSE TO INTERROGATORY 16:**

In addition to its General Objections, Fournier objects to this interrogatory as

calling for information subject to attorney-client privilege, work product doctrine, and/or

information relating to consulting experts protected from disclosure under Rule 26. Fournier

reserves the right to supplement its response, in particular if it elects to waive privilege.

**INTERROGATORY NO. 17:**

State all facts known (and when they became known) to the Decision Makers upon which they relied in deciding to file and to continue to prosecute the Capsule Lawsuits and the Tablet Lawsuits.

**RESPONSE TO INTERROGATORY 17:**

In addition to its General Objections, Fournier objects to this interrogatory as

calling for information subject to attorney-client privilege, work product doctrine, and/or

information relating to consulting experts protected from disclosure under Rule 26. Fournier

further objects to this interrogatory to the extent that "upon which they relied" is vague and

ambiguous. Fournier reserves the right to supplement its response, in particular if it elects to

waive privilege.

*Anne Shea Gaza* by MLK (4566)

Frederick L. Cottrell, III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
cottrell@rlf.com
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

*Of Counsel:*
Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000


Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517


Dated: September 8, 2006