**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6521
Writer's Telecopy Number::
(302)888-6554
Writer's E-Mail Address:
EMMcgeever@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

October 5, 2006

VIA CM/ECF

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:  In re TriCor Direct Purchaser Antitrust Litig., C.A. No. 05-340 (KAJ)

Dear Judge Jordan:

The non-class Direct Purchaser Plaintiffs ("Plaintiffs") submit this response to Defendants' motion to compel "Documents Concerning Other Lipid Products."

Defendants fail to specify the requests on which they are moving to compel. However, the substantive discussions that the parties have had (which occurred only after Mr. Lukens' letter of September 22, 2006, and after Defendants obtained a hearing date from this Court) concerned Defendants' Third Set of Requests for Production of Documents (the "Third Set").[1] The Third Set includes several requests for documents comparing TriCor and/or any other fenofibrate with "Other Lipid Products," and one request calling for documents that compare "Other Lipid Products" without any reference to TriCor or fenofibrates (TriCor is a fenofibrate). Defendants' definition of "Other Lipid Products" in their document requests includes 47 different products. While Plaintiffs completely disagree about the relevance of the documents at issue in the motion, Plaintiffs have offered to undertake some burden to produce documents responsive to Defendants' requests. Thus, the dispute before the Court is how much burden Plaintiffs should be put to in responding to the requests.

In an effort to reach a compromise, and to balance the burden on Plaintiffs, Plaintiffs offered to search for any analysis that Plaintiffs' employees or consultants performed comparing any fenofibrate to "Other Lipid Products." Included within this category would be the Product Analysis forms for Vytorin, Crestor and Zetia—documents specifically mentioned in Defendants' Motion to Compel.[2] Additionally, during the subsequent meet and confer, Plaintiffs

---

[1] Attached as Exhibit 1 is a copy of Defendants' Third Set of Requests for the Production of Documents and Things from Plaintiffs Walgreen Co. et. al. and CVS Pharmacy Inc., et. al. (Nos. 74-78).

[2] Defendants attached to their letter Nailor Ex. 6, a Product Analysis Form that Walgreen created upon the launch of TriCor 145. Plaintiffs initially offered to search for and produce all similar documents that mention any fenofibrate, (this request would be limited in time, because fenofibrates were only introduced into the market starting in 1998). While this would be burdensome, it would be limited by definition only to products introduced after 1998. Thus, the

The Honorable Kent A. Jordan
October 5, 2006
Page 2

---

offered to search a limited number of vendor files for documents created by pharmaceutical product manufacturers comparing their respective products to a fenofibrate or Tricor. No agreement, however, was reached with the defendants.

Defendants ask this Court to compel Plaintiffs to produce documents relating to 47 other lipid products, irrespective of whether those documents make reference to Tricor or other fenofibrates, contending that the breath of the requests is not overly burdensome because they only seek documents dating back to 1998. Nonetheless, their actual document requests are not so limited, but state the relevant date is either 1998, or earlier, depending on the request. As an example, Lopid is one of the 47 products included within the defendants' definition of other lipid product on which they seek discovery. Lopid was introduced in 1981. A demand that Plaintiffs open up archived files relating to products such as Lopid, which is 25 years old, or Lipitor, which is 15 years old, or a similar product launched prior to 1998 is unduly burdensome.[3] Defendants are demanding that Plaintiffs conduct a search into files for 47 products, whether onsite or offsite, in order to locate documents that by definition do not even mention the product at issue in this lawsuit – TriCor.

Requiring the Plaintiffs to search their files for 47 other products for documents created by the manufacturers of these 47 products (i.e., the manufacturer's label and marketing materials) irrespective of whether Tricor or other fenofibrate is mentioned is itself unduly burdensome and harassing. Plaintiffs have offered to produce any analyses that their employees conducted that compare TriCor (or any fenofibrate) to the other Lipid products. Defendants' efforts to inject comparisons amongst other Lipid products that do not discuss TriCor will increase the burden on Plaintiffs and will inject greater levels of complexity into an already complex case with evidence of extremely questionable relevance and should be rejected by this Court.

Respectfully,

Elizabeth M. McGeever
(DE Bar ID No. 2057)

Attachment
cc:   Clerk of Court (w/attach.)
      All Counsel of Record (w/attach.)

---

burden on Plaintiffs would be significantly limited. Defendants refused Plaintiffs' offer, contending that they required all such forms for any product, whether it mentions TriCor or not. Obviously, defendants' position that the document does not need to refer to TriCor or a fenofibrate diminishes significantly any potential relevance that the document could possibly have.

[3] Defendants have not, to this point, agreed that Plaintiffs do not need to retrieve and search all archived files that may contain responsive documents.