# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:  TRICOR DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>   C.A. No. 05-404 (KAJ)<br>   C.A. No. 05-605 (KAJ) | Civil Action No.: 05-340 (KAJ)<br>(Consolidated) |

## DEFENDANTS' THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM PLAINTIFFS WALGREEN CO. ET AL. AND CVS PHARMACY, INC. ET AL. (NOS. 74-78)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, defendants Fournier Industrie et Santé and Laboratoires Fournier S.A. (collectively, "Fournier") hereby request that plaintiffs Walgreen Co., Eckerd Corporation, The Kroger Co., Maxi Drug, Inc. d/b/a Brooks Pharmacy, Albertson's, Inc., Safeway, Inc., Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqrts. Corp., produce documents at the offices of Cadwalader, Wickersham & Taft, L.L.P., One World Financial Center, New York, NY 10281, c/o Bradley J. Demuth, Esq., in accordance with the definitions and instructions set forth below.

### DEFINITIONS AND INSTRUCTIONS

1.    "You" or "Your" means of or pertaining to any one or all of direct purchaser plaintiffs Walgreen Co., Eckerd Corporation, The Kroger Co., Maxi Drug, Inc. d/b/a Brooks Pharmacy, Albertson's, Inc., Safeway, Inc., Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqrts. Corp., and American Sales Co., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and

all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing

2.     "Teva" means counterclaim plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Novopharm Ltd., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

3.     "Impax" means counterclaim plaintiff Impax Laboratories, Inc., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

4.     "Fournier" means Fournier Industrie et Santé and Laboratoires Fournier S.A.; all subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

5.     "Abbott" means Abbott Laboratories; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

6.     "McKesson" means McKesson Corporation; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and

2

all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

    7.    "Cardinal" means Cardinal Health, Inc.; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

    8.    "Amerisource" means AmerisourceBergen Corporation; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

    9.    "Kerr" means Frank W. Kerr Company; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

    10.    "First Databank" means First Databank, Inc. all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing

    11.    "Medi-Span" means Medi-Span of Wolkers Kluwer Health; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

3

12.    "Thomson" means Thomson Corporation; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

13.    "Fenofibrate Actions" means Civil Action Nos. 02-1512 (KAJ), 03-120 (KAJ), 05-340 (KAJ) (consolidated), and 05-360 (consolidated), all in the United States District Court for the District of Delaware.

14.    The term "document" and "documents" as used herein shall be given the broadest and most inclusive construction provided for under the Federal Rules of Civil Procedure, and includes but is not limited to the following:    reports, records, letters, correspondence, telegrams, teletypes, faxes, communications, memoranda, recordings, video, photographs, drawings, books, interoffice communications, bulletins, circulars, pamphlets, brochures, charts, graphs, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, diaries, telephone logs, statements, analyses, worksheets, credit memoranda, sales slips, billings or credit statements, ledgers, computer printouts, e-mail, data (including computer diskettes, hard drives, backup disks and tapes), contracts and agreements of any kind.

15.    The term "communication" means the transmittal of information by means of documents (as defined above), oral communications, telegrams, voice mail, electronic mail or any other conveyance of information in any form whatsoever, including but not limited to facts, ideas, inquiries or otherwise.

16.    The terms "concern" or "concerning" mean mentioning, identifying, describing, discussing, evidencing, summarizing, explaining, disclosing, recording, showing,

4

containing, setting forth, constituting, comprising, supporting, characterizing, referring to, relating to, and/or regarding directly or indirectly.

       17.    As used herein, "and" or "or" shall be considered conjunctively or disjunctively as necessary to make this Document Request inclusive rather than exclusive. The singular shall be deemed to include the plural and vice versa, so as to bring within the scope of this Document Request all information which might otherwise be construed to be outside of their scope.

       18.    The term "TriCor®" means any pharmaceutical product marketed under the trade name "TriCor®" at any time.

       19.    The term "Lofibra®" means any pharmaceutical product marketed under the trade name "Lofibra®" at any time.

       20.    The term "Triglide™" means any pharmaceutical product marketed under the trade name "Triglide™" at any time.

       21.    The term "Antara" means any pharmaceutical product marketed under the trade name "Antara" at any time.

       22.    The term "Lipofen" means any pharmaceutical product marketed under the trade name "Lipofen" at any time.

       23.    The term "Vytorin" means any pharmaceutical product marketed under the trade name "Vytorin" at any time.

       24.    The term "Crestor" means any pharmaceutical product marketed under the trade name "Crestor" at any time.

       25.    The term "Zetia" means any pharmaceutical product marketed under the trade name "Zetia" at any time.

26.     The term "Niaspan" means any pharmaceutical product marketed under the trade name "Niaspan" at any time.

27.     The term "Lopid®" means any pharmaceutical product marketed under the trade name "Lopid®" at any time.

28.     The term " Other Fenofibrate Product" means any human prescription drug preparation in any form, other than TriCor® or Lofibra®, whose active ingredient is or includes fenofibrate.

