## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) ) | C.A. No. 05-340 (KAJ) |
| ) | (consolidated) |
| THIS DOCUMENT RELATES TO: ) ) | |
| C.A. No. 05-605 (KAJ) ) ) | |

**ABBOTT AND FOURNIER'S FIRST NOTICE OF VIDEOTAPE DEPOSITION OF
RITE AID CORPORATION AND RITE AID HDQTRS. CORP. PURSUANT TO RULE
30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

To:    All Counsel on the Attached Service List

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendants shall take the deposition by oral examination of plaintiff Rite Aid Corporation and Rite Aid Hdqtrs. Corp. ("Rite Aid"), on October 25, 2006 at 9:30 A.M., at the offices of Cadwalader, Wickersham & Taft, L.L.P., One World Financial Center, New York, NY, or such other location agreed to by counsel. The deposition will be recorded by videotape as well as stenographically before a Notary Public or other officer authorized to administer oaths, and shall continue from day to day until completed, with such adjournments as to time and place as may be necessary.

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 30(b)(6), Rite Aid is required to designate one or more appropriate persons to testify on its behalf with respect to each of the matters set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the corporation. You are invited to attend and cross-examine.

FURTHER, Defendants hereby request the production of all documents concerning the topics set forth in Exhibit A that have not already been produced in this litigation. Production is requested by October 21, 2006.

*Of Counsel:*
Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517

Dated: October 11, 2006

Anne Shea Gaza    by mwk (4566)
Frederick L. Cottrell, III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
cottrell@rlf.com
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

## DEFINITIONS AND INSTRUCTIONS

1.      The use of any definition for purposes of this Notice shall not be deemed to constitute an agreement or acknowledgement on the part of defendant that such definition is accurate, meaningful or appropriate for any other purpose in this action.

2.      "Rite Aid" means plaintiff Rite Aid Corporation and Rite Aid Hdqtrs. Corp., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

3.      Teva" means counterclaim plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Novopharm Ltd., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

4.      "Impax" means counterclaim plaintiff Impax Laboratories, Inc., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

5.      "Fournier" means Fournier Industrie et Santé and Laboratoires Fournier S.A.; all subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all

other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

6.    "Abbott" means Abbott Laboratories; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

7.    "First Databank" means First Databank, Inc. all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

8.    "Medi-Span" means Medi-Span of Wolkers Kluwer Health; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

9.    "Thomson" means Thomson Corporation; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

10.    "TriCor®" means any pharmaceutical product marketed under the trade name "TriCor®" at any time.

11.    "Pharmaceutical Product" means any human prescription drug preparation in tablet or capsule form.

12.    "Fenofibrate Product" means any human prescription drug preparation in any form, whether or not ultimately offered for sale.

13.    "Impax Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by Impax.

14.    "Teva Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by Teva.

15.    The term "TriCor®" means any pharmaceutical product marketed under the trade name "TriCor®," at any time.

16.    The term "Lofibra®" means any pharmaceutical product marketed under the trade name "Lofibra®," at any time.

17.    The term "Antara®" means any pharmaceutical product marketed under the trade name "Antara®," at any time.

18.    The term "Triglide®" means any pharmaceutical product marketed under the trade name "Triglide®," at any time.

19.    The term "Lipofen®" means any pharmaceutical product marketed under the trade name "Lipofen®" at any time.

20.    The term "document" or "documents" as used herein shall be given the broadest and most inclusive construction provided for under the Federal Rules of Civil

Procedure, and includes but is not limited to the following: reports, records, letters, correspondence, telegrams, teletypes, faxes, communications, memoranda, recordings, video, photographs, drawings, books, interoffice communications, bulletins, circulars, pamphlets, brochures, charts, graphs, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, diaries, telephone logs, statements, analyses, worksheets, credit memoranda, sales slips, billings or credit statements, ledgers, computer printouts, e-mail, data (including computer diskettes, hard drives, backup disks and tapes), contracts and agreements of any kind. A draft or non-identical copy is a separate document within the meaning of this term.

21.    The term "communication" means the transmittal of information by means of documents (as defined above), oral communications, telegrams, voice mail, electronic mail or any other conveyance of information in any form whatsoever, including but not limited to facts, ideas, inquiries or otherwise, regardless of whether published internally or externally.

22.    The terms "concern" or "concerning" mean mentioning, identifying, describing, discussing, evidencing, summarizing, explaining, disclosing, recording, showing, containing, setting forth, constituting, comprising, supporting, characterizing, referring to, relating to, and/or regarding, directly or indirectly.

23.    As used herein, "and" or "or" shall be considered conjunctively or disjunctively as necessary to make the discovery request inclusive rather than exclusive. The use of the singular of any word shall include the plural and vice versa, and the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope.

