# EXHIBIT U

# REDACTED IN ITS ENTIRETY

Case 1:05-cv-00340-SLR    Document 272-5    Filed 10/16/2006    Page 1 of 12

# EXHIBIT V

# REDACTED IN ITS ENTIRETY

# EXHIBIT W

# REDACTED IN ITS ENTIRETY

# EXHIBIT X

J. Andrew Langan
Nader R. Boulos
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: 312-861-2000
Facsimile: 312-861-2200

*Attorneys for Abbott Laboratories*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERTSON'S, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 94-CV-03669 |
| ) | Hon. Charles P. Kocoras |
| ABBOTT LABORATORIES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF ABBOTT
LABORATORIES' MOTION FOR PERMISSION
TO USE DOCUMENTS COVERED BY A
PROTECTIVE ORDER**

**Preliminary Statement**

Abbott Laboratories ("Abbott") respectfully submits this memorandum in support of its motion for permission to use certain materials produced or filed in this action (the "ND Illinois Action") in consolidated actions pending in the United States District Court for the District of Delaware (the "Delaware Action"). Abbott needs the Court's permission because some of the materials (the "ND Illinois Action Materials") are covered by the protective order entered in the multi-district litigation captured In Re Brand Name Prescription Drug Litigation (No. 94 C 897) (MDL 997). The protective order (the "BNPD Protective Order") is attached as

Exhibit B to the June 9, 2006 declaration of Nader R. Boulos ("Boulos Decl.") submitted herewith.

**Abbott needs the ND Illinois Action Materials for its defense in the Delaware Action and its <u>opposition to class certification</u>**

The various actions consolidated in the Delaware Action allege that Abbott has violated the Sherman Act in connection with Abbott's competition with generic drug manufacturers. A disputed issue on the merits and in connection with certification of a proposed class in the Delaware Action concerns the power of certain plaintiffs and certain members of the putative class to influence demand for prescription drugs and generic drugs.

Materials produced and filed in the ND Illinois Action will be relevant to those issues in the Delaware Action. Abbott was a party in the ND Illinois Action until October, 1998, and all remaining claims in the case were dismissed with prejudice on July 8, 2003. Before the claims against Abbott in the ND Illinois Action were terminated, Abbott received expert reports and other materials from the plaintiffs in the ND Illinois Action that contain information about the power of certain purchasers of prescription and generic drugs to influence demand for those drugs. That information is relevant to Abbott's defenses in the Delaware Action and is relevant to Abbott's opposition to certification of a putative class of direct purchasers.

As defined by the plaintiffs in the Delaware Action, a direct purchaser class would include purchasers that do not have power to influence demand (<u>e.g.</u>, wholesalers) and would include purchasers that claim to have such power (<u>e.g.</u>, retailers, such as Albertson's). Abbott will argue in the Delaware Action that the material differences among members of the putative class weigh against certification of a class. On information and belief, that argument will be supported by information contained in the ND Illinois Action Materials.

2

Much of the ND Illinois Action Material is covered by the <u>BNPD</u> Protective Order. Abbott therefore needs the Court's permission to use the ND Illinois Action Material in the Delaware Action.

**Abbott's proposed order protects
the ND Illinois Action Material**

Abbott's proposed order (Exhibit C to the Boulos Decl.) requires Abbott to protect any ND Illinois Action Materials that are covered by the <u>BNPD</u> Protective Order. If protected ND Illinois Action Materials are used by Abbott in the Delaware Action, Abbott must follow the terms for "Highly Confidential Material" set forth in the protective order entered in the Delaware Action on March 1, 2006 (the "Delaware Action Protective Order"). A copy of the Delaware Action Protective Order is attached to the Boulos Decl. as Exhibit A.

The Delaware Action Protective Order has three categories for confidential information. Boulos Decl. Exhibit A at Section C, ¶¶ 1-3. The "Highly Confidential Material" category provides virtually the same protections as the protections of the <u>BNPD</u> Protective Order. <u>Compare</u> Boulos Decl. Exhibit A at Section D, ¶ 2 <u>with</u> Boulos Decl. Exhibit B at ¶ 4.

In particular, the Delaware Action Protective Order allows "Highly Confidential Material" to be seen by outside counsel; a limited number of in-house counsel; outside experts and consultants; the Delaware court; witnesses; duplicating services; the Federal Trade Commission; authors of materials; and representatives of the producing party. <u>See</u> Boulos Decl. Exhibit A at Section D, ¶ 2. The <u>BNPD</u> Protective Order also allows disclosure of confidential information to outside counsel; experts and consultants; witnesses; deponents; the Court; and in-house counsel. <u>See</u> Boulos Decl. Exhibit B at ¶ 4(a)-(f). The "Restricted Pricing Material" category of the Delaware Action Protective Order is narrower than the "Highly Confidential Material" and, unlike the <u>BNPD</u> Protective Order, precludes disclosure to in-house counsel. <u>See</u>

3

Boulos Decl. Exhibit A at Section D, ¶ 3. That category is more restrictive than the BNPD Protective Order and would not be appropriate for the ND Illinois Action Materials that are covered by the BNPD Protective Order. The "Highly Confidential Material" category is the appropriate one to use for the ND Illinois Action Materials.

