**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC. TEVA PHARMACEUTICALS INDUSTRIES, LTD., and NOVAPHARM, LTD., | ) ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | C.A. NO. 02-1512 (***) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATORIES FOURNIER S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) | |
| IMPAX LABORATORIES, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | C.A. NO. 03-120 (***) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER, S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) ) | |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. NO. 05-340 (***) |
| THIS DOCUMENT RELATED TO: ALL ACTIONS | ) ) ) ) | CONSOLIDATED |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. NO. 05-360 (***) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | CONSOLIDATED |

**STIPULATION**

   IT IS HEREBY STIPULATED by the Plaintiffs and the Defendants, subject to the Court's approval as follows:

   1. Any document that has been produced from the files of a party (as indicated by the document's bearing a party's production prefix) in either the patent or antitrust phase of these actions shall be deemed prima facie authentic, subject to the right of that party or the party against whom such a document is offered to adduce evidence or make argument to the contrary. Any document that appears to have been authored by a party also shall be deemed a "business record" that meets the requirements of Rule 803(6) of the Federal Rules of Evidence, subject to the right of that party or the party against whom such a document is offered to adduce evidence or make argument to the contrary.

   2. Except as set forth below, any objection to a document's authenticity, or the business-record status of a document apparently authorized by a party, must be made not later than the Final Pretrial Conference. A denial of a document's authenticity or business record status by counsel or by one or more witnesses of a party against whom the document is offered, without further corroboration or circumstantial indicators of non-authenticity or business-record status, shall not be a valid basis for objecting to authenticity or business-record status. In the event any party raises an objection to authenticity or business-record status in its reply papers on a motion for summary judgment, the non-moving party shall be entitled to submit a sur-reply addressing solely the objection to authenticity or business-record status.

   3. Abbott and Fournier shall each review documents collectively identified by Plaintiffs, not to exceed a total of one hundred documents, and indicate in good faith with respect to each document identified (a) whether it admits that the document is authentic and subject to the business records exception to the hearsay rules, and (b) if denied, the reason for the denial. Abbott's and Fournier's responses shall be served within thirty days of service of Plaintiffs' list of the documents to be reviewed.

   4. Compliance with Paragraph 3 shall relieve Defendants from further responding to all outstanding requests for admissions and related interrogatories directed to authentication and admissibility, including:

    (a)    Impax's First Antitrust Set of Requests for Admission to Counterclaim Defendants;

    (b)    Impax's Second Set of Antitrust Interrogatories;

    (c)    Teva's First Set of Requests for Admission (Nos. 1-25);

    (d)    Teva's Second Set of Antitrust Interrogatories;

    (e)    Direct Purchaser Plaintiffs' First Set of Requests for Admission and Related Interrogatories; and

    (f)    Indirect Purchaser Plaintiffs' First Requests for Admissions to Defendants.

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess (#630)
Jessica Zeldin (#3558)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433

*Liaison Counsel for Direct Purchasers*

PRICKETT JONES & ELLIOTT, P.A.

*/s/ Elizabeth M. McGeever*
Elizabeth M. McGeever (#2057)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6521

*Counsel for Walgreen Co., Eckerd Corp., The Kroger Co., Maxi Drugs, Inc. d/b/a Brooks Pharmacy, Albertson's Inc., Safeway, Inc. and Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corp. and Rite Aid Hdqtrs Corp., and American Sales Company, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Abbott Laboratories*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
Anna Shea Gaza (#4093)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Fournier Industrie et Santé and Laboratoires Fournier, S.A*

| | |
|---|---|
| CHIMICLES & TIKELLIS LLP | MURPHY & LANDON |
|   |   |
|   /s/ A. Zachary Naylor |   /s/ Jonathan L. Parshall |
| Pamela S. Tikelis (#2172)<br>A. Zachary Naylor (4439)<br>One Rodney Square<br>P.O. Box 1035<br>Wilmington, DE 19899<br>(302) 656-2500 | Jonathan L. Parshall (#3247)<br>1011 Centre Road, Suite 210<br>Wilmington, DE 19805<br>(302) 472-8100 |
| | *Attorneys for Pacificare Health Systems, Inc.* |
| *Liaison Counsel for Indirect Purchasers* | |
| YOUNG CONAWAY STARGATT<br>& TAYLOR, LLP | MORRIS JAMES LLP |
|   /s/ Josy W. Ingersoll |   /s/ Mary B. Matterer |
| Josy W. Ingersoll (#1088)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>(302) 571-6600 | Mary B. Matterer (#2696)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>(302) 888-6800 |
| | *Attorneys for Impax Laboratories, Inc.* |
| *Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries Ltd., and Novopharm Ltd.* | |

                SO ORDERED this _____ day of June, 2007.

                _____
                UNITED STATES MAGISTRATE JUDGE