# EXHIBIT 1

VARIATIONS IN STATE CONSUMER PROTECTION ACTS: DEFENDANTS' 43 JURISDICTION SURVEY

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **ARIZONA**<br><br>Consumer Fraud<br><br>Ariz. Rev. Stat. Ann. §§ 44-1521 to -1534 (2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>The "act, use or employment by any person of any deception, deceptive act or practice, fraud, . . . misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged" is an "unlawful practice" under the act.<br><br>Ariz. Rev. Stat. Ann. § 44-1522(A). | Yes.<br><br>Sellinger v. Freeway Mobile Home Sales, Inc., 521 P.2d 1119, 1122 (Ariz. 1974).<br><br>Hatsch v. Allstate Ins. Co., 5 P.3d 940, 944 (Ariz. Ct. App. 2000). | Unclear<br><br>There have been no class actions for consumer fraud yet, but where there is an implied private action, there may be a right for a class action.<br><br>Douglas v. Governing Bd. of Window Rock Consol. School Dist. No. 8, 78 P.3d 1065 (Ariz. Ct. App. 2003) (citing Sellinger, 521 P.2d at 1121). | No.<br><br>Any "person" may be a victim of the deceptive act.<br><br>Waste Mfg. & Leasing Corp. v. Hambicki, 900 P.2d 1220, 1223 (Ariz. Ct. App. 1995). | 1 year<br><br>Action brought under statute must be commenced within 1 year "after the cause of action accrues."<br><br>Ariz. Rev. Stat. Ann. § 12-541(5).<br><br>Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994).<br><br>Murry v. W. Am. Mortgage Co., 604 P.2d 651, 654 (Ariz. Ct. App. 1979).<br><br>Case law indicates that the discovery rule applies and action does not accrue until plaintiff discovers or reasonably should have discovered the wrongful act.<br><br>*Id.* | Yes.<br><br>Proximate causation required.<br><br>Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992).<br><br>"Damage is an element of the cause of action."<br><br>Aaron v. Fromkin, 994 P.2d 1039, 1043 (Ariz. Ct. App. 2000). | Unclear.<br><br>Ariz. Rev. Stat. Ann. § 44-1522(A) says "whether or not any person has in fact been misled, deceived or damaged."<br><br>But "Damage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable."<br><br>Holeman, 803 F. Supp. at 242; *see also* Kuehn v. Stanley, 91 P.3d 346, 352 (Ariz. Ct. App. 2004) (holding that reliance was required). | Yes.<br><br>Wrongful concealment must be with "intent that others rely."<br><br>§ 44-1522(A).<br><br>Do not need to show intent to deceive; only intent that other party relied.<br><br>Flagstaff Med. Ctr., Inc. v. Sullivan, 773 F. Supp. 1325, 1361-62 (D. Ariz. 1991), *aff'd in part, rev'd in part on other grounds*, 962 F.2d 879 (9th Cir. 1992). | Compensatory damages. No multiplier.<br><br>Holeman, 803 F. Supp. at 242-43.<br><br>Punitive damages if violation is wanton, reckless, or involves "spite or ill will."<br><br>*Id.* |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **ARKANSAS** Deceptive Trade Practices Ark. Code Ann. §§ 4-88-101 to -115, 4-88-201 to -207 (West 2008). Statute lists prohibited "deceptive acts" which include, inter alia: - "Knowingly making a false representation as to the characteristics . . . of goods;" or - "Engaging in any other unconscionable, false, deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a). | Yes. Ark. Code Ann. § 4-88-113(f). | Yes. Lenders Title Co. v. Chandler, 186 S.W.3d 695 (Ark. 2004) (affirming class certification based on deceptive trade practices claims). | No. Any "person" actually injured may bring action. Ark. Code Ann. § 4-88-113(f). | 5 years Action may be brought 5 years from the date of the violation or from the "date upon which the cause of action arises." Ark. Code Ann. § 4-88-115. "The limitations period begins to run . . . when the wrong occurs, not when it is discovered. However, affirmative acts concealing the cause of action will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence." Staples v. Batesville Casket Co., No. 5:07CV214JMM, 2007 WL 3309289 (E.D. Ark. Nov. 6, 2007) (citations omitted). | Yes. Right of action requires "actual damage or injury" incurred "as a result of" a violation of the act. Ark. Code Ann. § 4-88-113(f). | No law. | Prohibits "knowingly" making false representations of "benefits" of product. Ark. Code Ann. § 4-88-107(a)(1). Prohibits concealment with "intent that others rely." Ark. Code Ann. § 4-88-108. | Compensatory damages. No multiplier. Ark. Code Ann. § 4-88-113(f). Reasonable attorney fees allowed. *Id.* Only elderly or disabled plaintiffs may seek punitive damages. Ark. Code Ann. § 4-88-204. |

2

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA** Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-84 (West 2008). Statute lists prohibited "unlawful practices" which include, inter alia: - misrepresenting standard or quality of goods; or - making false or misleading statements concerning price reductions; or - "inserting an unconscionable provision in the contract." Cal. Civ. Code § 1770(a). | Yes with a pre-suit demand requirement Cal. Civ. Code §§ 1780-82. Requires pre-suit notice and opportunity to cure. Cal. Civ. Code § 1782. | Yes. Cal. Civ. Code §§ 1780, 1781. | Yes. Must be a "consumer" defined as individual who seeks or acquires by purchase or lease any goods or services for personal, family, or household purposes. Cal. Civ. Code §§ 1761(d), 1780(a). Lee v. Gen. Nutrition Cos., No. CV 00-1550LGB (AJWX), 2001 WL 34032651, *10 (C.D. Cal. Nov. 26, 2001), abrogated on other grounds by Wagh v. Metris Direct, Inc., 363 F.3d 821 (9th Cir. 2003). | 3 years Any action brought under the statute "shall be commenced not more than three years from the date of the commission of such method, act, or practice." Cal. Civ. Code § 1783. Discovery rule applies, and will run from the time a reasonable person would have discovered the basis of claim. Mass. Mut. Life Ins. Co. v. Super. Ct., 119 Cal. Rptr. 2d 190, 199 (Cal. Ct. App. 2002). | Yes. Damages must be "as result of" the unlawful practice. Cal. Civ. Code § 1780(a). "Causation [is] a necessary element of proof." Wilens v. TD Waterhouse Group, Inc., 15 Cal. Rptr. 3d 271, 276 (Cal. Ct. App. 2003) | No. Bristow v. Lycoming Engines, No. CIV. S-06-1947 LKK/GGH, 2007 WL 1106098, at *7 (E.D. Cal. Apr. 10, 2007) | Violation must be intentional and occurred despite bona fide procedures to prevent it from occurring. Cal. Civ. Code § 1784. | Actual damages but not less than $1,000 in a class action. No multiplier. Cal. Civ. Code § 1780(a). Punitive damages allowed upon showing of "malice" or "oppression." Cal. Civ. Code § 1780(a)(4). Brockey v. Moore, 131 Cal. Rptr. 2d 746, 749 (Cal. Ct. App. 2003). Mandatory reasonable attorney fees to prevailing plaintiff. See Hayward v. Ventura Volvo, 133 Cal. Rptr. 2d 514, 516 (Cal. Ct. App. 2003). Cal. Civ. Code § 1780(d). Authorizes up to $5,000 more in damages for elderly and disabled persons. Cal. Civ. Code § 1780(b). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA** (cont'd)<br><br>Unfair Competition<br><br>Cal. Bus. & Prof. Code §§ 17200-17210 (West 2008).<br><br>Statute does not list acts but rather provides that:<br><br>"Unfair Competition" is the dissemination of any unlawful, unfair, or fraudulent business act, practice, or deceptive or misleading advertising as well as dissemination to the public of any statement concerning goods or services "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."<br><br>Cal. Bus. & Prof. Code §§ 17200, 17500. | Yes.<br><br>Cal. Bus. & Prof. Code § 17203.<br><br>Californians for Disability Rights v. Mervyn's, LLC, 138 P.3d 207, 209 (Cal. 2006). | Yes.<br><br>Cal. Bus. & Prof. Code § 17203.<br><br>Californians for Disability Rights, 138 P.3d at 209. | No.<br><br>Cal. Bus. & Prof. Code § 17204.<br><br>Any person may bring action.<br><br>Kasky v. Nike, Inc., 119 Cal. Rptr. 2d 296, 303 (2002). | 4 years<br><br>Action must be brought within 4 years "after the cause of action accrued."<br><br>Cal. Bus. & Prof. Code § 17208.<br><br>The case law is in conflict as to whether the discovery rule then applies to § 17200 actions.<br><br>*Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) (cause of action accrues on the date it occurred, not date of discovery. *But see Mass. Mut. Life. Ins. Co.*, 119 Cal. Rptr. 3d at 199 (Discovery Rule applies to consumer protection claims).<br><br>*Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000); *see Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1046 (N.D. Cal. 2004). | Yes.<br><br>Californians for Disability Rights, 138 P.3d at 209; Cal. Bus. & Prof. Code §17204. | Yes.<br><br>Reliance required.<br><br>*O'Brien v. Camisossa Auto Mfg., Inc.*, 73 Cal. Rptr. 3d 911, 922 (Cal. Ct. App. 2008). | Plaintiff must show that "members of the public are likely to be deceived [where allegations] of actual deception, reasonable reliance, and damage are unnecessary."<br><br>*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal. 1983), *superseded by statute* Cal. Bus. & Prof. Code § 17204, *as recognized in* Californians for Disability Rights, 138 P.3d at 209. | Damages not permitted, only equitable relief may be obtained.<br><br>Cal. Bus. & Prof. Code § 17203.<br><br>*Indus. Indem. Co. v. Super. Ct.*, 257 Cal. Rptr. 655, 656-57 (Cal. Ct. App. 1989).<br><br>*Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 40 (S.D. Cal. 1998). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **COLORADO** | Yes. | Yes. | No. | 3 years | Yes. | Yes | Required level of intent depends on the specific violation. Certain violations, including, for example, falsely representing "benefits" of a product must be made "knowingly." | In an individual action, there is a statutory minimum of $500. No multiplier unless "bad faith." |
| Colorado Consumer Protection Act, Colo. Rev. Stat. Ann. §§ 6-1-101 to -115 (West 2008). | Colo. Rev. Stat. Ann. § 6-1-113(1)(a). | Colo. Rev. Stat. Ann. § 6-1-113(2). | "Any person" who has been injured has standing to bring action but the must show that deceptive act significantly impacts actual or potential consumers at large. | Action must be commenced within 3 years after the wrongful act occurred or within 3 years after person discovered or in the exercise of reasonable diligence should have discovered the wrongful act. But, the period may be extended for 1 yr if plaintiff shows that failure to commence the action was caused by defendant's inducing plaintiff to postpone action. | Requires "that the challenged practice caused the plaintiff's injury." | Reliance is required. | | Colo. Rev. Stat. Ann. § 6-1-113(2)(a). |
| Statute lists prohibited deceptive trade practices which include, inter alia: | | | | | Crowe v. Tull, ¶26 P.3d 196, 201 (Colo. 2006) | Violation committed if exposure to violations had led to purchase or other activities is relevant on defendant act. | But other violations are committed without any reference to the level of intent. | Up to 3 times actual damages if "bad faith" is shown. |
| - knowingly making false representations as to the characteristics of goods or services; | | | Hall v. Walter, 969 P.2d 224, 231, 234 (Colo. 1998). | | Hall, 969 P.2d at 235. | | | *Id.* |
| - making false or misleading statements concerning price of goods or price reductions; or | | | | Colo. Rev. Stat. Ann. § 6-1-115. | Colo. Rev. Stat. Ann. § 6-1-113(1)(a). | May Dep't Stores Co. v. State ex rel. Woodard, 863 P.2d 967, 973-4 (Colo. 1993). | Colo. Rev. Stat. Ann. § 6-1-105(1)(e). | In a class action, only actual damages are permitted.<br>*Id.* |
| - failing to disclose material information concerning goods or services if such failure to disclose was intended to induce consumer to enter into transaction.<br><br>Colo. Rev. Stat. Ann. § 6-1-105. | | | | | | | | Also can recover reasonable attorney fees as determined by the court.<br>*Id.* |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| CONNECTICUT<br><br>Unfair Trade Practices Act<br><br>Conn. Gen. Stat. Ann. §§ 42-110a to –110q (West 2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."<br><br>Conn. Gen. Stat. Ann. § 42-110b(a). | Yes.<br><br>Conn. Gen. Stat. Ann. § 42-110a. | Yes.<br><br>But only on behalf of state residents.<br><br>Conn. Gen. Stat. Ann. § 42-110g(b). | No.<br><br>"Any person who suffers an ascertainable loss…as a result of a prohibited act may bring an action.<br><br>Conn. Gen. Stat. Ann. § 42-110g(a)<br><br>"Proof of public interest or public injury" explicitly not required to bring action under statute.<br><br>Id.<br><br>Although privity is not specifically required, an indirect purchaser may be too remote from the alleged conduct to satisfy causation.<br><br>Vacco v. Microsoft Corp., 793 A.2d 1048, 1064-65 (Conn. 2002); see also Pinette v. McLaughlin, 901 A.2d 1269, 1275 (Conn. App. Ct. 2006) ("[P]laintiff must have at least some business relationship with the defendant." (emphasis omitted)). | 3 years.<br><br>Action must be brought within 3 years "after the occurrence of a violation."<br><br>Conn. Gen. Stat. Ann. § 42-110g(f).<br><br>"Occurrence" construed as when the unlawful act took place and discovery rule does not apply.<br><br>See Fichera v. Mine Hill Corp., 541 A.2d 472, 476 (Conn. 1988). | Yes.<br><br>Private action limited to persons who suffer ascertainable loss "as a result of" deceptive practice.<br><br>Conn. Gen. Stat. Ann. § 42-110g(a).<br><br>Must prove actual loss or deprivation.<br><br>Josey v. Filene's Inc., 187 F. Supp. 2d 9 (D. Conn. 2002). | No.<br><br>Reliance not required.<br><br>Izzarelli v. R. J. Reynolds Tobacco Co., 117 F. Supp. 2d 167, 176 (D. Conn. 2000). | "[A] violation of [the statute] may be established by showing either an actual deceptive practice; or a practice amounting to a violation of public policy. Furthermore, a party need not prove an intent to deceive" where "knowledge of falsity, either constructive or actual, need not be proven to establish [a] violation."<br><br>Cheshire Mortgage Serv., Inc. v. Montes, 612 A.2d 1130, 1144 (Conn. 1992) (quotations and citations omitted). | Actual damages. No multiplier.<br><br>Conn. Gen. Stat. Ann. § 42-110g(a).<br><br>Reasonable attorney fees allowed in court's discretion.<br><br>Conn. Gen. Stat Ann. § 42-110g<br><br>Punitive damages allowed in court's discretion if there is reckless indifference to another's rights or wanton or intentional violation of such rights.<br><br>Votto v. Am. Car Rental, Inc. 871 A.2d 981, 985-86 (Conn. 2005). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **DELAWARE**<br><br>Uniform Deceptive Trade Practices Act,[1] Del. Code Ann. tit. 6, §§ 2531-36 (2008).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- misrepresentation of the standard or quality of goods or services;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Del. Code Ann. tit. 6, § 2532. | Yes.<br><br>Del. Code Ann. tit. 6, § 2533.<br><br>But there is only standing if the person has a business interest at stake which is the subject of the deceptive practice.<br><br>Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 70 (Del. 1993); Crosse v. BCBSD, Inc., 836 A.2d 492, 497 (Del. 2003). | No law. | Consumers do not have standing to bring action under the statute and only "businesses" and "competitors" have standing.<br><br>Crosse, 836 A.2d at 497 (holding that the Deceptive Trade Practices Act only applies to "horizontal relationships" and not "vertical relationships" so that consumers do not have standing to bring actions under the statute); S&R Assocs., L.P., III v. Shell Oil Co., 725 A.2d 431, 440 (Del. Super. Ct. 1998) (holding that consumer did not have standing because only competitors have standing under Deceptive Trade Practices Act). | 3 years.<br><br>Action must be brought 3 years from date of occurrence of injury or the date of discovery when plaintiff had reason to know a wrong had been committed.<br><br>Del. Code Ann. tit. 10, § 8106 (applying to any action for damages).<br><br>Pack & Process, Inc. v. Celotex Corp., 503 A.2d 646, 650 (Del. Super. Ct. 1985).<br><br>However, the courts have been reluctant to apply discovery rule in non medical malpractice cases.<br><br>Savin v. Hamlet Corp., No. Civ. A. 01C-10-021 WLW, 2003 WL 22291051, at *2 (Del. Super. Ct. July 24, 2003). | No.<br><br>See Del. Code Ann. tit. 6, § 2533(a) (providing that a person "likely to be damaged" may bring action where proof of profits, or intent to deceive are not required). | No.<br><br>See Del. Code Ann. tit. 6, § 2533(a) (providing that a person "likely to be damaged" may bring action where proof of damage, loss of profits, or intent to deceive are not required). | "Proof of . . . intent to deceive[] is not required."<br><br>Del. Code Ann. tit. 6, § 2533(a).<br><br>Statute prohibits engaging in conduct which "creates a likelihood of confusion or of misunderstanding."<br><br>Del. Code Ann. tit. 6, §2532. | Statute itself does not provide for monetary relief; only injunctive relief available.<br><br>Del. Code Ann. tit. 6, § 2533(a).<br><br>But, if damages are awarded to the aggrieved party under the common law or another statute, such damages "shall be treble" the amount of the actual damages proved.<br><br>Del. Code Ann. tit. 6, § 2533(c).<br><br>Court in "exceptional" cases may award attorney fees to the prevailing party only if defendant has "willfully engaged" in a deceptive practice.<br><br>Del. Code Ann. tit. 6, § 2533(b). |

