## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) ) | C.A. No. 05-340 (SLR) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS C.A. No. 05-340 (Louisiana Wholesale) C.A. No. 05-351 (Rochester Drug) C.A. No. 05-358 (Meijer, Inc., et al.) | ) ) ) ) ) ) | |

## ORDER GRANTING CERTIFICATION OF DIRECT PURCHASER CLASS

AND NOW, this          day of                          , 2008, upon consideration

of the Motion for Class Certification filed by Louisiana Wholesale Drug Co., Inc. ("LWD"),

Rochester Drug Co-Operative, Inc. ("RDC"), and Meijer, Inc. and Meijer Distribution, Inc. (together,

"Meijer") (collectively, "Named Plaintiffs"), seeking a determination of class maintainability under

Fed. R. Civ. P. 23 (D.I. 106-109, 249-250), and the response of defendants Abbott Laboratories,

Fournier Industrie et Sante, and Laboratories Fournier S.A. ("Defendants") thereto (D.I. 190-192),

and finding that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met, it is hereby

ORDERED, DECREED, and ADJUDGED that said motion be, and hereby is, GRANTED.

The Court makes the following further determinations as required by Rule 23:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Class, which shall hereinafter be

denominated the "Direct Purchaser Class," is defined as follows:

> All persons or entities in the United States who purchased Tricor in any form directly
> from any of the Defendants at any time during the period April 9, 2002, through the
> present (the "Class"). Excluded from the Class are Defendants and their officers,

directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

2.    Pursuant to Rule 23(a)(1), the Court determines that the Direct Purchaser Class is so numerous that joinder of all members is impracticable. The Named Plaintiffs, through their economist Jeffrey J. Leitzinger, Ph.D., have estimated the number of class members at approximately 300. D.I. 107 at 16 (citing D.I. 109, Ex. B, at 34 n.77). Defendants have not challenged satisfaction of the numerosity requirement.

3.    Pursuant to Fed. R. Civ. P. 23(c)(1)(B), and in light of the many classwide, common issues of law and fact identified by the Named Plaintiffs (D.I. 107 at 16-17 (citing D.I. 29 at ¶¶ 28(a)-(e)), the Court determines that the classwide claims and issues are as follows:

      a.    whether the conduct challenged by the Direct Purchaser Class as an "anticompetitive scheme" in the Amended Complaint in this matter (D.I. 29) violated Section 1 and/or 2 of the Sherman Act (15 U.S.C. §§ 1, 2);

      b.    whether Defendants' challenged conduct caused antitrust injury-in-fact (also known as antitrust impact), to the Direct Purchaser Class, in the nature of higher prices paid for fenofibrate products (defined as branded Tricor and AB-rated generic versions of Tricor);

      c.    the quantum of overcharge damages, if any, owed to the Direct Purchaser Class in the aggregate under Section 4 of the Clayton Act (15 U.S.C. § 15), through which violations of Sections 1 and 2 of the Sherman Act are made privately actionable.

4.    Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court determines that the classwide defense, according to Defendants' Answering Brief (D.I. 190, at 10), is whether the Named Plaintiffs and members of the Direct Purchaser Class unreasonably failed to mitigate their damages.

5.      The Court determines that the foregoing classwide claims, issues and defense are

questions of law or fact common to the Direct Purchaser Class that satisfy Rule 23(a)(2). D.I. 107,

at 16-17.

6.      LWD, RDC, and Meijer, the Named Plaintiffs herein, are hereby appointed

representatives of the Direct Purchaser Class, for the following reasons:

a.      the Named Plaintiffs allege on behalf of the proposed Direct Purchaser Class

the very same manner of injury from the very same course of conduct that they complain of

for themselves, and the Named Plaintiffs assert on their own behalf the same legal theory that

they assert for the Class. D.I. 107, at 17-19. The Court therefore determines that the claims

of the Named Plaintiffs are typical of the claims of the Direct Purchaser Class within the

meaning of Rule 23(a)(3); and

b.      Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will

fairly and adequately protect the interests of the Direct Purchaser Class. The Named

Plaintiffs' interests do not conflict with the interests of absent members of the Direct

Purchaser Class. D.I. 107 at 19-21. All of the Direct Purchaser Class members share a

common interest in proving the existence, scope and effect of Defendants' alleged

anticompetitive conduct, which allegedly led to higher prices for fenofibrate products in the

actual world, than would have been paid absent Defendants' alleged anticompetitive conduct,

and all Direct Purchaser Class members share a common interest in recovering the

overcharge damages sought in the Amended Complaint. Moreover, any Direct Purchaser

Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the

Named Plaintiffs' various counsel are well-qualified to represent the Direct Purchaser Class

in this case, given their experience in prior, similar cases and the vigor with which they have prosecuted this action thus far. D.I. 107 at 22.

