UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

# If you bought TRICOR directly from Abbott Laboratories, your rights could be affected by a lawsuit.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- Direct Purchasers of Tricor have sued Abbott Laboratories ("Abbott") and Fournier Industrie et Sante and Laboratorie Fournier S.A. (together, "Fournier") (collectively, "Defendants"), saying that Abbott and Fournier violated antitrust laws relating to the sale of Tricor.

- This Court has allowed the lawsuit to be brought as a class action on behalf of certain entities that purchased Tricor directly from Defendants at any time between April 9, 2002 and August 18, 2008.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | Keep the right to have the final outcome of the lawsuit, whether favorable or unfavorable, apply to you. Give up any rights to sue Abbott or Fournier separately about the same legal claims in this lawsuit. |
| **EXCLUDE YOURSELF** | Give up the right to share in any recovery that might be paid to the Class as a result of trial or settlement of this lawsuit. You will not be bound by any decision in this lawsuit favorable to Defendants. This is the only option that allows you to ever be part of any other lawsuit against Abbott or Fournier relating to the legal claims in this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The lawyers for the Class must prove the claims against Abbott and Fournier at trial. The Court hearing this case has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial on all issues in the case but damages.

- If a recovery of damages is obtained for the Class after the claims against Abbott and Fournier and any appeals are resolved, you will be notified about how to ask for a share.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ....................................................... **PAGES 3- 5**
1.  Why did I get this notice?
2.  What is this lawsuit about?
3.  What is a class action?
4.  Why is this lawsuit a class action?
5.  Has the Court identified class claims, issues or defenses?
6.  What has happened in the case so far?

**WHO IS IN THE CLASS** ...................................................**PAGES 5**
7.  Am I part of the Class?

**IF YOU DO NOTHING**......................................................... **PAGE 5**
8.  What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE CLASS** ...........................**PAGE 5 -6**
9.  Why would I ask to be excluded?
10. How do I get out of the Class?
11. If I don't exclude myself, can I sue Abbott or Fournier for the same thing later?

**THE TRIAL** ................................................................... **PAGE 6**
12. How and when will the Court decide who is right?
13. Do I have to come to the trial?

**THE LAWYERS REPRESENTING YOU** .....................................**PAGES 6 - 7**
14. Do I have a lawyer in this case?
15. Should I get my own lawyer?
16. How will the lawyers be paid?

**GETTING MORE INFORMATION** ....................................... **PAGE 7**
17. How do I get more information?

## BASIC INFORMATION

### 1.   Why did I get this notice?

You received this notice because you may have purchased Tricor directly from Abbott between April 9, 2002 and August 18, 2008.

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.   This notice explains the lawsuit and the legal rights and options that you may exercise before the Court holds a trial.

### 2.   What is this lawsuit about?

The lawsuit claims that Defendants violated federal antitrust laws with respect to the sale of the prescription drug Tricor.  The active ingredient in Tricor is fenofibrate.  The lawsuit claims that Defendants impeded competition from less expensive generic versions of Tricor by executing a multifaceted scheme involving the conversion of their Tricor sales base to reformulated versions of Tricor before generic versions of previous forms of Tricor entered the market.  The lawsuit claims that by engaging in this scheme, Defendants were able to maintain their Tricor monopoly improperly, causing direct purchasers of Tricor to pay artificially inflated prices for fenofibrate products.

Abbott and Fournier deny that they did anything wrong and say that any conduct they engaged in was reasonable and based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition. They also say that their actions have had pro-competitive effects that benefited competition.

The lawsuit asks the Court to declare that Abbott's and Fournier's actions were anticompetitive in violation of the federal antitrust laws and award damages representing three times the amount that direct purchasers overpaid as a result of the allegedly illegal conduct, plus interest, attorneys' fees and costs.

The Court has not yet decided whether Abbott or Fournier violated any laws.

The class action is known as *In re Tricor Antitrust Litigation, Civ. No. 05-340 SLR* (Consolidated). Judge Sue L.  Robinson of the United States District Court for the District of Delaware is overseeing this class action.

### 3.   What is a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims.  In this case, there are four Class Representatives: Louisiana Wholesale Drug Co., Inc.; Rochester Drug Co-operative, Inc.; Meijer, Inc.; and Meijer Distribution, Inc. The Class Representatives and the

entities on whose behalf they have sued are together a "Class" or "Class Members." They are also called the Plaintiffs.

The companies that have been sued are called the Defendants. In this case, there are three Defendants: Abbott Laboratories ("Abbott") and Fournier Industrie et Sante and Laboratorie Fournier S.A. (the Fournier entities together are referred to as "Fournier").

In a class action lawsuit, one court resolves the issues for everyone in the Class – except for those who exclude themselves from the Class, as described on page five below.

### 4. Why is this lawsuit a class action?

The Court has decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

Specifically, the Court has found that:

- There are likely 400 or more members of the Class with common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts are more important than questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.

### 5. Has the Court Identified Class Claims, Issues or Defenses?

Yes. Judge Robinson in her Order that certified the Class identified the following classwide claims and issues:
  (a) Whether the conduct challenged by the Class as an anticompetitive scheme in the amended complaint violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2;
  (b) Whether Defendants' challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges; and
  (c) The quantum (amount) of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C.§ 4.

