## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: TRICOR® DIRECT PURCHASER :
ANTITRUST LITIGATION                          :
                                                              :
_____:

C.A. No. 05-340-SLR
(Consolidated)

## DIRECT PURCHASER CLASS PLAINTIFFS' [PROPOSED] PLAN FOR NOTIFYING CLASS MEMBERS OF PENDENCY OF CLASS ACTION

Direct Purchaser Class Plaintiffs ("Plaintiffs"), in furtherance of this Court's August 18, 2008 Order (D.I. 436) granting the Direct Purchaser Class Plaintiffs' Motion for Class Certification ("Class Certification Order"), hereby respectfully submit their Proposed Plan for Notifying Class members of the Pendency of the Class Action ("Plan").

The Class Certification Order directed Plaintiffs to submit a motion seeking approval of the manner and form of notice. Plaintiffs' Plan is set out below. Plaintiffs' proposed forms of mailed and publication notice consist of:

- a long-form Notice of Pendency of Class Action for mailing ("Notice") (attached as Exhibit "A" to the Direct Purchaser Class Plaintiffs' Motion for Approval of Form and Manner of Notice of Pendency of Class Action to the Certified Class (the "Motion"); and

- a short-form notice for publication ("Summary Notice") (attached as Exhibit "B" to the Motion).

The purpose of this Plan is to inform the Court of the steps Plaintiffs propose to take to notify the Class of the pendency of the Class Action consistent with this Court's rulings, the Federal Rules of Civil Procedure, judicial efficiency, and due process of law. The Plan is based on similar notice

programs deemed the best notice practicable in several recent analogous direct purchaser pharmaceutical antitrust cases. Plaintiffs propose the following:

1.       Plaintiffs shall distribute the Notice by First Class Mail to members of the Class.[1] As discussed below, the Class is composed of the direct customers of defendant Abbott Laboratories ("Abbott"), and thus its members (and their respective addresses) can be identified from Abbott's transactional sales database, which is already in Plaintiffs' possession. Plaintiffs shall also publish the Summary Notice in a widely-read industry publication known as *The Pink Sheet*.

2.       Direct Purchaser Class Counsel[2] has retained the class action claims administration and processing firm, Epiq Systems Inc. ("Epiq"), to perform services relating to notifying Class members of the pendency of the Class Action. Epiq has the requisite skill and experience to serve in this function. Epiq's resume is attached at Tab 1 to the Direct Purchaser Class Plaintiffs' Memorandum of Law in Support of Motion for Approval of Form and Manner of Notice of Pendency of Class Action to the Certified Class.

3.       DP Class Counsel has provided Epiq with a list of Class members that were extracted by their economic experts from the computerized transactional sales database that Abbott

---

[1]The Class is defined as follows: "All persons or entities in the United States who purchased TRICOR® in any form directly from any of the defendants at any time during the period April 9, 2002 through [August 18, 2008]. Excluded from the Class are defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities." ("the Class"). *See* Class Certification Order, Aug. 18, 2008, at ¶ 2. The Court's Class Order included a class period that went through "the present," as Plaintiffs had requested. Plaintiffs interpret that definition as defining the class as those who purchased Tricor through August 18, 2008, the date of the Court's order. To be clear, this cut-off date relates only to the Class definition. Plaintiffs are pursuing all provable overcharge damages, past and future, to which members of the Class are legally entitled.

[2]Direct Purchaser Class Counsel refers to the Counsel identified in ¶ 5 of the Class Certification Order (hereinafter "DP Class Counsel").

produced to Plaintiffs during the litigation. Abbott's database permitted the economic experts to generate a list of all direct purchasers of Tricor from Abbott by, *inter alia*, name and address.

4.      To ensure that the list derived from Abbott's database contains accurate addresses, Epiq, DP Class Counsel, and Plaintiffs' experts have verified each Class member's address through certain commercial databases that contain updated addresses for businesses and persons, and based upon mailing lists from prior analogous cases. Given DP Class Counsel's and Epiq's prior recent experience in notifying essentially the same class in other cases, Plaintiffs are confident that they have a reliable list of names and addresses for verification and confirmation of the Class mailing list here.

5.      No later than **September 15, 2008**, DP Class Counsel and Epiq shall cause the Notice to be mailed to each of the Class members via postage pre-paid First Class U.S. mail.

6.      Given (a) the existence of a single source of data that can be used to identify the Class members, *i.e.*, Abbott's computerized transactional sales database, (b) Plaintiffs' experience with providing notice to the same basic Class, and (c) the limited number of Class members (approx. 500), Class members can reliably be notified in the manner described in this Plan.

7.      In addition, for added certainty, a Summary Notice shall be published in *The Pink Sheet* (www.thepinksheet.com), a pharmaceutical industry publication with substantial circulation among Class members (who are mainly pharmaceutical wholesalers and retailers). Courts have approved similar notice programs involving publication in *The Pink Sheet* in analogous pharmaceutical antitrust class actions as the best notice practicable.[3]

_____

[3]*See* Direct Purchaser Plaintiffs' Memorandum of Law in Support of Motion for Approval of Form and Manner of Notice at 5, n.6, citing various analogous cases approving of class notice via publication in *The Pink Sheet*.

3

8.    DP Class Counsel shall cause the Summary Notice to be published in the **September 22, 2008** edition of *The Pink Sheet*. To publish in this edition, *The Pink Sheet* must receive the Summary Notice by **September 8, 2008.**

9.    Epiq has already established a post office box where Class members can send requests for exclusion or other correspondence relating to the Notice. Once Epiq mails the Notice, Epiq shall check the post office box regularly and send DP Class Counsel any correspondence that has been received. Should any Notices be "returned-to-sender," Epiq shall take reasonable steps to obtain a better address and re-mail the Notice.

10.    Epiq shall maintain data relating to the mailing of the Notice, including the names, addresses, dates, etc. The database shall also record all notices returned to sender and identify what steps were taken to obtain better addresses and re-mail the notices. Epiq shall keep track of any and all requests for exclusion. On or before **October 29, 2008,** Plaintiffs shall file a notice with the Court (a) identifying those entities requesting exclusion from the suit, if any, and (b) informing the Court about the status of the mailed notice program.

11.    For the reasons set forth above and in Direct Purchaser Class Plaintiffs' Motion and Memorandum in Support of Form and Manner of Notice of Pendency of Class Action, the proposed

4

manner and form of Notice to the Class constitutes the best notice practicable and satisfies the

requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
jgoddess@rmgglaw.com
  *Liaison Counsel for Direct*
  *Purchaser Class*

Eric L. Cramer
Peter Kohn
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Executive Committee for Direct Purchaser*
*Class*

John Gregory Odom
Stuart Des Roches
**ODOM & DES ROCHES, LLP**
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
(504) 522-0077

*Executive Committee for Direct Purchaser*
*Class*

Barry S. Taus
Adam M. Steinfeld
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

*Lead Counsel for Direct Purchaser Class*

David P. Smith
W. Ross Foote
**THE SMITH FOOTE LAW FIRM, LLP**
720 Murray Street
P.O. Box. 1632
Alexandria, LA 71309
(318) 445-4480

*Executive Committee for Direct Purchaser*
*Class*

Linda Nussbaum
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

*Executive Committee for Direct Purchaser Class*