**THIS IS AN IMPORTANT LEGAL NOTICE. THE MATTERS DISCUSSED HEREIN MAY AFFECT YOUR LEGAL RIGHTS.**

*READ THIS NOTICE CAREFULLY.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: TRICOR® DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 05-340-SLR (Consolidated) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

TO:   ALL PERSONS OR ENTITIES IN THE UNITED STATES WHO PURCHASED TRICOR® IN ANY FORM DIRECTLY FROM DEFENDANTS ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, OR LABORATORIES FOURNIER S.A. AT ANY TIME DURING THE PERIOD APRIL 9, 2002 THROUGH AUGUST 18, 2008 (THE "CLASS"). EXCLUDED FROM THE CLASS ARE DEFENDANTS AND THEIR OFFICERS, DIRECTORS, MANAGEMENT, EMPLOYEES, SUBSIDIARIES, OR AFFILIATES AND ALL FEDERAL GOVERNMENT ENTITIES.

I.   **PURPOSE OF THIS NOTICE**

   A.   **Nature of the Class Action**

If you made at least one purchase of brand name drug Tricor® directly from one of the defendants in this case, your rights may be affected by a lawsuit, *In re Tricor Antitrust Litigation*, Civ. No. 05-340 SLR (Consolidated) (the "Class Action"), now pending before the United States District Court for the District of Delaware (the "Court"). The case was brought by Louisiana Wholesale Drug Company, Inc. ("Louisiana Wholesale"), Rochester Drug Co-Operative, Inc. ("Rochester Drug"), and Meijer, Inc. and Meijer Distribution, Inc. (together, "Meijer") (collectively, "Class Plaintiffs"), on behalf of themselves and other similarly situated direct purchasers of Tricor® that fall within the definition of the Class set out above against defendants

Abbott Laboratories ("Abbott") and Fournier Industrie et Santé and Laboratories Fournier S.A. (together, "Fournier") (collectively, "Defendants"). Defendants manufacture, market and sell the prescription drug Tricor® (active ingredient: fenofibrate) in the United States.

The Class Action seeks money damages based on the federal antitrust laws. Class Plaintiffs allege that Defendants impeded competition from less expensive generic versions of Tricor by executing a multifaceted scheme involving the conversion of their Tricor sales base to reformulated versions of Tricor® before generic versions of the previous forms of Tricor® entered the market. Plaintiffs claim that by engaging in this scheme, Defendants were able to maintain their Tricor monopoly improperly, causing caused direct purchasers of Tricor® to pay artificially inflated prices for fenofibrate products. Defendants deny these claims and charges.

**B.      Proceedings in the Case**

The Court has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial in the Class Action on all issues but damages. Should Plaintiffs succeed in this trial, there would be a separate trial to determine the amount of damages, if any, Defendants must pay.

The Court previously denied Defendants' motion to dismiss on May 26, 2005, ruling that Plaintiffs had properly pled violations of §§1 and 2 of the Sherman Act and that the case was entitled to proceed. On August 18, 2008, the Court denied Defendants' motion for summary judgment regarding relevant market definition and Defendants' motion for leave to file a motion for summary judgment on antitrust injury, ruling that the issue of antitrust injury was not amenable to a decision before trial. The Court has not yet ruled on Defendants' motion for summary judgment related to the propriety of their filing and prosecuting various patent

litigations against potential manufacturers of generic versions of Tricor®. The Court has not ruled on the merits of any of Plaintiffs' claims or of Defendants' defenses.

## II. THE CLASS ACTION RULING

### A. Class Definition

By Order dated August 18, 2008 (the "Class Order"), the Court ruled that this lawsuit may be maintained as a claim for treble damages, attorneys' fees, and costs under the federal antitrust laws not only by Class Plaintiffs but also on behalf of the class consisting of:

> All persons or entities in the United States who purchased TRICOR® in any form directly from Abbott Laboratories ("Abbott"), Fournier Industrie et Santé, or Laboratories Fournier S.A. at any time during the period April 9, 2002 through August 18, 2008. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

If you bought Tricor® from a source other than Defendants (for example, if you only bought from a wholesaler or retailer), you are *not* a member of the Class on whose behalf this suit will be maintained.

