## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: TRICOR DIRECT PURCHASER  :    C.A. No. 05-340-SLR
ANTITRUST LITIGATION              :    (Consolidated)
                                     :

## DIRECT PURCHASER CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE OF PENDENCY OF CLASS ACTION TO THE CERTIFIED CLASS

### I.    INTRODUCTION

On August 18, 2008, this Court certified a class of direct purchasers of Tricor (the "Direct

Purchaser Class" or the "Class"),[1] and ordered counsel for the Class ("DP Class Counsel")[2] to "file

with the Court a motion seeking approval of a form and manner of notice that complies with Fed.

R. Civ. P. 23 (c)(2)(B)." Order dated Aug. 18, 2008 (D.I. 436), at ¶ 6.

Therefore, Plaintiffs Louisiana Wholesale Drug Company, Inc. ("Louisiana Wholesale"),

Rochester Drug Co-operative, Inc. ("Rochester") and Meijer Distribution, Inc. and Meijer, Inc.

(Meijer entities together, "Meijer") (collectively "Plaintiffs" or "Class Plaintiffs") have moved for

approval of the form and manner of notifying class members of the pendency of this class action.

---

[1] The Class is defined as follows: "All persons or entities in the United States who purchased TRICOR® in any form directly from any of the defendants at any time during the period April 9, 2002 through [August 18, 2008]. Excluded from the Class are defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities" (the "Class"). *See* Order, dated Aug. 18, 2008 (D.I. 436), at ¶ 2.

The Court's Class Order included a class period that went through "the present," as Plaintiffs had requested. Plaintiffs interpret that definition as defining the class as those who purchased Tricor through August 18, 2008, the date of the Court's order. To be clear, this cut-off date relates only to the Class definition. Plaintiffs are pursuing all provable overcharge damages, past and future, to which members of the Class are legally entitled.

[2] The Court appointed Garwin Gerstein & Fisher LLP as Lead Counsel for the Direct Purchaser Class and Berger & Montague, P.C., Odom & Des Roches, LLP, The Smith Foote Law Firm, LLP, Kaplan Fox and Kilsheimer, LLP and Rosenthal, Monhait & Goddess as class counsel.

Class Plaintiffs request the Court to ratify (a) the Notice of Pendency of Class Action ("Class Notice"), (b) the Summary Notice of Pendency of Class Action, ("Summary Notice"), and (c) the manner of notice as described in the Plan of Notice, attached as Exhibits "A," "B," and "C," respectively, to the Motion.[3]

Plaintiffs provided drafts of the Class Notice and Summary Notice to counsel for Defendants for review and comment. The forms of notice attached hereto reflect the only textual suggestion that was proposed by Defendants. Defendants' only other suggestion (which came in just moments before this filing) was to include a detachable form for opting out along with the Class Notice. Plaintiffs do not believe such a form is necessary or that it makes the process simpler for Class members, but would, of course, implement that suggestion should the Court deem it necessary.

If approved by the Court, the proposed order would also direct that: (1) the deadline for Class members to opt out of the Class be **October 15, 2008**; (2) Class Notice be mailed to Direct Purchaser Class members via First Class Mail no later than **September 15, 2008**; (3) the Summary Notice be submitted to an industry publication widely read by Class members known as *The Pink Sheet* by **September 8, 2008** (for publication on **September 22, 2008**); and (4) DP Class Counsel or their designee shall monitor and report to the Court no later than **October 29, 2008** regarding (a) the exclusion requests, if any, received, and (b) the status of the mailed notice program, including a description of how any returned mail was handled. Plaintiffs incorporate the Plan of Notice (filed in conjunction herewith) as if set forth herein.

---

[3]The manner of notice is explained in the Plan of Notice, which sets out the steps DP Class Counsel or its designee propose to take to notify Class members of the pendency of this action.

DP Class Counsel has retained the class action claims administration and processing firm, Epiq Systems Inc. ("Epiq"), to perform services relating to notifying Class members of the pendency of the Class Action. Epiq specializes in administering class actions, including implementing and overseeing the notification process. (Epiq's resume is attached hereto at Tab 1). Previously, Epiq administered the notice program in two similar pharmaceutical antitrust class actions: (a) *Louisiana Wholesale Drug Co., et al. v. Sanofi-Aventis, et al.,* C.A. No. 07-CIV-7343 (S.D.N.Y.); and, (b) *Meijer, Inc., et al. v. Warner Chilcott Holding Co., et al.*, C.A. No. 05-2195-CKK (D.D.C.).

