# TAB 1



# Class Action & Claims Solutions

# Company Overview

## Who We Are

Epiq Systems (NASDAQ:EPIQ) is a leading provider of integrated technology products and services for the legal profession. Epiq's solutions streamline the administration of litigation, bankruptcy, financial transactions and regulatory compliance matters.

Epiq Systems delivers its highly regarded professional services by drawing on deep subject matter expertise and decades of hands-on experience with working on many of the largest, most high-profile and complex client engagements.

Epiq was number 23 on the *Forbes* Midas list of technology growth champs and number 60 on *Business 2.0's* 100 fastest growing tech companies in 2005. Epiq's 500+ employees operate out of 10 office locations in the U.S. and U.K.

## What We Do

Epiq serves the legal profession through four business units, each of which is a leader in its niche.

### Class Action & Claims Solutions

Epiq's Class Action & Claims Solutions group provides technology-enabled solutions for class action and mass litigation case management. This group has more than four decades of experience with providing the complete continuum of support services for every major type of class action in the U.S. This knowledge includes hands-on experience with administering some of the largest class action settlements in history, all within a single unified and integrated platform of offerings. Our clients include industry leaders in many business verticals and include such organizations as CIGNA, MassMutual, Toyota, Verizon Wireless, Hewlett-Packard, and Microsoft, as well as a variety of other companies. We also administer cases involving government agencies including the Federal Bureau of Investigations, U.S. Department of Agriculture and 48 of the state Attorneys' General Offices.

Epiq Class Action & Claims Solutions also has a Corporate Services division whose offerings include data processing, electronic presentment of account activity and invoices, and the printing and mailing of both invoices and checks issued. Major clients include Bank of America, GE and Genworth Financial.

### Corporate Restructuring Solutions

Epiq's Corporate Restructuring Solutions group is the most experienced Chapter 11 (corporate reorganization) claims administrator in the industry. The team provides a best-in-class package of services for corporate restructuring matters, including legal notification of the Chapter 11 filing, claims management and reconciliation, balloting and solicitation services, preference analysis, disbursement and consulting services for navigating the restructuring process.

**Bankruptcy Solutions**

Epiq's Bankruptcy Solutions group provides efficient Chapter 7 (corporate liquidation) and Chapter 13 (personal reorganization) case management software solutions. This team has more than 60 years of industry experience and offers a number of Windows and Web-based software products that have been developed specifically to meet the needs of bankruptcy trustees in Chapter 7 and Chapter 13 matters.

**eDiscovery Solutions**

Epiq's eDiscovery group provides reliable, flexible and secure electronic discovery support services and software tools. For more than a decade, Epiq has been delivering full lifecycle support for eDiscovery needs, from collection and preservation of evidence to production for litigation. The Epiq team offers professional project management and industry-leading electronic discovery technology.

In addition to its professional services, the eDiscovery group also makes available Epiq's renowned DocuMatrix document review software platform and eDataMatrix processing engine. These proprietary technology tools – and Epiq's database hosting capabilities – enable the Epiq team to offer unique competitive advantages to its customers.

## Our Locations

Epiq Systems' corporate headquarters are located in Kansas City, KS, with divisional offices in Washington, DC, Los Angeles, CA, New York, NY, Philadelphia, PA, Miami, FL, and London, England. Our Epiq Class Action & Claims Solutions headquarters are located in Oregon where we operate from a state-of-the-art 100,000 square foot facility where all aspects of our proven case administration processes occur on site.

## Epiq Performance

With nearly 40 years experience, Epiq Class Action & Claims Solutions specializes in the administration of Securities Litigation, Insurance, Financial Services, Lending Practices, and Discrimination Wage & Hour/ERISA cases. While Epiq administers cases of all sizes and scope, we are recognized as the leader in large and complex case administration.

Our success hinges on our development and repeat execution of our Epiq Approach to Class Actions, backed by the power of our proprietary database, ClaimsMatix, innovative technologies, and our veteran team of specialists. Tried and true, our experts pioneered the process and designed our approach based on unmatched depth of experience, identifying best practices, putting controls in place and replicating and refining this process for close to 40 years, across hundreds of cases. Our process is the only approach that provides end-to-end class action and claims solutions with a single partnership.

