IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) ) ) ) | C.A. No. 05-340 (SLR) CONSOLIDATED |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**DEFENDANTS' OPPOSITION TO DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF <u>NOTICE OF PENDENCY OF CLASS ACTION</u>**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), defendants Abbott Laboratories ("Abbott"), Fournier Industrie et Sante, and Laboratories Fournier ("Fournier") (collectively, "Defendants") hereby oppose the motion of the Direct Purchaser Class Plaintiffs ("Direct Class") for approval of their proposed form and manner of notice to the certified class of direct purchasers in this matter for the following reasons.

### A. The Proposed Manner of Notice

*First,* Defendants object to the Direct Class's proposal to publish the Class Notice in the "Pink Sheet" industry publication, as stated in Paragraph (e) of their motion. In light of the fact that the class members are not particularly numerous, are well-known to class counsel, and are easily identifiable through the sales documents that Abbott has produced in this case, such notice is unnecessary and may cause prejudice to Abbott and Fournier. Defendants respectfully request that the Court direct the elimination of the publication of Notice in the "Pink Sheet."

*Second*, Defendants object to the manner in which potential class members wishing to be excluded from the class are required to prepare and send a notification letter by mail. This process creates an undue burden on a party wishing to exclude itself from the class.

Defendants respectfully request that the Court require the Direct Class to provide a form or coupon that can simply be filled out and returned by a potential class member wishing to exclude itself from the class. This manner of notification is standard practice and is certainly well-known to the members of the class from their participation in other cases.

### B. The Proposed Form of Notice

#### 1. Use of Biased Language and Loaded Terms

*First*, Defendants object to the description of the litigation appearing at page three of the proposed Long-Form Notice (under heading 2: "What is this lawsuit about") (Exh. A to the Direct Class's Motion) and page two, Section I(A) of the proposed "Summary Notice." (Exh. B to the Direct Class's Motion). *See Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601 (W.D. Wisc. 2006); *Knisley v. Network Assocs.*, Inc., 77 F. Supp. 2d 1111 (N.D. Cal. 1999); *Heit v. Amrep Corp.*, 82 F.R.D. 130 (D.C.N.Y. 1979).

Specifically, Defendants object to the phrase "*their* Tricor monopoly" as argumentative and misleading, since it implies that there has been a finding that a monopoly exists. Defendants therefore respectfully request that the Court direct that the language be changed to "*a* Tricor monopoly."

*Second*, Defendants object to the characterization of their conduct as a "scheme" as overly argumentative and therefore not appropriate for this type of notice. Defendants therefore respectfully request that the Court direct that the following language at page 3, heading 2 in the Long- Form Notice (Exh. A) and page 2, Section I(A) of the Summary Notice (Exh. B) be stricken:

> "by executing a multifaced scheme involving the conversion of their Tricor sales base to reformulated versions of Tricor before

- 2 -

> generic versions of previous forms of Tricor entered the market."

and be replaced with:

> "by actions including asserting meritless lawsuits, introducing new products and persuading physicians to write prescriptions for the new products prior to the introduction of generic fenofibrate products."

And that the term "scheme" in the following sentence in both the Long Form Notice and Summary Notice ("The lawsuit claims that by engaging in this *scheme*….") be replaced with the neutral term "conduct."

### 2.  Mischaracterization of Defendants' Defenses

*Third*, Defendants object to the description of their defenses, because they fail to provide a full and balanced description of both sides of the case, thereby failing to provide an accurate description of the case to potential class members and opt-out plaintiffs and risking prejudice to Abbott and Fournier.  In the Summary Notice, the description of Defendants' defenses is essentially non-existent, creating an imbalance that is prejudicial to Defendants and improper.

Defendants therefore respectfully request that the Court direct that the entirety of the in the second paragraph under heading 2, beginning with "Abbott and Fournier deny they did anything wrong" be stricken from the Notice, and replaced with:

> Abbott and Fournier deny that they did anything wrong and say that any conduct they engaged in was reasonable and based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition.  They also say that their actions have had pro-competitive effects that benefited competition and patients.  In addition, Defendants claim that they do not have a monopoly, that Plaintiffs always had the option of choosing generic fenofibrate products, and that state

regulations, not Defendants' conduct, were the reason why Plaintiffs did not purchase more generic fenofibrate products.

