IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | : : : : | C.A. No. 05-340-SLR (Consolidated) |

**DIRECT PURCHASER CLASS PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE OF PENDENCY OF CLASS ACTION TO THE CERTIFIED CLASS**

Defendants have filed an opposition [D.I. 441] to the Direct Purchaser Class Plaintiffs' ("Direct Plaintiffs") motion seeking approval of their plan for class certification notice [D.I. 438-39]. This is Direct Plaintiffs' reply.

1.  Direct Plaintiffs were surprised to receive Defendants' motion opposing certain language in the proposed notices, since Defendants did not suggest any language changes prior to the filing of the Direct Plaintiffs' motion, despite our repeated requests for comment. While we do not think any of Defendants' changes are necessary, because time is of the essence, Direct Plaintiffs have replaced all but one contested item in their Class Notice and Summary Notice with Defendants' suggested language. Therefore, an [Amended Proposed] Order is submitted herewith, attached to which are new versions of the Class Notice (Exhibit "A") and Summary Notice (Exhibit "B").[1] Direct Plaintiffs have also included their Notice Plan (Exhibit "C"), which has not changed.

2.  Direct Plaintiffs believe that publication in *The Pink Sheet* helps ensure that the plan of notice is the best practicable under the circumstances. Publication of a summary notice in *The Pink Sheet* has been used in virtually all court-approved notice programs in pharmaceutical antitrust

---

[1] Direct Plaintiffs have also corrected some typographical and formatting errors.

cases in which class counsel have been involved. Therefore, Direct Plaintiffs have not adopted Defendants' suggestion.

3. Direct Plaintiffs believe that a letter from Class members simply stating that they wish to be excluded is less cumbersome than Defendants' suggestion of a "form or coupon." To class counsel's recollection, in none of the several prior pharmaceutical direct purchaser antitrust class actions in which class counsel have been involved has any court-approved notice program required a "form or coupon" for opting out. Moreover, letters are typically on letterhead, which facilitates getting proper contact information with minimal burden. Direct Plaintiffs are concerned that the creation of a "form or coupon" will not lessen any Class member's burden and will simultaneously complicate our efforts to prepare and issue notice quickly following Court approval, given the short time frame required here. Nevertheless, we have slightly reworded the Class Notice and Summary Notice to expressly state that letters seeking exclusion should "simply say that you want to be excluded," which should alleviate any concerns Defendants have.

4. Direct Plaintiffs oppose Defendants' effort to force us to re-characterize our claims [D.I. 441 at 2-3]. The word "scheme" is not argumentative. It is a term of art in antitrust law and in this case. In describing the Direct Plaintiffs' allegations, the Court used the term "scheme" repeatedly. *See Teva Pharmaceuticals USA, Inc. v. Abbott Laboratories*, --- F.Supp.2d ----, 2008 WL 3849696, *1, *5, *6 (D. Del. August 18, 2008). In the Court's order certifying the Class, the Court identified the classwide claims as involving an alleged "anticompetitive scheme." *Id.* *12 (D.I. 436 ¶ 3(a)). We doubt the Court did so because it felt that phrase was somehow improper or inflammatory.

WHEREFORE, for the foregoing reasons, Direct Plaintiffs respectfully request that the Court enter the Amended Proposed Order submitted herewith, approving the Notice of Pendency of Class Action, Summary Notice of Pendency of the Class Action and Plan of Notice, directing mailing of the Class Notice by **September 15, 2008**, and authorizing publication of the Summary Notice in *The Pink Sheet* for submission on **September 8, 2008** and publication on **September 22, 2008**.

**Dated: August 29, 2008**

Respectfully submitted,

*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
jgoddess@rmgglaw.com
   *Liaison Counsel for Direct*
   *Purchaser Class*

| | |
|---|---|
| Eric L. Cramer<br>Peter Kohn<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br><br>*Executive Committee for Direct Purchaser Class* | Barry S. Taus<br>Adam M. Steinfeld<br>**GARWIN GERSTEIN & FISHER, LLP**<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>(212) 398-0055<br><br>*Lead Counsel for Direct Purchaser Class* |
| John Gregory Odom<br>Stuart Des Roches<br>**ODOM & DES ROCHES, LLP**<br>Suite 2020, Poydras Center<br>650 Poydras Street<br>New Orleans, LA 70130<br>(504) 522-0077<br><br>*Executive Committee for Direct Purchaser Class* | David P. Smith<br>W. Ross Foote<br>**PERCY, SMITH & FOOTE, LLP**<br>720 Murray Street<br>P.O. Box. 1632<br>Alexandria, LA 71309<br>(318) 445-4480<br><br>*Executive Committee for Direct Purchaser Class* |

Linda Nussbaum
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

*Executive Committee for Direct Purchaser Class*