# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

# If you bought TRICOR directly from Abbott Laboratories, your rights could be affected by a lawsuit.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- Direct Purchasers of Tricor have sued Abbott Laboratories ("Abbott") and Fournier Industrie et Sante and Laboratorie Fournier S.A. (together, "Fournier") (collectively, "Defendants"), saying that Abbott and Fournier violated antitrust laws relating to the sale of Tricor.

- This Court has allowed the lawsuit to be brought as a class action on behalf of certain entities that purchased Tricor directly from Defendants at any time between April 9, 2002 and August 18, 2008.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | Keep the right to have the final outcome of the lawsuit, whether favorable or unfavorable, apply to you. Give up any rights to sue Abbott or Fournier separately about the same legal claims in this lawsuit. |
| **EXCLUDE YOURSELF** | Give up the right to share in any recovery that might be paid to the Class as a result of trial or settlement of this lawsuit. You will not be bound by any decision in this lawsuit favorable to Defendants. This is the only option that allows you to ever be part of any other lawsuit against Abbott or Fournier relating to the legal claims in this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The lawyers for the Class must prove the claims against Abbott and Fournier at trial. The Court hearing this case has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial on all issues in the case but damages.

- If a recovery of damages is obtained for the Class after the claims against Abbott and Fournier and any appeals are resolved, you will be notified about how to ask for a share.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................. **PAGES 3- 5**
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action?
4. Why is this lawsuit a class action?
5. Has the Court identified class claims, issues or defenses?
6. What has happened in the case so far?

**WHO IS IN THE CLASS** ................................................................**PAGES 5**
7. Am I part of the Class?

**IF YOU DO NOTHING**................................................................. **PAGE 5**
8. What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE CLASS** ...............................**PAGE 5 -6**
9. Why would I ask to be excluded?
10. How do I get out of the Class?
11. If I don't exclude myself, can I sue Abbott or Fournier for the same thing later?

**THE TRIAL** ............................................................................ **PAGE 6**
12. How and when will the Court decide who is right?
13. Do I have to come to the trial?

**THE LAWYERS REPRESENTING YOU** ......................................**PAGES 6 - 7**
14. Do I have a lawyer in this case?
15. Should I get my own lawyer?
16. How will the lawyers be paid?

**GETTING MORE INFORMATION** .................................................. **PAGE 7**
17. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because you may have purchased Tricor directly from Abbott between April 9, 2002 and August 18, 2008.

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. This notice explains the lawsuit and the legal rights and options that you may exercise before the Court holds a trial.

### 2. What is this lawsuit about?

The lawsuit claims that Defendants violated federal antitrust laws with respect to the sale of the prescription drug Tricor. The active ingredient in Tricor is fenofibrate. The lawsuit claims that Defendants impeded competition from less expensive generic versions of Tricor by executing a multifaceted scheme involving the conversion of their Tricor sales base to reformulated versions of Tricor before generic versions of previous forms of Tricor entered the market. The lawsuit claims that by engaging in this scheme, Defendants were able to maintain a Tricor monopoly improperly, causing direct purchasers of Tricor to pay artificially inflated prices for fenofibrate products.

Abbott and Fournier deny that they did anything wrong and say that any conduct they engaged in was reasonable and based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition. They also say that their actions have had pro-competitive effects that benefited competition and patients. In addition, Defendants claim that they do not have a monopoly, that Plaintiffs always had the option of choosing generic fenofibrate products, and that state regulations, not Defendants' conduct, were the reason why Plaintiffs did not purchase more generic fenofibrate products.

The lawsuit asks the Court to declare that Abbott's and Fournier's actions were anticompetitive in violation of the federal antitrust laws and award damages representing three times the amount that direct purchasers overpaid as a result of the allegedly illegal conduct, plus interest, attorneys' fees and costs.

The Court has not yet decided whether Abbott or Fournier violated any laws.

The class action is known as *In re Tricor Antitrust Litigation, Civ. No. 05-340 SLR* (Consolidated). Judge Sue L. Robinson of the United States District Court for the District of Delaware is overseeing this class action.

### 3. What is a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, there are four Class

Representatives: Louisiana Wholesale Drug Co., Inc.; Rochester Drug Co-operative, Inc.; Meijer, Inc.; and Meijer Distribution, Inc. The Class Representatives and the entities on whose behalf they have sued are together a "Class" or "Class Members." They are also called the Plaintiffs.

