IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. No. 05-340 (SLR) CONSOLIDATED CASE |
| THIS DOCUMENT RELATES TO: C.A. No. 05-340 (Louisiana Wholesale) C.A. No. 05-351 (Rochester Drug) C.A. No. 05-358 (Meijer, Inc., et al.) | ) ) ) ) ) ) | |

**] ORDER PRELIMINARILY APPROVING DIRECT PURCHASER CLASS'S PROPOSED SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS, AND SETTING FINAL SETTLEMENT SCHEDULE AND HEARING**

Upon review and consideration of the Settlement Agreement, dated January 6, 2009, and the "Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Settlement, Approval of Form of Notice, and Setting of Final Settlement Schedule and Hearing," and their brief in support of that motion, which have been publicly filed with the Court (collectively, the "Settlement Documents"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over these actions and each of the parties.

2. In light of the proposed settlement of the above-referenced action and the exclusion notices received during the opt-out period, which ended on November 3, 2008, the Class definition is:

> All persons or entities in the United States who purchased TRICOR® in any form directly from Abbott Laboratories ("Abbott"), Fournier Industrie et Santé, or Laboratoires Fournier S.A. at any time during the period April 9, 2002 through August 18, 2008.
>
> Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, all federal governmental entities, Ahold a/k/a American Sales Corp., Albertson's Inc., CVS Pharmacy,

Inc., CVS Corporation, Eckerd Corporation, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Hy-Vee, Inc., Kroger Co., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Safeway, Inc., Walgreen Co., State of Oregon (all government entities), State of Washington (all government entities), Maryland State Employee and Retiree Health and Welfare Benefits Program and the Maryland Pharmacy Program, Connecticut Department of Social Services, State of New York (all government entities), State of Texas Heath and Human Services Commission, Commonwealth of Massachusetts Executive Office of Health and Human Services Office of Medicaid (MassHealth), Pennsylvania Department of Public Works and Department of Aging, and Overman & Stevenson Pharmacists.

3. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment of two-hundred and fifty million dollars by Defendants into an escrow account for the benefit of the Plaintiffs and the Class ("Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation with prejudice and certain releases of claims by Plaintiffs and the Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after three years of litigation and the commencement of trial, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

4. The proposed form of Notice to Class Members of the proposed Settlement ("Settlement Notice"), and the proposed method of dissemination thereof (first class mail) satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. The Court finds that because the prior Notice of Pendency of Class Certification ("Notice of Pendency"), which was dated September 29, 2008, and was disseminated approximately two months ago at the direction of the Court, satisfied the requirements of Rule 23(e) and due process, and because the Notice of Pendency provided for an opt-out period (which closed on November 3, 2008), there is no need for an additional opt-out period pursuant to Fed.R.Civ.P. 23(e)(4). Class Counsel shall cause the Settlement Notice substantially in

the form attached to the brief in support of preliminary approval to be disseminated no later than 20 days following the entry of this Order via first class mail to the last known address of each entity that purchased Tricor directly from Abbott during the Class Period.

5. Class Counsel may retain a claims administrator (the "Claims Administrator") to assist in disseminating the Settlement Notice to the Class. All expenses incurred by such administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

6. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on April 23, 2009, at 3:30 p.m Eastern time, in the courtroom assigned to the Honorable Sue L. Robinson, U.S.D.J., at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Courtroom 6B, Wilmington, DE 19801. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and expenses to Class Counsel; (d) whether incentive awards should be awarded to the named Plaintiffs; and (e) whether entry of a final judgment terminating this litigation should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on their websites.

7. All briefs and materials in support of the fee petition by Class Counsel and any application for incentive awards for the named Plaintiffs, shall be filed with the Court no later than

_March 9_, 2009 (*i.e.*, thirty-five (35) days following the mailing of Settlement Notice to the Class).

8. All briefs and materials in support of final approval of the Settlement and entry of the final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than _April 10_, 2009 (*i.e.*, sixty (60) days from mailing of Settlement Notice to the Class).

9. Class members who wish to object or otherwise be heard with respect to the proposed Settlement are to appear in person at the Fairness Hearing and must first send a Notice of Intention to Appear and a Summary Statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Lockbox 18, Wilmington, DE 19801, with copies to the following counsel:

On behalf of Class Counsel, Plaintiffs and the Class:

> Barry S. Taus
> Adam Steinfeld
> GARWIN, GERSTEIN & FISHER, LLP
> 1501 Broadway, Suite 1416
> New York, New York 10036

On behalf of Defendants:

> Jeffrey I. Weinberger
> Stuart N. Senator
> Munger, Tolles & Olson LLP
> 355 South Grand Avenue
> Los Angeles, CA 90071
> (213) 683-9100
>
> *Attorneys for Abbott Laboratories*

William Baer
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

*Attorneys for Fournier Industrie et Sante and Laboratoires Fournier S.A.*

To be valid, any such Notice of Intention to Appear and Summary Statement must be received no later than March 23, 2009, which date is forty-five (45) days following the mailing of Settlement Notice to the Class. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

10. All proceedings in these actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses these actions with prejudice.

11. In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of the Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

12. In the event the Settlement Agreement and the Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendants and any other released party, and the Defendants and any other released parties shall retain any and all defenses and counterclaims thereto. These actions shall thereupon revert forthwith to their respective procedural

and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed; and upon application of counsel for Defendants and the Class Counsel, this Court shall enter an Order authorizing the parties to retry these actions.

13. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them as to any matter set forth in this Order.

SO ORDERED this 8th day of January, 2009

_____
Hon. Sue L. Robinson
U.S. District Court for the District of Delaware