29.     The term "Pharmaceutical Product" means any human prescription drug preparation in tablet or capsule form.

30.     The term "Other Lipid Product" means any human prescription drug preparation that is indicated for regulating lipids or cholesterol levels, including, but not limited to Lipitor, Zocor, Pravachol, Lescol, Mevacor, Clofibrate, Baycol, generic Lovastatin, generic Gemfibrozil, generic fenofibrate, Lofibra, Antara, Triglide, Lopid, Cholestyramine, Cholestyramine Light, Locholest, Locholest Light, Prevalite, Questran, Questran Light, Niaspan, Welchol, Pravigard, Colestid, Advicor, Crestor, Caduet, Vytorin, Zetia, Altoprev, One-A-Day, Slo-Niacin, Cholest-Off, DHA/EPA, Expecta Lipil, Fish Oil, Garlic & Parsley, Garlic, Garlic Oil, Garlique, Kwai Garlic, Maxepa, Omacor, Omega-3, and Sea-Omega.

31.     The term "generic," "generic drug," or "generic drug product" means a human prescription drug preparation that is marketed under the name of the preparation's active ingredient rather than under a branded trade name.

32.     These requests shall be deemed to include any and all relevant documents within the possession, custody or control of the plaintiffs, including, without limitation,

6

documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by the plaintiffs.

33.    Documents from any single file shall be produced in the same order as they were found in such file, and the files from which they are being produced shall be identified.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

34.    If the production of any documents responsive to these requests is objected to on the ground of privilege or work product, for any reason, with respect to each such document state:

        a.    the identity of its author(s) or creator(s);

        b.    the identify of its recipient(s);

        c.    its subject matter;

        d.    the identify of the person(s) to whom a document or any portion thereof, has already been revealed;

        e.    the source of the document;

        f.    the date of the document; and

        g.    the basis upon which it is being withheld.

35.    These requests shall be deemed continuing and supplemental responses and document production should be provided as additional information becomes available.

36.    Unless otherwise indicated, the time period applicable to these document requests shall be January 1, 1998 to the date upon which production or any supplemental production occurs.

7

RLF1-3049590-1

**REQUESTS**

74.     All documents concerning any comparison of TriCor® to any Other Lipid Products.

75.     All documents concerning competition among or between lipid regulating drug products including but not limited to (1) TriCor®, (2) Lofibra®, (3) Other Fenofibrate Products, and (4) Other Lipid Products.

76.     All documents concerning relative market shares of lipid regulating drug products including but not limited to (1) TriCor®, (2) Lofibra®, (3) Other Fenofibrate Products, and (4) Other Lipid Products.

77.     All documents consisting of or that are similar to the Walgreen Co. Product Analysis Form identified as Exhibit 6 to the July 11, 2006 deposition of Jill Nailor for all lipid regulating drug products including, but not limited to (1) TriCor®, (2) Lofibra®, (3) Other Fenofibrate Products, and (4) Other Lipid Products.

78.     All documents concerning how the pricing of any lipid regulating drug product is or is not affected by the pricing of any other lipid regulating drug product.

*Of Counsel:*
Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C.  20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

Frederick L. Cottrell, III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
cottrell@rlf.com
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE  19801
(302) 651-7700

8

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517


Dated:  August 18, 2006

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I caused to be served by hand delivery the foregoing document to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Michael I. Silverman
Lynn A. Iannone
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Mary B. Graham
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Patrick Francis Morris
Morris & Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807

I hereby certify that on August 18, 2006, I sent by electronic mail the foregoing document to the following:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID, ALBERTSON'S, SAFEWAY, HY-VEE AND AMERICAN SALES (C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE (C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner:
**jturner@susmangodfrey.com**

Shawn Rabin:
**srabin@susmangodfrey.com**

Justin Nelson:
**jnelson@susmangodfrey.com**

Cindy Tijerina:
**ctijerina@susmangodfrey.com**

Ken Zylstra:
**kzylstra@sbclasslaw.com**

Lyle Stamps:
**lstamps@sbclasslaw.com**

Steve Connolly
**Sconnolly@abclasslaw.com**

Mark Sandman:
**mms@rawlingsandassociates.com**

Jeffrey Swann:
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
William C. Carmody
Mike Gottsch
Zach Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard

**Tricor@chimicles.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING TEVA PHARMACEUTICALS          Josy W. Ingersoll
(C.A. 02-1512):                            Bruce M. Gagala
                                           Karen E. Keller
                                           Christopher T. Holding
                                           Ken Cohen
                                           Elaine Blais

                                           **tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):           Mary B. Graham
                                           **Tricor@mnat.com**

                                           William F. Cavanaugh
                                           **wfcavanaugh@pbwt.com**

                                           Chad J. Peterman
                                           **cjpeterman@pbwt.com**


                                           Anne Shea Gaza (#4093)
                                           GAZA@rlf.com