        24.     Unless otherwise indicated, the time period applicable to these topics shall be January 1, 1998 to the present.

## EXHIBIT A

Rite Aid is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf who have knowledge of the matters set forth herein.

## TOPICS

1.      Rite Aid's records concerning fenofibrate purchases, inventory, and/or returns, including the policies and procedures Rite Aid's used to determine the quantities of Fenofibrate Products to purchase, including (1) TriCor®, (2) any Teva Fenofibrate Product, including Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, and (6) any Impax Fenofibrate Product, including but not limited to the data produced electronically by Rite Aid on CDs Bates labeled RA TRICOR 000467-68.

2.      The process(es), method(s), strategies, and/or procedures Rite Aid proposed, considered, or used for setting or establishing the prices (whether direct or contract, and including rebates, discounts, and/or chargebacks) for any lipid regulating product, including (1) TriCor®, (2) any Teva Fenofibrate Product, including Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, (6) any Impax Fenofibrate Product, (7) statins, and (8) any other lipid regulating product.

3.      Rite Aid's ability to control or influence the type or amount of pharmaceutical products demanded by its customers or prescribed for consumers, and the substitutability between any such products, including (1) TriCor®, (2) any Teva Fenofibrate Product, including Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, (6) any Impax Fenofibrate Product, (7) statins, and (8) any other lipid regulating product, including but not limited to any intervention program or fenofibrate pilot program, identified in documents

produced by Rite Aid Bates labeled RA TRICOR 000229-31, RA TRICOR 000232-34, and RA TRICOR 000303-15.

        4.      Communications with customers, manufacturers, suppliers, and competitors concerning the availability of fenofibrate products, including (1) TriCor®, (2) any Teva Fenofibrate Product, including Lofibra®, (3) Antara®, (4) Triglide®, (5) Lipofen®, and (6) any Impax Fenofibrate Product, and any analyses of the effect supply shortages had on the price Rite Aid paid for any fenofibrate product.

        5.      Communications or analyses concerning any comparisons between any one TriCor® formulation on the one hand and (i) any other TriCor® formulation, (ii) any other Fenofibrate Product, (iii) any statin, or (iv) any other lipid regulating product, on the other hand.

        6.      Rite Aid's corporate and personnel organization structure.

        7.      The methodology used to collect and produce documents in response to Defendants' requests for production of documents and things dated September 30, 2005, June 27, 2006, and August 18, 2006. Such topic includes:

                (i)      The document retention orders Rite Aid issued to its employees in connection with its obligation to preserve documents relating to this litigation;

                (ii)      The selection criteria used to identify the custodians whose files needed to be searched in response to Defendants' requests for production of documents;

                (iii)     The identity of all the custodians whose files were searched, including identification of any shared files searched;

  (iv)  The criteria used to identify which hard copy documents were responsive to Defendants' requests for production of documents; and

  (v)  The criteria used to identify which soft copy documents, including email, were responsive to Defendants' requests for production of documents, including identification of the search terms used to perform electronic searches, and the methodology employed in said electronic searches.

  8.  The impact, injuries, and/or damages Rite Aid alleges it suffered as a result of Defendants' alleged conduct, including the nature and type of any alleged impact, injury, and/or damages *(e.g.*, whether Rite Aid is pursuing an overcharge, lost profits, or some other theory of damages).

  9.  The type and nature of the injunctive relief sought by Rite Aid.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006, I caused to be served by hand delivery the foregoing document to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Michael I. Silverman
Lynn A. Iannone
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Mary B. Graham
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Patrick Francis Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807

I hereby certify that on October 11, 2006, I sent by electronic mail the foregoing document to the following:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**

Bruce E. Gerstein
**bgerstein@garwingerstein.com**
Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER,
MAXI, CVS, RITE AID, ALBERTSON'S, SAFEWAY,
HY-VEE AND AMERICAN SALES
(C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner:
**jturner@susmangodfrey.com**

Shawn Rabin:
**srabin@susmangodfrey.com**

Justin Nelson:
**jnelson@susmangodfrey.com**

Cindy Tijerina:
**ctijerina@susmangodfrey.com**

Ken Zylstra:
**kzylstra@sbclasslaw.com**

Lyle Stamps:
**lstamps@sbclasslaw.com**

Steve Connolly
**Sconnolly@abclasslaw.com**

Mark Sandman:
**mms@rawlingsandassociates.com**

Jeffrey Swann:
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
William C. Carmody
Mike Gottsch
Zach Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard

**Tricor@chimicles.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**Tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**

Matthew W. King (#4566)
KING@rlf.com