**Abbott needs to proceed
on an expedited schedule**

Abbott's opposition to the motion to certify a direct purchaser class in the Delaware Action is due on July 14, 2006. Abbott therefore requests expedited consideration of its motion. If the Court grants the motion, Abbott's counsel in the Delaware Action needs time to review the ND Illinois Action Materials and incorporate them in Abbott's opposition to class certification.

Dated:   Chicago, Illinois
         June 12, 2006

                                        KIRKLAND & ELLIS LLP

                                        By:  /s/ Nader R. Boulos
                                             J. Andrew Langan
                                             Nader R. Boulos (6224518)
                                             KIRKLAND & ELLIS LLP
                                             200 East Randolph Drive
                                             Chicago, Illinois 60601-6636
                                             Telephone: 312-861-2000
                                             Facsimile: 312-861-2200

                                        *Attorneys for Abbott Laboratories*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2006, I electronically served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR PERMISSION TO USE DOCUMENTS COVERED BY A PROTECTIVE ORDER via the United States District Court for the Northern District of Illinois' CM/ECF system, which will send notification of filing to all registered counsel of record, and upon the following counsel via facsimile:

| Counsel | Firm | Fax | Phone |
| --- | --- | --- | --- |
| Richard Alan Arnold<br>William J. Blechman<br>Scott E. Perwin | Kenny, Nachwalter | 305-372-1861 | 305-373-1000 |
| Douglas H. Patton | Dewsnup, King & Olson | 801-363-4218 | 801-533-0400 |
| Cynthia L. Gibson<br>Robert Alexander Pitcairn, Jr. | Katz, Teller, Brant | 513-721-7120 | 513-721-4532 |
| George R. Kucik | Arent, Fox, Kintner | 202-857-3695 | 202-857-6000 |
| D. Michael Crites<br>Neil K. Evans | Hahn, Loeser & Parks | 614-221-5909 | 614-221-0240 |
| Thomas L. Long<br>Otto A. Beatty III<br>Elizabeth L. Hnedershot | Baker & Hostetler | 614-462-2616 | 614-228-1541 |
| Jacqueline A. Criswell | Tressler, Soderstrom | 312-627-1717 | 312-627-4000 |
| Arthur F. Golden | Davis, Polk | 212-450-4800 | 212-450-4000 |
| Kenneth R. Logan<br>Joseph F. Tringali<br>Jayma M. Meyer | Simpson Thacher | 212-450-2502 | 212-455-4000 |
| Douglas D. Broadwater<br>Stephen S. Madsen | Cravath, Swaine & Moore | 212-474-3700 | 212-474-1000 |
| Wayne Cross<br>Robert Milne | White & Case LLP | 212-354-8113 | 212-819-8200 |
| Kenneth M. Kramer<br>James Tallon | Shearman & Sterling | 212-848-7179 | 212-848-4000 |
| Robert K. Stanley<br>James H. Ham, III | Baker & Daniels | 317-237-1000 | 317-237-0300 |
| John Treece | Sidley Austin | 312-853-7036 | 312-853-7000 |
| Kenneth Letzler<br>Jerome Chapman<br>John Freedman | Arnold & Porter | 202-942-5999 | 202-942-5000 |

| J. Thomas Rosch<br>Peter Huston | Latham & Watkins | 415-395-8095 | 415-391-0600 |
| --- | --- | --- | --- |
| David Klingsberg<br>David S. Copeland<br>Robert Grass | Kaye Scholer LLP | 212-836-8689 | 212-836-8000 |
| Mary B. Cranston<br>Terrence A. Callan | Pillsbury Wintrop LLP | 415-983-1200 | 415-983-1000 |
| John W. Nields, Jr.<br>John G. Calendar | Howrey Simon Arnold &<br>White LLP | 202-383-6610 | 202-383-0800 |
| Mark Stewart<br>Stephen J. Kastenberg | Ballard, Spahr | 215-864-8999 | 215-864-8200 |
| Scott A. Stempel<br>Christine A. Laciak | Morgan, Lewis & Bockius,<br>LLP | 202-739-3001 | 202-739-3000 |

/s/ Nader R. Boulos (nboulos@kirkland.com)
Counsel for Abbott Laboratories

# EXHIBIT Y

# REDACTED IN ITS ENTIRETY

# EXHIBIT Z

# REDACTED IN ITS ENTIRETY