[1] While Plaintiffs state a claim only under Delaware's Deceptive Trade Practices Act, Delaware law contains several consumer protection statutes, the provisions of which could be implicated by Plaintiffs' claims. See, e.g., Del. Code Ann. Tit. 6, § 2511-2527 (West 2008).

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF COLUMBIA**<br><br>Consumer Protection Procedures Act<br><br>D.C. Code § 28-3901 to -3913 (2008).<br><br>Statute lists prohibited unlawful trade practices which include, inter alia:<br><br>- representing that goods or services are of a particular quality or standard if they are of another;<br><br>- misrepresenting as to a material fact which has tendency to mislead; or<br><br>- failing to state a material fact if such failure tends to mislead.<br><br>- make false or misleading representations about price reductions.<br><br>D.C. Code § 28-3904. | Yes.<br><br>D.C. Code § 28-3905(k)(1). | Yes.<br><br>D.C. Code § 28-3905(k)(1). | Yes.<br><br>Only a "consumer" defined as a person who purchases "consumer goods or services" primarily for "personal, household, or family use" may bring suit.<br><br>D.C. Code § 28-3901(2).<br><br>Mazanderan v. Indep. Taxi Owners' Ass'n, 700 F. Supp. 588, 591 (D.D.C. 1988) (holding taxi operator not a "consumer"); Indep. Commc'ns. Network, Inc. v. MCI Telecomms. Corp., 657 F. Supp. 785, 787-88 (D.D.C. 1987) (holding merchants are not "consumers"). | 3 years.<br><br>Dist. Cablevision, Ltd. P'ship v. Bassin, 828 A.2d 714, 729 (D.C. 2003).<br><br>Action "may not be brought after the expiration [of three years] from the time the right to maintain the action accrues."<br><br>D.C. Code § 12-301(8).<br><br>Discovery rule applies to claims under the statute where cause of action accrues when the plaintiff has knowledge of (or by the exercise of reasonable investigation plaintiff should have knowledge of)<br><br>Diamond v. Davis, 680 A.2d 364, 380-81 (D.C. 1996). | No.<br><br>A merchant may violate the act "whether or not any consumer is in fact misled, deceived or damaged thereby."<br><br>D.C. Code § 28-3904. | No.<br><br>A merchant may violate the act "whether or not any consumer is in fact misled, deceived or damaged thereby."<br><br>D.C. Code § 28-3904. | Scienter only required for award of punitive damages.<br><br>Dist. Cablevision, 828 A.2d at 727-30. | Treble damages or $1500 per violation, whichever is greater.<br><br>D.C. Code § 28-3905(k)(1)(A).<br><br>Reasonable attorney fees are recoverable.<br><br>D.C. Code § 28-3905(k)(1)(B).<br><br>Treble damages available without need to show egregious conduct.<br><br>Dist. Cablevision, 828 A.2d at 728-29.<br><br>Punitive damages available in addition to treble damages if show egregious conduct.<br><br>*Id.* at 728. |

8

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **FLORIDA**<br><br>Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201-213 (West 2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are [] declared unlawful."<br><br>Fla. Stat. § 501.204. | Yes.<br><br>Fla. Stat. § 501.211.<br><br>See, e.g., W.S. Badcock Corp. v. Myers, 696 So. 2d 776, 779 (Fla. Dist. Ct. App. 1996). | Yes.<br><br>Fla. Stat. § 501.211.<br><br>See, e.g., W.S. Badcock, 696 So. 2d at 779. | Unclear.<br><br>One appellate court has held that only in-state consumers may pursue claims under statute.<br><br>OCE Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So. 2d 1037, 1042 (Fla. Dist. Ct. App. 2000); see also Hutson v. Rexall Sundown, Inc., 837 So. 2d 1090, 1093-94 (Fla. Dist. Ct. App. 2003) (affirming denial of nationwide class, but noting that, in certain cases, if there are sufficient contacts with Fla., court may extend statute to out-of-state residents). | 4 years.<br><br>"An action founded on a statutory liability" must be brought "within 4 years."<br><br>Fla. Stat. § 95.11 (3).<br><br>Time runs from the time a cause of action "accrues" which is when the last element of the cause of action occurs.<br><br>Fla. Stat. § 95.031.<br><br>Discovery rule does not apply. Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co., 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). | Causation not required if not seeking damages.<br><br>Davis v. Powertel, Inc., 776 So. 2d. 971, 973-74 (Fla. Dist. Ct. App. 2000)<br><br>But this decision "has been questioned by other [Fla.] courts" on the issue of causation. Green v. McNeil Nutritionals, LLC, No. 2004-0379 CA, 2005 WL 3388158, at *5 (Fla. Cir. Ct. Nov. 16, 2005).<br><br>But to recover damages, must show a "loss as a result" of violation.<br><br>Fla. Stat. § 501.211(2). | No.<br><br>Reliance not required.<br><br>Davis, 776 So. 2d at 973-74. | Statute does not "define the elements of" a claim under the statute. Plaintiff must show that conduct is "likely to mislead" consumers.<br><br>Davis, 776 So. 2d at 973-74. | Actual damages. No multiplier.<br><br>Fla. Stat. § 501.211(2).<br><br>Attorneys' fees & costs allowed.<br><br>Id.<br><br>No punitive damages.<br><br>See Schauer v. GMAC, 819 So. 2d 809, 813 (Fla. Dist. Ct. App. 2002) (noting no special damages under the statute); Urling v. Helms Exterminators, Inc., 468 So. 2d 451, 454 (Fla. Dist. Ct. App. 1985). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **HAWAII**<br><br>Uniform Deceptive Trade Practice Act,[2] Haw. Rev. Stat. § 481A-1 to -5 (2007).<br><br>Statue lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- misrepresentation of the standard or quality of goods or services;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Haw. Rev. Stat. § 481A-3. | Yes, but only for an injunction.<br><br>Haw. Rev. Stat. § 481A-4. | No law. | No. | N/A – only for an injunction. | No.<br><br>Does not need to prove injury to prevail.<br><br>Haw. Rev. Stat. § 481A-4(a).<br><br>Balthazar v. Verizon Hawaii, Inc., 123 P.3d 194, 202-204 (Haw. 2005). | No.<br><br>To prevail, plaintiff does not need to prove "actual confusion or misunderstanding". Haw. Rev. Stat. § 481A-3(b).<br><br>Balthazar, 123 P.3d at 202-204. | No.<br><br>Does not need to prove intent to deceive.<br><br>Haw. Rev. Stat. § 481A-4(a).<br><br>Balthazar, 123 P.3d at 202-204. | Can only obtain an injunction.<br><br>Haw. Rev. Stat. § 481A-4(a).<br><br>Attorney fees shall be granted at the court's discretion, if there deceptive act was willful.<br><br>Haw. Rev. Stat. § 481A-4. |

---

[2] While Plaintiffs state a claim only under Hawaii's Uniform Deceptive Trade Practice Act, Hawaii law contains several consumer protection statues, the provisions of which could be implicated by Plaintiffs' claims. *See, e.g.*, Haw. Rev. Stat. §§ 480-1, 480-2.

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **IDAHO** | Yes. | Yes. | No. | 2 years. | Yes. | Likely not. | "[P]roof of intention to deceive is not required for finding that an act is unfair or deceptive." | Permits greater of actual damages or $1,000. No multiplier. |
| Idaho Consumer Protection Act, Idaho Code Ann. § 48-601 to - 619 (2008). | Idaho Code Ann. § 48-608(1). | Idaho Code Ann. § 48-608(1). | Any "person" may bring action but damage must arise from purchase or lease of "goods or services." | Action cannot be brought more than 2 years after cause of action accrues. | Ascertainable loss incurred "as a result" of violation. | "Actual deception" not required, "tendency or capacity to deceive" is enough. | Kidwell, 615 P.2d at 122-23. | Idaho Code § 48-608(1). |
| Statute lists prohibited "deceptive acts" which include, inter alia: | | | Idaho Code Ann. § 48-608(1). | Idaho Code Ann. § 48-619. | Idaho Code Ann. § 48-608(1). | Kidwell, 615 P.2d at 122-23. | | Attorneys' fees to prevailing plaintiff are mandatory. |
| - misrepresentation of standard or quality of goods or services; | | | "Goods" defined as property, tangible or intangible, real or personal . . . or anything of value. | Statute begins to run when plaintiff knows or should have known of the fraud. | Jackson v. Wood, 859 P.2d 378, 380 (Idaho Ct. App. 1993). | | | Idaho Code § 48-608(4). |
| - making of false or misleading statements concerning price reductions; or | | | "Services" defined as work, labor or any act performed for a consumer. | Performance Chevrolet, Inc. v. Market Scan Info. Sys., Inc., 402 F. Supp.2d 1166, 1172 (D. Idaho 2005). | | | | Nelsen v. Jenkins, 741 P.2d 366, 369 (Idaho Ct. App. 1987). |
| - engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer. | | | Idaho Code Ann. § 48-602. | | | | | Punitive damages if "repeated" or "flagrant," but does not need to show extreme deviation. |
| Idaho Code Ann. § 48-603. | | | | | | | | Idaho Code § 48-608(1). |
| Statute should be consistent with FTC rules – which are persuasive but not binding. | | | | | | | | Mac Tools, Inc. v. Griffin, 879 P.2d 1126, 1131 (Idaho 1994). |
| Idaho Code Ann. § 48-604. | | | | | | | | |
| State ex rel. Kidwell v. Master Distribs., Inc., 615 P.2d 116, 122 (Idaho 1980). | | | | | | | | |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **ILLINOIS**<br><br>Consumer Fraud and Deceptive Business Practices Act. 815 Ill. Comp. Stat. Ann. 505/1-2/H (West 2007).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use . . . of any deception, fraud . . . misrepresentation or the concealment . . . of any material fact, with intent that others rely upon the concealment . . . in the conduct of any trade or commerce are . . . unlawful whether any person has in fact been misled, deceived or damaged."<br><br>815 Ill. Comp. Stat. Ann. § 505/2.<br><br>Interpretation of this statute shall be done consistent with FTC rulings.<br><br>*Id.* | Yes with a pre-suit demand requirement<br><br>815 Ill. Comp. Stat. Ann. 505/10a.<br><br>Must give 30 day notice and demand for relief if defendant is vehicle retailer, which is not applicable for this case.<br><br>815 Ill. Comp. Stat. Ann. 505/10a(h). | Yes.<br><br>815 Ill. Comp. Stat. Ann. 505/10a. | No.<br><br>Any "person" defined to include corp. etc. may bring suit.<br><br>815 Ill. Comp. Stat. Ann. 505/10a.<br><br>But, if plaintiff is not traditional consumer (e.g., a competitor or non-consumer business) then must show that there is a "consumer nexus" in order to have standing. "Consumer Nexus" requires that wrongful acts are directed at market generally and implicate consumer protection concerns.<br><br>Athey Prods. Corp. v. Harris Bank Roselle, 89 F.3d 430, 436 (7th Cir. 1996). *But see* DRL Enters., Inc. v. ePartners, Inc., 173 F. Supp. 2d 818, 820 (stating that many courts find Athey's consumer nexus statement to be too broad). | 3 years.<br><br>Action must be commenced within 3 years after the cause of action accrues.<br><br>815 Ill. Comp. Stat. Ann. 505/10a(e).<br><br>If the attorney general brings an action, the statute tolls until one year after pendency of action.<br><br>815 Ill. Comp. Stat. Ann. 505/10b(1).<br><br>Discovery rule applies where the cause of action accrues when plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.<br><br>Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 441 (7th Cir. 1994). | Yes.<br><br>Proximate causation required.<br><br>Oliveira v. Amoco Oil Co., 776 N.E.2d 151, 164 (Ill. 2002). | Unclear.<br><br>The Illinois Supreme Court has held that while reliance is not expressly required under the statute, there can be no proximate cause causation unless the plaintiff can prove that plaintiff was deceived by and changed his behavior as a result of the misrepresentation. Avery v. State Farm Mut. Ins. Co., 835 N.E.2d 801, 861 (Ill. 2005); Oliveira, 776 N.E.2d at 162. *But see* Oshana v. Coca-Cola Bottling Co., 225 F.R.D. 575, 585 (N.D. Ill. 2005) (denying class certification while holding that proof of reliance is not required, despite the need to establish proximate cause). | Intent to deceive is not required, but intent that consumer rely on the information is required.<br><br>Griffin v. Universal Cas. Co., 654 N.E.2d 694, 700-01 (Ill. Ct. App. 1995). | Compensatory damages. No multiplier.<br><br>815 Ill. Comp. Stat. Ann. 505/10a.<br><br>Punitive damages recoverable if demonstrate fraud, malice or gross negligence.<br><br>*Id.* (permitting "any other relief").<br><br>Guess v. Brophy, 517 N.E.2d 693, 697-698 (Ill. Ct. App. 1987) (noting that no special provision of the statute affords punitive damages other than "any other relief," and to obtain punitive damages plaintiff must demonstrate fraud, malice or gross negligence).<br><br>Court may award reasonable attorneys fees to the "prevailing party."<br><br>815 Ill. Comp. Stat. Ann. 505/10a(e). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **INDIANA**<br><br>Deceptive Consumer Sales<br><br>Ind. Code Ann. §§ 24-5-0.5-1 to -12 (West 2008).<br><br>Statute lists prohibited "deceptive acts" which include, inter alia:<br><br>- that subject of transaction is of a standard or quality if it is not and if supplier knows or should reasonably know that it is not; or<br><br>- that a specific price advantage exists as to the subject of the transaction.<br><br>Ind. Code Ann. § 24-5-0.5-3<br><br>Incurable deceptive act is an act done by the supplier with intent to defraud. | Yes with a pre-suit demand requirement<br><br>Ind. Code Ann. § 24-5-0.5-4.<br><br>Yes.<br><br>Must give notice within sooner of 6 months after discovery or 1 year after transaction at issue, unless it's an incurable violation and the supplier has 30 days to cure it.<br><br>Ind. Code Ann. § 24-5-0.5-5. | Yes.<br><br>Ind. Code Ann. § 24-5-0.5-4. | Yes.<br><br>Although any "person" may bring action, deceptive act action, deceptive act which causes damage must concern subject matter of a "consumer transaction" which is defined as a sale, lease of property to a person for primarily personal...or household.<br><br>Ind. Code Ann. § 24-5-0.5-4.<br><br>Ind. Code. Ann. § 24-5-0.5-2(a). | 2 years.<br><br>No action may be brought more than 2 years from occurrence of the deceptive act.<br><br>Ind. Code Ann. § 24-5-0.5-5(b).<br><br>Discovery rule does not apply. Statute begins to run on the date of the occurrence of the act not the date of discovery of the act.<br><br>A.J.'s Auto. Sales v. Freet, 725 N.E.2d 955, 965 (Ind. Ct. App. 2000)<br><br>But active fraudulent concealment designed to prevent inquiry can toll the statute of limitations.<br><br>Cwiakala v. Economy Autos, Ltd., 587 F. Supp. 1462, 1466 (N.D. Ind. 1984). | Yes.<br><br>Proximate causation required.<br><br>Ind. Code Ann. § 24-5-0.5-4(a). | Yes.<br><br>Reliance required.<br><br>Ind. Code Ann. § 24-5-0.5-4(a). | "Incurable" deceptive practices require "knowing or intentional violation" and "intent to mislead." Most "uncured" deceptive practices require defendant to have "known or reasonably should have known."<br><br>McKinney v. State, 693 N.E.2d 65, 68-69 (Ind. 1998). | Permits greater of $500 or "damages actually suffered."<br><br>Ind. Code Ann. § 24-5-0.5-4(a).<br><br>Court may increase award for three times actual damages for willful deceptive act.<br><br>Ind. Code Ann. § 25-5-0.5-4(a)<br><br>Treble damages recoverable only for elderly plaintiffs.<br><br>Ind. Code Ann. § 24-5-0.5-4(b).<br><br>Court may award reasonable attorney fees to the "prevailing party," unless makes offer to cure.<br><br>Ind. Code Ann. § 25-5-0.5-4(a). |