7.      Pursuant to Rule 23(b)(3), the Court determines that, in this case, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues and defense set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Class as a whole, predominate over those issues that are subject only to individualized proof. D.I. 107 at 22-37. Specifically, the Court determines that:

a.      On the issue of antitrust violation, the relevant proof of Defendants' alleged course of anticompetitive conduct will not vary among members of the Direct Purchaser Class. D.I. 107 at 26;

b.      On the issue of antitrust injury-in-fact or impact, the Leitzinger Declaration (D.I. 109, Ex. B, at 9-10, 16-36), which is supported by Dr. Leitzinger's analysis of a variety of sources (including governmental and academic studies, Defendants' own projections, documents, and deposition testimony, and empirical data) together with the Named Plaintiffs' arguments and prior decisions granting class certification where direct purchasers alleged that they paid overcharges because generic drug competition was impeded (D.I. 107 at 2-3, 27-36; D.I. 249 at 4-9),[1] provide the basis for the Court to determine that impact to

---

[1] Among others, the Named Plaintiffs cite the following prior decisions involving generic drug competition, where antitrust injury-in-fact to all or nearly all proposed class members was determined to be provable on a predominantly classwide basis using various types of evidence that were common to the class: *In re K-Dur Antitrust Litig.*, No. 01-1652, Special Master's Report and Recommendation on the Direct Purchaser Plaintiffs' Motion for Class Certification (D.N.J. Apr. 14, 2008); *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis*, No. 07-7343, Order Granting Class
(continued...)

-4-

all or nearly all Direct Purchaser Class members from Defendants' alleged conduct can be proved using one or more of a variety of categories of evidence that are applicable classwide; and,

c. On the issue of damages, the Leitzinger Declaration (D.I. 109, Ex. B, at 10-11, 36-40), together with the Named Plaintiffs' arguments and prior decisions granting class certification where direct purchasers alleged that they paid overcharges because generic drug competition was impeded (D.I. 107 at 2-3, 36-37; D.I. 249 at 9),[2] provide the basis for the Court to determine that aggregate damages to the Direct Purchaser Class as a whole can be calculated using appropriate methodologies.

8. Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. D.I. 107 at 38-39. The Court believes it is desirable, for purposes of judicial and litigant efficiency, to concentrate the claims of the Direct Purchaser Class in a single action. The Court also believes that there are few

---

[1](...continued)
Certification (S.D.N.Y. Apr. 10, 2008); *In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365, 369-71 (D.D.C. 2007); *Meijer, Inc. v. Warner Chilcott Holdings Co. III*, 246 F.R.D. 293, 308-10 (D.D.C. 2007); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 343-46 (D. Mass. 2003); *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 58 (S.D.N.Y. 2002); and *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307-21 (E.D. Mich. 2001).

[2]Among others, the Named Plaintiffs cite the following prior decisions involving generic drug competition, where the availability of methods to analyze aggregate overcharge damages to the proposed class as a whole satisfied Rule 23(b)(3)'s requirements: *In re K-Dur Antitrust Litig.*, No. 01-1652, Special Master's Report and Recommendation on the Direct Purchaser Plaintiffs' Motion for Class Certification (D.N.J. Apr. 14, 2008); *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis*, No. 07-7343, Order Granting Class Certification (S.D.N.Y. Apr. 10, 2008); *In re Nifedipine Antitrust Litig.*, 246 F.R.D. at 371; *Meijer, Inc.*, 246 F.R.D. at 310-12; *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. at 58; *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 30-31 (D.D.C. 2001); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. at 321-25. *See also In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 521-23, 524-26 (S.D.N.Y. 1996).

manageability problems presented by litigating a case such as this as a class action, and that there are numerous efficiencies to be gained by doing so.

9.      Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following firms are hereby appointed as counsel to the Direct Purchaser Class:

      a.     Liaison Counsel: Rosenthal, Monhait & Goddess, P.A.;

      b.     Lead Counsel: Garwin Gerstein & Fisher, LLP;

      c.     Executive Committee Members: Berger & Montague, P.C., Odom & Des Roches, LLP, The Smith Foote Law Firm, LLP,[3] and Kaplan Fox & Kilsheimer, LLP.[4]

10.      Within twenty (20) days, Class Counsel shall file with the Court a motion seeking approval of a form and manner of Notice that complies with Fed. R. Civ. P. 23(c)(2)(B).

IT IS SO ORDERED.

BY THE COURT:

_____
SUE L. ROBINSON, U.S.D.J.

---

[3] At the time the Named Plaintiffs initially moved for class certification, The Smith Foote Law Firm, LLP was known as Percy Smith & Foote.

[4] At the time the Named Plaintiffs initially moved for class certification, Meijer's counsel, Linda Nussbaum of Kaplan Fox & Kilsheimer, LLP, was at the firm of Cohen Millstein Hausfeld & Toll.

-6-