### 6. What has happened in the case so far?

Extensive fact and expert discovery has been taken in this case. Discovery has now closed. The Court denied Defendants' motion to dismiss on May 26, 2005, ruling that Plaintiffs had properly pled violations of §§ 1 and 2 of the Sherman Act and the case was entitled to continue. On August 18, 2008, the Court denied Defendants'

motion for summary judgment regarding relevant market definition and Defendants' motion for leave to file a motion for summary judgment on antitrust injury, ruling that the issue of antitrust injury was not suitable for a decision before trial. The Court has not yet ruled on Defendants' motions for summary judgment related to the propriety of their filing and prosecuting various patent litigations against potential manufacturers of generic versions of Tricor.

The Court has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial on all issues but damages. Should plaintiffs succeed at the trial, there will be a separate trial to determine the amount of damages Defendants must pay, if any.

## WHO IS IN THE CLASS?

To see if you are in the Class, you first have to decide if you are a Class Member.

### 7. Am I part of the Class?

Judge Robinson has decided that all entities in the United States that purchased Tricor directly from Abbott at any time between April 9, 2002 and August 18, 2008 are Class Members. She excluded from the class Defendants and their officers, directors, management, employees, subsidiaries and affiliates. Also excluded are Federal Government entities. If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in question 14 below.

## IF YOU DO NOTHING

### 8. What happens if I do nothing at all?

If you do nothing, you remain in the Class. You will keep the right to get a share of any recovery that may come from a trial or settlement with Defendants. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Abbott or Fournier about the legal issues in this case. All of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

### 9. Why would I ask to be excluded?

If you do not want to be bound by any judgment, whether favorable or unfavorable, that may be made in this case, do not want a payment from any settlement or recovery that may come from a trial or settlement, and you instead want to keep the right to sue Abbott or Fournier, on your own, about the legal issues in this case, then you must take steps to exclude yourself from the class. This is sometimes referred to as "opting out" of the Class.

If you start your own lawsuit against Abbott or Fournier after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own

lawsuit against Abbott or Fournier, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

## 10. How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by first class U.S. mail saying that you want to be excluded from *In re Tricor Direct Purchaser Antitrust Litigation*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked on or before **OCTOBER 15, 2008** to *In re Tricor Direct Purchaser Antitrust Litigation*, **P.O. Box 3775, Portland, OR 97208-3775.**

You cannot exclude yourself by telephone or by e-mail. The Court shall automatically grant all timely requests for exclusion.

If you ask to be excluded, you will not get any recovery that may come from a trial or settlement with Fournier or Abbott. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Abbott or Fournier in the future about the legal issues in this case.

## 11. If I don't exclude myself, can I sue Abbott or Fournier for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Abbott or Fournier for the claims presented in this lawsuit. If you have a pending lawsuit, speak to your lawyer in that case immediately, because you must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **OCTOBER 15, 2008.**

## THE TRIAL

## 12. How and when will the Court decide who is right?

If the claims against Defendants are not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims against Abbott and Fournier at a trial. The Court has set a trial date for the weeks of November 3rd, 11th and 17th 2008 on all issues in the case but damages. During the trial, a judge or jury will hear all of the evidence to help them reach a decision about whether the Plaintiffs' claims or the Defendants' defenses are valid. There is no guarantee that the Plaintiffs will win, or that Plaintiffs will eventually get a recovery for the Class in any subsequent trial to determine the amount of damages owed to Plaintiffs, if any.

## 13. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the Defendants will present their defenses. You or your own lawyer are welcome to attend the trial at your own expense.

## THE LAWYERS REPRESENTING YOU

### 14.  Do I have a lawyer in this case?

Judge Robinson has decided that the lawyers listed below are qualified to represent you and all Class Members.  Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies.  The lawyers are:

Garwin Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, NY 10011
(212) 398-0055
www.garwingerstein.com

The Smith Foote Law Firm, LLP
720 Murray Street
Post Office Box 1632
Alexandria, LA 71309
(318) 445-4480
www.smithfoote.com

Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
www.bergermontague.com

Kaplan Fox & Kilsheimer LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
(212) 687-1980
www.kaplanfox.com

Odom & Des Roches, LLP
Poydras Center, Suite 2020
650 Poydras Street
New Orleans, LA  70130
(504)-522-0077
www.oanddlaw.com

### 15.  Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  However, if you wish to do so, you may retain your own lawyer at your own expense.

### 16.  How will the lawyers be paid?

If Class Counsel gets a recovery for the Class from Abbott or Fournier, the Court will be asked to approve a fee to the lawyers and reimbursement for the expenses they have paid.  You will not have to pay these fees and expenses.  If the Court grants Class Counsel's requests, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Abbott and Fournier.

## GETTING MORE INFORMATION

### 17.  How do I get more information?

If you have questions about this case or want to get additional information, you may call or write to, or visit the websites of, any of the lawyers listed in question 14.

## PLEASE DO NOT WRITE OR CALL THE COURT
## OR THE CLERK'S OFFICE FOR INFORMATION.

- 8 -

**DATE:  SEPTEMBER 15, 2008**

BY THE COURT

Honorable Sue L. Robinson

United States District Judge