Entities that have been identified as possible members of this Class are being advised by mail of their rights with respect to the lawsuit (including the right to exclude themselves from the Class if they so desire). If you are a member of the Class as defined above but have not yet received the mailed "Notice of Pendency of Class Action" ("Mailed Notice"), you may obtain a copy by sending a written request and giving your full name and address to:

**In re Tricor Direct Purchaser Antitrust Litigation**
P.O. Box 3775
Portland, OR 37208-3775

You will then be mailed the Notice of Pendency of Class Action, which gives a more detailed explanation of your rights in this litigation and you will also be placed on the mailing list for future notifications regarding the suit. The Mailed Notice is also available on the websites of certain of the Class Counsel identified below.

**B.    Class Claims, Issues and Defenses**

The Class Order identified the classwide claims and issues as follows:

a.    Whether the conduct challenged by the Class as an "anticompetitive" scheme in the amended complaint violated Sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

b.    Whether Defendants' challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges;

c.    The quantum of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

**C.    Class Counsel**

The Court has named Class Plaintiffs Louisiana Wholesale, Rochester Drug, and Meijer as Class representatives, and has appointed the following firms as Class Counsel:

a.    Lead Counsel: Garwin Gerstein & Fisher, LLP

(www.garwingerstein.com);

b.    Executive Committee members: Berger & Montague, P.C.

(www.bergermontague.com), Odom & Des Roches, LLP, The Smith Foote

Law Firm, LLP, and Kaplan Fox & Kilsheimer, LLP;

      c.      Liaison Counsel: Rosenthal, Monhait & Goddess, P.A.

**D.**    **Binding Effect of a Class Judgment If You Do Not Opt Out**

The rulings by the Court to date do not mean that any money will necessarily be obtained by Class members. No court has yet ruled on the merits of the claims made in the Class Action. The class certification ruling simply means that the final outcome of the lawsuit, whether favorable to the Class or to Defendants, will apply in like manner to every Class member who does not timely elect to be excluded from the Class in the manner set forth below.

**III.**    **ELECTION BY CLASS MEMBERS**

Class members can choose whether or not to remain a member of the Class. This choice will have consequences, which you should understand before making your decision.

    1.    If you want to **remain** a member of the Class, *you are **not** required to do anything at this time*. By remaining a Class member, any Class claims you have against Defendants will be determined in this case by way of a judgment that is binding on all Class members, and cannot be presented in any other lawsuit. You may also enter an appearance through your own counsel at your own expense, if you so desire.

    2.    If you want to be **excluded** from the Class, you must fill out the Request for Exclusion attached to the Mailed Notice send a letter setting forth your name, present address, and your request for exclusion from the Class to *In re Tricor Direct Purchaser Antitrust Litigation*, **P.O. Box 3775, Portland, OR 97208-3775**, by first-class mail, postmarked no later than **OCTOBER 15, 2008**. The Court shall automatically request all timely requests for exclusion. By electing to opt out of the Class:

(a) you will not share in any recovery that might be paid to the Class as a result of trial or settlement of this lawsuit;

(b) you will not be bound by any decision in this lawsuit favorable to Defendants, and,

(c) you may present any claim you may have against Defendants by filing your own lawsuit, or you may seek to intervene in this lawsuit.

IV. **ADDITIONAL INFORMATION**

The pleadings and other records in this litigation may be examined and copied at any time during regular office hours at the Clerk of the Court, United States District Court of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.

V. **REMINDER AS TO TIME LIMIT**

If you wish to be excluded from the Class you must so indicate in writing by filling out the Request for Exclusion attached to the Mailed Notice or by sending a letter to: *In re Tricor Direct Purchaser Antitrust Litigation*, P.O. Box 3775, Portland, OR 97208-3775 by first class mail postmarked no later than **OCTOBER 15, 2008**.

Dated: _____          BY ORDER OF THE COURT

_____
Clerk of the Court
United States District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PLEASE DO NOT SEND ANY COMMUNICATIONS REGARDING THIS NOTICE TO THE COURT**