## II.    ARGUMENT

### A.    The Class Notice and Summary Notice Satisfy Fed R. Civ. P. 23(c)(2)(B)

Plaintiffs' proposed forms of notice to the Class satisfy all applicable rules and laws. Notice to the members of a class certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is governed by Rule 23(c)(2)(B), which provides:

(2)    *Notice.*

(B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

        (i)    the nature of the action;

        (ii)    the definition of the class certified;

        (iii)    the class claims, issues, or defenses;

        (iv)    that a class member may enter an appearance through an attorney if the member so desires;

        (v)    that the court will exclude from the class any member who requests exclusion;

        (vi)    the time and manner for requesting exclusion; and

3

(vii)    the binding effect of a class judgment on members under
          Fed R. Civ. P. Rule 23(c)(3).

The proposed Class Notice, which substantially resembles the forms of notice approved and employed in several past analogous pharmaceutical direct purchaser antitrust class actions (including the cases cited in note 6 below), complies with these requirements in all respects. There are approximately 500 Class members — all of whom are businesses of one kind or another (mainly pharmaceutical wholesalers and retailers). The Class Notice will inform all Class members why they are receiving it, and what they have to do to stay in the class or to opt out. The Class Notice, in plain and easily understood language: describes the nature of the action (Class Notice at No. 2); identifies what proceedings have taken place in the case to date (Class Notice at No. 6); includes the precise definition of the certified Class (Class Notice at No. 7); describes the Class claims, issues, and defenses (Class Notice at No. 5); notifies Class members that they may hire their own lawyer if desired (Class Notice at No. 15); says that the Court will exclude members of the Class who so request (Class Notice at No. 10); identifies the time and manner for requesting exclusion (Class Notice at No. 10); and explains the binding effect of a Class judgment (Class Notice at No. 11).

The Court should approve the Class Notice, and the proposed manner of notice, as satisfying the requirements of Fed R. Civ. P. 23(c)(2)(B). Such a notice program is similar to those previously approved by this and other courts. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) ("*Warfarin*") (upholding short and full notice which contained necessary information); *Alberton v. Commonwealth Land Title Ins. Co.*, No.06-3755, 2008 WL 1849774 at * 3 (E.D. Pa. Apr. 25, 2008) (approving both long-form and summary notices where they both contain the information required by Rule 23).

4

The Summary Notice, and its proposed publication in *The Pink Sheet*, also independently

satisfy Fed. R. Civ. P. 23(c)(2)(B), because the Summary Notice summarizes the information in the

Class Notice and directs class members to the claims administrator, DP Class Counsel, and DP Class

Counsel's websites for more information and so that they can obtain a copy of the Class Notice. *See*

*Warfarin*, 212 F.R.D. at 253 (finding that summary notice properly advised class members of

settlement where summary notice included address, telephone number and website where class

members could obtain information about the settlement); *see also Alberton*, 2008 WL 1849774, *3.

## B.    The Proposed Manner of Notice Satisfies Rule 23(c)(2) and the Due Process Clause

As explained in the Plan of Notice, Class Plaintiffs intend to notify class members through

the following methods: (1) First Class mailing of the Class Notice to all class members identified

in Abbott's transactional sales database;[4] (2) publication of the Summary Notice in *The Pink Sheet*,[5]

a pharmaceutical industry circular and website with wide circulation and readership among Class

---

[4]Sending notice to the last known address as identified in defendants' records is appropriate, especially, where, as here, Plaintiffs have a means of finding the address of Class members whose Notices may be returned as undeliverable due to an incorrect address. *See In re A-P-A Transport Corp. Consol. Litig.,* No. Civ. 02-3480 WGB, 2005 WL 3077916, at *7 (D.N.J. Nov. 16, 2005) (approving of mailed notice using addresses found in defendants' records where, for notices that are returned as undeliverable, plaintiffs agree to undertake a search of a national database of addresses for a correct address and will re-mail the notice).

To ensure that the list derived from Abbott's database contains accurate addresses, Epiq, DP Class Counsel and their experts have verified each Class member's address through certain commercial databases that contain updated addresses for businesses and persons, and based upon mailing lists from prior analogous cases. Given DP Class Counsel's and Epiq's prior recent experience in notifying essentially the same class, Plaintiffs are confident that they have a reliable list of names and addresses for verification and confirmation of the Class mailing list here.