# TAB 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE REMERON DIRECT PURCHASER
ANTITRUST LITIGATION

Master Docket No. 03-CV-0085 (FSH)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

### [PROPOSED] ORDER CERTIFYING CLASS IN LIGHT OF SETTLEMENT, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS AND SETTING HEARING

Upon review and consideration of the Settlement Agreement dated August 24, 2005 and the exhibits thereto which have been publicly filed with the Court (collectively, the "Settlement Documents"), and Direct Purchaser Class Plaintiff's Motion for Preliminary Approval of Proposed Settlement with Defendants, for Certification of the Proposed Class in Light of Settlement, and for Approval of the Form and Manner of Notice to the Class, the attachments to such motion and the submissions of the parties, and having held a hearing on August 30, 2005, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The Court has jurisdiction over these actions and each of the parties.

2.    In light of the proposed Settlement of the above-referenced action, the Court finds that the following proposed class is certified pursuant to Fed. R. Civ. P. 23:

> All persons or entities (and assignees of claims from such persons or entities) who directly purchased Remeron® from Defendants at any time during the period of January 16, 2002 through the date of the Settlement Agreement (the "Class Period").
>
> Excluded from the Class are: (1) the defendants in this lawsuit, and their officers, directors, management and employees, subsidiaries and affiliates; (2) to the extent they would otherwise be in this Class, either as a direct purchaser or as an assignee of a direct purchaser, Walgreen Co., Eckerd Corporation, Albertson's, Inc., The Kroger Co., American Sales Company, Safeway, Inc., Hy-Vee, Inc., CVS Meridian, Inc., and Rite Aid Corporation, and their successors in interest, who initiated the actions styled CVS Meridian, Inc., et al. v. Organon, Inc., et al., No. 2:03-cv-05488-

1743822v1

FSH-PS, and Walgreen Co., et al. v. Organon, Inc., et al., No. 2:03-cv-02221-FSH-PS, which have been dismissed with prejudice; and (3) to the extent they would otherwise be in this Class, either as a direct purchaser or as an assignee of a direct purchaser, the 50 states of the United States of America, the District of Columbia, the Commonwealth of Puerto Rico, and the possessions and territories of the United States of America, who initiated the action styled State of Oregon et al. v. Organon USA Inc., et al., No. 2:04-cv-05126-FSH-PS, which has been dismissed with prejudice as of the date this Settlement becomes final in accordance with its terms.

3.     Pursuant to Fed. R. Civ. P. 23(g), the Court hereby approves the following counsel as lead counsel for the Class (the "Class Counsel"):

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> Adam Steinfeld, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, New York 10036
>
> Linda P. Nussbaum, Esq.
> COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
> 150 East 52nd Street
> 30th Floor
> New York, New York 10019

4.     The Court approves plaintiff Louisiana Wholesale Drug Company, Inc. as class representative (the "Class Representative").

5.     If the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, the certification of the proposed Class shall be null and void, and shall have no further force and effect, and Plaintiff and Defendants shall have reserved and shall retain all of their rights to propose or oppose for any reason any and all class certification motions or the standing of any plaintiff, and Defendants shall have reserved and shall retain all of their rights to contest the adequacy of any proposed class or of any plaintiff or the Class Representative to serve as representative of any putative class.

2

1743822v1

6.      Upon review of the record, the Court finds that the proposed Settlement between Plaintiff, the Class and Defendants, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

7.      Both forms of notice to the Class attached as exhibits to Plaintiff's motion for preliminary approval – namely, the written notice for mailing to all known Class members and the summary notice for publication in the industry trade journal, *The Pink Sheet* (the "Notice") – satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and are thus approved for dissemination to the Class. Class Counsel shall cause this Notice to be disseminated no later than 20 days following entry of this Order.

8.      Class Counsel shall also ensure that copies of the Notice and the Settlement Agreement are available to Class members in a conspicuous place on their websites.