Defendants further request that this Court direct that the above language be inserted at the end of Section I(A) of the Summary Notice, at page 2, replacing the current statement "Defendants deny these claims and charges."

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| */s/ James W. Parrett, Jr.* | */s/ Anne Shea Gaza* |
| Mary B. Graham (#2256) | Frederick L. Cottrell, III (#2555) |
| James W. Parrett, Jr. (#4292) | Anne Shea Gaza (#4093) |
| 1201 North Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 551 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 651-7700 |
| mgraham@mnat.com | cottrell@rlf.com |
| jparrett@mnat.com | gaza@rlf.com |
| OF COUNSEL: | OF COUNSEL: |
| William F. Cavanaugh, Jr. | William Baer |
| Thomas W. Pippert | James Cooper |
| Rosanne E. Felicello | Anne P. Davis |
| PATTERSON, BELKNAP, WEBB & TYLER LLP | ARNOLD & PORTER LLP |
| 1133 Avenue of the Americas | 555 12th Street, N.W. |
| New York, NY 10036-6710 | Washington, DC 20004 |
| (212) 336-2000 | (202) 942-5000 |
| *Attorneys for Abbott Laboratories* | Timothy C. Bickham |
| | STEPTOE & JOHNSON LLP |
| | 1330 Connecticut Avenue, N.W. |
| | Washington, DC 20036-1795 |
| | (202) 429-5517 |
| | *Attorneys for Fournier Industrie Et Santé and Laboratoires Fournier, S.A.* |

August 28, 2008
2468126

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 28, 2008 upon the following parties:

| | |
|---|---|
| REPRESENTING DIRECT PURCHASER CLASS PLAINTIFFS (LOUISIANA WHOLESALE, ROCHESTER DRUG, MEIJER)<br><br>(C.A. 05-340) | Jeffrey S. Goddess<br>**jgoddess@rmgglaw.com**<br>Bruce E. Gerstein<br>**bgerstein@garwingerstein.com**<br>Barry S. Taus<br>**btaus@garwingerstein.com**<br>Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com**<br>Daniel Berger<br>**danberger@bm.net**<br>Eric L. Cramer<br>**ecramer@bm.net**<br>Peter Kohn<br>**pkohn@bm.net**<br>Linda P. Nussbaum<br>**lnussbaum@kaplanfox.com**<br>Stuart Des Roches<br>**stuart@odrlaw.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| REPRESENTING CVS, RITE AID<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Joseph T. Lukens<br>**jlukens@hangley.com**<br>Steve D. Shadowen<br>**sshadowen@hangley.com** |

- 2 -

| | |
|---|---|
| REPRESENTING AMERICAN SALES COMPANY INC.<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| REPRESENTING INDIRECT PURCHASER CLASS PLAINTIFFS<br><br>(C.A. 05-360) | A. Zachary Naylor<br>Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffrey L. Kodroff<br>Bernard J. Persky<br>Mike Gottsch<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Theodore M. Lieverman<br>Pat Howard<br>**tricor@chimicles.com** |
| REPRESENTING PACIFICARE<br><br>(C.A. 05-360) | Jonathan L. Parshall<br>**jonp@msllaw.com**<br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com**<br>Shawn Rabin<br>**srabin@susmangodfrey.com**<br>Justin Nelson<br>**jnelson@susmangodfrey.com**<br>Ken Zylstra<br>**kzylstra@faruqilaw.com**<br>Mark Sandman<br>**mms@rawlingsandassociates.com**<br>Jeffrey Swann<br>**js5@rawlingsandassociates.com** |
| REPRESENTING TEVA PHARMACEUTICALS<br><br>(C.A. 02-1512) | Josy W. Ingersoll<br>Karen E. Keller<br>Bruce M. Gagala<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |

| | |
|---|---|
| REPRESENTING IMPAX LABORATORIES | Mary Matterer  **mmatterer@morrisjames.com** |
| (C.A. 03-120) | Asim Bhansali  **abhansali@kvn.com** |
| REPRESENTING FOURNIER  (ALL CASES) | Frederick L. Cottrell, III  Anne Shea Gaza  William Baer  James Cooper  Anne P. Davis  Timothy C. Bickham  **tricor@rlf.com** |

*/s/ James W. Parrett, Jr.*
_____
Jams W. Parrett, Jr. (#4292)

520842