The companies that have been sued are called the Defendants. In this case, there are three Defendants: Abbott Laboratories ("Abbott") and Fournier Industrie et Sante and Laboratorie Fournier S.A. (the Fournier entities together are referred to as "Fournier").

In a class action lawsuit, one court resolves the issues for everyone in the Class – except for those who exclude themselves from the Class, as described on page five below.

### 4. Why is this lawsuit a class action?

The Court has decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

Specifically, the Court has found that:

- There are likely 400 or more members of the Class with common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts are more important than questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.

### 5. Has the Court Identified Class Claims, Issues or Defenses?

Yes. Judge Robinson in her Order that certified the Class identified the following classwide claims and issues:

(a) Whether the conduct challenged by the Class as an anticompetitive scheme in the amended complaint violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2;

(b) Whether Defendants' challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

(c) The quantum (amount) of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C.§ 4.

### 6. What has happened in the case so far?

Extensive fact and expert discovery has been taken in this case. Discovery has now closed. The Court denied Defendants' motion to dismiss on May 26, 2005, ruling

- 4 -

that Plaintiffs had properly pled violations of §§ 1 and 2 of the Sherman Act and the case was entitled to continue. On August 18, 2008, the Court denied Defendants' motion for summary judgment regarding relevant market definition and Defendants' motion for leave to file a motion for summary judgment on antitrust injury, ruling that the issue of antitrust injury was not suitable for a decision before trial. The Court has not yet ruled on Defendants' motions for summary judgment related to the propriety of their filing and prosecuting various patent litigations against potential manufacturers of generic versions of Tricor.

The Court has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial on all issues but damages. Should plaintiffs succeed at the trial, there will be a separate trial to determine the amount of damages Defendants must pay, if any.

## WHO IS IN THE CLASS?

To see if you are in the Class, you first have to decide if you are a Class Member.

### 7. Am I part of the Class?

Judge Robinson has decided that all entities in the United States that purchased Tricor directly from Abbott at any time between April 9, 2002 and August 18, 2008 are Class Members. She excluded from the class Defendants and their officers, directors, management, employees, subsidiaries and affiliates. Also excluded are Federal Government entities. If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in question 14 below.

## IF YOU DO NOTHING

### 8. What happens if I do nothing at all?

If you do nothing, you remain in the Class. You will keep the right to get a share of any recovery that may come from a trial or settlement with Defendants. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Abbott or Fournier about the legal issues in this case. All of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

### 9. Why would I ask to be excluded?

If you do not want to be bound by any judgment, whether favorable or unfavorable, that may be made in this case, do not want a payment from any settlement or recovery that may come from a trial or settlement, and you instead want to keep the right to sue Abbott or Fournier, on your own, about the legal issues in this case, then you must take steps to exclude yourself from the class. This is sometimes referred to as "opting out" of the Class.

If you start your own lawsuit against Abbott or Fournier after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Abbott or Fournier, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

## 10. How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by first class U.S. mail simply saying that you want to be excluded from *In re Tricor Direct Purchaser Antitrust Litigation*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked on or before **OCTOBER 15, 2008** to *In re Tricor Direct Purchaser Antitrust Litigation*, **P.O. Box 3775, Portland, OR 97208-3775.**

You cannot exclude yourself by telephone or by e-mail. The Court shall automatically grant all timely requests for exclusion.

If you ask to be excluded, you will not get any recovery that may come from a trial or settlement with Fournier or Abbott. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Abbott or Fournier in the future about the legal issues in this case.

## 11. If I don't exclude myself, can I sue Abbott or Fournier for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Abbott or Fournier for the claims presented in this lawsuit. If you have a pending lawsuit, speak to your lawyer in that case immediately, because you must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **OCTOBER 15, 2008.**

## THE TRIAL

## 12. How and when will the Court decide who is right?

If the claims against Defendants are not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims against Abbott and Fournier at a trial.    The Court has set a trial date for the weeks of November 3rd, 11th and 17th 2008 on all issues in the case but damages. During the trial, a judge or jury will hear all of the evidence to help them reach a decision about whether the Plaintiffs' claims or the Defendants' defenses are valid. There is no guarantee that the Plaintiffs will win, or that Plaintiffs will eventually get a recovery for the Class in any subsequent trial to determine the amount of damages owed to Plaintiffs, if any.