13

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **KANSAS**<br><br>Consumer Protection Act<br><br>Kan. Stat. Ann. § 50-623 to -644 (2007).<br><br>Statute generally prohibits "any deceptive act or practice in connection with a consumer transaction," and further lists specific prohibited acts such as, inter alia:<br><br>- representations made knowingly or with reason to know that goods or services are of a particular standard or quality when they are not; or<br><br>- the willful use of any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact.<br><br>Kan. Stat. Ann. § 50-626. | Yes.<br><br>Kan. Stat. Ann. § 50-634(b), (c) & (d). | Yes.<br><br>Kan. Stat. Ann. § 50-634(b), (c) & (d).<br><br>But only if it's a violation of specific prohibition of Kan. Stat. Ann. § 50-626 or previously decided by court to be a violation.<br><br>Kan. Stat. Ann. § 50-634 cmt. 4. | Yes.<br><br>Only a "consumer," who is aggrieved or who suffers a loss may bring action.<br><br>Kan. Stat. Ann. § 50-634(b), (c).<br><br>"Consumer" defined as an individual, husband & wife, sole proprietor or family partnership who seeks or acquires property or services for personal, family, household, business, or agricultural purposes.<br><br>Kan. Stat. Ann. § 50-624(b).<br><br>See Kestrel Holdings I, L.L.C. v. Learjet Inc., 316 F. Supp. 2d 1071 (D. Kan. 2004)<br>(corporate entities do not have standing under this act); Cit Group/Sales Fin. Inc. v. E-Z Pay Used Cars Inc., 32 P. 3d 1197, 1204-05 (Kan. Ct. App. 2001)<br>(does not include a gratuitous surety for a loan). | 3 years.<br><br>Action must be brought within 3 years.<br><br>Kan. Stat. Ann. § 60-512(2).<br><br>Alexander v. Certified Master Builders Corp., 1 P.3d 899, 905 & 908 (2000).<br><br>Time begins to run when plaintiff learns of the alleged misconduct.<br><br>See Roy v. Young, 93 P.3d 712, 715-16 (Kan. 2004).<br><br>There is a dispute as to if the discovery rule applies to this statute.<br><br>Perry H. Bacon Trust v. Transition Partners, Ltd., 298 F. Supp. 2d 1182, 1190 (D. Kan. 2004). | Yes.<br><br>"Casual connection" required. Must suffer loss or injury as result of the violation.<br><br>Kan. Stat. Ann. §§ 50-626, 50-634(b).<br><br>Finstad v. Washburn Univ. of Topeka, 845 P.2d 685, 690-92 (Kan. 1993). | Yes.<br><br>Reliance required.<br><br>Finstad, 845 P.2d at 690-92<br>(analyzing causal requirement and noting that because plaintiffs did not rely upon the unlawful act, they were not "aggrieved" by it). | Most deceptive acts or practices require willful or knowingly making of (or have reason to know of) misrepresentation or omission.<br><br>Kan. Stat. Ann. § 50-626(b)(2)-(4).<br><br>York v. InTrust Bank, N.A., 962 P.2d 405, 420-21 (Kan. 1998). | In individual action, plaintiff may recover equitable relief, or the greater of damages or civil penalty of up to $10,000 for each violation. No multiplier.<br><br>Kan. Stat. Ann. § 50-634.<br><br>May recover reasonable attorney fees.<br><br>*Id.* |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MAINE** | Yes with a pre-suit demand requirement. | Yes. | Yes. | 6 years. | Yes. | No law. | Intent to deceive not required. | Actual damages or restitution and equitable relief. No multiplier. |
| Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, §§ 205-A to 214 (2008). | Me. Rev. Stat. Ann. tit. 5, § 213.<br><br>Tungate v. MacLean-Stevens Studios, Inc., 714 A.2d 792 (Me. 1998). | Me. Rev. Stat. Ann. tit. 5, § 213.<br><br>Tungate, 714 A.2d at 792. | Action limited to "person" who purchases goods or services "primarily for personal, family or household purposes.'"<br><br>Me. Rev. Stat. Ann. tit. 5, § 213(1). | Actions "shall be commenced within 6 years after the cause of action accrues."<br><br>Me. Rev. Stat. Ann. tit. 14, § 752.<br><br>Maine v. Bob Chambers Ford, Inc., 522 A.2d 362, 364 (Me. 1987). | Plaintiff must show that he suffered "substantial" injury "as a result of" the unlawful practice so as to be beyond trivial or merely speculative harms."<br><br>Me. Rev. Stat. Ann. tit. 5, § 213.<br><br>Tungate, 714 A.2d at 797. | | Courtney v. Bassano, 733 A.2d 973, 976 (Me. 1999) (noting that misrepresentation made in good faith and without purpose to deceive does not shield from liability). | Me. Rev. Stat. Ann. tit. 5, § 213 (1).<br><br>Reasonable attorney fees and costs are mandatory for successful plaintiff.<br><br>Me. Rev. Stat. Ann. tit. 5, § 213(2). |
| Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition or deceptive acts or practices in the conduct of any trade and commerce are declared unlawful."<br><br>The statute should be interpreted in accordance with the FTC<br><br>Me. Rev. Stat. Ann. tit. 5, § 207. | Right to jury trial.<br><br>Must send pre-suit demand notice 30 days prior to filing of suit.<br><br>Me. Rev. Stat. Ann. tit. 5, § 213(1-A).<br><br>Failure to comply will not result in dismissal but can result in the sanction of a temporary stay.<br><br>See Oceanside at Pine Point Condo Ass'n v. Peachtree Doors, Inc., 659 A.2d 267, 273 (Me. 1995). | | | Generally, a cause of action "accrues" when the plaintiff receives a "judicially cognizable injury."<br><br>Discovery rule only applies if plaintiff's claim itself is grounded in fraud. In that case, statute of limitations begins to run only when the plaintiff "discovers" or in the exercise of ordinary prudence should have discovered the existence of the cause of action.<br><br>Dugan v. Martel, 588 A.2d 744, 746 (Me. 1991). | | | | |