[5]In order for Plaintiffs to publish the Summary Notice well before the opt-out period expires on October 15, 2008 and before trial begins the week of November 3, *The Pink Sheet* must receive the court-approved Summary Notice by **September 8, 2008** in order to publish in the **September 22, 2008** edition.

members;[6] and (3) the websites of DP Class Counsel. Courts in the Third Circuit, including this Court, have approved of these methods of notifying class members. *See, e.g., Warfarin,* 212 F.R.D. at 252 (approving of method of notifying class members of settlement where method included individual mailings of the notice, publishing notice in magazines likely to be read by class members, and posting, on a website, of information about the settlement); *A-P-A Transport,* 2005 WL 3077916, at *8 ("[m]any courts have found individual mailings to an individual's last known address to be appropriate") (citations omitted); *Alberton,* 2008 WL 1849774 at * 3 (approving of plaintiffs' method of notice which included notice by first class mail, publication and posting information on a website).

For those Class members who may not be identified in Abbott's transactional sales database, or whose notices may be returned to sender, publication notice is a sufficient method of notifying these (few, if any) class members. *See Warfarin,* 212 F.R.D. at 252 ("the best notice practicable under the circumstances was given by publishing the summary notice in newspapers and magazines which were likely to be read by potential class members"); *see also Alberton,* 2008 WL 1849774, *3 ("[t]hese supplemental forms of notice aim to reach those class members who have changed their addresses since their purchase from Commonwealth or who, for whatever reason, are not identified by plaintiffs' consultant"); *In re Remeron End Payor Antitrust Litig.,* Nos.Civ. 02-2007 & 04-5126,

---

[6]Several courts have approved of publishing summary notices regarding either pendency of a class action or settlement in *The Pink Sheet. See In re Remeron Direct Purchaser Antitrust Litig.,* No. 03-CV-0085 (D.N.J. Sept. 30, 2005) at ¶ 7 (approving publication of the summary notice of settlement and certification of settlement class in *The Pink Sheet*) (attached hereto at Tab 2); *In re K-Dur Antitrust Litig.,* Civil Action No. 01-CV-2869 (MDL No. 1419) (D.N.J. Sept. 23, 2004) at ¶ 3B (same) (attached hereto at Tab 3); *North Shore Hematology & Oncology Associates, et al. v. Bristol Myers Squibb Co.,* No.1:04-CV-248 (EGS) (D.D.C. Sept. 10, 2004) at 7 (same) (attached hereto at Tab 4); *In re Terazosin Hydrochloride Antitrust Litig.,* No. 99-MDL-1317 (S.D. Fla. Sept. 28, 2001) (Seitz/Garber) at ¶ 2 (same)(attached hereto at Tab 5).

6

2005 WL 2230314, *15 (D.N.J. Sept. 13, 2005) ("[f]or those whose names and addresses cannot be determined by reasonable efforts, notice by publication suffices under both Rule 23(c)(2) and under the Due Process Clause").

Finally, given the sophistication of the members of the Class and these same Class members' experience with several prior analogous suits, the thirty day opt out period is satisfactory. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. C 06-2069, 2008 U.S. Dist. LEXIS 14756, *47 (N.D. Cal. Feb. 13, 2008) (approving 30 day opt out period); *Kitchens v. U.S. Shelter*, Civ. A. Nos. 82-1951-1, 83-0771-1, 1984 U.S. Dist. LEXIS 19850, *8 (D.S.C. Feb. 2, 1984) (same). Accordingly, Plaintiffs' method of notifying Class members of the pendency of the class action complies with both Rule 23(c)(2) and due process of law.

7

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter the Order

proposed herewith, approving the Notice of Pendency of Class Action, Summary Notice of Pendency

of the Class Action and Plan of Notice, directing mailing of the Class Notice by **September 15,**

**2008**, and authorizing publication of the Summary Notice in *The Pink Sheet* for submission on

**September 8, 2008** and publication on **September 22, 2008**.

**Dated: August 25, 2008**

Respectfully submitted,

*/s/ Jeffrey S. Goddess*

Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
jgoddess@rmgglaw.com
  *Liaison Counsel for Direct*
  *Purchaser Class*

Eric L. Cramer
Peter Kohn
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Executive Committee for Direct Purchaser*
*Class*

Barry S. Taus
Adam M. Steinfeld
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

*Lead Counsel for Direct Purchaser Class*

8

John Gregory Odom
Stuart Des Roches
**ODOM & DES ROCHES, LLP**
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
(504) 522-0077

*Executive Committee for Direct Purchaser Class*

David P. Smith
W. Ross Foote
**PERCY, SMITH & FOOTE, LLP**
720 Murray Street
P.O. Box. 1632
Alexandria, LA 71309
(318) 445-4480

*Executive Committee for Direct Purchaser Class*

Linda Nussbaum
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

*Executive Committee for Direct Purchaser Class*

9