9.      Class Counsel ~~may~~ shall retain a claims administrator (the "Claims Administrator") to assist in providing notice to the Class, receiving requests for exclusion and communicating with Class members. All expenses incurred by such administrator must be reasonable, are subject to Court approval, are subject to the provisions of the Escrow Agreement, and shall be payable solely from the Settlement Fund.

10.     Any person or entity who or that does not wish to remain a member of the Class must mail a written request for exclusion to the Claims Administrator, which must be received by the Claims Administrator by no later than _Oct. 19, 2005_ (the "Opt-Out Deadline"). The request for exclusion must: (1) clearly state the person's name, address, and the name of this case (In re Remeron Direct Purchaser Antitrust Litigation), and (2) clearly state that

3

such person or entity wishes to be excluded from the Class. Class members that submit valid and timely requests for exclusion shall not have any rights under the Settlement Agreement or the Settlement, and shall not be bound by the Settlement Agreement, the Settlement or any final judgment of this Court finally approving the Settlement.

11.    All Class members who do not submit valid and timely requests for exclusion from the Class on or before the Opt-Out Deadline shall be bound by the Settlement Agreement, the Settlement and any final judgment of this Court finally approving the Settlement, in the event that the Settlement is finally approved by the Court and the Settlement becomes final in accordance with paragraph 5 of the Settlement Agreement.

12.    A hearing on final settlement approval (the "Fairness Hearing") shall be held before this Court on $Nov. 2$ , 2005, at $4 :00$ $p$.m. Eastern time, in the courtroom assigned to the Honorable Faith S. Hochberg, U.S.D.J., at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101-0999. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement, (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and expenses to Class Counsel as described in the Settlement Agreement, (d) whether incentive awards should be awarded to certain named plaintiffs, and (e) whether entry of a final judgment terminating this litigation, in the form submitted by the parties to the Settlement Agreement, should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on their websites. The Court may

1743822v1

4

approve the Settlement with only such modifications (if any) as may be agreed to in a writing

signed by all of the settling parties, if appropriate, without further notice to the Class.

13.    All briefs and materials in support of final approval of the Settlement and

entry of the final judgment proposed by the parties to the Settlement Agreement and the fee

petition by Class Counsel and any application for incentive awards, shall be filed with the Court

and served on the following counsel by no later than *Oct. 26*, 2005;

*with the exception of the fee petition and incentive award application that*

On behalf of Class Counsel, Plaintiff and the Class: *shall be due*

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> Adam Steinfeld, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, New York 10036

*Oct. 12, 2005 and shall be posted in a conspicuous place on the websites of Class Counsel.*

On behalf of Defendants:

> Laurence T. Sorkin, Esq.
> Dean Ringel, Esq.
> CAHILL GORDON & REINDEL LLP
> 80 Pine Street
> New York, New York 10005-1702

14.    Class members who do not exclude themselves from the Class and who

wish to object or otherwise be heard with respect to the proposed Settlement, or to appear in

person at the Fairness Hearing, must first send a Notice of Intention to Appear and a Summary

Statement outlining the position(s) to be asserted and the grounds therefor, together with copies

of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United

States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and

United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101-0999, with copies to the

following counsel:

On behalf of Class Counsel, Plaintiff and the Class:

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> Adam Steinfeld, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, New York 10036
>
> Linda P. Nussbaum, Esq.
> COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
> 150 East 52nd Street
> 30th Floor
> New York, New York 10019

On behalf of Defendants:

> Laurence T. Sorkin, Esq.
> Dean Ringel, Esq.
> CAHILL GORDON & REINDEL LLP
> 80 Pine Street
> New York, New York 10005-1702

To be valid, any such Notice of Intention to Appear and Summary Statement must be postmarked no later than fourteen (14) days prior to the Fairness Hearing. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objection by appeal, collateral attack or otherwise and will not be heard in person at the Fairness Hearing.

      15.    All proceedings in these actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment as and in the form provided in the Settlement Agreement and dismisses these actions with prejudice.