## 13. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the Defendants will present their defenses. You or your own lawyer are welcome to attend the trial at your own expense.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Judge Robinson has decided that the lawyers listed below are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies. The lawyers are:

Garwin Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, NY 10011
(212) 398-0055
www.garwingerstein.com

The Smith Foote Law Firm, LLP
720 Murray Street
Post Office Box 1632
Alexandria, LA 71309
(318) 445-4480
www.smithfoote.com

Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
www.bergermontague.com

Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980
www.kaplanfox.com

Odom & Des Roches, LLP
Poydras Center, Suite 2020
650 Poydras Street
New Orleans, LA 70130
(504)-522-0077
www.oanddlaw.com

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

### 16. How will the lawyers be paid?

If Class Counsel gets a recovery for the Class from Abbott or Fournier, the Court will be asked to approve a fee to the lawyers and reimbursement for the expenses they have paid. You will not have to pay these fees and expenses. If the Court grants Class Counsel's requests, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Abbott and Fournier.

## GETTING MORE INFORMATION

### 17. How do I get more information?

If you have questions about this case or want to get additional information, you may call or write to, or visit the websites of, any of the lawyers listed in question 14.

## PLEASE DO NOT WRITE OR CALL THE COURT
## OR THE CLERK'S OFFICE FOR INFORMATION.

**DATE:  SEPTEMBER 15, 2008**

BY ORDER OF THE COURT

_____

Clerk of the Court
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

# EXHIBIT B

**THIS IS AN IMPORTANT LEGAL NOTICE.  THE MATTERS DISCUSSED HEREIN MAY AFFECT YOUR LEGAL RIGHTS.**

*READ THIS NOTICE CAREFULLY.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: TRICOR® DIRECT PURCHASER  : | Civil Action No. 05-340-SLR |
| ANTITRUST LITIGATION            : | (Consolidated) |
|                                 : | |
|                                 : | |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**TO:   ALL PERSONS OR ENTITIES IN THE UNITED STATES WHO PURCHASED TRICOR® IN ANY FORM DIRECTLY FROM DEFENDANTS ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, OR LABORATORIES FOURNIER S.A. AT ANY TIME DURING THE PERIOD APRIL 9, 2002 THROUGH AUGUST 18, 2008 (THE "CLASS"). EXCLUDED FROM THE CLASS ARE DEFENDANTS AND THEIR OFFICERS, DIRECTORS, MANAGEMENT, EMPLOYEES, SUBSIDIARIES, OR AFFILIATES AND ALL FEDERAL GOVERNMENT ENTITIES.**

**I.     PURPOSE OF THIS NOTICE**

**A.     Nature of the Class Action**

If you made at least one purchase of brand name drug Tricor® directly from one of the

defendants in this case, your rights may be affected by a lawsuit, *In re Tricor Antitrust Litigation*,

Civ. No. 05-340 SLR (Consolidated) (the "Class Action"), now pending before the United States

District Court for the District of Delaware (the "Court").  The case was brought by Louisiana

Wholesale Drug Company, Inc. ("Louisiana Wholesale"), Rochester Drug Co-Operative, Inc.

("Rochester Drug"), and Meijer, Inc. and Meijer Distribution, Inc. (together, "Meijer")

(collectively, "Class Plaintiffs"), on behalf of themselves and other similarly situated direct

purchasers of Tricor® that fall within the definition of the Class set out above against defendants

Abbott Laboratories ("Abbott") and Fournier Industrie et Santé and Laboratories Fournier S.A. (together, "Fournier") (collectively, "Defendants"). Defendants manufacture, market and sell the prescription drug Tricor® (active ingredient: fenofibrate) in the United States.

The Class Action seeks money damages based on the federal antitrust laws. Class Plaintiffs allege that Defendants impeded competition from less expensive generic versions of Tricor by executing a multifaceted scheme involving the conversion of their Tricor sales base to reformulated versions of Tricor® before generic versions of the previous forms of Tricor® entered the market. Plaintiffs claim that by engaging in this scheme, Defendants were able to maintain a Tricor monopoly improperly, causing caused direct purchasers of Tricor® to pay artificially inflated prices for fenofibrate products.

Abbott and Fournier deny that they did anything wrong and say that any conduct they engaged in was reasonable and based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition. They also say that their actions have had pro-competitive effects that benefited competition and patients. In addition, Defendants claim that they do not have a monopoly, that Plaintiffs always had the option of choosing generic fenofibrate products, and that state regulations, not Defendants' conduct, were the reason why Plaintiffs did not purchase more generic fenofibrate products.

**B.    Proceedings in the Case**

The Court has set aside the weeks of November 3rd, 10th and 17th 2008 for a trial in the Class Action on all issues but damages. Should Plaintiffs succeed in this trial, there would be a separate trial to determine the amount of damages, if any, Defendants must pay.