15

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MARYLAND**<br><br>Maryland Consumer Protection Act<br><br>Md. Code Ann., Com. Law §§ 13-301 to -318 (West 2008).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- false or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;<br>or<br><br>- failure to state a material fact if the failure deceives or tends to deceive.<br><br>- false or misleading representation of fact regarding price reductions.<br><br>Md. Code Ann., Com. Law § 13-301. | Yes.<br><br>Md. Code Ann., Com. Law § 13-408 (a).<br><br>Philip Morris, Inc. v. Angeletti, 752 A.2d 200, 234-236 (Md. 2000). | Yes.<br><br>Md. Code Ann., Com. Law § 13-408 (a).<br><br>Philip Morris, 752 A.2d at 234-236. | Yes.<br><br>Actions limited to "consumers," actual or prospective purchaser including co-obligor who purchase "consumer goods or services" primarily for personal, family, household, or agricultural purposes.<br><br>Md. Code Ann., Com. Law § 13-101.<br><br>Fare Deals, Ltd. v. World Choice Travel.com, Inc., 180 F. Supp. 2d 678, 692 (D. Md. 2001).<br><br>An otherwise "consumer good" will not be considered a consumer good if it is not also used primarily for personal, family, household, or agricultural purposes.<br><br>Boatel Indus., Inc. v. Hester, 550 A.2d 389, 398-99 (Md. Ct. Spec. App. 1988). | 3 years.<br><br>Action "shall be filed within three years from the date it accrues."<br><br>Md. Code Ann., Cts. & Jud. Proc. § 5-101.<br><br>Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs., 749 A.2d 806, 808-810 (Md. 2000).<br><br>Discovery rule applies providing that the cause of action accrues when the plaintiff "kn[ows] or reasonably should have known of the wrong," and would be on inquiry notice that they should investigate.<br><br>Cooper v. Berkshire Life Ins. Co., 810 A.2d 1045, 1071 (Md. Ct. Spec. App. 2002). | Yes.<br><br>Private right of action for damages requires injury or loss "as a result" of unlawful practice.<br><br>Md. Code Ann., Com Law § 13-408 (a).<br><br>Hallowell v. Citaramanis, 594 A.2d 591 (Md. Ct. Spec. App. 1991), aff'd, 613 A.2d 964 (Md. 1992) | Yes.<br><br>Reliance required.<br><br>Philip Morris, 752 A.2d at 235 ("Reliance by consumers would also seem to be a necessary precondition to awarding restitution or damages pursuant to the statutory consumer protection provisions."). | Where allegations fall under § 13-301(1) (which only requires a false or misleading statement), scienter is not required.<br><br>Md. Code Ann., Com. Law § 13-301 (1).<br><br>Golt v. Phillips, 517 A.2d 328, 332-33 (Md. 1986). | Compensatory damages.<br><br>Md. Code Ann., Com. Law § 13-408 (a).<br><br>Golt, 517 A.2d at 333.<br><br>No punitive damages.<br><br>Md. Code Ann., Com. Law § 13-408 (a.<br><br>Golt, 517 A.2d at 333.<br><br>Attorneys' fees may also be recovered.<br><br>Md. Code Ann., Com. Law § 13-408 (b). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MASSACHUSETTS**<br><br>Regulation of Business Practices for Consumer Protection<br><br>Mass. Gen. Laws Ann. ch. 93A, §§ 1-11 (West 2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are [] declared unlawful."<br><br>Mass. Gen. Laws Ann. ch. 93A, § 2<br><br>Interpretation should be guided by FTC, but the attorney general may adopt more restrictive restrictions than FTC. Com v. AmCom Enters. 712 N.E.2d 1205, 1208-10 (Mass. App. Ct. 1989). | Yes with a pre-suit demand requirement<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9(1), (2).<br><br>Non-jury, but judge may hear advisory opinion from jury or chose to allow binding jury decision of jury for comparable claims.<br><br>Billingham v. Dohrmann, 771 N.E.2d 166, 171-72 (Mass. App. Ct. 2002)<br><br>Pre-suit demand required at least 30 days prior to filing of action.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9(3).<br><br>If the claim is brought under Section 11, there is no need to present the demand. | Yes.<br><br>Mass. Gen. Laws Ann. ch. 93A, §§ 9(1), (2), 11. | Yes.<br><br>Any "person" injured by an unlawful act may bring suit except persons who are entitled to bring actions under Mass. Gen. Laws ch. 93A, § 11 (i.e., persons who are injured in the conduct of any trade or commerce).<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9(1).<br><br>But, persons who, in the conduct of any trade or commerce, suffer a loss as a result of another person who engages in a deceptive trade practice, are entitled to seek injunctive relief or actual damages but must do so through Mass. Gen. Laws Ann. ch. 93A, § 11.<br><br>Dual inquiry required for applicability under Mass. Gen. Laws Ann. ch. 93A, § 11.<br><br>Grand Pac. Fin. Corp. v. Brauer, 783 N.E.2d 849, 860, 765 (Mass. App. Ct. 2003).<br><br>Mass. Gen. Laws Ann. ch. 93A, §§ 9(1), 11. | 4 years.<br><br>Actions under statute will be commenced within 4 years "after the cause of action accrues."<br><br>Mass. Gen. Laws Ann. ch. 260, § 5A.<br><br>Discovery rule applies to toll limitations period "where misrepresentation concerns a fact that was inherently unknowable, . . . or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with intent to deceive."<br><br>Logiudice v. Metro. Life Ins., 336 F.3d 1, 6 (1st Cir. 2003). | Yes.<br><br>Causation required between unfair acts and claimed loss.<br><br>Mass. Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc., 532 N.E.2d 660, 665 (Mass. 1989).<br><br>Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc., 840 N.E.2d 525, 532 534 (Mass.2006) | No.<br><br>Proof of actual reliance not required.<br><br>Slaney v. Westwood Auto, Inc., 322 N.E.2d 768, 779 (Mass. 1975).<br><br>"[W]hile [the plaintiff] need not show actual reliance on the misrepresentation, the evidence must warrant a finding that a causal relationship existed between the misrepresentation and the injury."<br><br>Heller v. Ins. Co. of N. Am., 573 N.E.2d 8, 13 (Mass. 1991). | Defendant need not know representation was false.<br><br>Slaney, 322 N.E.2d at 779. | Greater of actual damages or $25.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9(3).<br><br>Double to treble damages for "willful or knowing" violations.<br><br>*Id.*<br><br>Attorney fees shall be rewarded. Similar awards for acting under § 11, but probably need to plead separately.<br><br>*Id.* |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MICHIGAN**<br><br>Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901-.922 (West 2008).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>- making false or misleading statements concerning price reductions; or<br><br>- failing to reveal a material fact which tends to mislead or deceive a consumer.<br><br>Mich. Comp. Laws Ann. § 445.903.<br><br>Also includes acts declared to be deceptive by FTC or a Michigan Court decision at least 30 days before the act occurs.<br><br>Mich. Comp. Laws Ann. § 445.911. | Yes.<br><br>Mich. Comp. Laws Ann. § 445.911. | Yes.<br><br>Mich. Comp. Laws Ann. § 445.911. | Yes.<br><br>Although any "person" may bring action, wrongful act must involve purchase of service or good primarily for personal, family or household purposes (the "trade" or "commerce" requirement)<br><br>Mich. Comp. Laws Ann. §§ 445.902, 445.911<br><br>Intent is to protect consumers who purchase goods and services for personal use not commercial use.<br><br>Zine v. Chrysler Corp., 600 N.W.2d 384, 392 (Mich. Ct. App. 1999). | 6 years.<br><br>Action under the statute "shall not be brought more than 6 years after the occurrence of the [] act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the [] act, or practice . . . whichever period of time ends at a later date."<br><br>Mich. Comp. Laws Ann. § 445.911(7).<br><br>Time runs from the date that the alleged violation occurred.<br><br>Snyder v. Boston Whaler, 892 F. Supp. 955, 959 (D. Mich. 1994).<br><br>Discovery rule does not apply.<br><br>Boyle v. Gen. Motors Corp. 661 N.W.2d 557, 559-60 (Mich. 2003) | Yes.<br><br>Loss must be "as a result of a violation" of the Act.<br><br>Mich. Comp. Laws Ann. § 445.911(2).<br><br>Misleading acts or practices must be proximate cause of any damages.<br><br>Zine, 600 N.W.2d at 399. | Partial.<br><br>Reliance not required for individuals in a class. Members of a class action "need not individually prove reliance on the alleged misrepresentations."<br><br>But, must still show that "reasonable person" would have relied on the statement.<br><br>Dix v. Am. Bankers Life Assurance Co. of Fla., 415 N.W.2d 206, 209 (Mich. 1987). | Yes.<br><br>Plaintiff must show Defendant's "intent to deceive through a pattern of misrepresentations."<br><br>Dix, 415 N.W.2d at 209. | In individual actions, the greater of actual damages or $250. No multiplier.<br><br>Mich. Comp. Laws Ann. § 445.911(2), (3).<br><br>Class actions are limited to actual damages.<br><br>Mich. Comp. Laws Ann. § 445.911(2), (3).<br><br>Can recover attorneys' fees for individual act, but not for class actions.<br><br>Gavrilles v. Verizon Wireless, 194 F. Supp. 2d 674, 684 (E.D. Mich. 2002).<br><br>Damages limited to actual damages if defendant demonstrates that alleged unlawful act resulted from "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error."<br><br>Mich. Comp. Laws Ann. § 445.911(6). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MINNESOTA**<br><br>Uniform Deceptive Trade Practices Act,[3] Minn. Stat. Ann. §§ 325D.43-48 (West 2008).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- representation that goods or services are of a particular standard or quality if they are of another;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Minn. Stat. Ann. § 325D.44. | Yes.<br><br>Minn. Stat. Ann. § 325D.45. | Yes.<br><br>Parkhill v. Minn. Mut. Life Ins. Co., 188 F.R.D. 332 (D. Minn. 1999), aff'd 286 F. 3d 1051 (8th Cir. 2002). | No.<br><br>Any person may bring suit.<br><br>Minn. Stat. Ann. § 325D.45. | 6 years.<br><br>Actions will be commenced "within 6 years."<br><br>Minn. Stat. Ann. § 541.05(2)<br><br>Discovery rule does not apply. The statute begins to run from the date the alleged statutory violations occurred.<br><br>Tuttle v. Lorillard Tobacco Co., 377 F.3d 917, 926 (8th Cir. 2004) (holding that the Minnesota UDTPA, Minnesota Consumer Fraud Act and Minnesota False Advertising Act do "not include a discovery allowance as does the statute of limitations applicable to fraud claims"). | No.<br><br>Person "likely to be damaged" by the deceptive trade practice may bring action.<br><br>Minn. Stat. Ann. § 325D.45.<br><br>Must prove a legal nexus between the injury and defendant's conduct. Group Health Plan Inc. v. Philip Morris, Inc., 621 N.W.2d 2, 14 (Minn. 2001). | Yes.<br><br>Person "likely to be damaged" by the deceptive trade practice may bring action.<br><br>Minn. Stat. Ann. § 325D.45.<br><br>Must establish reliance, but it may be done by direct or circumstantial evidence.<br><br>Group Health, 621 N.W.2d at 14-15.<br><br>Defendant may "present evidence negating a plaintiff's direct or circumstantial showing of causation and reliance." In re St. Jude Med., Inc., No. 06-2860, 2008 WL 942274, at *3 (8th Cir. Apr. 9, 2008) | "Whether Defendants intend to deceive . . . is irrelevant." Plaintiff need only show that practice is likely or tends to deceive.<br><br>Minn. Stat. § 325D.45.<br><br>United Healthcare Ins. Co. v. Advance PCS, 316 F.3d 737, 743 (8th Cir. 2002). | Only injunctive relief available.<br><br>Minn. Stat. Ann. § 325D.45<br><br>Alsides v. Brown Inst., Ltd., 592 N.W.2d 468, 475-76 (Minn. Ct. App. 1999).<br><br>Reasonable attorneys' fees recoverable for willful practices.<br><br>Minn. Stat. Ann. § 325D.45. |

[3] While Plaintiffs state a claim only under Minnesota's Consumer Protection Act and Uniform Deceptive Act, Minnesota law contains several consumer protection statutes, the provisions of which could be implicated by Plaintiffs' claims. *See. e.g.*, Minn. Stat. § 325.F.67.

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MINNESOTA** (cont'd)<br><br>Prevention of Consumer Fraud Act<br><br>Minn. Stat. Ann. § 325F.68-70 (West 2008).<br><br>Statute lists specific unlawful acts and further provides generally that:<br><br>"The act (or] use . . . by any person of any fraud . . . misrepresentation . . . or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceyed, or damaged thereby, is enjoinable. . . ."<br><br>Minn. Stat. Ann. § 325F.69. | Yes.<br><br>Minn. Stat. Ann. § 8.31(3a).<br><br>Alsides v. Brown Inst., Ltd., 592 N.W.2d 468, 475-76 (Minn. Ct. App. 1999). | Yes.<br><br>Minn. Stat. Ann. § 8.31(3a).<br><br>Group Health Plan, Inc., 621 N.W.2d at 9, 10. | Unstilled.<br><br>Broadly declined. Although any "person" who is injured may bring action, statute designed to protect consumers in connection with consumer transactions (i.e., corporations, merchants, and competitors are not "consumers").<br><br>Minn. Stat. Ann. § 8.31(3a).<br><br>Ly v. Nystrom, 615 N.W.2d 302, 308 (Minn. 2000) (noting that "consumer" not defined in statute but intent is to protect "consumers"); Solvay Pharms., Inc. v. Ellex Corp., 298 F. Supp. 2d 880, 86-87 (D. Minn. 2004) (holding statute does not apply to competitors).<br><br>But this distinction may have been removed and may allow indirect purchasers to bring a claim.<br><br>Group Health, 621 N.W.2d at 6-9. | 6 years.<br><br>Actions will be commenced "within 6 years."<br><br>Minn. Stat. Ann. § 541.05(2)<br><br>Estate of Riedel v. Life Care Ret. Cmtys., Inc., 505 N.W.2d 78, 83 (Minn. Ct. App. 1993).<br><br>Discovery rule does not apply. Statute begins to run from the date the fraudulent act is made.<br><br>Tuttle, 377 F.3d at 926 (holding that the Minnesota UPTPA Consumer Fraud Act and Minnesota False Advertising Act do "not include a discovery allowance as does the statute of limitations applicable to fraud claims"). | Yes.<br><br>Injury must be "by a violation" of the statute.<br><br>Minn. Stat. Ann. § 8.31(3a)<br><br>Must prove a legal nexus between the injury and defendant's conduct.<br><br>Group Health, 621 N.W.2d at 14. | Yes.<br><br>Group Health, 621 N.W.2d at 14.<br><br>Must establish reliance, but it may be done by direct or circumstantial evidence if it is too difficult to do it with individual reliance requires<br><br>Group Health, 621 N.W.2d at 14-15.<br><br>Defendant may "present evidence negating a plaintiff's direct or circumstantial showing of causation and reliance."<br><br>In re St. Jude Med., Inc., No. 06-2860, 2008 WL 942274, at *3 (8th Cir. April 9, 2008) | May be held liable for negligent and unintentional acts.<br><br>McNamara v. Nemeco Bldg. Specialties, 26 F. Supp. 2d 1168, 1171 (D. Minn. 1998).<br><br>But, need to establish that defendant "intended to induce reliance."<br><br>LaSage v. Nw. Bank Calhoun-Isles, N.A., 409 N.W.2d 536, 539 (Minn. Ct. App. 1987). | Actual damages and injunctive relief. No multiplier.<br><br>Minn. Stat. Ann. § 8.31(3a).<br><br>Attorney fees and costs may be awarded.<br><br>*Id.*<br><br>No punitive damages unless can slow personal injury.<br><br>*See* Wilson v. Polaris Indus., Inc., No. C7-98-676, 1998 WL 779033, at *3 (Minn. Ct. App. Nov. 10, 1998) ("Appellant argues that punitive damages are allowed on his consumer fraud claims . . . [b]ut . . . '[a]bsent personal injury, a partry injured by a product may not recover punitive damages.'" (citations omitted)). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **MISSOURI**<br><br>Merchandising Practices Act<br><br>Mo. Ann. Stat. § 407.010-130 (West 2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act, use . . . by any person of any deception, fraud . . . misrepresentation . . . or the concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice."<br><br>Mo. Ann. Stat. § 407.020. | Yes.<br><br>Mo. Ann. Stat. § 407.025. | Yes.<br><br>Mo. Ann. Stat. § 407.025. | Yes.<br><br>Private action available only for person who purchases goods or services primarily for personal, family, or household purposes.<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>Schimmer v. H.W. Freeman Constr. Co., 607 S.W.2d 767, 768 (Mo. Ct. App. 1980).<br><br>Goods or services must be for personal not commercial use.<br><br>Sacy v. CompUSA, Inc., 174 F.R.D. 448, 450 (D. Mo. 1997) (dismissed case). | 3 years.<br><br>Action must be brought "within 3 years."<br><br>Mo. Ann. Stat. § 516.130 (2).<br><br>Neither case law nor statute expressly addresses when a claim under the statute accrues or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>"Ascertainable loss" must be "as a result of unlawful acts.<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>Injury must be "proximately caused by defendant's actions."<br><br>Willard v. Bic Corp., 788 F. Supp. 1059, 1070 (W.D. Mo. 1991). | No.<br><br>Reliance not required.<br><br>Missouri ex rel. Webster v. Areaco Inv. Co., 756 S.W.2d 633, 636 (Mo. Ct. App. 1988) ("We also do not find that proof of reliance by customers is a necessary element of such cases."). | "It is the defendant's conduct, not his intent, which determines whether a violation has occurred."<br><br>Areaco Inv., 756 S.W.2d at 635. | Actual damages. No multiplier.<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>Discretionary punitive damages and attorneys' fees.<br><br>Mo. Ann. Stat. § 407.025(1). |

21

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NEBRASKA** Consumer Protection Act  Neb. Rev. Stat. § 59-1601 to -1623 (2008).  Statute does not list unlawful acts but rather provides that:  "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  Neb. Rev. Stat. § 59-1602. | Yes.  Neb. Rev. Stat. § 59-1609.  Raad v. Wal-Mart Stores, Inc., 13 F. Supp. 2d 1003, 1010-11 (D. Neb. 1998). | Yes.  Neb. Rev. Stat. § 59-1609.  Hage v. Gen. Servs. Bureau, 306 F. Supp. 2d 883, 889 (D. Neb. 2003). | No.  Any "person" who is injured directly or indirectly may bring action.  Neb. Rev. Stat. Ann. § 59-1609.  Class of persons who may bring action interpreted broadly.  Arthur v. Microsoft Corp., 676 N.W.2d 29, 34-35 (Neb. 2004). | 4 years.  Action under the statute "shall be forever barred unless commenced within four years after the cause of action accrues," subject to suspension during pendency of an attorney general's action.  Neb. Rev. Stat. § 59-1612.  Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.  Plaintiff must be injured "by a violation" of the Act.  Neb. Rev. Stat. § 59-1609.  Eicher v. Mid Am. Corp., 702 N.W.2d 792, 804 (Neb. 2005) (upholding award where act proximately caused the injury). | Yes.  Reliance required.  Raad, 13 F. Supp. 2d at 1016. | Plaintiff must prove that "the practice possessed the tendency or capacity to mislead, or created the likelihood of deception."  Raad, 13 F. Supp. 2d at 1014. | Actual damages and equitable relief. No multiplier.  Neb. Rev. Stat. § 59-1609.  Discretionary non-pecuniary increase not to exceed $1,000.  Id.  Attorney fees recoverable.  Id.  No jury trial.  Hage, 306 F. Supp. 2d at 890. |
| **NEBRASKA** Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to -306 (2008).  -Statute lists prohibited "deceptive trade" practices which includes inter alia  -Represents the quality of goods if they are of another quality.  -False or misleading statements concerning of price reductions.  Neb. Rev. Stat. §§ 87-301 to 306. | Yes, but only for injunction.  Nev. Rev. Stat § 87-303  Triple 7 Inc. v. Intervet, Inc., 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004) | | Only for an injunction. | 4 years from date of purchase of the goods  Nev. Stat. § 87-303.10 | No Law | No Law | No Law | No damages, only injunction Nev. Rev. Stat § 87-303.  Attorney fees may be recovered, if the suit was a willful engagement in deceptive act.  Id. |