      16.    In the event that the Settlement does not become final pursuant to paragraph 5 of the Settlement Agreement, then, subject to approval of the Court, litigation of the

Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

17.    In the event the Settlement Agreement and the Settlement are terminated in accordance with the provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiff shall retain full rights to assert any and all causes of action against Defendants and any other Released Party, and Defendants and the other Released Parties shall retain any and all defenses and counterclaims thereto. These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed; and upon application of counsel for Defendants and Class Counsel, this Court shall enter an order authorizing the parties to resume and complete discovery in these actions.

18.    Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them or as to any matter set forth in this Order.

19.    The Settlement Agreement, Plaintiff's motion for preliminary approval, and the brief in support of Plaintiff's motion for preliminary approval, ~~previously filed under~~ ~~seal~~, shall be ~~unsealed as of the entry of this~~ Order. Nothing in this paragraph or this Order shall

docketed immediately.

require disclosure of the confidential Letter Agreement referenced in paragraph 14 of the

Settlement Agreement, which shall remain under seal.

SO ORDERED this 30 day of Aug., 2005.

_____
Faith S. Hochberg
United States District Court Judge
U.S. District Court for the District of New Jersey

8

1743822v1

# TAB 3

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Rebekah R. Conroy, Esq. (RC8712)
Attorneys for Plaintiffs
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
(201) 845-9600

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: K-DUR ANTITRUST LITIGATION | : |
| | : |
| This Document Relates to: | : |
| | : |
| Louisiana Wholesale Drug Company, Inc. v. Schering-Plough Corporation, et al. 01-CV-2869 | : |

Civil Action No. 01-1652 (JAG, Jr.)

MDL Docket No. 1419

### ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT, CERTIFYING A SETTLEMENT CLASS AND AUTHORIZING NOTICE TO THE CLASS AND SETTING HEARING

Upon consideration of Direct Purchaser Class Plaintiff's Motion for Preliminary Approval of the Proposed Settlement with Defendant Wyeth, for Conditional Certification of the Proposed Settlement Class and for Approval of the Form and Manner of Notice, dated July 23, 2004, the attachments thereto and the submissions of the parties, and having held a hearing on Sept. 23, 2004, to consider the motion and proposed form of notice, it is hereby

ORDERED as follows:

1.    The Court finds that the proposed Settlement Class satisfies the requirements of Rule 23, and for purposes of the Settlement, the Court hereby certifies the Settlement Class of all persons who have purchased K-Dur 20 directly from Schering at any time during the period

November 20, 1998, through September 23, 2004. The class excludes: (1) federal governmental entities; (2) plaintiffs and their assigned claims in *Walgreen et al. v. Schering-Plough Corp., Inc. et al.*, No. 01-CV-4524 (JAG); and (3) and plaintiffs in *Commonwealth of Pennsylvania v. Schering-Plough Corp., Inc. et al.*, No. 328E. Also excluded are defendants and their officers, directors, management and employees, subsidiaries and affiliates (the "Settlement Class").

   2.  Upon review of the record, the Court finds that the proposed settlement between the Settlement Class and Defendant Wyeth (formerly known as American Home Products Corporation), which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval, and is hereby preliminarily approved.

   3.  The attached *Summary Notice of Proposed Partial Settlement and Hearing Regarding Settlement* and *Notice of Proposed Partial Settlement and Hearing Regarding Settlement* are likewise APPROVED for dissemination to the Settlement Class. As soon as practicable following entry of this Order, Co-Lead Counsel for the Settlement Class shall:

     A.  Cause the full Notice to be mailed by first class mail to all Settlement Class members whose names and addresses are known; and

     B.  Cause the summary notice to be published once in two industry trade journals of wide circulation among the Settlement Class members, such as *The Pink Sheet* and *Drug Topics*. Such notice constitutes the best notice practicable and satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

   4.  Class Co-Lead Counsel shall also ensure that copies of the Notice and the Settlement Agreement are available to Settlement Class members in a conspicuous place on their web sites.