2

The Court previously denied Defendants' motion to dismiss on May 26, 2005, ruling that

Plaintiffs had properly pled violations of §§1 and 2 of the Sherman Act and that the case was

entitled to proceed. On August 18, 2008, the Court denied Defendants' motion for summary

judgment regarding relevant market definition and Defendants' motion for leave to file a motion

for summary judgment on antitrust injury, ruling that the issue of antitrust injury was not

amenable to a decision before trial. The Court has not yet ruled on Defendants' motion for

summary judgment related to the propriety of their filing and prosecuting various patent

litigations against potential manufacturers of generic versions of Tricor®. The Court has not

ruled on the merits of any of Plaintiffs' claims or of Defendants' defenses.

## II.    THE CLASS ACTION RULING

### A.    Class Definition

By Order dated August 18, 2008 (the "Class Order"), the Court ruled that this lawsuit

may be maintained as a claim for treble damages, attorneys' fees, and costs under the federal

antitrust laws not only by Class Plaintiffs but also on behalf of the class consisting of:

> All persons or entities in the United States who purchased TRICOR® in any form
> directly from Abbott Laboratories ("Abbott"), Fournier Industrie et Santé, or
> Laboratories Fournier S.A. at any time during the period April 9, 2002 through
> August 18, 2008. Excluded from the Class are Defendants and their officers,
> directors, management, employees, subsidiaries, or affiliates, and all federal
> governmental entities.

If you bought Tricor® from a source other than Defendants (for example, if you only

bought from a wholesaler or retailer), you are *not* a member of the Class on whose behalf this

suit will be maintained.

Entities that have been identified as possible members of this Class are being

3

advised by mail of their rights with respect to the lawsuit (including the right to exclude

themselves from the Class if they so desire). If you are a member of the Class as defined above

but have not yet received the mailed "Notice of Pendency of Class Action" ("Mailed Notice"),

you may obtain a copy by sending a written request and giving your full name and address to:

**In re Tricor Direct Purchaser Antitrust Litigation**
**P.O. Box 3775**
**Portland, OR 37208-3775**

You will then be mailed the Notice of Pendency of Class Action, which gives a more detailed

explanation of your rights in this litigation and you will also be placed on the mailing list for

future notifications regarding the suit. The Mailed Notice is also available on the websites of

certain of the Class Counsel identified below.

**B.      Class Claims, Issues and Defenses**

The Class Order identified the classwide claims and issues as follows:

a.      Whether the conduct challenged by the Class as an "anticompetitive" scheme

in the amended complaint violated Sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

b.      Whether Defendants' challenged conduct caused antitrust injury-in-fact to the

Class, in the nature of overcharges;

c.      The quantum of overcharge damages, if any, owed to the Class in the aggregate

under Section 4 of the Clayton Act, 15 U.S.C. § 4.

**C.      Class Counsel**

The Court has named Class Plaintiffs Louisiana Wholesale, Rochester Drug, and Meijer

as Class representatives, and has appointed the following firms as Class Counsel:

a.      Lead Counsel: Garwin Gerstein & Fisher, LLP

4

(www.garwingerstein.com);

b.  Executive Committee members: Berger & Montague, P.C.

(www.bergermontague.com), Odom & Des Roches, LLP, The Smith Foote

Law Firm, LLP, and Kaplan Fox & Kilsheimer, LLP;

c.  Liaison Counsel: Rosenthal, Monhait & Goddess, P.A.

**D.    Binding Effect of a Class Judgment If You Do Not Opt Out**

The rulings by the Court to date do not mean that any money will necessarily be obtained

by Class members.  No court has yet ruled on the merits of the claims made in the Class Action.

The class certification ruling simply means that the final outcome of the lawsuit, whether

favorable to the Class or to Defendants, will apply in like manner to every Class member who

does not timely elect to be excluded from the Class in the manner set forth below.

**III.    ELECTION BY CLASS MEMBERS**

Class members can choose whether or not to remain a member of the Class.  This choice

will have consequences, which you should understand before making your decision.

1.    If you want to **remain** a member of the Class, *you are **not** required to do anything

at this time*.  By remaining a Class member, any Class claims you have against Defendants will

be determined in this case by way of a judgment that is binding on all Class members, and cannot

be presented in any other lawsuit.  You may also enter an appearance through your own counsel

at your own expense, if you so desire.