22

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| NEVADA<br><br>Deceptive Trade Practices Act<br><br>Nev. Rev. Stat. Ann. § 598.0903-.0999 (West 2008).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- knowingly making a false representation as to the characteristics of goods or services.<br><br>-makes false or misleading statement regarding price reductions.<br><br>Nev. Rev. Stat. Ann. § 598.0915.<br><br>- knowingly fails to disclose a material fact in connection with the sale or lease of goods or services.<br><br>Nev. Rev. Stat. Ann. § 598.0923 | Yes.<br><br>Nev. Rev. Stat. Ann. § 41.600. | Yes.<br><br>Nev. Rev. Stat. Ann. § 41.600. | No.<br><br>Any "victim of consumer fraud" may bring action where "consumer fraud" defined to include deceptive acts and trade practices.<br><br>Nev. Rev. Stat. Ann. § 41.600. | 3 years.<br><br>"[A]ction upon liability created by statute" may only be "commenced" within 3 years.<br><br>Nev. Rev. Stat. Ann. § 11.190(3a).<br><br>Neither case law nor statute expressly addresses when a claim under the statute must be "commenced" or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>A claim may be brought by "any person who is the victim of consumer fraud."<br><br>Nev. Rev. Stat. Ann. § 41.600(1). | No law. | Requires defendant "knowingly make" a "false representation in a transaction."<br><br>Nev. Rev. Stat. Ann. §§ 598.0915, 598.0923. | Actual damages. No multiplier.<br><br>Nev. Rev. Stat. Ann. § 41.600.<br><br>Elderly or disabled may claim punitive damages.<br><br>Nev. Rev. Stat. Ann. § 598.0977.<br><br>Mandatory attorney fees to prevailing plaintiff.<br><br>Nev. Rev. Stat. Ann. § 41.600. |

23

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| NEW HAMPSHIRE<br><br>Regulation of Business Practices for Consumer Protection<br><br>N.H. Rev. Stat. Ann. § 358-A:1 to :13 (2008).<br><br>Statute generally prohibits "[u]nfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce," and further lists specific prohibited acts such as, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- making false or misleading statements concerning price reductions; or<br><br>- pricing of goods or services in a manner that tends to create or maintain a monopoly, or otherwise harm competition.<br><br>N.H. Rev. Stat. Ann. § 358-A:2.<br><br>Interpretation of the statute should be guided by the FTC.<br><br>N.H. Rev. Stat. Ann. § 358a-A:13. | Yes.<br><br>N.H. Rev. Stat. Ann. §§ 358-A:10, 358-A:10-a. | Yes.<br><br>N.H. Rev. Stat. Ann. §§ 358-A:10, 358-A:10-a. | No.<br><br>Any "person" who is injured may bring suit.<br><br>N.H. Rev. Stat. Ann. § 358-A:10(1).<br><br>Person is defined and interpreted broadly and includes sellers and competitors.<br><br>Pacamor Bearings Inc. v. Minebea Co., 918 F. Supp. 491, 504 (D.N.H. 1996); Milford Lumber Co. v. RCB Realty, 780 A.2d 1259, 1260-62 (N.H. 2001). | 3 years.<br><br>Transactions entered into "more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation" of the statute are exempted from the statute.<br><br>N.H. Rev. Stat. Ann. § 358-A:3-IV-a.<br><br>Discovery rule does not apply.<br><br>Catucci v. Lewis, 665 A.2d 378, 379 (N.H. 1995). | Yes.<br><br>Plaintiffs must establish a "causal link" between the unlawful conduct and their injuries.<br><br>Mulligan v. Choice Mortgage Corp. USA, No. CIV. 96-596-B, 1998 WL 544431, at *12 (D.N.H. Aug. 11, 1998). | No.<br><br>Reliance not required.<br><br>Mulligan, 1998 WL 544431, at *11.<br><br>Not need to prove acted confusion or misunderstanding.<br><br>N.H. Rev. Stat. Ann. § 358-A:11. | "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."<br><br>Barrows v. Boles, 687 A.2d 979, 986-987 (N.H. 1996). | In individual actions, greater of actual damages or $1,000.<br><br>N.H. Rev. Stat. § 358-A:10.<br><br>In individual actions, if the violation was "willful or knowing" court shall award between 2 times and 3 times actual damages.<br><br>N.H. Rev. Stat. § 358-A:10.<br><br>In individual actions, mandatory attorney fees to prevailing plaintiff.<br><br>N.H. Rev. Stat. § 358-A:10.<br><br>Class actions damages limited to actual damages, equitable relief, and discretionary attorney fees.<br><br>N.H. Rev. Stat. § 358-A:10-a. |

24

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NEW JERSEY**<br><br>Consumer Fraud Act<br><br>N.J. Stat. Ann. §§ 56:8-1, et seq. (West 2008).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act, use . . . by any person of any unconscionable commercial practice, deception, fraud . . . misrepresentation, or the knowing, concealment . . . of any material fact with intent that others rely upon such concealment . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."<br><br>N.J. Stat. Ann. § 56:8-2. | Yes.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Wenberg v. Sprint Corp., 801 A.2d 281, 291 (N.J. 2002).<br><br>Must file notice of claim with State Attorney General 10 days after filing of action.<br><br>N.J. Stat. Ann. § 56:8-20.<br><br>Indirect consumers do not have standing to bring an action under this law. Island Mortgage of N.J. v. 3M, 860 A.2d 1013, 1017-18 (N.J. Super. Ct. Law Div. 2004) (following the reasoning in Illinois Brick to find the indirect purchasers did not have standing). | Yes.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Wenberg, 801 A.2d at 290-292. | No, but must be in connection with a consumer oriented transaction.<br><br>Any "person" who is injured may bring action.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Act does not apply solely to goods purchased for home or personal use. Persons who buy for commercial use have standing.<br><br>Kavky v. Herbalife Int'l of Am., 820 A.2d 677, 681-82 (N.J. Super. Ct. App. Div. 2003).<br><br>Character of the wrongful act not the identity of the plaintiff, controls — must be a consumer-oriented transaction to have standing.<br><br>Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 560 (D.N.J. 2002) (noting that corporation may qualify under the statute as a plaintiff as long as transaction is "consumer-oriented"). | 6 years.<br><br>Action shall be commenced within 6 years next after the cause of any such action shall have accrued.<br><br>N.J. Stat. Ann. § 2A:14-1; Mirra v. Holland Am. Line, 751 A.2d 138, 139 (N.J. Super. Ct. App. Div. 2000).<br><br>Discovery rule applies. Cause of action "accrues" under the statute when the plaintiff "discovers" or through the exercise of reasonable diligence should have discovered the injury.<br><br>Sangemino v. Money Mailer, No. 96-3845, 1997 WL 452208, at *4 (D.N.J. July 25, 1997). | Yes.<br><br>Any person who suffers ascertainable loss of money or property "as a result of" unlawful acts may bring an action.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Wenberg, 801 A.2d at 291.<br><br>This "'causation' provision" requires plaintiff "to prove that the unlawful consumer fraud caused his loss."<br><br>Cox v. Sears Roebuck & Co., 647 A.2d 454, 464-65 (N.J. 1994). | No.<br><br>Reliance not required.<br><br>Gennari v. Weichert Co. Realtors, 691 A.2d 350, 366 (N.J. 1997).<br><br>"While reliance need not be proven under the NJCFA, plaintiffs must nevertheless demonstrate that each class member read one or more of the advertisements upon which plaintiffs rely and that one or more of the false advertising and material factual concealments which they allege were contained therein constituted a proximate cause of "an ascertainable loss' of money or property."<br><br>Fink v. Ricoh Corp., 839 A.2d 942, 958 (N.J. Super. Ct. Law Div. 2003). | Liability for affirmative misrepresentations requires no knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive.<br><br>But, for omissions, "the plaintiff must show that the defendant acted with knowledge," and intent that plaintiff rely upon the omission.<br><br>N.J. Stat. Ann. § 56:8-2.<br><br>Gennari, 691 A.2d at 365. | Actual damages.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Mandatory treble damages.<br><br>Id.<br><br>Mandatory reasonable attorney fees to prevailing plaintiff.<br><br>Id. |

25

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NEW MEXICO**<br><br>Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to -26 (West 2008).<br><br>"Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful."<br><br>N.M. Stat. Ann. § 57-12-3.<br><br>An unfair and deceptive trade practice includes:<br><br>-falsely representing goods are of specific quality<br><br>-false or misleading statements about price reductions<br><br>Follow the FTC and Federal Courts in interpreting this act.<br><br>N.M. Stat. Ann. § 57-12-4. | Yes.<br><br>N.M. Stat. Ann. § 57-12-10. | Yes.<br><br>N.M. Stat. Ann. § 57-12-10. | No.<br><br>Any "person" who suffers a loss or is likely to suffer a loss may bring action.<br><br>N.M. Stat. Ann. § 57-12-10(A), (B). | 4 years.<br><br>Actions are to be brought "within four years of accrual."<br><br>Tiberi v. Cigna Corp., 89 F.3d 1423, 1430 (10th Cir. 1996); see N.M. Stat. Ann. § 57-12-1-4.<br><br>Discovery rule applies where statute does not run until plaintiff "discovers the fraud or when, with reasonable diligence, the plaintiff could have discovered the fraud."<br><br>Tiberi, 89 F.3d at 1430. | Yes, if seeking actual damages<br><br>Any person who suffers a loss of money or property "as a result of" unlawful acts may bring an action.<br><br>N.M. Stat. Ann. § 57-12-10(B).<br><br>Plaintiff must show defendant's violation caused plaintiff damages.<br><br>Stevenson v. Louis Dreyfus Corp., 811 P.2d 1308, 1311 (N.M. 1991); Mulford v. Altria Group, Inc., 242 F.R.D. 615, 625-26 (D.N.M. 2007). *But see Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1099 (N.M. Ct. App. 2007) (plaintiff need not prove economic or property loss if seeking statutory $100 minimum). | No.<br><br>Reliance not required.<br><br>Smoot v. Physicians Life Ins. Co., 87 P.3d 545, 551 (N.M. Ct. App. 2003). | Need not be intentionally made, but defendant must know or should know that representation is false.<br><br>N.M. Stat. Ann. § 57-12-2(D).<br><br>Stevenson, 811 P.2d at 1311. | Actual damages.<br><br>N.M. Stat. Ann. § 57-12-10(B).<br><br>Discretionary treble damages if willful violation.<br><br>*Id.*<br><br>Mandatory attorneys' fees to successful plaintiff.<br><br>N.M. Stat. Ann. § 57-12-10(C).<br><br>Unnamed class members limited to actual damages.<br><br>N.M. Stat. Ann. § 57-12-10(E). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NEW YORK** Consumer Protection from Deceptive Acts and Practices N.Y. Gen. Bus. Law §§ 349 to 530-l-i (McKinney 2008).[4] Statute does not list unlawful acts but rather provides that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." Does not include unfair competition within this act. N.Y. Gen. Bus. Law § 349(a) Leider v. Ralfe, 387 F. Supp.2d 283, 295 (S.D.N.Y. 2005). | Yes. N.Y. Gen. Bus. Law § 349(h). Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593 (N.Y. App. Div. 1998). | Yes. N.Y. Gen. Bus. Law § 349(h). Small, 679 N.Y.S.2d at 593 (N.Y. App. Div. 1998). | No. Any "person" may bring action. N.Y. Gen. Bus. Law § 349(h). Hart v. Moore, 587 N.Y.S.2d 477, 479 (N.Y. Sup. Ct. 1992). But, plaintiff must prove that the challenged act was "consumer-oriented." Stutman v. Chem. Bank, 731 N.E.2d 608, 611-12 (N.Y. 2000). "Consumer-oriented" means that plaintiff must show that challenged act and practice has broader impact on consumers at large. Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995). | 3 years. Action to "recover upon a liability . . . created or imposed by statute" "must be commenced within three years." N.Y. C.P.L.R. 214(2) Gaidon v. Guardian Life Ins. Co. of Am., 750 N.E.2d 1078, 1082 (N.Y. 2001). Discovery rule does not apply to claims brought under § 349. Wender v. Gilberg Agency, 716 N.Y.S.2d 40, 41-42 (N.Y. App. Div. 2000) (holding that claims under General Business Law § 349 the discovery rule is not applicable and cannot serve to extend the limitations period). | Yes. Plaintiff must have suffered injury "as a result of the deceptive act." Stutman, 731 N.E. 2d at 611-612. The plaintiff must prove it caused actual harm. Oswego, 647 N.E.2d at 741. | No. Reliance not required. Stutman, 731 N.E. 2d at 611-612 ("[A]s we have repeatedly stated, reliance is not an element.") But action limited to those likely to mislead a reasonable consumer acting reasonably. Oswego, 647 N.E.2d at 741. | Intent to defraud is not an element of a claim under the statute. Stutman, 731 N.E. 2d at 612. | Actual damages. N.Y. Gen. Bus. Law § 349(h). Discretionary treble damages for willful or knowing violations. N.Y. Gen. Bus. Law § 349(h). Discretionary attorneys' fees to prevailing party. N.Y. Gen. Bus. Law § 349(h). |

---

[4] While Plaintiffs state a claim only under New York's Consumer Protection from Deceptive Acts and Practices law, New York law contains several consumer protection statutes, the provisions of which could be implicated by Plaintiffs' claims. *See, e.g.,* N.Y. Gen. Bus Law § 350.