5.    Co-Lead Counsel may retain an administrator to assist in providing notice to the Settlement Class, receiving requests for exclusion and communicating with class members. All expenses incurred must be reasonable and are subject to Court approval.

6.    Any person who does not wish to remain members of the Settlement Class must mail a written request for exclusion which must be received on ~~~~~~ or no later than forty-five days after the date the Notice was mailed, whichever date is later, by the administrator. The request for exclusion must: (1) clearly state the person's name, address, and the name of the case (*In re K-Dur Antitrust Litigation*), and (2) clearly state that he/she wishes to be excluded from the Settlement Class.

7.    A hearing shall be held before the undersigned Judge on _____ TBD _____, 2004 (the "Fairness Hearing"), for the purpose of considering whether to approve the proposed settlement between the Settlement Class and Wyeth as fair, reasonable, adequate, and in the best interests of the Settlement Class. The hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Co-Lead Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting a conspicuous notice on their internet web sites.

8.    Class members who wish to object or otherwise be heard with respect to the proposed settlement, or to appear in person at the Fairness Hearing must first send a *Notice of Intention to Appear* and a *Summary Statement* outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Office of the Clerk of this Court, with copies to Co-Lead Counsel for the Class, and must be postmarked no later than fourteen (14) days prior to the Fairness Hearing.

3

Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to file a *Notice of Intention to Appear* as well as a *Summary Statement* as provided above may be deemed to have waived such objections and will not be heard in person at the hearing.

DONE and ORDERED in Newark, New Jersey, this 30th day of September, 2004.

HON. JOSEPH A. GREENAWAY, JR.
UNITED STATES DISTRICT JUDGE

4

# TAB 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NORTH SHORE HEMATOLOGY AND ONCOLOGY ASSOCIATES, P.C. on behalf of itself and all others similarly situated, )<br>)<br>)<br>)<br>)<br> Plaintiff, )<br>)<br>v. )<br>)<br>BRISTOL-MYERS SQUIBB CO., )<br>)<br> Defendant. )<br>) | Civil Action No. 1:04-CV- 248 (EGS) |

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS,**
**PRELIMINARILY APPROVING PROPOSED SETTLEMENT, AND**
**AUTHORIZING NOTICE TO BE SENT TO THE CLASS**

Upon review and consideration of the Stipulation of Settlement dated September 10,

2004, executed on behalf of Plaintiff North Shore Hematology Oncology Associates, P.C.

("Plaintiff"), individually and as representative of the proposed class (as defined herein), and on

behalf of Bristol-Myers Squibb Company ("Bristol"), and the exhibits attached thereto

("Settlement Agreement"), it is hereby ORDERED as follows:

**PRELIMINARY APPROVAL OF SETTLEMENT AND**
**CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

1.      This Court finds that it has jurisdiction over this Action and each of the parties to

the Settlement Agreement.

2.      The terms of the Settlement Agreement are hereby preliminarily approved and

discovery is hereby stayed except to the extent discovery is necessary with respect to opt outs, if

any, and for purposes of administering and consummating the Settlement Agreement, subject to

further consideration thereof at the hearing on final settlement (the "Fairness Hearing") provided

for below. The Court finds that the settlement encompassed by the Settlement Agreement (the

"Settlement") was entered into at arm's length by highly experienced counsel and is sufficiently

within the range of reasonableness so that notice of the Settlement should be given as provided in Paragraphs 6, 7, and 8 of this Order.

## CLASS CERTIFICATION

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally finds that the prerequisites for a class action have been met and conditionally certifies the following class (the "Class" or "Direct Purchaser Class") for settlement purposes only:

> All persons and entities in the United States who purchased Platinol directly from Bristol-Myers Squibb Company or its wholly-owned subsidiary Oncology Therapeutic Network, Inc. at any time from June 19, 1999 through and including September __, 2004 ("Direct Purchaser Class" or the "Class"). Excluded from the Class are Defendant, its parents, employees, subsidiaries and affiliates, and federal government entities.