2.    If you want to be **excluded** from the Class, you must send a letter setting forth

your name, present address, and simply saying you want to be excluded from the Class to ***In re***

***Tricor Direct Purchaser Antitrust Litigation***, **P.O. Box 3775, Portland, OR 97208-3775**, by

5

first-class mail, postmarked no later than **OCTOBER 15, 2008.**  The Court shall automatically

request all timely requests for exclusion.  By electing to opt out of the Class:

(a)      you will not share in any recovery that might be paid to the Class as a result of

          trial or settlement of this lawsuit;

(b)      you will not be bound by any decision in this lawsuit favorable to Defendants,

          and,

(c)      you may present any claim you may have against Defendants by filing your own

          lawsuit, or you may seek to intervene in this lawsuit.

## IV.    ADDITIONAL INFORMATION

The pleadings and other records in this litigation may be examined and copied at any time

during regular office hours at the Clerk of the Court,  United States District Court of Delaware,

J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.

## V.    REMINDER AS TO TIME LIMIT

If you wish to be excluded from the Class you must so indicate in writing by filling out

the Request for Exclusion attached to the Mailed Notice or by sending a letter to: *In re Tricor*

*Direct Purchaser Antitrust Litigation***, P.O. Box 3775, Portland, OR 97208-3775**

by first class mail postmarked no later than **OCTOBER 15, 2008.**

Dated: _____          BY ORDER OF THE COURT


                                _____

                                Clerk of the Court
                                United States District Court
                                District of Delaware
                                J. Caleb Boggs Federal Building
                                844 N. King Street

6

Wilmington, DE 19801

## ***PLEASE DO NOT SEND ANY COMMUNICATIONS REGARDING THIS NOTICE TO THE COURT***

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: TRICOR® DIRECT PURCHASER : | C.A. No. 05-340-SLR |
| ANTITRUST LITIGATION : | (Consolidated) |
| : | |
| : | |

## DIRECT PURCHASER CLASS PLAINTIFFS' [PROPOSED] PLAN FOR NOTIFYING CLASS MEMBERS OF PENDENCY OF CLASS ACTION

Direct Purchaser Class Plaintiffs ("Plaintiffs"), in furtherance of this Court's August 18, 2008 Order (D.I. 436) granting the Direct Purchaser Class Plaintiffs' Motion for Class Certification ("Class Certification Order"), hereby respectfully submit their Proposed Plan for Notifying Class members of the Pendency of the Class Action ("Plan").

The Class Certification Order directed Plaintiffs to submit a motion seeking approval of the manner and form of notice. Plaintiffs' Plan is set out below. Plaintiffs' proposed forms of mailed and publication notice consist of:

- a long-form Notice of Pendency of Class Action for mailing ("Notice") (attached as Exhibit "A" to the Direct Purchaser Class Plaintiffs' Motion for Approval of Form and Manner of Notice of Pendency of Class Action to the Certified Class (the "Motion"); and

- a short-form notice for publication ("Summary Notice") (attached as Exhibit "B" to the Motion).

The purpose of this Plan is to inform the Court of the steps Plaintiffs propose to take to notify the Class of the pendency of the Class Action consistent with this Court's rulings, the Federal Rules of Civil Procedure, judicial efficiency, and due process of law. The Plan is based on similar notice

programs deemed the best notice practicable in several recent analogous direct purchaser pharmaceutical antitrust cases. Plaintiffs propose the following:

1.       Plaintiffs shall distribute the Notice by First Class Mail to members of the Class.[1] As discussed below, the Class is composed of the direct customers of defendant Abbott Laboratories ("Abbott"), and thus its members (and their respective addresses) can be identified from Abbott's transactional sales database, which is already in Plaintiffs' possession. Plaintiffs shall also publish the Summary Notice in a widely-read industry publication known as *The Pink Sheet*.

2.       Direct Purchaser Class Counsel[2] has retained the class action claims administration and processing firm, Epiq Systems Inc. ("Epiq"), to perform services relating to notifying Class members of the pendency of the Class Action. Epiq has the requisite skill and experience to serve in this function. Epiq's resume is attached at Tab 1 to the Direct Purchaser Class Plaintiffs' Memorandum of Law in Support of Motion for Approval of Form and Manner of Notice of Pendency of Class Action to the Certified Class.