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NORTH CAROLINA**<br><br>Monopolies, Trusts & Consumer Protection<br><br>N.C. Gen. Stat. Ann. § 75-1 to -42 (West 2007).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."<br><br>N.C. Gen. Stat. Ann. § 75-1.1(a). | Yes.<br><br>N.C. Gen. Stat. Ann. § 75-16. | Yes.<br><br>N.C. Gen. Stat. Ann. § 75-16.<br><br>Crow v. Citicorp Acceptance Co., 354 S.E.2d 459 (N.C. 1987). | Complicated.<br><br>Act does not apply solely to "consumers;" businesses that have been injured may also bring suit.<br><br>Olivetti Corp. v. Ames Bus. Sys., Inc., 344 S.E.2d 82, 94-95 (N.C. Ct. App. 1986), aff'd in part, rev'd in part on other grounds, 356 S.E.2d 578 (N.C. 1987).<br><br>But, for a business to have standing under the statute, it must be a competitor of or have commercial dealings with the defendant.<br><br>Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 520 (4th Cir. 1999) (citing Winston Realty Co. v. G.H.G., Inc., 331 S.E.2d 677 (N.C. 1985)). | 4 years.<br><br>Action under statute is "barred unless commenced within four years after the cause of action accrues."<br><br>N.C. Gen. Stat. Ann. § 75-16.2 (1999).<br><br>But, discovery rule applies to claims brought under the statute that are based on fraud where cause of action accrues when the plaintiff "discovers" or should have discovered through the exercise of reasonable diligence the fraud.<br><br>Nash v. Motorola Commc'ns & Elecs., Inc., 385 S.E.2d 537, 538 (N.C. Ct. App. 1989). | Yes.<br><br>Misrepresentations must have "proximately caused actual injury to the plaintiff."<br><br>Excel Staffing Serv., Inc. v. HP Reidsville, Inc., 616 S.E.2d 349, 355 (N.C. Ct. App. 2005). | Yes.<br><br>Reliance required.<br><br>A plaintiff must show that the detrimentally relied upon a deceptive statement or misrepresentation.<br><br>Howerton v. Arai Helmet, Ltd., 581 S.E.2d 816, 830 (N.C. Ct. App. 2003). | "That defendants may have made these misrepresentations negligently and in good faith, in ignorance of their intent to mislead, affords no defense to an action under [the statute]."<br><br>Forbes v. Par Ten Group, Inc., 394 S.E.2d 643, 651 (N.C. Ct. App. 1990).<br><br>"Intent of actor is irrelevant."<br><br>Excel, 616 S.E.2d at 355. | Actual damages with mandatory treble damages.<br><br>N.C. Gen. Stat. Ann. § 75-16.<br><br>Discretionary attorneys' fees upon a finding that defendant's conduct was willful and defendant refused to negotiate settlement.<br><br>N.C. Gen. Stat. Ann. § 75-16.1(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **NORTH DAKOTA**<br><br>Unlawful Sales or Advertising Practices[5]<br><br>N.D. Cent. Code §§ 51-15-01 to -11 (2007).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act [or] use [] by any person of any deceptive act or practice, fraud ... or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice."<br><br>N.D. Cent. Code § 51-15-02. | Yes.<br><br>N.D. Cent. Code § 51-15-09. | Yes.<br><br>N.D. Cent. Code § 51-15-09. | No.<br><br>Any "person" (natural, corporate or otherwise) who has been injured may bring action.<br><br>N.D. Cent. Code § 51-15-09.<br><br>Actions not limited to "consumers" or "consumer transactions."<br><br>Jorgenson v. Agway, Inc., 627 N.W.2d 391, 394 (N.D. 2001). | 6 years.<br><br>An action "upon a liability created by a statute" must be "commenced within six years after the claim for relief has accrued."<br><br>N.D. Cent. Code § 28-01-16(2). | Yes.<br><br>Plaintiff may only sue a "person who has acquired" money or property "by means of" an unlawful practice.<br><br>N.D. Cent. Code § 51-15-09. | No.<br><br>Reliance not required.<br><br>The statute only requires that defendant intended that plaintiff rely.<br><br>N.D. Cent. Code § 51-15-02. | Deceptive act must be made with the "intent that others rely" upon it.<br><br>N.D. Cent. Code § 51-15-02. | Actual damages.<br><br>N.D. Cent. Code § 51-15-09.<br><br>If conduct was "knowing" treble damages and attorney's fees allowed at court's discretion.<br><br>N.D. Cent. Code § 51-15-09. |

[5] While Plaintiffs state a claim only under North Dakota's Unlawful Sales or Advertising Practices, North Dakota law contains several consumer protection statutes, the provisions of which could be implicated by Plaintiffs' claims. See, e.g., N.D. Cent. Code §§ 51-12-01 to -15.

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **OHIO**<br><br>Unfair or Deceptive Consumer Sales Practices<br><br>Ohio Rev. Code Ann. §§ 1345.01-.13 (West 2008).<br><br>Statute generally prohibits the commission of "an unfair or deceptive act or practice in connection with a consumer transaction," and further lists specific prohibited acts such as, inter alia:<br><br>- the representation that the subject of the transaction is of a particular quality or standard if it is not; or<br><br>- the representation that a specific price advantage exists if it does not.<br><br>Ohio Rev. Code Ann. § 1345.02. | Yes.<br><br>Ohio Rev. Code Ann. § 1345.09. | Yes.<br><br>Ohio Rev. Code Ann. § 1345.09. | Yes.<br><br>Only a "consumer" may bring an action.<br><br>"Consumer" defined as any person engaged in a "consumer transaction" which means a transaction involving goods or services for personal, family, or household" use.<br><br>Ohio Rev. Code Ann. § 1345.01. | 2 years.<br><br>Action under statute "may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."<br><br>Ohio Rev. Code Ann. § 1345.10.<br><br>The discovery rule does not apply and there is an absolute time limit. Sproles v. Simpson Fence Co., 649 N.E.2d 1297, 1302 (Ohio Ct. App. 1994). | No.<br><br>Deceptive act or practice need only be "in connection with" a consumer transaction.<br><br>Ohio Rev. Code Ann. § 1345.02(A). | Yes.<br><br>Reliance required, but can be proven by inference for a class action.<br><br>Washington v. Spitzer Mgmt., 2003 Ohio 1735 (Ohio Ct. App. 2003) (holding that in class actions under consumer protection statute, individual reliance on common misrepresentation can be established by inference or presumption). | "Intent to deceive is not an element required for a violation of the deceptive-practices portion of the act."<br><br>Rose v. Zaring Homes, Inc., 702 N.E.2d 952, 956 (Ohio Ct. App. 1997).<br><br>Plaintiff need not prove that defendant intended to commit deceptive act only that act was committed.<br><br>Colburn v. Bauer Realty & Auctioneers, 2003 Ohio 6694, ¶14 (Ohio Ct. App. Dec. 12, 2003). | In individual action, actual damages or rescission.<br><br>Ohio Rev. Code Ann. § 1345.09(A).<br><br>In an individual action only – plaintiff may recover treble damages or rescind the transaction for unconscionable actions.<br><br>Ohio Rev. Code Ann. § 1345.09(B).<br><br>Dotson v. Brondes Motor Sales, Inc., 628 N.E.2d 137, 139 (Ohio Ct. App. 1993).<br><br>Discretionary attorneys' fees to prevailing plaintiff if defendant intentionally committed deceptive act.<br><br>Ohio Rev. Code Ann. § 1345.09(F)(1), (2).<br><br>Einhorn v. Ford Motor Co., 548 N.E.2d 933, 935-36 (Ohio 1990). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **OKLAHOMA**<br><br>Oklahoma Consumer Protection Act, Okla. Stat. Ann. tit. 15, § 751-799 (West 2008).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that the subject of the transaction is of a particular standard when it is of another; or<br><br>-false or misleading statement regarding price reductions.<br><br>- committing a "deceptive or "unfair" trade practice which is defined as misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive another to their detriment.<br><br>An unfair trade practice is any practice which offends public policy or if it is immoral, unethical, oppressive, unscrupulous, or substantially injures consumers.<br><br>Okla. Stat. Ann. tit. 15, §§ 752, 753. | Yes, but indirect purchaser suits arising out of antitrust claims not permitted.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>Tibbetts v. Sight 'N Sound Appliance Ctrs., Inc., 77 P.3d 1042 (Okla. 2003).<br><br>Major v. Microsoft Corp., 60 P.3d 511, 517 (Okla. Civ. App. 2002) (OCPA "should not extend to anticompetitive conduct and that [the plaintiff] should permitted under the law to avoid the United States Supreme Court's policy choices expressed in *Illinois Brick* by recasting his claims of anticompetitive conduct as a Consumer Protection Act claim" (emphasis in original)). | Yes.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>Tibbetts, 77 P.3d at 1042. | Yes.<br><br>Must be an "aggrieved consumer" and must be in connection with a "consumer transaction" defined as one for purposes of "personal, household or business oriented."<br><br>Okla. Stat. Ann. tit. 15, § 752.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>But it must be done in the course of the "person's" business.<br><br>Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000). | 3 years.<br><br>Action may only be brought within 3 years after the cause of action accrues.<br><br>Okla. Stat. Ann. tit. 12, § 95(2); Fuller v. Sight 'N Sound Appliance Ctrs., Inc., 982 P.2d 528, 532 (Okla. Civ. App. 1999). | Yes.<br><br>There must be an injury and the unlawful practice must have caused the plaintiff's injuries.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>Patterson, 19 P.3d at 846. | No.<br><br>Reliance not required.<br><br>Murray v. D&J Motor Co., 958 P.2d 823, 832 (Okla. Civ. App. 1998) ("The Act does not specify when the representation must take place or that the consumer rely upon the representation."). | Unclear<br><br>The statute requires the defendant to knowingly commit the deceptive or unfair act, but case law has not always followed that.<br><br>Okla. Stat. Ann. tit. 15, § 752(13).<br><br>Intent to engage in deceptive practice not required, but must have capacity to deceive the customer.<br><br>Patterson, 19 P.3d at 847, n.12 (noting that the "statutory definition does not speak to the necessity of an intent to deceive"). | Actual damages. No multiplier.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>To obtain reasonable attorney fees, must show actual damages.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(A).<br><br>Tibbetts, 77 P.3d at 1062.<br><br>For individual actions only, if a court finds the unlawful acts "unconscionable," the court may additionally award plaintiff up to $2000 per act.<br><br>Okla. Stat. Ann. tit. 15, § 761.1(B). |

31

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **OREGON**<br><br>Unlawful Trade Practices Act<br><br>Or. Rev. Stat. Ann. §§ 646.605-52 (West 2007).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- false or misleading statement regarding the price reductions.<br><br>- engaging in any unfair or deceptive conduct in trade or commerce (but only after the AG declares the conduct to fall in this category) (Or. Rev. Stat. Ann. § 646.608(4).)<br><br>Or. Rev. Stat. Ann. § 646.608. | Yes.<br><br>Or. Rev. Stat. Ann. § 646.638(1).<br><br>Upon commencement of an action, plaintiff must mail a copy of the complaint to the state attorney general.<br><br>Failure to do so is not a jurisdictional defect.<br><br>Or. Rev. Stat. Ann. § 646.638(2). | Yes.<br><br>Or. Rev. Stat. Ann. § 646.638(1), (4). | Yes.<br><br>Must be a "consumer" to bring action under statute which does not include business competitors.<br><br>CollegeNET, Inc. v. Embark.com, Inc., 230 F. Supp. 2d 1167, 1174 (D. Or. 2000).<br><br>Graham v. Kold Kist Beverage Ice, Inc., 607 P.2d 759, 760-61 (Or. Ct. App. 1999). | "Actions brought under this section shall be commenced within one year from the discovery of the unlawful method, act or practice."<br><br>Period is tolled if the attorney general brings an action.<br><br>Or. Rev. Stat. Ann. § 646.638(6). | Yes.<br><br>Ascertainable loss must be "as a result of willful use or employment" of an unlawful act or practice.<br><br>Or. Rev. Stat. Ann. § 646.638(1).<br><br>Gemmgman v. Pero, 71 P.3d 87, 90-92 (Or. Ct. App. 2003) (under fact analysis affirm directed verdict for one plaintiff and dismissed for another plaintiff because no causation found for the dismissed plaintiff). | Unclear<br><br>Reliance required.<br><br>Feitler v. Animation Colection, Inc., 13 P.3d 1044, 1050 (Or. Ct. App. 2000) (reliance required for affirmative misrepresentations) But see Sanders v. Francis, 561 P.2d 1003, 1006 (Or. 1977) (reliance not necessary for omissions). | Must be a "willful" unlawful act.<br><br>Or. Rev. Stat. Ann. § 646.638(1).<br><br>However, "willful violation" means only that the actor knew or should have known the act was unlawful.<br><br>Or. Rev. Stat. Ann. § 646.605(10). | Greater of $200 or actual damages. No multiplier.<br><br>Or. Rev. Stat. Ann. § 646.638(1).<br><br>In individual actions, attorneys' fees awarded to prevailing party.<br><br>Or. Rev. Stat. Ann. § 646.638(3).<br><br>No attorneys' fees allowed in class actions.<br><br>Punitive damages may be awarded by court or jury to prevailing plaintiff.<br><br>Or. Rev. Stat. Ann. § 646.638(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **PENNSYLVANIA**<br><br>Unfair Trade Practices & Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1 to -6 (2007).<br><br>Statute lists prohibited "deceptive acts or practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>- advertising goods or services with intent not to sell them as advertised; or<br><br>- engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.<br><br>73 Pa. Cons. Stat. § 201-2(4). | Yes.<br><br>73 Pa. Cons. Stat. § 201-9.2.<br><br>DiLucido v. Terminix Int'l., Inc., 676 A.2d 1237 (Pa. Super. Ct. 1996), *abrogated on other ground by*, Toy v. Metro. Life Ins. Co., 928 A.2d 186 (Pa. 2007). | Yes.<br><br>73 Pa. Cons. Stat. § 201-9.2.<br><br>DiLucido, 676 A.2d at 1237. | Yes.<br><br>Must be a consumer where statute restricted to those goods and services purchased "primarily for personal, family or household purposes."<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Balderson v. Medtronic Sofamor Danek, Inc., 285 F.3d 238, 242 (3d Cir. 2002) ("Pennsylvania courts have distinguished purchases made for business reasons, which are not actionable, from those made for 'personal, family or household use.'" (citations omitted)).<br><br>It does not include those who indirectly benefit from a purchase.<br><br>Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto Ins. Co., 40 F.3d 63, 65 (3d Cir. 1994). | Action "must be commenced within six years."<br><br>42 Pa. Cons. Stat. § 5527.<br><br>Keller v. Volkswagen, Inc., 733 A.2d 642, 646, n.9 (Pa. Super. Ct. 1999); Gabriel v. O'Hara, 534 A.2d 488, 495 (Pa. Super. Ct. 1987) (holding that claims under statute fall under the "catch-all" six-year limitations period).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>Must prove ascertainable loss "as a result of" any false or deceptive act.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438-39 (Pa. 2004). | Yes.<br><br>Pennsylvania Supreme Court has held that a private plaintiff must show justifiable reliance to state a valid claim.<br><br>Yocca, 854 A.2d at 438-39.<br><br>Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001) (holding that to state a valid claim under the statute, a private plaintiff must prove actual reliance, i.e., that he heard and believed representation and made purchase as a result); Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. Ct. 2000) (must plead and prove all elements of common law fraud). | Unclear.<br><br>But probably need to prove scienter.<br><br>Pennsylvania appellate courts have held that common law fraud elements such as "scienter" are required to state a valid claim.<br><br>*See* Booze, 750 A.2d at 880 (must plead and prove all elements of common law fraud)<br><br>But that may have changed with the 1996 amendment, which may have eliminated the need to place all elements of the fraud.<br><br>Fresh Start Indus. v. ATX Telecomm. Servs., 295 F. Supp. 2d 521, 527 n.7 (E.D. Pa. 2003) (discussing the uncertainty in light of the 1996 amendment). | Greater of $100 or actual damages.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of treble damages at court's discretion.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of reasonable attorney fees at court's discretion.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of punitive damages as at court's discretion.<br><br>*See* O'Keefe v. Mercedes-Benz U.S., LLC, 214 F.R.D. 266, 276 (E.D. Pa. 2003). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **RHODE ISLAND**<br><br>Unfair Trade Practice & Consumer Protection Act.<br><br>R.I. Gen. Laws § 6-13.1-1 to -28 (2007).<br><br>Statute lists prohibited "deceptive acts or practices" which include, *inter alia*:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>-engaging in any act or practice that is unfair or deceptive to the consumer<br><br>-false of misleading statement regarding price reductions<br><br>- using any other methods, acts or practices which mislead or deceive members of the public in a material respect.<br><br>R.I. Gen. Laws § 6-13.1-1(6).<br><br>Construe this act in accordance with the FTC<br><br>R.I. Gen. Laws § 6-13.1-3. | Yes.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (b). | Yes.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (b). | Yes.<br><br>Must be a consumer where only person who purchases goods or services primarily for personal, family, or household purposes may bring action.<br><br>R.I. Gen. Laws § 6-13.1-5.2.<br><br>Scully Signal Co. v. Joyal, 881 F. Supp. 727, 741 (D.R.I. 1995) (noting that corporation or business entities may not bring private action.<br><br>ERI Max Entm't, Inc. v. Streisand, Inc., 690 A.2d 1351, 1354 (R.I. 1999); *see also* R.I. Laborer's Health & Welfare Fund v. Philip Morris, Inc., 99 F. Supp. 2d 174, 198-99 (D.R.I. 2000) (employee benefit fund did not have standing to bring consumer fraud not since it was not consumer of the goods). | Depends on nature of the cause of action<br><br>Kennedy v. Acura, No. 01-4065, 2002 WL 31331373, at *6 (R.I. Super. Aug. 28, 2002) (in deceptive trade practices actions, courts must look to limitations period of the most analogous cause of action); Paul v. City of Woonsocket, 745 A.2d 169 (R.I. 2000) (same).<br><br>Discovery rule does not apply.<br><br>*See* Swiss v. Eli Lilly & Co., 559 F. Supp. 621, 624 (D.R.I. 1982) (noting that the general rule in Rhode Island is that a plaintiff's claim accrues at the time of injury). | Yes.<br><br>Ascertainable loss must be "as a result of the use or employment . . . of" an unlawful act or practice.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a). | No. Only must show that confusion is likely to occur.<br><br>Nat'l Lumber & Bldg. Materials Co. v. Lanyevin, 798 A.2d 429, 433 (R.I. 2002). | No law. | Greater of $200 or actual damages. No multiplier.<br><br>R.I. Gen. Laws § 6-13.1-5.2 (a).<br><br>Punitive damages recoverable at court's discretion for individual only and only for level that approaches criminality.<br><br>Pharmacy Servs., Inc. v. Swarovski, N. Am. Ltd., No. 04-72-T, 2006 WL 753055 (D.R.I. Mar. 21, 2006).<br><br>R.I. Gen. Laws § 6-13.1-5.2 (a)<br><br>Discretionary reasonable attorney fees to prevailing plaintiff.<br><br>R.I. Gen. Laws § 6-13.1-5.2 (d). |