4.     The Court further hereby conditionally finds that Plaintiff is an adequate representative of the Class under Rule 23(a)(4) of the Federal Rules of Civil Procedure. Among other things, the Court finds that Plaintiff's interests are aligned with the interests of other members of the Class because all members of the Class allegedly have been forced to pay supra-competitive prices due to the same alleged anticompetitive conduct and all Class members seek recovery based on the same overcharge theory of damages. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Class shall be void, and Plaintiff and Bristol (the "Settling Entities") shall have reserved all of their rights to propose or oppose any and all class certification motions on any and all available grounds.

5.     The Court hereby appoints Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as the lead Class  counsel for the Class ("Lead Counsel"), having determined that the requirements of Rule 23 of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

## NOTICE TO POTENTIAL CLASS MEMBERS

6.     Within 20 days after the date of entry of this Order, Lead Counsel shall cause copies of the Notices of Proposed Settlement and Settlement Hearing, substantially in the form

2

attached as Exhibit A hereto, to be mailed by first class mail, postage prepaid, to all members of the Class, to the extent that they can be identified with reasonable diligence.

7.    Lead Counsel shall cause to be published a summary notice, which shall be substantially in the form attached as Exhibit B hereto ("Publication Notice") one day a week for two consecutive weeks in the Modern Healthcare Magazine and The Pink Sheet, as soon as practicable after Mail Notice, and in all events, at least 30 days prior to the Fairness Hearing.

8.    Prior to the Fairness Hearing, Lead Counsel shall serve and file a sworn statement attesting to compliance with the provisions of Paragraphs 6 and 7 of this Order.

9.    The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

## CLAIMS ADMINISTRATION

10.    To effectuate the Settlement and Notice provisions, Lead Counsel has designated Complete Claim Solutions as the Settlement Administrator, which designation is hereby approved, to be responsible for: (a) establishing a P.O. Box and toll-free phone number (to be included in the Notices to the Class) for the purpose of communicating with Class members; (b) disseminating notices to the Class; (c) accepting and maintaining documents sent from Class members including opt-out forms, claim forms, and other documents relating to claims administration; and (d) administering claims for allocation of funds among Class members in association, if necessary, with competent economists.

11.    As described in the Notices to the Class, any Class member may opt out of the Class by mailing a completed Request for Exclusion to the Settlement Administrator within 45 days after the date on which Notice is mailed to the Class. Persons or entities that request exclusion from the Class shall not be entitled to share the benefits of Settlement, nor be bound by any judgment, whether favorable or adverse.

3

12.     Any potential member of the Class that does not properly and timely mail a Request for Exclusion as set forth in Paragraph 11 above shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such potential member of the Class shall have objected to the Settlement and whether or not such potential member of the Class makes a claim upon or participates in the Settlement.

### FEE PETITION, INCENTIVE AWARD, AND MOTIONS FOR FINAL APPROVAL AND APPROVAL OF PROPOSED PLAN OF ALLOCATION

13.     On or before November 22, 2004, counsel for the Class shall file their application for attorneys' fees and expenses (the "Fee Petition"), an application for an incentive award for Plaintiff, a motion for final approval of the Settlement, and a motion for approval of their proposed plan of allocation of net settlement proceeds to the Class.

### THE FAIRNESS HEARING

14.     A Fairness Hearing is hereby scheduled to be held on November 30, 2004, at 11:00 a.m. in Courtroom One before the undersigned to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the Fee Petition and application for an incentive award, and (c) whether to approve the proposed plan of allocation.

15.     Any member of the Class that has not filed a Request for Exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the Fee Petition and incentive award, or plan of allocation; provided, however, that no person shall be heard in opposition to the Settlement, the Fee Petition and incentive award, or plan of allocation, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before a date to be set in a subsequent order (but in no event less than thirty (30) days before the Fairness Hearing), such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement, the Fee Petition and incentive award, or plan of allocation and any documentation in

4

support of such opposition; and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Lead Counsel and counsel for Bristol.

16.    The date and time of the Fairness Hearing shall be set forth in the Mail Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Class other than that which may be posted at the Court and on the Court's website.