3.       DP Class Counsel has provided Epiq with a list of Class members that were extracted by their economic experts from the computerized transactional sales database that Abbott

---

[1]The Class is defined as follows: "All persons or entities in the United States who purchased TRICOR® in any form directly from any of the defendants at any time during the period April 9, 2002 through [August 18, 2008]. Excluded from the Class are defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities." ("the Class"). *See* Class Certification Order, Aug. 18, 2008, at ¶ 2. The Court's Class Order included a class period that went through "the present," as Plaintiffs had requested. Plaintiffs interpret that definition as defining the class as those who purchased Tricor through August 18, 2008, the date of the Court's order. To be clear, this cut-off date relates only to the Class definition. Plaintiffs are pursuing all provable overcharge damages, past and future, to which members of the Class are legally entitled.

[2]Direct Purchaser Class Counsel refers to the Counsel identified in ¶ 5 of the Class Certification Order (hereinafter "DP Class Counsel").

2

produced to Plaintiffs during the litigation. Abbott's database permitted the economic experts to generate a list of all direct purchasers of Tricor from Abbott by, *inter alia*, name and address.

4. To ensure that the list derived from Abbott's database contains accurate addresses, Epiq, DP Class Counsel, and Plaintiffs' experts have verified each Class member's address through certain commercial databases that contain updated addresses for businesses and persons, and based upon mailing lists from prior analogous cases. Given DP Class Counsel's and Epiq's prior recent experience in notifying essentially the same class in other cases, Plaintiffs are confident that they have a reliable list of names and addresses for verification and confirmation of the Class mailing list here.

5. No later than **September 15, 2008**, DP Class Counsel and Epiq shall cause the Notice to be mailed to each of the Class members via postage pre-paid First Class U.S. mail.

6. Given (a) the existence of a single source of data that can be used to identify the Class members, *i.e.*, Abbott's computerized transactional sales database, (b) Plaintiffs' experience with providing notice to the same basic Class, and (c) the limited number of Class members (approx. 500), Class members can reliably be notified in the manner described in this Plan.

7. In addition, for added certainty, a Summary Notice shall be published in *The Pink Sheet* (www.thepinksheet.com), a pharmaceutical industry publication with substantial circulation among Class members (who are mainly pharmaceutical wholesalers and retailers). Courts have approved similar notice programs involving publication in *The Pink Sheet* in analogous pharmaceutical antitrust class actions as the best notice practicable.[3]

_____

[3]*See* Direct Purchaser Plaintiffs' Memorandum of Law in Support of Motion for Approval of Form and Manner of Notice at 5, n.6, citing various analogous cases approving of class notice via publication in *The Pink Sheet*.

3

8. DP Class Counsel shall cause the Summary Notice to be published in the **September 22, 2008** edition of *The Pink Sheet*. To publish in this edition, *The Pink Sheet* must receive the Summary Notice by **September 8, 2008.**

9. Epiq has already established a post office box where Class members can send requests for exclusion or other correspondence relating to the Notice. Once Epiq mails the Notice, Epiq shall check the post office box regularly and send DP Class Counsel any correspondence that has been received. Should any Notices be "returned-to-sender," Epiq shall take reasonable steps to obtain a better address and re-mail the Notice.

10. Epiq shall maintain data relating to the mailing of the Notice, including the names, addresses, dates, etc. The database shall also record all notices returned to sender and identify what steps were taken to obtain better addresses and re-mail the notices. Epiq shall keep track of any and all requests for exclusion. On or before **October 29, 2008**, Plaintiffs shall file a notice with the Court (a) identifying those entities requesting exclusion from the suit, if any, and (b) informing the Court about the status of the mailed notice program.

11. For the reasons set forth above and in Direct Purchaser Class Plaintiffs' Motion and Memorandum in Support of Form and Manner of Notice of Pendency of Class Action, the proposed

4

manner and form of Notice to the Class constitutes the best notice practicable and satisfies the

requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
jgoddess@rmgglaw.com
  *Liaison Counsel for Direct*
  *Purchaser Class*

Eric L. Cramer
Peter Kohn
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Executive Committee for Direct Purchaser*
*Class*

Barry S. Taus
Adam M. Steinfeld
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

*Lead Counsel for Direct Purchaser Class*

John Gregory Odom
Stuart Des Roches
**ODOM & DES ROCHES, LLP**
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
(504) 522-0077

*Executive Committee for Direct Purchaser*
*Class*

David P. Smith
W. Ross Foote
**THE SMITH FOOTE LAW FIRM, LLP**
720 Murray Street
P.O. Box. 1632
Alexandria, LA 71309
(318) 445-4480

*Executive Committee for Direct Purchaser*
*Class*

Linda Nussbaum
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

*Executive Committee for Direct Purchaser
Class*

6