34

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| SOUTH CAROLINA<br><br>South Carolina, Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 to -170 (2007).<br><br>Statue does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."<br><br>A cause of action pursuant to UTPA requires the plaintiffs to demonstrate the following: "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.'"<br><br>May v. Pennger, No. 2:07-cv-00864-CWH, 2008 WL 509470, at *9 (D.S.C. Feb. 22, 2008).<br><br>Govern in accordance with FTC.<br><br>S.C. Code Ann. § 39-5-20(a). | Yes.<br><br>S.C. Code Ann. § 39-5-140(a). | No.<br><br>S.C. Code Ann. § 39-5-140(a).<br><br>No class action permitted.<br><br>In re Microsoft Antitrust Litig., 127 F. Supp. 2d 702, 727 (D. Md. 2001). | No.<br><br>Any "person" who suffers ascertainable loss may bring suit.<br><br>S.C. Code Ann. § 39-5-140(a).<br><br>But, to have an actionable private action, the wrongful act or practice must have an impact on the "public interest."<br><br>Haley Nursery Co. v. Forrest, 381 S.E.2d 906, 908-09 (S.C. 1989). | 3 years.<br><br>"No action may be brought under [statute] more than three years after discovery of the unlawful conduct which is the subject of the suit."<br><br>S.C. Code Ann. § 39-5-150. | Yes.<br><br>Ascertainable loss must be "as a result of the use or employment . . . of an unfair or deceptive act or practice."<br><br>S.C. Code Ann. § 39-5-140(a). | No law. | Violation need not be knowing or willful to recover actual damages.<br><br>But, must be willful for treble damages.<br><br>Haley Nursery, 381 S.E.2d at 909. | Actual damages.<br><br>S.C. Code Ann. § 39-5-140(a).<br><br>Mandatory treble damages for willful violations.<br><br>Id.<br><br>Mandatory attorney fees to prevailing plaintiff.<br><br>Id. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **SOUTH DAKOTA**<br><br>Deceptive Trade Practices and Consumer Protection<br><br>S.D. Codified Laws §§ 37-24-1 to -48 (2007).<br><br>Statute generally prohibits the knowing and intentional use of "any deceptive act or practice, fraud . . . or misrepresentation or to conceal . . . any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, deceived, or damaged," and further lists specific prohibited acts such as, inter alia:<br><br>- advertising price reductions without satisfying certain criteria.<br><br>S.D. Codified Laws § 37-24-1. | Yes.<br><br>S.D. Codified Laws § 37-24-31. | Yes.<br><br>S.D. Codified Laws § 37-24-31. | No.<br><br>Any "person" may bring action.<br><br>Moss v. Guttormson, 551 N.W.2d 14, 17 (S.D. 1996). | 2 years.<br><br>"No action under [the statute] may be brought more than two years after the discovery of the occurrence or conduct which is subject of the action."<br><br>S.D. Codified Laws § 37-24-33. | Yes.<br><br>Causation link between injury and act required.<br><br>Nw. Pub. Serv., v. Union Carbide Corp., 236 F. Supp. 2d 966, 973-974 (D.S.D. 2002).<br><br>But, it is a deceptive act "regardless of whether any person has in fact been misled.<br><br>S.D. Codified Laws § 37-24-31. | Unclear.<br><br>Reliance required.<br><br>Nw. Pub. Serv., 236 F. Supp. 2d at 973-974 (holding that consumer protection claim requires "proof of an intentional misrepresentation or concealment of a fact on which plaintiff relied").<br><br>S.D. Codified Laws § 37-24-31. | A deceptive act is a "knowing[] and intentional[]" deceptive act or misrepresentation.<br><br>S.D. Codified Laws § 37-24-6(1). | Actual damages only. No multiplier.<br><br>S.D. Codified Laws § 37-24-31.<br><br>No punitive damages.<br><br>Wyman v. Terry Schulte Chevrolet, Inc., 584 N.W.2d 103, 107 (S.D. 1998) (holding no punitive damages under statute). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| TENNESSEE<br><br>Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 to -128 (2007).<br><br>Statute generally prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce" and further lists specific prohibited acts such as, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- false or misleading statements regarding price reductions.<br><br>Tenn. Code Ann. § 47-18-104.<br><br>Statute does not apply to anticompetitive conduct<br><br>Bennett v. Visa U.S.A., Inc., 198 S.W. 3d 747, 755 (Tenn. Ct. App. 2006), | Yes.<br><br>Tenn. Code Ann. § 47-18-109. | Probably.<br><br>The act provides that "[a]ny person who suffers an ascertainable loss . . . may bring an action individually to recover actual damages."<br><br>Tenn. Code Ann. § 47-18-109.<br><br>However, prior to 1991, the act read "individually, but not as a representative capacity."<br><br>The Tennessee Supreme Court has not addressed this issue, but lower and intermediate courts have assumed that class actions could be certified under the act.<br><br>In re Bridgestone/ Firestone, Inc. Tires Prods. Liab. Litig., 205 F.R.D. 503, 514 (S.D. Ind. 2001), rev'd on other grounds, 288 F.3d 1012 (7th Cir. 2002). | No.<br><br>Any "person" including corporations who suffers an ascertainable loss may bring action.<br><br>Tenn. Code Ann. § 47-18-109(a)(1).<br><br>ATS Sw., Inc. v. Carrier Corp., 18 S.W.3d 626, 630 (Tenn. 2001).<br><br>The person bringing the suit does not have to be the consumer.<br><br>Bridgeport Music, Inc. v. 11C Music, 154 F. Supp. 2d 1330, 1333 (M.D. Tenn. 2001). | 1 year with 5 year repose.<br><br>Action "shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but no event shall an action under [the statute] be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief."<br><br>Tenn. Code Ann. § 47-18-110.<br><br>Unclear if fraudulent concealment tolls the repose period.<br><br>See Penley v. Honda Motor Co., 31 S.W.3d 181, 184 (Tenn. 2000) (fraudulent concealment does not toll a statute of repose unless the statute expressly so provides but the court is not applying TCPA); French v. First Union Sec., Inc., 209 F. Supp. 2d 818, 826 (M.D. Tenn. 2002) (fraudulent concealment will toll the repose period until the reasonably diligent plaintiff discovers the fraud). | Yes.<br><br>Requires an "ascertainable loss . . as a result of the use or employment . . . of an unfair or deceptive act or practice."<br><br>Tenn. Code Ann. § 47-18-109(a)(1).<br><br>Harvey v. Ford Motor Co., No. 03A01-9807-CV-00235, 1999 WL 486894, at *2 (Tenn. Ct. App. July 13, 1999).<br><br>Even though not require reliance, must still show proximate cause.<br><br>Perry v. Am. Tobacco Co., 324 F.3d 845, 850-51 (6th Cir. 2003) (proximate cause required). | No.<br><br>Reliance not required to maintain a cause of action under the statute.<br><br>Messer Griesheim Indus. v. Cryotech of Kingsport, Inc., 131 S.W.3d 457, 469 (Tenn. Ct. App. 2003).<br><br>"Regardless of whether reliance is a required element under the T.C.P.A., plaintiffs must at least allege that they were exposed to the offensive conduct." Harvey v. Ford Motor Credit Co., 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999). | Unfair or deceptive act "need not be willful or knowingly made to recover actual damages."<br><br>Smith v. Scott Lewis Chevrolet, Inc., 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). | Actual damages.<br><br>Tenn. Code Ann. § 47-18-109(a)(1).<br><br>Discretionary treble damages if "willful" or "knowing" violation where statute sets forth specific factors for court to consider in determining whether treble damages appropriate.<br><br>Tenn. Code Ann. § 47-18-109(a)(3), (4).<br><br>No punitive damages.<br><br>Paty v. Herb Adcox Chevrolet Co., 756 S.W.2d 697, 699 (Tenn. Ct. App. 1988).<br><br>Discretionary attorney fees.<br><br>Tenn. Code Ann. § 47-18-109(c). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **TEXAS**<br><br>Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code § 17.41-63 (Vernon 2007).<br><br>Statute generally prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce."<br><br>Tex. Bus. & Com. Code § 17.46(a)<br><br>Private actions by consumers are limited to the enumerated acts.<br><br>Tex. Bus. & Com. Code § 17.46(d).<br><br>- representing that goods or services are of a particular quality or standard if they are of another; or<br><br>- making false or misleading statements concerning price reductions.<br><br>Tex. Bus. & Com. Code § 17.46.<br><br>Indirect purchasers are barred from bringing antitrust claims under the consumer protection act. Abbott Labs., Inc. v. Segura, 907 S.W.2d 503, 505-06 (Tex. 1995). | Yes with a pre-suit demand requirement.<br><br>Tex. Bus. & Com. Code §17.505.<br><br>Mahoney v. Cupp, 638 S.W.2d 257, 261 (Tex. App. 1982).<br><br>Pre-suit notice letter, including specific allegations and all damages sought, required at least 60 days before the complaint is filed.<br><br>Tex. Bus. & Com. Code § 17.505.<br><br>Each party has right to compel "mediation" 90 days after commencement of the action.<br><br>Tex. Bus. & Com. Code § 17.5051.<br><br>If filing class action, must send notice to the Texas Consumer Protection Division.<br><br>Tex. Bus. & Com. Code § 17.501. | Yes.<br><br>Tex. Bus. & Com. Code §17.50.<br><br>Mahoney, 638 S.W.2d at 261. | Yes.<br><br>A "consumer" may bring action. But, to be a "consumer" plaintiff must have purchased or leased goods or services which form the basis for the complaint.<br><br>Tex. Bus. & Com. Code § 17.45(4).<br><br>DaimlerChrysler Corp. v. Inman, 121 S.W.3d 862, 881 (Tex. App. 2003).<br><br>Definition of "consumer" excludes "business consumers" with assets of more than $25 million or that are owned by an entity with assets of $25 million or more.<br><br>Tex. Bus. & Com. Code § 17.45(4). | 2 years.<br><br>Action "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation . . . may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action."<br><br>Tex. Bus. & Com. Code §17.565.<br><br>Texas Soil Recycling, Inc. v. Intercargo Ins. Co., 273 F.3d 644 (6th Cir. 2001) (Discovery Rule is codified). | Yes.<br><br>Act or practice must be a "producing cause" of damages.<br><br>Tex. Bus. & Com. Code §17.50(a).<br><br>"If the misrepresentation did not induce the customer to enter into the contract, there can be no recovery." Camden Mach. & Tool, Inc. v. Cascade Co., 870 S.W.2d 304, 311 (Tex. App. 1993). | Partially.<br><br>Reliance required where plaintiff must show he detrimentally relied on act.<br><br>Tex. Bus. & Com. Code §17.50(a).<br><br>No need to prove reliance, but reliance is a factor in determining if a defendant's conduct was the producing cause of the damages. Monsanto Co. v. Altman, 153 S.W.3d 491, 495 (Tex. App. 2004). | Intent to misrepresent or knowledge of falsity not required unless specific provision of the statute requires otherwise.<br><br>Smith v. Herco, Inc., 900 S.W.2d 852, 859 (Tex. App. 1995). | Actual damages for economic loss. Tex. Bus. & Com. Code §17.50(b).<br><br>Damages for mental anguish, if act committed intentionally, as found by trier of fact. Tex. Bus. & Com. Code §17.50(b).<br><br>Plaintiff may recover treble damages as found by the trier of fact. Tex. Bus. & Com. Code §17.50(b).<br><br>Treble damages requires that defendant acted knowingly. So it cannot be done on a class-wide basis. Henry Schein v. Stromboe, 102 S.W.3d 675, 695 (Tex. 2002).<br><br>Mandatory attorney fees to the prevailing plaintiff. Tex. Bus. & Com. Code § 17.50(d). |

38

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **UTAH** | Yes. | Yes. | Yes. | 2 years | Yes. | No law. | Requires "knowing" or intentional deceptive act or practice. | In individual actions, greater of actual damages or $2000. No multiplier and no punitive damages. |
| Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 to -23 (West 2007). | Utah Code Ann. § 13-11-19(1). | Utah Code Ann. § 13-11-19(3), (4). | But statute is broad enough to allow action by non-consumer if ultimate victims are consumers. | Action "must be brought within two years after occurrence of a violation." | Requires plaintiff suffer loss "as a result" of violations of the Act. | | Utah Code Ann. § 13-11-4(2). | Utah Code Ann. § 13-11-19(2). |
| Statute states generally that "[a] deceptive act or practice by a supplier in connection with a consumer transaction" is prohibited, and further, the statute lists specific unlawful acts such as, *inter alia*: | Upon commencement of a class action, the representative must serve the State with a copy of the complaint. | An action for damages is only allowed if the specific act was specifically declared to be a violation by the court, or the specific language of the statute prior to the alleged violation. | Utah Code Ann. § 13-11-19 (providing that a "consumer" may bring an action. | Utah Code Ann. § 13-11-19(8). | Utah Code Ann. § 13-11-19(2), (4)(a). | | Rawson v. Conover, 20 P.3d 876, 883 (Utah 2001). | Discretionary attorney fees. |
| - indicating that the subject of a transaction is of a particular standard or quality if it is not; or | Utah Code Ann. § 13-11-21(2). | Workman v. Nagle Const., 802 P.2d 749, 755 (Utah Ct. App. 1990) (concurrence). | *See* Utah by Wilkinson v. B & H Auto, 701 F. Supp. 201, 205 (D. Utah 1988) (holding that intermediate supplier had standing to bring action against manufacturer because ultimate deception was on the "consumer"). | Discovery rule likely does not apply unless there is fraudulent concealment. | | | | Utah Code Ann. § 13-11-19(5). |
| - indicating that a specific price advantage exists if it does not. | | | | *See Secy* v. Sec. Title Co., 902 P.2d 629, 636 (Utah 1995) (holding that "the discovery rule applies in three situations: (1) where it is mandated by statute, (2) where the defendant concealed the facts or misled the claimant and, as a result, the claimant did not become aware of the cause of action until after the limitation period had run, and (3) exceptional circumstances where the application of the general rule would be 'irrational or unjust'"). | | | | In class actions, equitable relief only unless specific practice previously declared unlawful. |
| Utah Code Ann. § 13-11-4. | | | | | | | | Utah Code Ann. § 13-11-19(4). |