## OTHER PROVISIONS

17.    Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

18.    In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Bristol, and the members of the Class.

19.    If the Settlement is terminated or ultimately not approved, the Court will modify any existing scheduling order to ensure that the Plaintiff and Bristol will have sufficient time to prepare for the resumption of litigation, including but not limited to, the completion of discovery, preparation of expert reports, the filing of a summary judgment motion or motions, and preparation for trial.


SO ORDERED.


Signed by:    **EMMET G. SULLIVAN**
              **United States District Judge**
              **September 10, 2004**


5

# TAB 5

-09-30-02   23:32   FROM-BOIES & SCHILLER L.L.P,                     6036439010    ....      T-524   P.50/62   F-716

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-MDL-1317-SEITZ/GARBER

IN RE TERAZOSIN HYDROCHLORIDE
ANTITRUST LITIGATION
_____/

This Document Relates to:

| | |
|---|---|
| *Louisiana Wholesale Drug Co., Inc.* <br> *v. Abbott Laboratories* | Case No. (S.D. Fla.) 98-3125 |
| *Valley Drug Company v. Abbott* <br> *Laboratories, et al.* | Case No. (S.D. Fla.) 99-7143 |

_____/

FILED by JV     D.C.
MAR 1 3 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS AND SETTING HEARING

Upon consideration of the Sherman Act Class Plaintiffs' Motion for Preliminary Approval of Proposed Partial Settlement With Defendant IVAX Pharmaceuticals, Inc. and for Approval of the Form and Manner of Notice, dated March 5, 2002, the attachments thereto and the submissions of the parties, and having held a hearing on March 8, 2002, to consider the motion and proposed form of notice, it is hereby

ORDERED as follows:

1.     Upon review of the record, the Court finds that the proposed settlement between the Sherman Act Class and Defendant IVAX Pharmaceuticals, Inc. ("IVAX") (formerly known as Zenith Goldline Pharmaceuticals, Inc.), which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval, and is hereby preliminarily approved.

2.      The attached *Summary Notice of Proposed Partial Settlement and Hearing Regarding Settlement* and *Notice of Proposed Partial Settlement and Hearing Regarding Settlement* are likewise APPROVED for dissemination to the Sherman Act Class. As soon as practicable following entry of this Order, Co-Lead Counsel for the Sherman Act Class shall:

A.      Cause the full Notice to be mailed by first class mail to all Class members whose names and addresses are known; and

B.      Cause the summary notice to be published once in at least two industry trade journals of wide circulation among the Sherman Act Class members, such as *The Pink Sheet* and *Chain Drug Review.* Such notice constitutes the best notice practicable and satisfies the requirements of due process and *Federal Rule of Civil Procedure* 23.

3.      Sherman Act Class Co-Lead counsel shall also ensure that copies of the Notice and the Settlement Agreement are available to Class members in a conspicuous place on their websites.

4.      Co-Lead Counsel may retain an administrator to assist in providing notice to the class, receiving requests for exclusion and communicating with class members. All expenses incurred must be reasonable and are subject to Court approval.

5.      A hearing shall be held before the undersigned judge on May 31, 2002 at 10:30 a.m. (the "Fairness Hearing") for the purpose of considering whether to approve: the proposed settlement between the Sherman Act Class and IVAX as fair, reasonable, adequate, and in the best interests of the Sherman Act Class. The hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate

-2-

notice. Sherman Act Class Co-Lead counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on their internet web sites.

6.      Class members who wish to object or otherwise be heard with respect to the proposed settlement, or to appear in person at the Fairness Hearing must first send a *Notice of Intention to Appear* and a *Summary Statement* outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Office of the Clerk of this Court, with copies to Co-Lead Counsel for the Sherman Act Class, and must be postmarked on or before May 14, 2002. Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to file a *Notice of Intention to Appear* as well as a *Summary Statement* as provided above may be deemed to have waived such objections and will not be heard in person at the hearing.

DONE and ORDERED in Miami, Florida, this *13*th day of March, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:

Magistrate Judge Garber

Magistrate Judge Bandstra

Counsel on attached on service list

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.

-3-