39

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **VERMONT** | Yes. | Yes. | Yes. | 6 years. | Yes. | Unclear. | No. | Actual damages. |
| Consumer Fraud | Vt. Stat. Ann. tit. 9, § 2461(b). | Vt. Stat. Ann. tit. 9, § 2461(b). | Only a "consumer" may bring private action. | Action "shall be commenced within six years after the cause of action accrues and not thereafter." | Must show injury "as a result" of the act. | Statute has "reliance" language but cases have not expressly addressed issue. | Lack of intent to deceive is not a defense. | Vt. Stat. Ann. tit. 9, § 2461(b). |
| Vt. Stat. Ann. tit. 9, §§ 2451-66a (2008). | Vt. Mobile Home Owners' Ass'n, Inc. v. Lapierre, 94 F. Supp. 2d 519 (D. Vt. 2000). | Vt. Mobile Home Owners' Ass'n, 94 F. Supp. 2d at 519. | Vt. Stat. Ann. tit. 9, § 2461(b). | Vt. Stat. Ann. tit. 9 §2461(b). | Vt. Stat. Ann. tit. 9 §2461(b). | Vt. Stat. Ann. tit. 9, § 2461(b) (providing that consumer who contracts "in reliance" of deceptive act or who is injured as a result of deceptive act may bring action). | But if defendant knows or should know that omission important, materiality is presumed. | Plaintiff "may" recover attorneys' fees. |
| Statute does not list unlawful acts but rather provides that: | | | State v. Int'l Collection Serv., 594 A.2d 426, 432 (Vt. 1991) (holding that private remedy is limited to individual consumers). | Vt. Stat. Ann. tit. 12, § 511. | | | Carter v. Gugliuzza, 716 A.2d 17, 23, 25 (Vt. 1998). | Vt. Stat. Ann. tit. 9, § 2461(b). |
| "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." | | | But indirect purchasers who are consumers have standing to sue. Elkins v. Microsoft Corp., 817 A.2d 9, 13-14 (Vt. 2002). | Discovery rule applies where action accrues and time begins to run from the date of discovery of the injury. | | | | Exemplary damages (up to 3 times actual) are mandatory upon showing of "actual malice." |
| Interpretation of this statute should look to the FTC for guidance. | | | "Consumer" defined as person who purchases goods not for resale in course of business but for benefit of his or her household or in connection with operation of farm. | Univ. of Vt. v. W.R. Grace & Co., 565 A.2d 1354, 1357 (Vt. 1989). | | Lalande Air & Water Corp. v. Pratt, 795 A.2d 1233, 1235-36 (Vt. 2002) ("We have not had occasion to consider directly whether the Consumer Fraud Act provides a private cause of action for 'unfair' as opposed to deceptive acts, or requires 'reliance' for such a claim. Nor need we do so here."). | | Vt. Stat. Ann. tit. 9, § 2461(b). |
| Vt. Stat. Ann. tit. 9, § 2453. | | | Vt. Stat. Ann. tit. 9, § 2451a(a). | | | | | Braunegger v. Zeller, 515 A.2d 123, 127 (Vt. 1986). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **VIRGINIA** | Yes. | Yes. | Yes. | 2 years. | Yes. | Yes. | Misrepresentation by omission of a material fact requires evidence of a "knowing and deliberate decision" to conceal the fact. | Greater of actual damages or $500 which includes emotional distress. Burnette v. Brook Road, Inc., 429 F. Supp. 2d 741, 752 (E.D. Va. 2006). |
| Virginia Consumer Protection Act of 1977, Va. Code Ann. § 59.1-196 to -207 (West 2008). | Va. Code Ann. § 59.1-204(A). | Va. Code Ann. § 59.1-204(A). | Any "person" who suffers loss may bring action but alleged fraudulent practice must be in connection with a "consumer transaction." | Action "shall be commenced within two years after [] accrual." Va. Code Ann. § 59.1-204.1(A). | Requires a "loss as the result of a violation" of the statute. Va. Code Ann. § 59.1-204(A). | Reasonable reliance is necessary to state a claim. Lambert v. Downtown Garage, Inc., 553 S.E.2d 714, 717 (Va. 2001). | Lambert, 553 S.E.2d at 718. | Va. Code Ann. § 59.1-204. |
| Statute lists prohibited "practices" which include, inter alia: | | | Va. Code Ann. §§ 59.1-200, 59.1-204. | Action "accrues" on the date that the act is discovered or reasonably should have been discovered. | | | Bona fide errors or lack of control are defenses. | Reasonable attorneys' fees and costs may be awarded to prevailing party. |
| - misrepresenting that goods or services have certain characteristics; | | | "Consumer transaction" defined as involving purchase primarily for "personal, family or household" or an individual business opportunity that requires personal services by person. | Va. Code Ann. § 8.01-249. | | | Va. Code Ann. § 59.1-207. | Va. Code Ann. § 59.1-204. |
| - statements regarding price reductions | | | | | | | | If the violation was "willful," discretionary treble damages or $1000, whichever is greater. |
| - using any other deception, fraud, or misrepresentation in connection with a consumer transaction. | | | Va. Code Ann. § 59.1-198. | | | | | Va. Code Ann. § 59.1-204. |
| Va. Code Ann. §59.1-200. | | | See Chisolm v. TranSouth Fin. Corp., 194 F.R.D. 538, 549 (D. Va. 2000) (transaction must be consumer in nature); Microsoft Corp. v. # 9 Software, No. Civ. A. 405CV106, 2005 WL 3447965, at *3 (E.D. Va. Dec. 15, 2005). | | | | | If a defendant tenders a cure offer it cannot be liable for attorneys' fees or costs unless actual damages exceed the cure offer. |
| | | | WS Carnes, Inc. v. Bd. of Suppliers of Chesterfield County, 478 S.E.2d 295, 300 (Va. 1996) ("An individual . . . does not acquire standing to sue in a representative capacity . . . unless authorized by statute to do so."). | | | | | Va. Code Ann. § 59.1-204(C). |

41

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **WASHINGTON** Consumer Protection Act Wash. Rev. Code Ann. §§ 19.86.010-920 (West 2008). Statute does not list unlawful acts but rather provides that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code Ann. § 19.86.020. | Yes. Wash. Rev. Code Ann. § 19.86.090. Smith v. Behr Process Corp., 54 P.3d 665 (Wash. Ct. App. 2002). Must serve Attorney General with complaint if seeking injunctive relief. Wash. Rev. Code Ann. § 19.86.095. | Yes. Wash. Rev. Code Ann. § 19.86.090. Smith, 54 P.3d at 665. | No. Any "person" who is injured may bring action. Wash. Rev. Code Ann. § 19.86.090. See State Farm Fire & Cas. Co. v. Huynh, 962 P. 2d 854, 857 (Wash. Ct. App. 1998) (noting no consumer relationship required to bring an action). But, to state a valid claim must show an impact on the "public interest." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 719 P.2d 531, 536 (Wash. 1986). Indirect purchasers do not have standing Blewett v. Abbott Lab., 938 P.2d 842, 847 (Wash. App. 1997). | 4 years. Action "shall be forever barred unless commenced within four years after the cause of action accrues." Wash. Rev. Code Ann. § 19.86.120. | Yes. A "causal link" must exist "between the unfair or deceptive act and the injury suffered." Lempeng v. Pierce County Med. Bur., Inc., 930 P.2d 288, 296 (Wash. 1997). | Unclear. Plaintiff must show that he "relied upon a misrepresentation of fact." Robinson v. Avis Rent A Car Sys., Inc., 22 P.3d 818, 823 (Wash. Ct. App. 2001); see also Smith v. Olympic Bank, 693 P.2d 92, 96 (Wash. 1985) (holding that relevant standard is whether defendant's conduct induced plaintiff to act or refrain from acting). It is unclear if individual reliance is required to prove causation. If it is, a class action may not be appropriate. Pickett v. Holland Am. Line-Westours, Inc., 35 P.3d 351, 360 (Wash. 2001). | Intent not required "If the alleged deceptive] action has the capacity to deceive a substantial portion of the purchasing public." Haner v. Quincy Farm Chem., Inc., 649 P.2d 828, 831 (Wash. 1982). | Actual damages. Wash. Rev. Code Ann. § 19.86.090. Reasonable attorneys' fees are recoverable but only to the extent attorney time was spent on the consumer protection claim and not on other causes of action. Wash. Rev. Code Ann. § 19.86.090. Travis v. Wash. Horse Breeders Ass'n, 759 P.2d 418, 425 (Wash. 1988) (holding that court must segregate attorney time spent on consumer protection claim). Treble damages, at court's discretion but not to exceed $10,000. Wash. Rev. Code Ann. § 19.86.090. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **WEST VIRGINIA**<br><br>General Consumer Protection Act<br><br>W. Va. Code Ann. §§ 46A-6-101 to -110 (West 2008).<br><br>Statute lists prohibited "deceptive acts or practices" which include, inter alia:<br><br>- representing that goods or services are of a particular quality or standard if they are of another;<br><br>- making false or misleading statements of fact concerning price reductions;<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>W. Va. Code Ann. § 46A-6-102, 104. | Yes with a pre-suit demand requirement.<br><br>W. Va. Code Ann. 46A-6-106.<br><br>Yes.<br><br>No action may be brought without informing the defendant in writing by certified mail of the alleged allegation and giving that defendant 20 days from receipt to make a cure offer.<br><br>W. Va. Code Ann. § 46-6-106(b). | Yes.<br><br>W. Va. Code Ann. 46A-6-106.<br><br>Virtan v. Altra Group, Inc., 304 F. Supp.2d 850 (D. W. Va.2004) | Yes.<br><br>Only "consumers" may bring action.<br><br>See W. Va. Code Ann. 46A-6-106.<br><br>"Consumers" defined as "natural persons" who purchase for "personal, family, household or agricultural" purposes.<br><br>W. Va. Code Ann. § 46A-6-102.<br><br>West Virginia ex rel. McGraw v. Telecheck Servs., 582 S.E.2d 885, 895 (W. Va. 2003) (noting purpose of statute is to protect "consumers"). | 2 years.<br><br>Action "shall be brought . . . within two years next after the right to bring the same shall have accrued."<br><br>W. Va. Code Ann. § 55-2-12.<br><br>The statute of limitations begins to runs when the plaintiff could have discovered the possibility of fraud through due diligence.<br><br>Brumbaugh v. Princeton Partners, 985 F.2d 157, 162 (4th Cir. 1993). | Yes.<br><br>"Ascertainable loss" must be "as a result of" illegal practices.<br><br>W. Va. Code Ann. § 46A-6-106(1). | No.<br><br>Deceptive acts prohibited "whether or not any person misled or damaged."<br><br>W. Va. Code Ann. § 46A-6-102(7)(m). | In false advertising claims, the offending misrepresentation must be made "with intent that others rely upon" it.<br><br>W. Va. Code Ann. § 46A-6-102(7)(m). | Greater of actual damages or $200.<br><br>W. Va. Code Ann. § 46A-6-106(2).<br><br>Punitive damages and attorneys' fees are not allowed.<br><br>Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 850 (D. W. Va. 2004). |

43

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **WISCONSIN**<br><br>Wisconsin Consumer Act,[6] Wis. Stat. Ann. §§ 421-429 (West 2007).<br><br>Purpose is to protect customers from "unfair, deceptive, false, misleading and unconscionable practices by merchants"<br><br>Wis. Stat. Ann. § 421.102.<br><br>Limited to a "consumer credit transactions" or other consumer transactions involving refinancing, consolidations, and deferrals.<br><br>Wis. Stat. Ann. § 421.102. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. | N/A since not a consumer credit action. |

[6] While Plaintiffs state a claim only under Wisconsin's Consumer Protection Act, Wisconsin law contains several consumer protection statutes, the provisions of which could be implicated by Plaintiffs' claims. *See, e.g.,* Wis. Stat Ann. § 100.18.

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | CONSUMER REQUIREMENT? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|---|
| **WYOMING**<br><br>Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101 to -114 (2008).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that merchandise is of a particular standard if it is not;<br><br>- false or misleading statement regarding price reductions; or<br><br>- engaging in unfair or deceptive acts or practices.<br><br>Wyo. Stat. Ann. § 40-12-105. | Yes with a pre-suit demand requirement.<br><br>Wyo. Stat. Ann. § 40-12-108.<br><br>Pre-filing demand requesting cure required within the earlier of one year of discovery or two years following the consumer transaction.<br><br>Wyo. Stat. Ann. §§ 40-12-109, -102(a)(ix), -108(a). | Yes.<br><br>Wyo. Stat. Ann. § 40-12-108. | Yes.<br><br>A plaintiff who has suffered injury "as a consumer" may bring suit.<br><br>Wyo. Stat. Ann. § 40-12-108(a).<br><br>The deceptive practice must be in connection with a "consumer transaction" defined as involving sale to an individual primarily for "personal, family or household" purposes.<br><br>Wyo. Stat. Ann. § 40-12-105(a).<br><br>Wyo. Stat. Ann. § 40-12-102(a)(ii).<br><br>City of Gillette v. TCI Cablevision, Inc., No. 90-CV-1046-J, 1991 WL 339587 (D. Wyo. Nov. 15, 1991) (noting that only individual consumers and attorney general had standing to bring suit under statute). | "No action may be brought [under the statute] . . . unless" brought within "one (1) year after the initial discovery of the unlawful deceptive trade practice" or "within two (2) years following such consumer transaction, whichever occurs first."<br><br>Wyo. Stat. Ann. § 40-12-109. | Yes.<br><br>Plaintiff may recover damages "actually suffered as a consumer as a result of such unlawful trade practices."<br><br>Wyo. Stat. Ann. § 40-12-108(a). | Yes<br><br>Only a "person relying upon an unlawful deceptive trade practice" may bring an action.<br><br>Wyo. Stat. Ann. § 40-12-108(a). | Requires that a defendant "knowingly . . . engages in unfair or deceptive acts or practices."<br><br>Wyo. Stat. Ann. § 40-12-105(a)(xvi). | Allows only actual damages and reasonable attorneys' fees.<br><br>Wyo. Stat. Ann. § 40-12-108(b).<br><br>Any monies recovered in a class action which cannot be restored to consumers within one year after final judgment shall be returned to the defendants.<br><br>Wyo. Stat. Ann. § 40-12-108(b). |